**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NOEL CEDENO, | : | CASE NO. 1:17CV949 |
| | : | |
| Petitioner, | : | JUDGE LIOI |
| | : | |
| v. | : | MAGISTRATE JUDGE BURKE |
| | : | |
| CLARK SCOTT, WARDEN, | : | |
| | : | **HABEAS CORPUS** |
| Respondent. | : | |

---

## STATE COURT RECORD

MICHAEL DEWINE
Ohio Attorney General

HILDA ROSENBERG (0043814)
Assistant Attorney General
Lead Counsel
Criminal Justice Section
441 Vine Street, 1600 Carew Tower
Cincinnati, Ohio 45202
(513) 852-1564
Fax (866) 916-2649

Counsel for Respondent

Indictment (11 Counts)
Cuyahoga County CCP, Case No. CR-12-564978-A...................................................1

Journal Entry of 8/15/12
Cuyahoga County CCP, Case No. CR-12-564978-A .....................................................2

Notice of Appearance/ Notice of Recission of Pleas
Cuyahoga County CCP, Case No. CR-12-564978-A .....................................................3

Amended Notice of Appearance/ Notice of Recission of Pleas
Cuyahoga County CCP, Case No. CR-12-563913-A & CR-12-564978-A .....................................4

Denial of Consent to Bench Trial or Jury Trial
Cuyahoga County CCP, Case No. CR-12-563913-A & CR-12-564978-A .....................................5

Demand for Discharge for Defects in the Institution of the Prosecution and Defects in the
Indictment, Information, and Complaint pursuant to Crim. R. 12(C)(1) and 12(C)(2)
Cuyahoga County CCP, Case No. CR-12-563913-A & CR-12-564978-A .....................................6

Declaration of Facts in Support of Demand for Discharge for Defects in the Institution of
the Prosecution and Defects in the Indictment, Information, and Complaint pursuant to
Crim. R. 12(C)(1) and 12(C)(2) and Rebuttal of Presumption of Charges Alleged
Cuyahoga County CCP, Case No. CR-12-563913-A & CR-12-564978-A .....................................7

Journal Entry of 9/28/12
Cuyahoga County CCP, Case No. CR-12-564978-A .....................................................8

Notice of Appearance, Notice of No Consent to Continuance, Notice of No Consent to
Go To Trial
Cuyahoga County CCP, Case No. CR-12-563913-A & CR-12-564978-A .....................................9

Notice of Waiver of Counsel Pursuant to Rule 44C
Cuyahoga County CCP, Case No. CR-12-563913-A & CR-12-564978-A .....................................10

Journal Entry of 10/18/12
Cuyahoga County CCP, Case No. CR-12-564978-A .....................................................11

Journal Entry of 11/15/12
Cuyahoga County CCP, Case No. CR-12-564978-A .....................................................12

Journal Entry of 11/29/12
Cuyahoga County CCP, Case No. CR-12-564978-A .....................................................13

Constitutional Objection to Court Order Referring the Defendant to Northcoast for
A Psychiatric Evaluation
Cuyahoga County CCP, Case No. CR-12-563913-A & CR-12-564978-A ...................................14

Memorandum of Opinion and Order of 1/24/13
Cuyahoga County CCP, Case No. CR-12-564978-A ...................................................................15

Memorandum of Opinion and Order
Cuyahoga County CCP, Case No. CR-12-563913-A & CR-12-564978-A ...................................16

Affidavit of Fact/Writ of Discovery
Cuyahoga County CCP, Case No. CR-12-563913-A & CR-12-564978-A ...................................17

State's Motion in Opposition to Defendant's Request to Proceed Pro Se
Cuyahoga County CCP, Case No. CR-12-563913-A & CR-12-564978-A ...................................18

Demand to Discharge Defendant pursuant to R.C. 2945.73(B)
Cuyahoga County CCP, Case No. CR-12-563913-A & CR-12-564978-A ...................................19

State's Opposition to Defendant's Motion to Discharge pursuant to R.C. 2945.73(B)
Cuyahoga County CCP, Case No. CR-12-563913-A & CR-12-564978-A ...................................20

Defendant's Response to State's Opposition to Discharge Defendant
Cuyahoga County CCP, Case No. CR-12-563913-A & CR-12-564978-A ...................................21

Journal Entry of 2/21/14
Cuyahoga County CCP, Case No. CR-12-564978-A ………………………………….………..22

Memorandum of Opinion and Order of 1/8/14
Cuyahoga County CCP, Case No. CR-12-564978-A ...................................................................23

Journal Entry of 1/16/14
Cuyahoga County CCP, Case No. CR-12-564978-A.………………………………………...24

Indictment (2 Counts)
Cuyahoga County CCP, Case No. CR-13-580862-A ...................................................................25

Journal Entry of 1/9/14
Cuyahoga County CCP, Case No. CR-13-580862-A ...................................................................26

State's Motion for Joinder
Cuyahoga County CCP, Case No. CR-13-580862-A & CR-12-564978-A ...................................27

Journal Entry of 8/28/14
Cuyahoga County CCP, Case No. CR-12-564978-A ................................................28

Motion for Dismissal
Cuyahoga County CCP, Case No. CR-12-563913-A & CR-12-564978-A ................................29

State's Brief in Opposition to Defendant's Motion to Dismiss
Cuyahoga County CCP, Case No. CR-12-563913-A & CR-12-564978-A ................................30

Journal Entry of 7/9/14
Cuyahoga County CCP, Case No. CR-12-564978-A ................................................31

Amended Malicious Prosecution and Misfeasance
Cuyahoga County CCP, Case No. CR-12-564978-A & CR-13-580862-A ................................32

Journal Entry- Defendant's Waiver of Jury Trial
Cuyahoga County CCP, Case No. CR-13-580862-A ................................................33

Journal Entry of 10/9/14
Cuyahoga County CCP, Case No. CR-12-564978-A ................................................34

Journal Entry of 10/9/14
Cuyahoga County CCP, Case No. CR-13-580862-A ................................................35

Journal Entry of 10/14/14
Cuyahoga County CCP, Case No. CR-12-564978-A ................................................36

Journal Entry of 10/14/14
Cuyahoga County CCP, Case No. CR-13-580862-A ................................................37

Journal Entry of 11/18/14
Cuyahoga County CCP, Case No. CR-12-564978-A ................................................38

Journal Entry of 11/18/14
Cuyahoga County CCP, Case No. CR-13-580862-A ................................................39

Notice of Appeal
Cuyahoga County CCP, Case No. CR-13-580862-A ................................................40

Notice of Appeal
Cuyahoga County CCP, Case No. CR-12-564978-A ................................................41

Journal Entry of 1/28/15
Cuyahoga County COA, Case No. CA-102327 & CA-102328....................................42

4

Appellant's Brief and Assignments of Error
Cuyahoga County COA, Case No. CA-102327 & CA-102328....................................................43

Brief of Appellee
Cuyahoga County COA, Case No. CA-102327 & CA-102328....................................................44

Journal Entry and Opinion of 12/24/15
Cuyahoga County COA, Case No. CA-102327 & CA-102328....................................................45

Notice of Appeal of Appellant Noel Cedeno
Supreme Court of Ohio, Case No. 2016-0170....................................................................46

Memorandum in Support of Jurisdiction Noel Cedeno, Appellant
Supreme Court of Ohio, Case No. 2016-0170....................................................................47

Memorandum in Response to Appellant's Memorandum in Support of Jurisdiction
Supreme Court of Ohio, Case No. 2016-0170....................................................................48

Entry of 5/4/16
Supreme Court of Ohio, Case No. 2016-0170....................................................................49

Delayed 26(B) Application for Reopening
Cuyahoga County COA, Case No. CA-102327 & CA-102328....................................................50

Appellee's Memorandum in Opposition to Appellant's Delayed 26(B) Application for
Reopening
Cuyahoga County COA, Case No. CA-102327 & CA-102328....................................................51

Journal Entry and Opinion of 2/3/17
Cuyahoga County COA, Case No. CA-102327 & CA-102328....................................................52

Defendant's Motion for Vacation by the Dismissal Order
Cuyahoga County CCP, Case No. CR-12-564978-A .............................................................53

Journal Entry of 10/8/15
Cuyahoga County CCP, Case No. CR-12-654978-A & CR-13-580862-A ...................................54

Docket Sheets
Cuyahoga County CCP, Case No. CR-12-564978-A .............................................................55

Docket Sheets
Cuyahoga County CCP, Case No. CR-13-580862-A .............................................................56

Docket Sheets
Cuyahoga County COA, Case No. CA-14-102327........................................................................57

Docket Sheets
Cuyahoga County COA, Case No. CR-14-102328........................................................................58

Docket Sheet
Supreme Court of Ohio, Case No. 2016-0170..............................................................................59

# Cuyahoga County Court of Common Pleas
## Criminal Court Division

| State of Ohio, | | A True Bill Indictment For |
|---|---|---|
| | Plaintiff | **Gross Sexual Imposition - F3**<br>§2907.05(A)(4) |
| Noel Cedeno, | vs. | |
| | Defendant | 10 Additional Count(s) |

| Dates of Offense (on or about)<br>05/01/2006 to 03/19/2011 | The Term Of<br>May of 2012 | Case Number<br>564978-12-CR |
|---|---|---|

The State of Ohio, } SS.  Cuyahoga County

CR12564978-A          75138975

| Count One | Gross Sexual Imposition - F3<br>§2907.05(A)(4) |
|---|---|
| Defendants | Noel Cedeno |
| Date of Offense | On or about May 1, 2006 to May 31, 2007 |

*The Jurors of the Grand Jury of the State of Ohio, within and for the body of the County aforesaid, on their oaths, IN THE NAME AND BY THE AUTHORITY OF THE STATE OF OHIO, do find and present, that the above named Defendant(s), on or about the date of the offense set forth above, in the County of Cuyahoga, unlawfully*

did have sexual contact, to wit: Rubbing of Inner Thigh/Vagina, with Jane Doe (DOB: 04/30/1998), not his spouse, whose age at the time of said sexual contact was under 13 years, to wit: DOB: 04/30/1998,.

**Sexually Violent Predator Specification - §2941.148(A)**

*The Grand Jurors further find and specify that*

the offender is a sexually violent predator.

*The offense is contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.*

RECEIVED FOR FILING

AUG 1 0 2012

GERALD E. FUERST
BY _____ DEP.

_Karen Welter_
Foreperson of the Grand Jury

_Bill Mason_
Prosecuting Attorney

Page 1 of 8

**EXHIBIT**
tabbies®  1

Cuyahoga County Court of Common Pleas                                    A True Bill Indictment

| Count Two | Gross Sexual Imposition – F3 |
|---|---|
| | §2907.05(A)(4) |
| Defendants | Noel Cedeno |
| Date of Offense | On or about  May 1, 2006 to May 31, 2007 |

*The grand jurors, on their oaths, further find that the Defendant(s) unlawfully*

did have sexual contact, to wit: Rubbing of Inner Thigh/Vagina-Hand Smacked away, with Jane Doe (DOB: 04/30/1998), not his spouse, whose age at the time of said sexual contact was under 13 years, to wit: DOB: 04/30/1998,.

**Sexually Violent Predator Specification - §2941.148(A)**

*The Grand Jurors further find and specify that*

the offender is a sexually violent predator.

*The offense is contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.*

| Count Three | Rape - UF |
|---|---|
| | §2907.02(A)(1)(b) |
| Defendants | Noel Cedeno |
| Date of Offense | On or about  April 30, 2008 to April 29, 2009 |

*The grand jurors, on their oaths, further find that the Defendant(s) unlawfully*

did engage in sexual conduct, to wit: Anal Penetration-in Basement, with Jane Doe (DOB: 04/30/1998) who was not the spouse of the offender, whose age at the time of the said sexual conduct was less than thirteen years of age, to wit: DOB: 04/30/1998, whether or not the offender knew the age of Jane Doe (DOB: 04/30/1998).

FURTHERMORE, the defendant purposely compelled the victim, who was under thirteen years of age but ten years of age or older at the time of the commission of the offense, to wit:DOB: 04/30/1998, to submit by force or threat of force.

**Sexually Violent Predator Specification - §2941.148(A)**

*The Grand Jurors further find and specify that*

the offender is a sexually violent predator.

**Notice of Prior Conviction - §2929.13(F)(6)**

*The Grand Jurors further find and specify that*

Noel Cedeno previously was convicted of or pleaded guilty to Rape of the 1st & 3rd Degree & Sexual Abuse, and Noel Cedeno, with counsel, on or about the 27th day of July, 1993, in the State Court of New York, Queens County, New York, in Case No. 5570/92, was convicted of Rape of the 1st & 3rd Degree & Sexual Abuse, in violation of New York Code Section(s) 130.25 & 130.65 & 130.25, of the State of New York.

**Repeat Violent Offender Specification, "RVO" - §2941.149(A)**

_Karen D Welter_
Foreperson of the Grand Jury

_Bill Mason_
Prosecuting Attorney

Page 2 of 8

Cuyahoga County Court of Common Pleas  A True Bill Indictment

*The Grand Jurors further find and specify that*

Noel Cedeno was convicted of or pleaded guilty to Rape of the 1st & 3rd Degree & Sexual Abuse, to wit: the said Noel Cedeno, with counsel, on or about the 27th day of July, 1993, in the State Court of New York, Queens County, New York, in Case No. 5570/92, was convicted of the crime of Rape of the 1st & 3rd Degree & Sexual Abuse, in violation of New York Code Section(s) 130.25 & 130.65 & 130.25, of the State of New York. The State hereby gives notice of its intention to use a certified copy of the prior conviction as proof of that conviction..

**Notice of Prior Conviction - §2929.13(F)(6)**

*The Grand Jurors further find and specify that*

Noel Cedeno previously was convicted of or pleaded guilty to Robbery, and Noel Cedeno, with counsel, on or about 13th day of May, 2005, in the Common Pleas Court of Ohio, Cuyahoga County, Ohio, in Case No. CR 462616, was convicted of Robbery, in violation of RC 2911.02, of the State of Ohio.

**Repeat Violent Offender Specification, "RVO" - §2941.149(A)**

*The Grand Jurors further find and specify that*

Noel Cedeno was convicted of or pleaded guilty to Robbery, to wit: the said Noel Cedeno, with counsel, on or about 13th day of May, 2005, in the Common Pleas Court of Ohio, Cuyahoga County, Ohio, in Case No. CR 462616, was convicted of the crime of Robbery, in violation of RC 2911.02, of the State of Ohio. The State hereby gives notice of its intention to use a certified copy of the prior conviction as proof of that conviction..

*The offense is contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.*

| Count Four | Kidnapping - F1 §2905.01(A)(4) |
|---|---|
| Defendants | Noel Cedeno |
| Date of Offense | On or about April 30, 2008 to April 29, 2009 |

*The grand jurors, on their oaths, further find that the Defendant(s) unlawfully*

did, by any means, purposely remove Jane Doe (DOB: 04/30/1998), a child under the age of thirteen, to wit: DOB: 04/30/1998, from the place where she was found or restrained her of liberty for the purpose of engaging in sexual activity, as defined in Section 2907.01 of the Revised Code, with Jane Doe (DOB: 04/30/1998) against her will.

FURTHERMORE, the victim of the offense was less than thirteen years of age and defendant committed the offense of kidnapping with a sexual motivation.

**Sexually Violent Predator Specification - §2941.148(A)**

*The Grand Jurors further find and specify that*

the offender is a sexually violent predator.

**Repeat Violent Offender Specification, "RVO" - §2941.149(A)**

_Karen Welter_
Foreperson of the Grand Jury

_Bill Mason_
Prosecuting Attorney

Page 3 of 8

Cuyahoga County Court of Common Pleas                                A True Bill Indictment

*The Grand Jurors further find and specify that*

Noel Cedeno was convicted of or pleaded guilty to   Rape of the 1st & 3rd Degree & Sexual Abuse, to wit: the said Noel Cedeno, with counsel, on or about the 27th day of July, 1993, in the State Court of New York, Queens County, New York, in Case No. 5570/92, was convicted of the crime of Rape of the 1st & 3rd Degree & Sexual Abuse, in violation of New York Code Section(s) 130.25 & 130.65 & 130.25, of the State of New York. The State hereby gives notice of its intention to  use a certified copy of the prior conviction as proof of that conviction..

**Notice of Prior Conviction - §2929.13(F)(6)**

*The Grand Jurors further find and specify that*

Noel Cedeno previously was convicted of or pleaded guilty to Rape of the 1st & 3rd Degree & Sexual Abuse, and Noel Cedeno, with counsel, on or about the 27th day of July, 1993, in the State Court of New York, Queens County, New York, in Case No. 5570/92, was convicted of Rape of the 1st & 3rd Degree & Sexual Abuse, in violation of New York Code Section(s) 130.25 & 130.65 & 130.25, of the State of New York.

**Repeat Violent Offender Specification, "RVO" - §2941.149(A)**

*The Grand Jurors further find and specify that*

Noel Cedeno was convicted of or pleaded guilty to   Robbery, to wit: the said Noel Cedeno, with counsel, on or about the 13th day of May, 2005, in the Common Pleas Court of Ohio, Cuyahoga County, Ohio, in Case No. CR 462616, was convicted of the crime of Robbery, in violation of RC 2911.02, of the State of Ohio. The State hereby gives notice of its intention to  use a certified copy of the prior conviction as proof of that conviction..

**Notice of Prior Conviction - §2929.13(F)(6)**

*The Grand Jurors further find and specify that*

Noel Cedeno previously was convicted of or pleaded guilty to Robbery, and Noel Cedeno, with counsel, on or about the 13th day of May, 2005, in the Common Pleas Court of Ohio, Cuyahoga County, Ohio, in Case No. CR 462616, was convicted of Robbery, in violation of RC 2911.02, of the State of Ohio.

*The offense is contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.*

_____                              _____
Foreperson of the Grand Jury                                 Prosecuting Attorney

Page 4 of 8

Cuyahoga County Court of Common Pleas                                    A True Bill Indictment

| | |
|---|---|
| **Count Five** | **Rape - UF**<br>§2907.02(A)(1)(b) |
| **Defendants** | Noel Cedeno |
| **Date of Offense** | On or about  April 30, 2008 to April 29, 2009 |

*The grand jurors, on their oaths, further find that the Defendant(s) unlawfully*

did engage in sexual conduct, to wit: Anal Penetration-in Bedroom, with Jane Doe (DOB: 04/30/1998) who was not the spouse of the offender, whose age at the time of the said sexual conduct was less than thirteen years of age, to wit: DOB: 04/30/1998, whether or not the offender knew the age of Jane Doe (DOB: 04/30/1998).

FURTHERMORE, the defendant purposely compelled the victim, who was under thirteen years of age but ten years of age or older at the time of the commission of the offense, to wit:DOB: 04/30/1998, to submit by force or threat of force.

**Sexually Violent Predator Specification - §2941.148(A)**

*The Grand Jurors further find and specify that*

the offender is a sexually violent predator.

**Notice of Prior Conviction - §2929.13(F)(6)**

*The Grand Jurors further find and specify that*

Noel Cedeno previously was convicted of or pleaded guilty to Rape of the 1st & 3rd Degree & Sexual Abuse, and Noel Cedeno, with counsel, on or about the 27th day of July, 1993, in the State Court of New York, Queens County, New York, in Case No. 5570/92, was convicted of Rape of the 1st & 3rd Degree & Sexual Abuse, in violation of New York Code Section(s) 130.25 & 130.65 & 130.25, of the State of New York.

**Repeat Violent Offender Specification, "RVO" - §2941.149(A)**

*The Grand Jurors further find and specify that*

Noel Cedeno was convicted of or pleaded guilty to  Rape of the 1st & 3rd Degree & Sexual Abuse, to wit: the said Noel Cedeno, with counsel, on or about the 27th day of July, 1993, in the State Court of New York, Queens County, New York, in Case No. 5570/92, was convicted of the crime of Rape of the 1st & 3rd Degree & Sexual Abuse, in violation of New York Code Section(s) 130.25 & 130.65 & 130.25, of the State of New York. The State hereby gives notice of its intention to  use a certified copy of the prior conviction as proof of that conviction..

**Notice of Prior Conviction - §2929.13(F)(6)**

*The Grand Jurors further find and specify that*

Noel Cedeno previously was convicted of or pleaded guilty to Robbery, and Noel Cedeno, with counsel, on or about the 13th day of May, 2005, in the Common Pleas Court of Ohio, Cuyahoga County, Ohio, in Case No. CR 462616, was convicted of Robbery, in violation of RC 2911.02, of the State of Ohio.

**Repeat Violent Offender Specification, "RVO" - §2941.149(A)**

_____                              _____
Foreperson of the Grand Jury                                 Prosecuting Attorney

Page 5 of 8

Cuyahoga County Court of Common Pleas | A True Bill Indictment

*The Grand Jurors further find and specify that*

Noel Cedeno was convicted of or pleaded guilty to Robbery, to wit: the said Noel Cedeno, with counsel, on or about the 13th day of May, 2005, in the Common Pleas Court of Ohio, Cuyahoga County, Ohio, in Case No. CR 462616, was convicted of the crime of Robbery, in violation of RC 2911.02, of the State of Ohio. The State hereby gives notice of its intention to use a certified copy of the prior conviction as proof of that conviction..

*The offense is contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.*

| | |
|---|---|
| **Count Six** | **Kidnapping - F1** §2905.01(A)(4) |
| **Defendants** | Noel Cedeno |
| **Date of Offense** | On or about April 30, 2008 to April 29, 2009 |

*The grand jurors, on their oaths, further find that the Defendant(s) unlawfully*

did, by any means, purposely remove Jane Doe (DOB: 04/30/1998), a child under the age of thirteen, to wit: DOB: 04/30/1998, from the place where she was found or restrained her of liberty for the purpose of engaging in sexual activity, as defined in Section 2907.01 of the Revised Code, with Jane Doe (DOB: 04/30/1998) against her will.

FURTHERMORE, the victim of the offense was less than thirteen years of age and defendant committed the offense of kidnapping with a sexual motivation.

**Sexually Violent Predator Specification - §2941.148(A)**

*The Grand Jurors further find and specify that*

the offender is a sexually violent predator.

**Notice of Prior Conviction - §2929.13(F)(6)**

*The Grand Jurors further find and specify that*

Noel Cedeno previously was convicted of or pleaded guilty to Rape of the 1st & 3rd Degree & Sexual Abuse, and Noel Cedeno, with counsel, on or about the 27th day of July, 1993, in the State Court of New York, Queens County, New York, in Case No. 5570/92, was convicted of Rape of the 1st & 3rd Degree & Sexual Abuse, in violation of New York Code Section(s) 130.25 & 130.65 & 130.25, of the State of New York.

**Repeat Violent Offender Specification, "RVO" - §2941.149(A)**

*The Grand Jurors further find and specify that*

Noel Cedeno was convicted of or pleaded guilty to Rape of the 1st & 3rd Degree & Sexual Abuse, to wit: the said Noel Cedeno, with counsel, on or about the 27th day of July, 1993, in the State Court of New York, Queens County, New York, in Case No. 5570/92, was convicted of the crime of Rape of the 1st & 3rd Degree & Sexual Abuse, in violation of New York Code Section(s) 130.25 & 130.65 & 130.25, of the State of New York. The State hereby gives notice of its intention to use a certified copy of the prior conviction as proof of that conviction..

_Karen Welter_
Foreperson of the Grand Jury

_Bill Mason_
Prosecuting Attorney

Cuyahoga County Court of Common Pleas                    A True Bill Indictment

### Notice of Prior Conviction - §2929.13(F)(6)

*The Grand Jurors further find and specify that*

Noel Cedeno previously was convicted of or pleaded guilty to Robbery, and Noel Cedeno, with counsel, on or about the 13th day of May, 2005, in the Common Pleas Court of Ohio, Cuyahoga County, Ohio, in Case No. CR 462616, was convicted of Robbery, in violation of RC 2911.02, of the State of Ohio.

### Repeat Violent Offender Specification, "RVO" - §2941.149(A)

*The Grand Jurors further find and specify that*

Noel Cedeno was convicted of or pleaded guilty to  Robbery, to wit: the said Noel Cedeno, with counsel, on or about the 13th day of May, 2005, in the Common Pleas Court of Ohio, Cuyahoga County, Ohio, in Case No. CR 462616, was convicted of the crime of Robbery, in violation of RC 2911.02, of the State of Ohio. The State hereby gives notice of its intention to  use a certified copy of the prior conviction as proof of that conviction..

*The offense is contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.*

| | |
|---|---|
| **Count Seven** | **Attempted Gross Sexual Imposition - F4**<br>§2923.02 / 2907.05(A)(4) |
| **Defendants** | Noel Cedeno |
| **Date of Offense** | On or about  January 1, 2011 to March 19, 2011 |

*The grand jurors, on their oaths, further find that the Defendant(s) unlawfully*

attempted to did have sexual contact, to wit: Touching of the Breast(s), with Jane Doe (DOB: 04/30/1998), not his spouse, whose age at the time of said sexual contact was under 13 years, to wit: DOB: 04/30/1998,.

*The offense is contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.*

| | |
|---|---|
| **Count Eight** | **Importuning - F3**<br>§2907.07(A) |
| **Defendants** | Noel Cedeno |
| **Date of Offense** | On or about  June 1, 2008 to September 10, 2008 |

*The grand jurors, on their oaths, further find that the Defendant(s) unlawfully*

did recklessly solicit Jane Doe (DOB: 04/30/1998), DOB: 04/30/1998, who was less than thirteen years of age to engage in sexual activity with Noel Cedeno, whether or not Noel Cedeno knew the age of Jane Doe (DOB: 04/30/1998).

*The offense is contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.*

Karen Welter
——————————————
Foreperson of the Grand Jury

Bill Mason
——————————————
Prosecuting Attorney

Cuyahoga County Court of Common Pleas — A True Bill Indictment

| Count Nine | Importuning – F2 |
|---|---|
| | §2907.07(A) |
| Defendants | Noel Cedeno |
| Date of Offense | On or about  September 11, 2008 to June 30, 2010 |

*The grand jurors, on their oaths, further find that the Defendant(s) unlawfully*

did recklessly solicit Jane Doe (DOB: 04/30/1998), DOB: 04/30/1998, who was less than thirteen years of age to engage in sexual activity with Noel Cedeno, whether or not Noel Cedeno knew the age of Jane Doe (DOB: 04/30/1998).

FURTHERMORE, and the offender previously has been convicted of a sexually oriented offense or a child-victim oriented offense.

*The offense is contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.*

| Count Ten | Importuning – F3 |
|---|---|
| | §2907.07(A) |
| Defendants | Noel Cedeno |
| Date of Offense | On or about  June 1, 2008 to September 10, 2008 |

*The grand jurors, on their oaths, further find that the Defendant(s) unlawfully*

did recklessly solicit Jane Doe (DOB: 04/30/1998), DOB: 04/30/1998, who was less than thirteen years of age to engage in sexual activity with Noel Cedeno, whether or not Noel Cedeno knew the age of Jane Doe (DOB: 04/30/1998).

*The offense is contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.*

| Count Eleven | Importuning – F2 |
|---|---|
| | §2907.07(A) |
| Defendants | Noel Cedeno |
| Date of Offense | On or about  September 11, 2008 to June 30, 2010 |

*The grand jurors, on their oaths, further find that the Defendant(s) unlawfully*

did recklessly solicit Jane Doe (DOB: 04/30/1998), DOB: 04/30/1998, who was less than thirteen years of age to engage in sexual activity with Noel Cedeno, whether or not Noel Cedeno knew the age of Jane Doe (DOB: 04/30/1998).

FURTHERMORE, and the offender previously has been convicted of a sexually oriented offense or a child-victim oriented offense.

*The offense is contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.*

Foreperson of the Grand Jury

Prosecuting Attorney



75197781

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

THE STATE OF OHIO
    Plaintiff

NOEL  CEDENO
    Defendant

Case No: CR-12-564978-A

Judge: PAMELA A BARKER

INDICT: 2907.05  GROSS SEXUAL IMPOSITION /SVPS
          2907.05  GROSS SEXUAL IMPOSITION /SVPS
          2907.02  RAPE /SVPS /NPC /RVOS
          ADDITIONAL COUNTS...

## JOURNAL ENTRY

DEFENDANT DECLARED INDIGENT.
COURT ASSIGNED  RODRIGUEZ, OSCAR E AS COUNSEL.
READING OF INDICTMENT WAIVED.
TWENTY-FOUR HOUR SERVICE WAIVED.
DEFENDANT PLEAD NOT GUILTY TO INDICTMENT.
BOND SET AT 250,000.00 DOLLARS. BOND TYPE: CASH/SURETY/PROP..
BOND CONDITIONS: NO CONTACT WITH VICTIM.
JUDGE  FRIEDMAN, STUART A (091) ASSIGNED (MANUALLY).
FIRST PRETRIAL SET FOR 08/20/2012 AT 09:00 AM IN COURT ROOM JC19B JUDGE  FRIEDMAN, STUART A.

_Pamela a. Barker_
_____
Judge Signature          08/15/2012



EXHIBIT
2

08/15/2012

RECEIVED FOR FILING
08/15/2012 09:48:15
By: CLSJO
GERALD E. FUERST, CLERK

Page 1 of 1



CR12563913-A       75500146

## IN THE COURT OF COMMON PLEAS
### CUYAHOGA COUNTY, OHIO

RECEIVED FOR FILING

AUG 29 2012

GERALD E. FUERST, CLERK
By                        Deputy

| | | |
|---|---|---|
| **THE STATE OF OHIO** | ) | **CASE NO: 12-563913-A** |
| Plaintiff, | ) | **CASE NO: 12-564978-A** |
| | ) | |
| | ) | |
| v. | ) | **JUDGE** STUART A. FRIEDMAN |
| | ) | |
| **NOEL CEDENO** | ) | **NOTICE OF APPEARANCE** |
| Defendant, | ) | **NOTICE OF RECISSION OF PLEAS** |
| | ) | |

POSTED

### NOTICE OF APPEARANCE

Now comes Noel Cedeno, the Defendant, in a Pro Se filing, whom gives notice to the court that he will henceforth proceed in this cause case number CR-12-563913-A and CR-12-564978-A in a hybrid capacity as a second chair Pro Se litigant with Attorney Oscar Rodriguez as lead counsel.

### NOTICE OF RECISSION OF PLEA IN CASE NUMBER CR-12-563913-A

The Defendant rescinds the Plea of Not Guilty to the charges alleged in the information misrepresented as an indictment returned by a grand jury in case number CR-563913-A entered on 07/10/2012 by Attorney Oscar Rodriguez without the Defendant's informed consent in violation of the Ohio Rules of Practice rule 1.4(a) and enters a **Denial** to the following alleged charges in the information charging instrument alleging said violations:

1. 2905.01.A(4) Kidnapping,

2. 2907.02.A(1)(B) Rape,

3. 2907.02.A(1)(B) Rape,

4. 2905.01.A(4) Kidnapping ,

5. 2907.05.A(1) Gross Sexual Imposition,

1

EXHIBIT
3

6. 2907.05.A(1) Gross Sexual Imposition,

7. 2907.05.A(4) Attempted Gross Sexual imposition.

### NOTICE OF RECISSION OF PLEA IN CASE NUMBER CR-12-564978-A

The Defendant further rescinds the Plea of Not Guilty to the charges alleged in the information misrepresented as an indictment returned by a grand jury in case number CR-564978-A entered on 08/15/2012 by Attorney Oscar Rodriguez without the Defendant's informed consent in violation of the Ohio Rules of Practice rule 1.4(a) and enters a **Denial** to the following alleged charges in the information charging instrument alleging said violations:

1. 2907.05.A(1) Gross Sexual Imposition

2. 2907.05.A(1) Gross Sexual Imposition,

3. 2907.02.A(1)(B) Rape,

4. 2905.01.A(4) Kidnapping ,

5. 2907.02.A(1)(B) Rape,

6. 2905.01.A(4) Kidnapping ,

7. 2907.05.A(4) Attempted Gross Sexual imposition.

8. 2907.07 A Importuning

9. 2907.07 A Importuning

10. 2907.07 A Importuning

11. 2907.07 A Importuning

2

This Notice of Appearance and Notice of Recession of Pleas are not motions submitted to the discretion of the court and shall be taken for value as declared any attempt by the Court or the Prosecution to construe these notices as motions requesting relief would be done so in bad faith and in violation of the Defendant Organic Right to consent pursuant to the Declaration of Independence of 1776.

Date August 27, 2012

Noel Cedeno, Pro Se litigant
P.O. Box 5600
Cleveland, Ohio 44101

## CERTIFICATE OF SERVICE

The Defendant certifies that the forgoing document(s) have been serviced by mail to the Cuyahoga County Clerk of Court located at 1200 Ontario Street Cleveland, Ohio 44113-1664. The Defendant lacks the resources to service the Prosecutor or the clerk of Judge Stuart A. Friedman. The Defendant requests the clerk of courts service a copy of the forgoing document(s) upon the Prosecutor and the clerk of Judge Stuart A. Friedman.

Date August 27, 2012

Noel Cedeno, Pro Se litigant

3



CR12563913-A          75608822

RECEIVED FOR FILING

SEP 06 2012

GERALD E. FUERST, CLERK
By
Deputy

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

THE STATE OF OHIO )          CASE NO: 12-563913-A
Plaintiff, )          CASE NO: 12-564978-A
)
)
v. )          JUDGE STUART A. FRIEDMAN
)
)          **AMENDED**
NOEL CEDENO )          **NOTICE OF APPEARANCE**
Defendant, )          **NOTICE OF RECISSION OF PLEAS**

## NOTICE OF APPEARANCE

Now comes Noel Cedeno, the Defendant, in a Pro Se filing, whom gives notice to
the court that he will henceforth proceed in this cause case number CR-12-563913-A and
CR-12-564978-A in a hybrid capacity as a second chair Pro Se litigant with Attorney
Oscar Rodriguez as lead counsel.

## NOTICE OF RECISSION OF PLEA IN CASE NUMBER CR-12-563913-A

The Defendant rescinds the Plea of Not Guilty to the charges alleged in the
information misrepresented as an indictment returned by a grand jury in case number CR-
563913-A entered on 07/10/2012 by the Cuyahoga County Public Defenders office
without the Defendant's informed consent in violation of the Ohio Rules of Practice rule
1.4(a) and enters a **Denial** to the following alleged charges in the information charging
instrument alleging said violations:

1. 2905.01.A(4) Kidnapping,

2. 2907.02.A(1)(B) Rape,

3. 2907.02.A(1)(B) Rape,

4. 2905.01.A(4) Kidnapping ,

1

EXHIBIT

5. 2907.05.A(1) Gross Sexual Imposition,

6. 2907.05.A(1) Gross Sexual Imposition,

7. 2907.05.A(4) Attempted Gross Sexual imposition.

## NOTICE OF RECISSION OF PLEA IN CASE NUMBER CR-12-564978-A

The Defendant further rescinds the Plea of Not Guilty to the charges alleged in the information misrepresented as an indictment returned by a grand jury in case number CR-564978-A entered on 08/15/2012 by Cuyahoga County Public Defenders office without the Defendant's informed consent in violation of the Ohio Rules of Practice rule 1.4(a) and enters a **Denial** to the following alleged charges in the information charging instrument alleging said violations:

1. 2907.05.A(1) Gross Sexual Imposition

2. 2907.05.A(1) Gross Sexual Imposition,

3. 2907.02.A(1)(B) Rape,

4. 2905.01.A(4) Kidnapping ,

5. 2907.02.A(1)(B) Rape,

6. 2905.01.A(4) Kidnapping ,

7. 2907.05.A(4) Attempted Gross Sexual imposition.

8. 2907.07 A Importuning

9. 2907.07 A Importuning

10. 2907.07 A Importuning

11. 2907.07 A Importuning

2

This Notice of Appearance and Notice of Recession of Pleas are not motions submitted to the discretion of the court and shall be taken for value as declared any attempt by the Court or the Prosecution to construe these notices as motions requesting relief would be done so in bad faith and in violation of the Defendant Organic Right to consent pursuant to the Declaration of Independence of 1776.

Date September 04, 2012

Noel Cedeno, Pro Se litigant
P.O. Box 5600
Cleveland, Ohio 44101

## CERTIFICATE OF SERVICE

The Defendant certifies that the forgoing document(s) have been serviced by mail to the Cuyahoga County Clerk of Court located at 1200 Ontario Street Cleveland, Ohio 44113-1664. The Defendant lacks the resources to service the Prosecutor or the clerk of Judge Stuart A. Friedman. The Defendant requests the clerk of courts service a copy of the forgoing document(s) upon the Prosecutor and the clerk of Judge Stuart A. Friedman.

Date September 04, 2012

Noel Cedeno, Pro Se litigant

3



CR12563913-A          75750588

RECEIVED FOR FILING
SEP 13 2012
GERALD E. FUERST, CLERK

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

THE STATE OF OHIO )  CASE NO: 12-563913-A
     Plaintiff, )  CASE NO: 12-564978-A
  )
  )
v. )  JUDGE STUART A. FRIEDMAN
  )
  )  DENIAL OF CONSENT TO BENCH TRIAL
NOEL CEDENO )  DENIAL OF CONSENT TO JURY TRIAL
     Defendant, )

### DENIAL OF CONSENT TO BENCH TRIAL OR JURY TRIAL

Now comes Noel Cedeno, the Defendant, in a Pro Se filing, whom gives notice to the court that he denies consent to a bench trial or a jury trial in case numbers CR-12-563913-A, and CR-12-564978-A.

### THE COMPLAINT IS INSUFFICIENT PURSUANT TO CRIMINAL RULE 3

The purpose and function of a complaint is to inform the accused of the crime of which he is charged. The complaint forms the essential basis of the court's jurisdiction and the subsequent trial and judgment.   State v. Villagomez (1974), 44 Ohio App.2d 209, 211, 73 O.O.2d 215, 337 N.E.2d 167.  The Ohio Constitution guarantees to every defendant the right to know the "nature and cause of the accusation against him." Section 10, Article I Bill of Rights Ohio Constitution.  In addressing the sufficiency of a criminal complaint, the court held in State v. Burgun (1976), 49 Ohio App.2d 112, 118, 359 N.E.2d 1018 the following:

    "The formal charge whether by indictment, information, or complaint under Crim.R. 3, must contain the constituent elements of a criminal offense. While all of the specific facts relied upon to sustain a charge need

1

EXHIBIT
5

not be recited, the elements of the crime must be stated. As a general rule, a criminal complaint satisfies the requirements of Crim.R. 3 when it sets out (1) the nature of the offense; (2) the time and place; (3) statutory language; and (4) numerical designation of statute. "

In the current case numbers: 12-563913-A, 12-564978-A, 12-559917-A, and 12-552923-A, the complaint, indictment or information fails to state a place within the jurisdiction of the court, *thus failing to invoke the subject matter jurisdiction of the Cuyahoga Court of Common Pleas.*

## THE DEFENDANT HAS NOT BEEN INDICTED BY A GRAND JURY INDICMENT

The defendant has not been indicted by a grand jury. The defendant does not waive his right to be indicted by a grand jury pursuant to The Ohio Constitution Article I Bill of Rights §10.

Pursuant to The Ohio Constitution Article I Bill of Rights §10 – which states - except in cases of impeachment, cases arising in the army and navy, or in the militia when in actual service in time of war or public danger, and cases involving offenses for which the penalty provided is less than imprisonment in the penitentiary, no person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury; and the number of persons necessary to constitute such grand jury and the number thereof necessary to concur in finding such indictment shall be determined by law. In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet witnesses face to face, and to have compulsory process to procure the attendance of witnesses in his behalf, and speedy

2

public trial by an impartial jury of the county in which the offense is alleged to have been committed; but provision may be made by law for the taking of the deposition by the accused or by the state, to be used for or against the accused, of any witness whose attendance can not be had at the trial, always securing to the accused means and the opportunity to be present in person and with counsel at the taking of such deposition, and to examine the witness face to face as fully and in the same manner as if in court. No person shall be compelled, in any criminal case, to be a witness against himself; but his failure to testify may be considered by the court and jury and may be the subject of comment by counsel. No person shall be twice put in jeopardy for the same offense.

### THE INDICTMENT IS DEFECTIVE ON ITS FACE PURSUANT TO O.R.C §2941.06 TO CONSTITUTE A GRAND JURY INDICTMENT

An indictment may be substantially in the following form:

"The State of Ohio,) ss .

. . . . . . . . County)

In the Year . . . . . .

The jurors of the Grand Jury of the State of Ohio, within and for the body of the County aforesaid, on their oaths, in the name and by the authority of the State of Ohio, do find and present that A.B., on the . . . . . . . day of . . . . . . . . . . . ., at the county of . . . . . . . . . . aforesaid, did . . . . . . . (here insert the name of the offense if it has one, such as murder, arson, or the like, or if a misdemeanor having no general name, insert a brief description of it as given by law) contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.

. . . . . . . . . . . . . . . . . . . . . . C.D. . . . . . . . . . . . . . . . . . . . . . .

Prosecuting Attorney

(Indorsed) A true bill.

E.F., Foreperson of the Grand Jury."

3

## THE INDICTMENT'S DEFECTS RENDER IT INVALID TO GO TO TRIAL UPON PURSUANT TO O.R.C §2941.08

Pursuant to O.R.C §2941.08 - an indictment is defective on its face to constitute an indictment concurred by 12 jurors which constitutes a grand jury indictment when it is not indorsed by the foreperson of the grand jury as " A true bill" to which said foreperson has subscribed his name pursuant to O.R.C §2939.20 and pursuant to O.R.C §2941.06, thus making the charging instruments in case numbers: 12-563913-A, 12-564978-A, 12-559917-A, and 12-552923-A information to which the defendant is not obligated to proceed to trial when a term of imprisonment in a penitentiary is a possible sentence in violation of The Ohio Constitution Bill of Rights Article I §10. A digital signature affixed to a document labeled as a true bill indictment does not meet the requirement of an accual signed indictment indorsed by a foreperson of the grand jury. A digital signature may be affixed by any person having access to said signature and affixed to any document without the foreperson of the grand jury's consent or knowledge of the specific charges in the charging document. The Plaintiff has not produced an indictment certifed a true copy with the accual signature of the grand jury foreperson indorsing said indictment as "A true bill".

## THE PLAINTIFF LACKS STANDING TO SUE

Generally, before an Ohio court can consider the merits of a legal claim, the person or entity seeking relief must establish standing to sue. *Ohio Contrs. Assn. v. Bicking*, 71 Ohio St.3d 318, 320, 1994-Ohio-183; *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 77, 1998-Ohio-275. "Standing" is defined as a "'party's right to make a legal claim or seek judicial enforcement of a duty or right.'" *State ex rel. Butler Twp. Bd. of Trustees v. Montgomery Cty. Bd. of Commrs.*, 124 Ohio St.3d 390, 2010- Ohio-169, ¶19,

4

quoting Black's Law Dictionary (8th Ed.2004) 1442. "[T]he question of standing depends upon whether the party has alleged such a personal stake in the outcome of the controversy * * * as to ensure that the dispute sought to be adjudicated will be presented in an adversary context and in a form historically viewed as capable of judicial resolution." (Internal citations and quotations omitted.) *Ohio Pyro, Inc. v. Ohio Dept. of Commerce,* 115 Ohio St.3d 375, 2007-Ohio-5024, ¶27; *Brinkman v. Miami Univ.*, Butler App. No. CA2006-12-313, 2007-Ohio-4372,¶30. To decide whether one has standing to pursue his claim, "courts must look to the substantive law creating the right being sued upon to see if the action has been instituted by the party possessing the substantive right to relief." *Shealy v. Campbell* (1985), 20 Ohio St.3d 23, 25. Whether undisputed facts confer standing to assert a claim involves a question of law that an appellant court reviews de novo. *Cuyahoga Cty. Bd. of Commrs. v. State of Ohio,* 112 Ohio St.3d 59, 2006-Ohio-6499, ¶23.

### THE COURT LACKS JURISDICTION OVER A  PARTICULAR CASE WHERE THE PLAINTIFF LACKS STANDING TO SUE

A court must have jurisdiction over a particular case. "'"[J]urisdiction over the particular case encompasses the trial court's authority to determine a specific case within that class of cases that is within its subject matter jurisdiction."'" Id., quoting State v. Parker, 95 Ohio St.3d 524, 2002 Ohio 2833, 769 N.E.2d 846, at P22 (Cook, J., dissenting), quoting State v. Swiger (1998), 125 Ohio App.3d 456, 462, 708 N.E.2d 1033. Unlike lack of subject-matter jurisdiction which renders a judgment void, "'lack of jurisdiction over the particular case renders any and all judgments in the case voidable.'" Id., quoting Parker at P22 (Cook, J., dissenting), quoting Swiger, 125 Ohio App.3d at 462. Thus, "'"[w]here it is apparent from the allegations that the matter alleged is within

5

the class of cases in which a particular court has been empowered to act, jurisdiction is present, a court lacks jurisdiction over a particular case where the plaintiff lacks standing to commence the proceeding by complaint or affidavit in which any subsequent orders or judgments in said proceedings constitute errors in the exercise of jurisdiction which are voidable through direct attack on the merits. State v. Filiaggi (1999), 86 Ohio St.3d 230, 240, 1999 Ohio 99, 714 N.E.2d 867, quoting In re Waite (1991), 188 Mich.App. 189, 200, 468 N.W.2d 912.

This Notice of Denial of Consent to a Bench Trial or a Jury Trial is not a motion submitted to the discretion of the court and shall be taken for value as declared any attempt by the Court or the Prosecution to construe this notice as a motion requesting relief would be done so in bad faith and in violation of the Defendant's Organic Right to consent pursuant to the Declaration of Independence of 1776.

Date September 13, 2012

Noel Cedeno, Pro Se litigant
P.O. Box 5600
Cleveland, Ohio 44101

6

## CERTIFICATE OF SERVICE

The Defendant certifies that the forgoing document(s) have been serviced by mail to the Cuyahoga County Clerk of Court located at 1200 Ontario Street Cleveland, Ohio 44113-1664. The Defendant lacks the resources to service the Prosecutor or the clerk of Judge Stuart A. Freidman. The Defendant requests the clerk of courts service a copy of the forgoing document(s) upon the Prosecutor and the clerk of Judge Stuart A. Friedman.

**The following agencies have been mailed a copy of the foregoing document(s) an informed that said document(s) had been previously mailed to the Cuyahoga County Clerk of Court which the failed to enter on the docket in the following cases: 12-563913-A, 12-564978-A, 12-559917-A, and 12-552923-A. The Defendant has requested an administrative copy of the foregoing notice be maintained with the following agencies in support of forth coming litigation against the State of Ohio, Cuyahoga County Common Pleas Court, and the Cuyahoga County Sheriff's Department.**

**1. The Office of the Clerk of Court For**
   **The Ohio Supreme Court**
   **65 South Front Street, 8th Floor**
   **Columbus, Ohio 43215-3431**

**3. The Ohio Ethics Commission**
   **30 West Spring Street L3**
   **Columbus, Ohio 443215-2256**

**2. The Administrative Judge for Cuyahoga County**
   **The Honorable Nancy Fuerst**
   **Cuyahoga County Court of Common Pleas**
   **1200 Ontario Street Court Room 15-B**
   **Cleveland, Ohio 44113-1678**

Date September 13, 2012

Noel Cedeno, Pro Se litigant

CR12563913-A          76209309



**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

| | | |
|---|---|---|
| THE STATE OF OHIO | ) | **CASE NO:** 12-563913-A |
| Plaintiff, | ) | **CASE NO:** 12-564978-A |
| | ) | |
| v. | ) | **JUDGE** STUART A. FRIEDMAN |
| | ) | |
| **NOEL CEDENO** | ) | **DEMAND FOR DISCHARGE FOR** |
| Defendant, | ) | **DEFECTS IN THE INSTITUTION OF** |
| | ) | **THE PROSECUTION AND DEFECTS IN THE** |
| | ) | **INDICTMENT, INFORMATION, AND** |
| | ) | **COMPLAINT PURSUANT TO** |
| | ) | **CRIM. R. 12(C)(1) AND 12(C)(2)** |

Now comes Noel Cedeno, the Defendant in a Pro Se filing whom Demands a Discharge where the court and prosecution yields its claims and prosecution of all charges in the following case numbers CR-12-563913-A and CR-12-564978-A as a ministerial function pursuant to Crim. R. 12(C)(1) and Crim. R. 12(C)(2), Cedeno's Organic unalienable substantial right to due process of the law and substantial rights pursuant to The Ohio Constitution Article I Bill of Right §10. The Court lacks judicial power to exercise jurisdiction over a cause where the Plaintiff lacks standing to sue. The Court is attempting to administer said case by ministerial acts dictated by the Cuyahoga County Prosecutor's Office in bad faith. The Defendant has not be served a copy of the initiating complaint pursuant to O.R.C §2937.02(A) in said case constituting a failure to show jurisdiction by the court in said cases. An order entered by the court on this matter constitutes a final appealable order pursuant to 2505.02(B)(1) which states - an order that affects a substantial right in an action that in effect determines the action and prevents a judgment. *(See attached Memorandum of laws and Declaration of facts in support of this Demand for Discharge)*

1

**EXHIBIT**
*6*

Date September 19, 2012

Noel Cedeno, Pro Se litigant
P.O. Box 5600
Cleveland, Ohio 44101

### MEMORANDUM OF LAWS IN SUPPORT OF DEMAND FOR DISCHARGE FOR DEFECTS IN THE INSTITUTION OF PROSECUTION AND DEFECTS IN THE INDICTMENT, INFORMATION, AND COMPLAINT PURSUANT TO CRIM. R. 12(C)(1) AND (C)(2)

### THE COMPLAINT IS INSUFFICIENT PURSUANT TO CRIMINAL RULE 3

The purpose and function of a complaint is to inform the accused of the crime of which he is charged. The complaint forms the essential basis of the court's jurisdiction and the subsequent trial and judgment.   State v. Villagomez (1974), 44 Ohio App.2d 209, 211, 73 O.O.2d 215, 337 N.E.2d 167.  The Ohio Constitution guarantees to every defendant the right to know the "nature and cause of the accusation against him." Section 10, Article I, Ohio Constitution.  In addressing the sufficiency of a criminal complaint, the court held in State v. Burgun (1976), 49 Ohio App.2d 112, 118, 359 N.E.2d 1018:

"The formal charge whether by indictment, information, or complaint under Crim.R. 3, must contain the constituent elements of a criminal offense. While all of the specific facts relied upon to sustain a charge need not be recited, the elements of the crime must be stated. As a general rule, a criminal complaint satisfies the requirements of Crim.R. 3 when it sets out (1) the nature of the offense; (2) the time and place; (3) statutory language; and (4) numerical designation of statute. "

2

In the current case number: 12-563913-A, 12-564978-A, 12-559917-A, and 12-552923-A, the complaint, indictment or information fails to state a place within the jurisdiction of the court, *thus failing to invoke the subject matter jurisdiction of the Cuyahoga Court of Common Pleas.*

## THE DEFENDANT HAS NOT BEEN INDICTED BY A GRAND JURY INDICMENT

The defendant has not been indicted by a grand jury indictment. The defendant does not waive his right to be indicted by a grand jury pursuant to The Ohio Constitution Article I Bill of Rights §10.

Pursuant to The Ohio Constitution Article I Bill of Rights §10 – which states - except in cases of impeachment, cases arising in the army and navy, or in the militia when in actual service in time of war or public danger, and cases involving offenses for which the penalty provided is less than imprisonment in the penitentiary, no person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury; and the number of persons necessary to constitute such grand jury and the number thereof necessary to concur in finding such indictment shall be determined by law. In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet witnesses face to face, and to have compulsory process to procure the attendance of witnesses in his behalf, and speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed; but provision may be made by law for the taking of the deposition by the accused or by the state, to be used for or against the accused, of any witness whose attendance can not be had at the trial, always securing to the accused means and the opportunity to be present in person and with counsel at the taking of such deposition, and to examine the witness face to face as fully and in the same manner as if in court. No

3

person shall be compelled, in any criminal case, to be a witness against himself; but his failure to testify may be considered by the court and jury and may be the subject of comment by counsel. No person shall be twice put in jeopardy for the same offense.

Pursuant to O.R.C §2941.08 - an indictment is defective on its face to constitute an indictment concurred by 12 jurors which constitutes a grand jury indictment when it is not indorsed by the foreperson of the grand jury as " A true bill" to which said foreperson has subscribed his name pursuant to O.R.C §2939.20 and pursuant to O.R.C §2941.06, thus making the charging instruments in case numbers: 12-563913-A, 12-564978-A, 12-559917-A, and 12-552923-A   information to which the defendant is not obligated to proceed to trial when a term of imprisonment in a penitentiary is a possible sentence in violation of The Ohio Constitution Bill of Rights Article I §10.

## THE INDICTMENT IS DEFECTIVE ON ITS FACE PURSUANT TO O.R.C §2941.06 TO CONSTITUTE A GRAND JURY INDICTMENT

An indictment may be substantially in the following form:

"The State of Ohio,) ss .

. . . . . . . . County)

In the Year ......

The jurors of the Grand Jury of the State of Ohio, within and for the body of the County aforesaid, on their oaths, in the name and by the authority of the State of Ohio, do find and present that A.B., on the ....... day of ....... ....., at the county of .......... aforesaid, did ....... (here insert the name of the offense if it has one, such as murder, arson, or the like, or if a misdemeanor having no general name, insert a brief description of it as given by law) contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.

....................... C.D. ........................

Prosecuting Attorney

(Indorsed) A true bill.

E.F., Foreperson of the Grand Jury."

4

## THE INDICTMENT'S DEFECTS RENDER IT INVALID TO GO TO TRIAL
## UPON PURSUANT TO O.R.C §2941.08

Pursuant to O.R.C §2941.08 - an indictment is defective on its face to constitute an indictment concurred by 12 jurors which constitutes a grand jury indictment when it is not indorsed by the foreperson of the grand jury as " A true bill" to which said foreperson has subscribed his name pursuant to O.R.C §2939.20 and pursuant to O.R.C §2941.06, thus making the charging instruments in case numbers: 12-563913-A, 12-564978-A, 12-559917-A, and 12-552923-A information to which the defendant is not obligated to proceed to trial when a term of imprisonment in a penitentiary is a possible sentence in violation of The Ohio Constitution Bill of Rights Article I §10. A digital signature affixed to a document labeled as a true bill indictment does not meet the requirement of an accual signed indictment indorsed by a foreperson of the grand jury. A digital signature may be affixed by any person having access to said signature and affixed to any document without the foreperson of the grand jury's consent or knowledge of the specific charges in the charging document. The Plaintiff has not produced an indictment certifed a true copy with the accual signature of the grand jury foreperson indorsing said indictment as "A true bill".

## MULTIPLE INDICTMENT CONSTITUTE MALICIOUS PROSECUTION

The return of an indictment by a grand jury raises a rebuttable presumption that probable cause existed for the institution of prosecution, and it puts upon the Defendant a requirement to rebut such presumption. *Dailey* at ¶16, citing *Mayes* at 737-738; *Waller*. To do so, the Defendant must "produce "substantial" evidence that the return of the indictment resulted from perjured testimony or that the grand jury proceedings were otherwise "significantly" irregular.' " *Reinoehl v. Trinity Universal Ins. Co.* (1998), 130 Ohio App.3d 186, 196, quoting *Fair*. Recognizing that grand jury evidence is usually

5

secret, this court has stated that a Defendant may also rebut a presumption of probable cause by introducing "evidence of a substantial nature which counterbalances the presumption." *Mayes* at 738. The factual account of the alleged victim in the multiple indictments in case numbers 12-563913-A, 12-564978-A, 12-559917-A, and 12-552923-A constitutes perjured testimony when weight against the fact that two of the four indictment were dismissed and amended with different days and accounts of the alleged violations charged. The perjured testimony does not state the alleged violations occurred within the territorial jurisdiction of the State of Ohio.  The Defendant contends the indictments were not presented to a grand jury comprised of non state employees or Cuyahoga county employees qualified to concur and return "A true bill" indictment upon the review of sufficient facts and evidence presented in a lawful grand jury proceeding sworn under oath.

## THE INDICTMENT OR INFORMATION IS INSUFFCIENT PURSUANT TO O.R.C §2941.03(D)

The indictment or information fails to allege the material elements as where the alleged violations occurred within the jurisdiction of the Cuyahoga County Court of Common Pleas or the State of Ohio.

**WHEREFORE**, the Defendant Demand as his absolute right the following case numbers: CR-12-563913-A and CR-12-564978-A be discharges where the court and prosecution yields its claims and prosecution as a ministerial function pursuant to Crim. R. 12(C)(1) and Crim. R. 12(C)(2), the Defendant's Organic unalienable substantial right to due process of the law and substantial rights pursuant to The Ohio Constitution Article I Bill of Right §10.  Furthermore, the Court lacks judicial power to exercise jurisdiction over a cause where the Plaintiff lacks standing to sue.

6

Date September 19, 2012

Noel Cedeno, Pro Se litigant
P.O. Box 5600
Cleveland, Ohio 44101

## CERTIFICATE OF SERVICE

The Defendant certifies that the forgoing document(s) have been serviced by direct filing to the Cuyahoga County Clerk of Court located at 1200 Ontario Street Cleveland, Ohio 44113-1664. The Defendant lacks the resources to service the Prosecutor or the clerk of Judge Stuart A. Friedman. The Defendant requests the clerk of courts service a copy of the forgoing document(s) upon the Prosecutor and the clerk of Judge Stuart A. Friedman.

Date September 19, 2012

Noel Cedeno, Pro Se litigant

7

## ADDITIONAL CERTIFICATE OF SERVICE

The following party's and or agencies have been serviced by mailed a copy of the foregoing document(s). The Defendant has requested an administrative copy of the foregoing document(s) be maintained with the following agencies in support of possible forth coming litigation against the, Cuyahoga Clerk of Court. A formal compliant has been filed with the following agencies. The Defendant humbly request that all filings serviced upon the Cuyahoga County Clerk of Courts be filed in a timely manner. Thank you for your future cooperation in keeping fundamental fairness in the legal process by timely filing all documents serviced upon the Cuyahoga Clerk of Courts. These documents are time sensitive and require immediate entry upon the docket.

1. The Office of the Clerk of Court For
   The Ohio Supreme Court
   65 South Front Street, 8th Floor
   Columbus, Ohio 43215-3431

2. The Administrative Judge for Cuyahoga County
   The Honorable Nancy Fuerst
   Cuyahoga County Court of Common Pleas
   1200 Ontario Street Court Room 15-B
   Cleveland, Ohio 44113-1678

3. The Ohio Ethics Commission
   30 West Spring Street L3
   Columbus, Ohio 443215-2256

I certify these documents were
Mailed September 19, 2012

Noel Cedeno, Pro Se litigant

8



CR12563913-A                    75890832

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

THE STATE OF OHIO                )
    Plaintiff                    )    **CASE NO: 12-563913-A**
    GERALD E. FUERST        )    **CASE NO: 12-564978-A**
    CLERK OF COURTS        )
    CUYAHOGA COUNTY    )
    v.                                )    **JUDGE** STUART A. FRIEDMAN
                                      )
                                      )
NOEL CEDENO                 )    <u>**DECLARATION OF FACTS IN SUPPORT OF**</u>
    Defendant,                   )    <u>**DEMAND FOR DISCHARGE FOR**</u>
                                      )    <u>**DEFECTS IN THE INSTITUTION OF**</u>
                                      )    <u>**THE PROSECUTION AND DEFECTS IN THE**</u>
                                      )    <u>**INDICTMENT, INFORMATION, AND**</u>
                                      )    <u>**COMPLAINT PURSUANT TO**</u>
                                      )    <u>**CRIM. R. 12(C)(1) AND 12(C)(2) AND**</u>
                                              <u>**REBUTTAL OF PRESUMPTION OF**</u>
                                              <u>**CHARGES ALLEGED**</u>

    Now comes Noel Cedeno, the Defendant, in a Pro Se filing, whom declares to the

court the following fact in case numbers CR-12-563913-A and CR-12-564978-A which

are as follows:

    I Noel Cedeno declare under the penalty of perjury under the laws of the United

States of America that the following statements are true correct and submitted in good

faith and are not meant for the purpose of delay pursuant to Title 28 U.S.C 1746 and

serves as an equivalent legal instrument as an affidavit of fact sworn under oath.

<u>**FACTS**</u>
<u>**REBUTTAL OF PRESUMPTION OF CHARGES ALLEGED**</u>

    1. I Noel Cedeno state, I did not have sexual contact, to wit: Rubbing of Inner

Thigh/Vaginal, with Kayla (DOB: 04/30/1998), not his spouse, whose alleged age at the

time of said sexual contact was under 13 years, to wit: DOB: 04/30/1998, constituting

Gross Sexual Imposition pursuant to O.R.C §2907.05(A)(4) on or about May 1, 2006 to

May 31, 2007.

9

**EXHIBIT**
*tabbies*
*7*

2. I Noel Cedeno state, I did not engage in sexual conduct, to wit: Anal Penetration-in Basement, with Kayla (DOB: 04/30/1998) who was not my spouse, whose age at the time of the alleged sexual conduct was less than thirteen years of age, to wit: DOB: 04/30/1998, whether or not the accused knew the age of Kayla (DOB: 04/30/1998). FURTHERMORE, I Noel Cedeno did not purposely compel the alleged victim, who was alleged to be under thirteen years of age but ten years of age or older at the time of the commission of the alleged offense, to wit: DOB: 04/30/1998, to submit by force or threat of force constituting Rape pursuant to O.R.C §2907.02(A)(1)(b) on or about April 30, 2008 to April 29, 2009.

3. I Noel Cedeno state, I did not, by any means, purposely remove Kayla (DOB: 04/30/1998), a child under the age of thirteen, to wit: DOB: 04/30/1998, from the place where she was found or restrained her of liberty for the purpose of engaging in sexual activity, as defined in Section 2907.01 of the Revised Code, with Kayla (DOB: 04/30/1998) against her will. FURTHERMORE, I Noel Cedeno did not commit an offense of kidnapping with a sexual motivation of Kayla whom was alleged to be less than thirteen years of age constituting Kidnapping pursuant to O.R.C §2905.01(A)(1) on or about April 30, 2008 to April 29, 2009.

4. I Noel Cedeno state, I did not attempt or have sexual contact, to wit: Touching of the Breast(s), with Kayla (DOB: 04/30/1998), not my spouse, whose alleged age at the time of said alleged sexual contact was under 13, years, to wit: DOB: 04/30/1998, constituting Attempted Gross Sexual Imposition pursuant to O.R.C §2923.02 / 2907.05 (A)(4) on or about January 01, 2011 to March 19, 2011.

10

5. I Noel Cedeno state, I did not recklessly solicit Kayla (DOB: 04/30/1998), DOB: 04/30/1998, who was alleged to be less than thirteen years of age to engage in sexual activity with Noel Cedeno, whether or not Noel Cedeno knew the age of Kayla (DOB: 04/30/1998), constituting Importuning pursuant to O.R.C §2907.07(A) on or about June 1, 2008 to September 10, 2008.

6. I Noel Cedeno state, I did not recklessly solicit Kayla (DOB: 04/30/1998), DOB: 04/30/1998, who was alleged to be less than thirteen years of age to engage in sexual activity with Noel Cedeno, whether or not Noel Cedeno knew the age of Kayla (DOB: 04/30/1998), FURTHERMORE, and Noel Cedeno having been alleged to have previously been convicted of a sexually oriented offense or a child-victim oriented offense, constituting Importuning pursuant to O.R.C §2907.07(A) on or about September 11, 2008 to June 30, 2010.

7. I Noel Cedeno state, I did not, by any means, purposely remove Kayla (DOB: 04/30/1998), a child under the age of thirteen, to wit: DOB: 04/30/1998, from the place where she was found or restrained her of liberty for the purpose of engaging in sexual activity, as defined in Section 2907.01 of the Revised Code, with Kayla (DOB: 04/30/1998) against her will. FURTHERMORE, I Noel Cedeno did not commit an offense of kidnapping with a sexual motivation of Kayla whom was alleged to be less than thirteen years of age constituting Kidnapping pursuant to O.R.C §2905.01(A)(1) on or about August 01, 2008 to June 30, 2009.

11

8. I Noel Cedeno state, I did not engage in sexual conduct, to wit: Anal Penetration-in Basement, with Kayla (DOB: 04/30/1998) who was not my spouse, whose age at the time of the alleged sexual conduct was less than thirteen years of age, to wit: DOB: 04/30/1998, whether or not the accused knew the age of Kayla (DOB: 04/30/1998). FURTHERMORE, I Noel Cedeno did not purposely compel the alleged victim, who was alleged to be under thirteen years of age but ten years of age or older at the time of the commission of the alleged offense, to wit: DOB: 04/30/1998, to submit by force or threat of force constituting Rape pursuant to O.R.C §2907.02(A)(1)(b) on or about August 01, 2008 to June 30, 2009.

9. I Noel Cedeno state, I did not have sexual contact, to wit: Touching of Leg, with Kayla (DOB: 04/30/1998), not my spouse, whose alleged age at the time of said alleged sexual contact was under 13 years, to wit: DOB: 04/30/1998., constituting Gross Sexual Imposition pursuant to O.R.C §2907.05(A)(4) on or about August 01, 2007 to June 30, 2008.

10. I Noel Cedeno state, I did not attempt or have sexual contact, to wit: Touching of the Breast(s), with Kayla (DOB: 04/30/1998), not my spouse, whose alleged age at the time of said alleged sexual contact was under 13, years, to wit: DOB: 04/30/1998, constituting Attempted Gross Sexual Imposition pursuant to O.R.C §2923.02 / 2907.05 (A)(4) on or about August 01, 2009 to June 30, 2010.

Executed September 19, 2012

Noel Cedeno, Pro Se litigant
P.O. Box 5600
Cleveland, Ohio 44101

12

## CERTIFICATE OF SERVICE

The Defendant certifies that the forgoing document(s) have been serviced by direct filing with the Cuyahoga County Clerk of Court located at 1200 Ontario Street Cleveland, Ohio 44113-1664. The Defendant lacks the resources to service the Prosecutor or the clerk of Judge Stuart A. Freidman. The Defendant requests the clerk of courts service a copy of the forgoing document(s) upon the Prosecutor and the clerk of Judge Stuart A. Freidman. **The Defendant has requested an administrative copy of the foregoing document(s) be maintained with the following agencies in support of possible forth coming litigation against the, Cuyahoga County Prosecutors office. A formal compliant has been filed with the following agencies.**

1. **The Office of the Clerk of Court For**
   **The Ohio Supreme Court**
   **65 South Front Street, 8th Floor**
   **Columbus, Ohio 43215-3431**

3. **The Ohio Ethics Commission**
   **30 West Spring Street L3**
   **Columbus, Ohio 443215-2256**

2. **The Administrative Judge for Cuyahoga County**
   **The Honorable Nancy Fuerst**
   **Cuyahoga County Court of Common Pleas**
   **1200 Ontario Street Court Room 15-B**
   **Cleveland, Ohio 44113-1678**

I certify these documents were
Mailed September 19, 2012

Noel Cedeno, Pro Se litigant

13



75981978

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

THE STATE OF OHIO
    Plaintiff

Case No: CR-12-564978-A

Judge: STUART A FRIEDMAN

NOEL CEDENO
    Defendant

INDICT: 2907.05  GROSS SEXUAL IMPOSITION /SVPS
           2907.05  GROSS SEXUAL IMPOSITION /SVPS
           2907.02  RAPE /SVPS /NPC /RVOS
           ADDITIONAL COUNTS...

## JOURNAL ENTRY

DEFENDANT INDIGENT; PUBLIC DEFENDER ASSIGNED ON 09/27/2012.
PROSECUTOR(S) RONNIE DUCOFF PRESENT.
COURT REPORTER CARLA KUHN PRESENT.
CASE CALLED FOR TRIAL.
DEFENDANT'S ORAL MOTION TO HAVE DEFENSE ATTORNEY OSCAR RODRIGUEZ WITHDRAWN FROM CASE IS
GRANTED.
PRETRIAL SET FOR 10/04/2012 AT 11:00 AM.
AT THE REQUEST OF DEFENDANT.
REASON FOR CONTINUANCE:  NEW APPOINTED COUNSEL (PUBLIC DEFENDER JUAN HERNANDEZ)

09/27/2012
CPLMG 09/28/2012 12:03:09

_Stuart A Friedman_

Judge Signature           09/28/2012

HEAR
09/27/2012

RECEIVED FOR FILING
09/28/2012 14:04:33
By: CLSJO
GERALD E. FUERST, CLERK



Page 1 of 1

7

CR12564978-A     76209425

POSTED

FILED
CRIMINAL DIVISION

2012 OCT 15 P 1: 34

GERALD E. FUERST
CLERK OF COURTS
CUYAHOGA COUNTY

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

**THE STATE OF OHIO**
Plaintiff

)
)
)
)
)
)
)
)
)
)
)
)
)

**CASE NO:** CR-12-564978-A
**CASE NO:** CR-12-563913-A


**JUDGE** STUART A. FRIEDMAN

v.

**NOEL CEDENO**
Defendant,

**NOTICE OF APPEARANCE**
**NOTICE OF NO CONSENT TO CONTINUANCES**
**NOTICE OF NO CONSENT TO GO TO TRIAL**

### NOTICE OF APPEARANCE

    Now comes Noel Cedeno, the Defendant, in a Pro Se filing, whom gives notice to the court that he will henceforth proceed in this cause case numbers: CR-12-564978-A and CR-12-563913-A as a Pro Se litigant. Forthwith the Attorney Juan Hernandez is hereby removed as counsel. The court has attempted to assign Attorney Hernandez against the defendant's expressed informed consent and in violation of his constitutional right to self representation. *The Defendant has filed a grievance with the Ohio Supreme Court for the court's violation of the Defendant's constitutional right to self representation. Attorney Hernandez has not obtained the informed consent of the Defendant to proceed as counsel of record in violation of rule 1.4(a)(1) of The Ohio Rules of Practice which states the following:*

    (a) A lawyer shall do all of the following:

        (1) Promptly inform the client of any decision or circumstance with respect to which the client's *informed consent* is required by these rules;

1

**EXHIBIT**
*9*

7

**Communicating with Client: [2]** If these rules require that a particular decision about the representation be made by the client, division (a)(1) requires that the lawyer promptly consult with and secure the client's consent prior to taking action unless prior discussions with the client have resolved what action the client wants the lawyer to take.

## NOTICE OF NO CONSENT TO CONTINUANCES

The Defendant gives further notice to the court that he has not consented to any continuances entered on record and does not consent to any future continuances in case numbers case numbers: CR-12-564978-A and CR-12-563913-A.

Pursuant to O.R.C §2937.21 - no continuance at any stage of the proceeding, including that for determination of a motion, shall extend for more than ten days unless both the state and the accused consent thereto. Any continuance or delay in ruling contrary to the provisions of this section shall, unless procured by defendant or his counsel, be grounds for discharge of the defendant forthwith.

## NOTICE OF NO CONSENT TO GO TO TRIAL

Additionally, the Defendant gives notice to the court that he does not consent to go to trial in case numbers: CR-12-564978-A and CR-12-563913-A. The Court has violated the doctrine of "unclean hands" which states in part - the plaintiff is not entitled to obtain an equitable remedy on account of the fact that the plaintiff is acting unethically or has acted in bad faith with respect to the subject of the complaint—that is, with "unclean hands".The defendant has not been indicted by a grand jury; the indictment is defective upon its face; the Defendants speedy trial rights have been violated pursuant to O.R.C §2945.73 and pursuant to the Ohio Constitution Article I Bill of Right §10; the

2

Defendant has never be served a copy of a complaint and supporting affidavit in violation of §2937.02(A) in said case constituting a failure to show jurisdiction by the court in said cases; the Defendant was never informed of the effect of pleas of guilty,  not guilty and no contest in violation of O.R.C §2937.02(C); the Defendant was not informed in a felony case of the nature and extent of possible punishment on conviction and of the right to a preliminary hearing in violation of O.R.C §2937.02(D). The Defendant does not waive his right to be indicted by a grand jury within the prescribed time limitations of speedy trial, and with full due process of the law pursuant to the Ohio Constitution Article I Bill of Rights §10 or waive the following statutory rights O.R.C §2941.73, §2937.02(A), O.R.C §2937.02(C), O.R.C §2937.02(D).

Pursuant to The Ohio Constitution Article I Bill of Rights §10 – which states§10 Except in cases of impeachment, cases arising in the army and navy, or in the militia when in actual service in time of war or public danger, and cases involving offenses for which the penalty provided is less than imprisonment in the penitentiary, no person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury; and the number of persons necessary to constitute such grand jury and the number thereof necessary to concur in finding such indictment shall be determined by law. In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet witnesses face to face, and to have compulsory process to procure the attendance of witnesses in his behalf, and speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed; but provision may be made by law for the taking of the deposition by the

3

accused or by the state, to be used for or against the accused, of any witness whose attendance can not be had at the trial, always securing to the accused means and the opportunity to be present in person and with counsel at the taking of such deposition, and to examine the witness face to face as fully and in the same manner as if in court. No person shall be compelled, in any criminal case, to be a witness against himself; but his failure to testify may be considered by the court and jury and may be the subject of comment by counsel. No person shall be twice put in jeopardy for the same offense.

This Notice of Appearance, Notice of No Consent to Continuances, and Notice of No Consent to Go to Trial are not motions submitted to the discretion of the court and shall be taken for value as declared any attempt by the Court or the Prosecution to construe these notices as motions requesting relief would be done so in bad faith and in violation of the Defendant's Organic Right to consent pursuant to the Declaration of Independence of 1776 which state in part – "Government derives it Just Powers from the consent of the governed" which constitutes the Organic law and the essence of justice and equity within the American union of States.

Date October 01, 2012

Noel Cedeno, Pro Se litigant
P.O. Box 5600
Cleveland, Ohio 44101

4

## CERTIFICATE OF SERVICE

The Defendant certifies that the forgoing document(s) have been serviced by mail to the Cuyahoga County Clerk of Court located at 1200 Ontario Street Cleveland, Ohio 44113-1664. The Defendant additionally services Judge Stuart A. Friedman by mail directly. The Defendant lacks the resources to service the Prosecutor and requests the clerk of courts service a copy of the forgoing document(s) upon the Prosecutor. Additionally, the Defendant has serviced a copy to the Ohio Ethics Commission with a notice of complaint

Date October 01, 2012

Noel Cedeno, Pro Se litigant

5

8

CR12563913-A                    76209556

POSTED

### IN THE COURT OF COMMON PLEAS
### CUYAHOGA COUNTY, OHIO

FILED

2012 OCT 15 P 1: 34

GERALD E. FUERST
CLERK OF COURTS
CUYAHOGA COUNTY

| | |
|---|---|
| **THE STATE OF OHIO** | **CASE NO: 12-563913-A** |
| Plaintiff, | **CASE NO: 12-564978-A** |
| | |
| v. | **JUDGE** STUART A. FRIEDMAN |
| | |
| **NOEL CEDENO** | **NOTICE OF WAIVER OF COUNSEL** |
| Defendant, | **PURSUANT TO RULE 44C** |

### NOTICE OF WAIVER OF COUNSEL PURSUANT TO RULE 44C

Now comes Noel Cedeno, the Defendant, in a Pro Se filing, whom gives notice to the court that he does voluntarily with full knowledge and understanding and intelligence being competent and of sound mind waive his right to counsel in case numbers CR-12-563913-A and CR-12-564978-A pursuant to rule 44(C) of The Ohio Rules of Criminal Procedures.

Date October 02, 2012

Noel Cedeno, Pro Se litigant
P.O. Box 5600
Cleveland, Ohio 44101

### CERTIFICATE OF SERVICE

The Defendant certifies that the forgoing document(s) have been serviced by mail to the Cuyahoga County Clerk of Court located at 1200 Ontario Street Cleveland, Ohio 44113-1664. The Defendant lacks the resources to service the Prosecutor or the clerk of Judge Stuart A. Friedman. The Defendant requests the clerk of courts service a copy of the forgoing document(s) upon the Prosecutor and the clerk of Judge Stuart A. Friedman.

Date October 02, 2012

Noel Cedeno, Pro Se litigant

1

**EXHIBIT**

tabbies

10



76283487

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

THE STATE OF OHIO
   Plaintiff

NOEL  CEDENO
   Defendant

Case No: CR-12-564978-A

Judge: STUART A FRIEDMAN

INDICT: 2907.05  GROSS SEXUAL IMPOSITION /SVPS
        2907.05  GROSS SEXUAL IMPOSITION /SVPS
        2907.02  RAPE /SVPS /NPC /R VOS
        ADDITIONAL COUNTS...

## JOURNAL ENTRY

DEFENDANT IN COURT WITH PUBLIC DEFENDER .
PROSECUTOR(S) RONNIE DUCOFF PRESENT.
PRETRIAL SET FOR 10/31/2012 AT 10:00 AM.
AT THE REQUEST OF DEFENDANT.
REASON FOR CONTINUANCE:  STATE IS TO PREPARE DISCOVERY MATERIALS TO PRESENT TO DEFENDANT IN
OPEN COURT, OCCASIONED BY DEFENDANT'S STATED DESIRE TO PROCEED PRO-SE.
HEARING HELD 10/18/2012.
DEFENDANT IN OPEN COURT CONFIRMS HIS INTENTION TO PROCEED PRO-SE. COURT ADVISES DEFENDANT OF
RISKS IN PROCEEDING TO TRIAL WITHOUT COUNSEL. DEFENDANT STATES HE UNDERSTANDS RISKS AND
NEVERTHELESS DESIRES TO WAIVE HIS RIGHT TO COUNSEL. COURT PERMITS JUAN HERNANDEZ (P.D.) TO
WITHDRAW. DEFENDANT REITERATES HIS "NON CONSENT" TO EITHER COURT TRIAL OR JURY TRIAL. COURT
STATES THAT DEFENDANT HAS OPTION OF EITHER JUDGE OR JURY TRIAL, BUT DOES NOT HAVE OPTION TO
DECLINE TRIAL OF THESE CHARGES. STATE AGREES TO PROVIDE COPIES OF ALL DISCOVERY FORTHWITH. NEXT
PRETRIAL SET FOR 10/31/2012 AT DEFENDANT'S REQUEST.

10/18/2012
CPSAF 10/18/2012 16:43:58



_____
Judge Signature            10/18/2012

HEAR
10/18/2012

EXHIBIT
1

Page 1 of 1



76636417

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

THE STATE OF OHIO
    Plaintiff

NOEL  CEDENO
    Defendant

Case No: CR-12-564978-A

Judge: STUART A FRIEDMAN

INDICT: 2907.05  GROSS SEXUAL IMPOSITION /SVPS
       2907.05  GROSS SEXUAL IMPOSITION /SVPS
       2907.02  RAPE /SVPS /NPC /RVOS
       ADDITIONAL COUNTS...

## JOURNAL ENTRY

PROSECUTOR(S) RONNIE DUCOFF PRESENT.
COURT REPORTER  PRESENT.
PRO SE DEFENDANT NOEL CEDENO PRESENT IN COURT.
INTERPRETER BERNARDITA ROJAS PRESENT.
DISCOVERY HEARING HELD.
PROSECUTOR PROFFERED FULL DISCOVERY TO DEFENDANT.
DEFENDANT REFUSED TO ACCEPT DISCOVERY.
DISCOVERY RETURNED TO PROSECUTOR.
COURT REFERRED DEFENDANT TO COURT PSYCHIATRIC CLINIC FOR COMPETENCY EVALUATION.

11/09/2012
CPLMG 11/13/2012 16:27:21

_Stuart A Friedman_
_____
Judge Signature       11/15/2012

HEAR
11/09/2012

RECEIVED FOR FILING
11/16/2012 08:56:10
By: CLSJO
GERALD E. FUERST, CLERK



EXHIBIT
12

Page 1 of 1


76864453

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

THE STATE OF OHIO
    Plaintiff

Case No: CR-12-564978-A

Judge: STUART A FRIEDMAN

NOEL CEDENO
    Defendant

INDICT: 2907.05 GROSS SEXUAL IMPOSITION /SVPS
          2907.05 GROSS SEXUAL IMPOSITION /SVPS
          2907.02 RAPE /SVPS /NPC /RVOS
          ADDITIONAL COUNTS...

## JOURNAL ENTRY

ON A FORMER DAY, THE DEFENDANT WAS REFERRED FOR A COMPETENCY EVALUATION. BASED ON THE
REPORT OF DR. GEORGE W. SCHMEDLEN THE DEFENDANT REFUSED TO COOPERATE WITH THE EVALUATION
AND DR. GEORGE W. SCHMEDLEN
WAS UNABLE TO RENDER AN OPINION AS TO THE DEFENDANT'S COMPETENCY TO STAND TRIAL. THEREFORE,
THE COURT ORDERS THE DEFENDANT TO NORTHCOAST BEHAVIORAL HEALTHCARE SYSTEMS-CLEVELAND
CAMPUS (NBHS-CC) FOR A 20-DAY INPATIENT COMPETENCY EVALUATION.

THE DEFENDANT IS ORDERED REMANDED TO CUYAHOGA COUNTY JAIL UNTIL A BED BECOMES AVAILABLE.
SHERIFF ORDERED TO TRANSPORT THE DEFENDANT TO NBHS-CC UPON NOTIFICATION BY CCCMHB FORENSIC
LIAISON.

UPON COMPLETION OF THE EVALUATION, NBHS-CC IS TO PROVIDE A REPORT TO THE COURT OPINING EITHER
(1) THAT THE DEFENDANT IS INCOMPETENT TO STAND TRIAL AND IS THEREFORE REQUESTING THAT THE
DEFENDANT'S LEGAL STATUS BE UPDATED TO INCOMPETENT TO STAND TRIAL OR (2) THAT THE DEFENDANT IS
COMPETENT TO STAND TRIAL AND CAN BE TRANSPORTED BACK TO THE CUYAHOGA COUNTY JAIL TO AWAIT
TRIAL.

IN THE EVENT THAT THE FORENSIC EXAMINER OPINES THAT THE DEFENDANT IS COMPETENT TO STAND TRIAL,
SHERIFF ORDERED TO TRANSPORT THE DEFENDANT BACK TO CUYAHOGA COUNTY JAIL UPON NOTIFICATION
FROM CCCMHB FORENSIC LIAISON THAT THE DEFENDANT IS READY FOR RETURN.
DEFENDANT STATES HE DESIRES TO REPRESENT HIMSELF. SHOULD BE EVALUATED BOTH FOR COMPETENCY TO
STAND TRIAL AND COMPETENCY TO PROCEED PRO-SE. COURT NOTES THAT DEFENDANT HAS DECLINED
PARTICIPATION IN EVALUATION AT COURT PSYCHIATRIC CLINIC, AND THAT HE REFUSED OFFER OF
PROSECUTOR (IN OPEN COURT AND ON THE RECORD) TO PROVIDE HIM WITH DISCOVERY AS TO PENDING
CHARGES. DEFENDANT IS A NATIVE OF PUERTO RICO AND MAY NEED INTERPRETER, ALTHOUGH WAS ABLE TO
SPEAK IN ENGLISH DURING HEARINGS.

11/29/2012
CPLMG 11/29/2012 16:24:14

_Stuart A Friedman_
Judge Signature        11/29/2012

MISC
11/29/2012

EXHIBIT
13

FILED
CRIMINAL DIVISION

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

2012 NOV 2: 16

GERALD E. ERST
CLERK OF COURTS
CUYAHOGA COUNTY

P O S T E D

THE STATE OF OHIO ) CASE NO: 12-563913-A
Plaintiff, ) CASE NO: 12-564978-A
)
)
)                    **JUDGE** STUART A. FRIEDMAN
)
**NOEL CEDENO** )                    <u>**CONSTITUTIONAL OBJECTION**</u>
Defendant, )                    <u>**TO COURT ORDER REFFERING**</u>
)                    <u>**THE DEFENDANT TO NORTHCOAST**</u>
)                    <u>**FOR A PSYCHIATRIC EVALUATION**</u>

Now comes Noel Cedeno, the Defendant in a Pro Se filing whom enters this
Constitutional Objection to the Courts order referring the Defendant to The Northcoast
Behavioral Healthcare system – Cleveland campus for a 20 day inpatient competency
evaluation to evaluate of the Defendant's competency to stand trial and competency to
proceed Pro Se entered on 11/29/2012.

<u>**GROUNDS FOR OBJECTION**</u>

The Court order entered on 11/29/2012 is in violation of the Defendant's right to a
speedy trial and right to procedural due process of the law pursuant to The Ohio
Constitution Article I Bill of Right §10 and 14th Amendment of the Constitution of the
United States.

Due process is the legal requirement that the state must respect all of the legal
rights that are owed to a person. Due process balances the power of law of the land and
protects the individual person from it. When a government harms a person without
following the exact course of the law, this constitutes a due-process violation, which
offends against the rule of law.

Procedural Due Process of the law requires on any issue that deprives an
individual of his liberty the right to be given notice of the issue and the right to be heard
on the issue by a court of competent subject matter jurisdiction before a final binding

1


EXHIBIT
14

order is lawfully enforceable pursuant to the Ohio Constitution Article I Bill of Rights §10 and the 14th Amendment of the United States Constitution.

Additionally, the Court's order entered on 11/29/2012 is in violated O.R.C §2945.371(D) which states in part – A defendant who has not been released on bail or recognizance may be evaluated at the defendant's place of detention. *Upon the request of the examiner*, the court may order the sheriff to transport the defendant to a program or facility operated by the department of mental health or the department of developmental disabilities, where the defendant may be held for evaluation for a reasonable period of time not to exceed twenty days, and to return the defendant to the place of detention after the evaluation.

On a day in November of 2012, the Defendant was taken to the psychiatric clinic within the Cuyahoga County jail. The Defendant denied consent to the examiner to proceed with a psychiatric evaluation to determine if he was competent to stand trial reasoning to the examiner that he has informed the court that he did not consent to go to trial for numerous violations of the Ohio Revised Codes, the Ohio Constitution, the Constitution of the United States, and insufficient evidence to support the charges in the indictment stipulated to by the prosecution in open court. The examiner released the Defendant without performing a competency evaluation and has no bases to request the defendant be evaluated by the Northcoast Behavioral Healthcare system Cleveland campus. Furthermore, the Defendant has never received a copy giving notice of a referral from the Dr. George W. Schmedlen determining the defendant be evaluated by the Northcoast Behavioral Healthcare system Cleveland campus. (See Defendant's Exhibit "A" which is a copy of the denial of consent by the Defendant to the psych evaluation)

2

## FACTS

1. On November 27, 2012 the Cuyahoga County Prosecutor's Office filed a Motion for Referral of the Defendant to the Northcoast Behavioral Healthcare system Cleveland campus without giving notice to the Defendant by servicing him a copy of said motion to which the Court entered an order granting said motion exparte without an examiner requesting such an evaluation in violation of O.R. C §2945.371(D) and in violation of the due process clauses of the Ohio Constitution Article I Bill of Rights §10 and the 14th Amendment of the Constitution of the United States.

2. The Defendant received a copy of the Motion for Referral to Northcoast on December 3, 2012 six days after the court entered the order granting said motion exparte. The Court entered an order directing the Cuyahoga County Sheriff's Department to deliver the Defendant to the Northcoast Behavioral Healthcare system Cleveland campus on November 29, 2012 in violation of the Defendant's right to be notified and heard on the issue and his right to a speedy adjudication of false claims in both indictments.

3. The Court does not have a genuine issue of whether the Defendant is competent to stand trial or competent to proceed Pro Se and has entered the order in bad faith constituting judicial misconduct.

4. The Defendant has clearly denied consent to go to trial for the numerous violations and defects in the prosecution of case numbers 12-563913-A 12-564978-A.

5. The Court has further order that the Defendant be evaluated for competency to proceed Pro Se in violation of the Defendant's right to defend his liberty and the right to self representation pursuant to The Ohio Constitution Article I Bill of Rights §1 and the 6th Amendment of the Constitution of the United States respectfully.

3

6. The Defendant's last counsel of record Juan Hernandez was asked by the court if he felt the Defendant was competent to stand trial and competent to represent himself to which Attorney Hernandez replied yes he did feel the Defendant was competent to stand trial and competent to represent himself.

7. Ohio Revised Code subsection 2945.371 is unconstitutional in that the statute is purposely vague and has allows any party without foundation to make an issue of the Defendants competency to stand trial and proceed Pro Se which violates the Defendant's right to defend his liberty, right to a speedy trial and right to procedural due process of the law pursuant to The Ohio Constitution Article I Bill of Rights §1 and §10 and the 14th Amendment of the Constitution of the United States respectfully.

Date December 3, 2012

Noel Cedeno, Pro Se litigant
P.O. Box 5600
Cleveland, Ohio 44101

## CERTIFICATE OF SERVICE

The Defendant certifies that the forgoing document(s) have been serviced by mail to Judge Stuart A. Friedman and the Cuyahoga County Clerk of Court located at 1200 Ontario Street Cleveland, Ohio 44113-1664. The Defendant lacks the resources to service the Prosecutor. The Defendant requests the clerk of courts service a copy of the forgoing document(s) upon the Prosecutor.

Date December 3, 2012

Noel Cedeno, Pro Se litigant

4

*B*

1/16/2012) Stuart Friedman - Mr. Noel Cedeno (564978)

*Defendant's Exhibit "A"*

**From:** George Schmedlen
**To:** Linda Graves;  Stuart Friedman
**Date:** 11/15/2012 9:08 AM
**Subject:** Mr. Noel Cedeno (564978)

Judge Friedman, Ms. Graves:

We had Mr. Noel Cedeno up yesterday morning to the Court Psychiatric Clinic to sign medical releases.

Mr. Cedeno declined to sign any.  Moreover, he stated that he does not want any evaluation and intimated that if we called him up again he would likely not leave the jail.

I wonder if the Court could advise Mr. Cedeno that prior to his going forward pro se, he will need to undergo an evaluation to determine his competency to represent himself.

I also wanted to clarify if the Court would like a general competency evaluation as well.

Please advise.  Let me know if you have any questions or concerns.

Thanks,

George W. Schmedlen, Ph.D., J.D.
Associate Director
Court Psychiatric Clinic
Cuyahoga County Common Pleas Court
Courts Tower, Sixth Floor
1200 Ontario Street
Cleveland, Ohio 44113
(216) 443-7339 direct dial
Fax (216) 443-7332
cpgws@cuyahogacounty.us

CR12564978-A                    77769339

# THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

2013 JAN 24  P 2: 38
cmw
CLERK. OF COURTS
CUYAHOGA COUNTY

STATE OF OHIO                        CASE NO.  564978
   Plaintiff

Vs                                   MEMORANDUM OF OPINION
                                     AND ORDER

NOEL CEDENO,
   Defendant

**FRIEDMAN, J.:**

{¶1}      Recent activity in this case by the defendant suggests to the Court that the defendant may lack the ability to act as counsel in his own defense. Although recognizing that the defendant has a constitutional right to do so, this Court also has the obligation to ensure that both the defendant and the state have a fair trial on the very serious charges in this indictment.

{¶2}      In particular, the Court notes that the defendant was assigned counsel (Santiago Feliciano) at the time of his arraignment, that he discharged that attorney and new counsel was assigned (Oscar Rodriguez), that this attorney also was discharged by the defendant, that again the defendant discharged his attorney and Juan Hernandez of the Public Defender Office was assigned. Shortly thereafter the defendant stated that he wished to represent himself.

{¶3}      The docket will confirm that, at a hearing held November 16, 2012, the prosecutor proffered discovery to the defendant, who refused to accept that discovery. He also stated that he refused to consent to a jury trial, or to a non-jury trial, but wanted the charges dismissed.

{¶4}      Based upon these observations, the Court referred the defendant to the Court Psychiatric Clinic for an evaluation as to competency to stand trial and competency to represent himself. However, as the docket establishes, the defendant refused to

Noel Cedeno
Cuy. Co. Jail #2603973
m1-24-13
Sheriff Signature  cmw 1-25-13

Cost

EXHIBIT
15

co-operate with that evaluation, and accordingly, Dr. George Schmedlen stated that he was unable to render an opinion as to the defendant's competency.

{¶5}     As a result, the Court then ordered the defendant referred to Northcoast Behavioral for a 20-day evaluation. Again, the defendant refused to co-operate with the staff there, and the report (which opined that the defendant is competent to stand trial and to represent himself) is conclusory only, and does not set forth the bases for those opinions.

{¶6}     Based upon the foregoing, the Court remains concerned that the defendant may not be competent to assist in his defense under the appropriate standards, and is additionally concerned that he may not be competent to enter a knowing, intelligent, and voluntary waiver of counsel and to represent himself at trial.

{¶7}     This is all the more troubling in light of the fact that the charges in this indictment are particularly serious, involving the possibility of a life sentence without parole.

{¶8}     For the above-noted reasons, the Court hereby orders that the defendant be referred for a twenty-day evaluation of competency at Twin Valley, in order to determine whether the defendant's actions establish incompetency to assist in his own defense, or incompetency to waive his right to counsel and to represent himself. Defendant is to be returned to Cuyahoga County Jail upon completion of evaluation. Sheriff is ordered to transport the defendant, Noel Cedeno, DOB 3/14/1971n Gender: Male, Race: Hispanic.

IT IS SO ORDERED.

Stuart A. Friedman, Judge

2

CR12564978-A          80322357

# THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

STATE OF OHIO                    · CASE NOs.  564978 and 563913
   Plaintiff

    vs                          MEMORANDUM OF OPINION
                         AND ORDER

NOEL CEDENO,
   Defendant

FRIEDMAN, J.:

{¶1}    On several occasions, in open court, the defendant has stated unequivocally that he does not consent to a trial by jury or to a trial to the court. When, in response, the court advised the defendant that those were the only two options available, he has consistently refused to concede that fact.

{¶2}    At a hearing, in open court and on the record, November 16, 2012, at which the court was prepared to accept the defendant's decision to proceed *pro se*, the assistant county prosecutor proffered full discovery (excepting only those items which by law are not permitted to be shared with the defendant), the defendant refused to accept even that discovery that was presented, and without explanation for his decision except the claim that he was not being given all material.

{¶3}    The defendant was subsequently referred to Twin Valley for a 20-day evaluation as to competency to stand trial and competency to proceed *pro se*. The report of that evaluation concluded that the defendant is competent in both respects; however, at hearing June 19, 2013, at which that report was before the court, the defendant refused to stipulate to the report—even though it concluded in favor of defendant's intention to go to trial and to represent himself at trial.

{¶4}    In each of the situations described above, this court has found that the defendant's actions before it, in open court and upon the record, clearly contradict the conclusions of the evaluations by both Northcoast Behavioral Healthcare and Twin Val-

EXHIBIT

_16_

ley, which have found that he is competent to stand trial and to represent himself. His actions rather support the conclusion that the defendant's own behavior would deprive him of the ability to have a fair determination of the very serious charges against him.

{¶5}    The court further observes that, although the defendant refuses to permit the participation or assistance of counsel on his behalf, and although he claims to lack proficiency in the English language, he has conversed with the court, in English, throughout these proceedings. Nevertheless, and in an abundance of caution, the court has allowed the defendant to have the assistance of a Spanish-language interpreter of his choice.

{¶6}    In light of the clearly problematical actions of the defendant on several occasions, and on the record, the court requires a further evaluation as to his competence in both respects: (1) to stand trial, and (2) to waive his right to counsel and try the case *pro se*.

IT IS SO ORDERED.

Stuart A. Friedman, Judge

2



CR12563913-A                    81852522

POSTED

FILED IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

STATE OF OHIO
Plaintiffs,

2013 NOV 12  P 1: 30

CLERK OF COURTS
CUYAHOGA COUNTY

CASE # 12-563913-A
CASE # 12-564978-A
JUDGE: STUART A. FRIEDMAN

NOEL CEDENO
Alleged, Defendant

Crim. R 23(A) Jury Trial
Crim. R.16 (Discovery)
EXHIBIT A

## AFFIDAVIT OF FACT / WRIT OF DISCOVERY

TO: Prosecutor: Ronni Ducoff

I'm entering this **corporation** under **Special Appearance** and under **Threat, Duress and Coercion.**

I'm objecting to this matter, being that the court **lacks ratification of commencement** and not having **subject matter jurisdiction / personal jurisdiction and territorial jurisdiction,** over the **alleged** Defendant, whose a Man of flesh and blood.

### IN PURSUANCE OF OHIO RULE CRIMINAL PROCEDURE: RULE (16).

### DISCOVERY AND INSPECTION

In pursuant to Ohio Rules of Criminal Procedure: 5(A) (1), and 7 (A), and 7 (E), and 12(E)(1)(2), and 16 (A-G)(B)(1)(a)(i ii iii) (b)(c)(f). Alleged defendant, Noel Cedeno (hereinafter, alleged defendant), respectfully move this Court to demand plaintiff to comply to the above demands for Crim. R. 16, discovery.

"Foreign States" (State of Ohio), (Municipalities), which is corporate, are prohibited by the 11th Amendment of the "Constitution for the United States of America" to commence or prosecute any action. To file any cause of action with one of these as "Plaintiff" is "Fraud" 18 USC 1001 and "Conspiracy against rights" 18 USC 241.

The 6th Amendment secures the accused the right to face all witnesses against him. Therefore, this law requires the "Plaintiff" (injured party) be a physical human being that can be cross examined. The only time an attorney can act without a human "Plaintiff" is in the case of "murder". All other cases require the "Plaintiff" be present in court.
Alleged defendant demand 6th Amendment right to face accuser. Alleged defendant demand the "Prosecutor prosecutor" produce the "Injured Party". If "Prosecutor" cannot produce an

**EXHIBIT**
*tables*  19

"injured party,"alleged defendant demand dismissal of complaint for lack of injured party. The court has no "jurisdiction" to proceed.

To establish a "crime," has been committed, there must be present evidence that alleged defendant "injured" another human being or damage his/her property. Attorneys have created "imposter laws" that establish "victimless" "crimes". This is "Fraud" 18 USC 1001 for any attorney to present these imposter crimes, without injured party, claiming authority to prosecute. When a "Plaintiff" cannot be cross examined, no judge can prove due process of law was administered. "Conspiracy against rights" 18 USC 241 of the "Prosecutor" and "Judge" acting in "Prosecutorial Misconduct" in "Conspiracy to convict" must be reported to the proper authority. Failure of that authority to prosecute the "Attorney" and "Judge" is "Misprision of Felony" 18 USC 4.

Cooper v. Aaron, 358 U.S. 1, 78 S.Ct. 1401 (1958): "No state legislator or executive or judicial officer can war against the Constitution without violating his undertaking to support it.

Brady v. U.S., 397 U.S. 742, 748: "Waivers of Constitutional Rights, not only must they be voluntary, they must be knowingly intelligent acts done with sufficient awareness." "If men, through fear, fraud, or mistake, should in terms renounce or give up any natural right, the eternal law of reason and the grand end of society would absolutely vacate such renunciation.

1. **RULE 5 (A) (1)**
(a) Provide alleged defendant with the information of **nature and cause** of the accusations made against alleged defendant. Sixth Amendment.

## 2. RULE 7. The Indictment and the Information
(A)   Use of indictment or information. A felony that may be punished by death or life imprisonment shall be prosecuted by indictment. All other felonies shall be prosecuted by indictment, except that after a defendant has been advised by the court of the nature of the charge against the defendant and of the defendant's right to indictment, the defendant may waive that right in writing and in open court. Alleged defendant under no circumstances, waives any of his Rights.

(E) **Bill of particulars.** Provide alleged defendant with a statement of the facts enumerating the specific acts charged.

## 3. RULE 12(E)  Notice by the prosecuting attorney of the intention to use evidence.
(1)   **At the discretion of the prosecuting attorney.** At the arraignment or as soon thereafter as is practicable, the prosecuting attorney may give notice to the defendant of the prosecuting attorney's intention to use specified evidence at trial, in order to afford the defendant an opportunity to raise objections to such evidence prior to trial under division (C)(3) of this rule.
(2) **At the request of the defendant.** At the arraignment or as soon thereafter as is practicable, the defendant, in order to raise objections prior to trial under division (C)(3) of this rule, may

request notice of the prosecuting attorney's intention to use evidence in chief at trial, which evidence the defendant is entitled to discover under Crim. R. 16.

4. RULE 16.    Discovery and Inspection
   (A)    **Demand for discovery.** Upon written request each party shall forthwith provide the discovery herein allowed. Motions for discovery shall certify that demand for discovery has been made and the discovery has not been provided.

   (b) Provide identity of the real party in interest in this matter.
   (c) Provide a verified copy of the complaint of the competent fact witness who asserted the claim / charge against alleged defendant.
   (d) Provide the identity of all persons having first hand knowledge of any material fact alleged in the pleadings of this case, and with regard to each such person, state what they know about each such fact, and how they came to know it.
   (e) Provide substance that the accuser of the crime is flesh and blood or corporation.
   (f) Provide inculpatory and exculpatory substance regarding alleged defendant.
   (g) Provide alleged defendant with the criminal statutes that was violated.

**(B)**
**(1)**

**Disclosure of evidence by the prosecuting attorney.**
**Information subject to disclosure.**

**Prove with documented evidence that a summons was signed by an Article III judge stating probable cause was justified for criminal prosecution.**

**Prove with documented evidence that a crime was, is , or had been committed by alleged defendant.**

**(a)**
**Statement of defendant or co-defendant.** Upon motion of the defendant, the court shall order the prosecuting attorney to permit the defendant to inspect the copy or photograph any of the following which are available to, or within the possession, custody, or control of the state, the existence of which is known or by the exercise of due diligence may become known to the prosecuting attorney:
(i)    Produce relevant written or recorded statements made by the alleged defendant or co-defendant, or copies thereof;
(ii)    Produce written summaries of any oral statement, or copies thereof, made by the alleged defendant or co-defendant to a prosecuting attorney or any law enforcement officer;
(iii)    Produce recorded testimony of the alleged defendant or co-defendant before a grand jury.
**(b)**    **Defendant's prior record.** Upon motion of the alleged defendant the court shall order the prosecuting attorney to furnish alleged defendant a copy of alleged defendant's prior criminal record, which is available to or within the possession, custody or control of the state.
**(c)**    **Documents and tangible objects.** Upon motion of the alleged defendant the court shall order the prosecuting attorney to permit the alleged defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or

portions thereof, available to or within the possession, custody or control of the state, and which are material to the preparation of his defense, or are intended for use by the prosecuting attorney as evidence at the trial, or were obtained from or belong to the alleged defendant.

(d) **Reports of examination and tests.** Upon motion of the alleged defendant the court shall order the prosecuting attorney to permit the alleged defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, made in connection with the particular case, or copies thereof, available to or within the possession, custody or control of the state, the existence of which is known or by the exercise of due diligence may become known to the prosecuting attorney.

(f) **Disclosure of evidence favorable to defendant.** Upon motion of the alleged defendant before trial the court shall order the prosecuting attorney to disclose to counsel for the alleged defendant all evidence, known or which may become known to the prosecuting attorney, favorable to the alleged defendant and material either to guilt or punishment. The certification and the perpetuation provisions of subsection (B)(1)(e) apply to this subsection.

**The prosecution should, within a specified and reasonable time prior to trial, disclose to the defense the following information and material:**

(ii) The names and addresses of all persons known to the prosecution to have information concerning the offense charged, together with all written statements of any such person that are within the possession or control of the prosecution and that relate to the subject matter of the offense charged. The prosecution should also identify the persons it intends to call as witnesses at trial.

(iii) The relationship, if any, between the prosecution and any witness it intends to call at trial, including the nature and circumstances of any agreement, understanding or representation between the prosecution and the witness that constitutes an inducement for the cooperation or testimony of the witness.

(viii) Any material or information within the prosecutor's possession or control which tends to negate the guilt of the defendant as to the offense charged or which would tend to reduce the punishment of the defendant.

A much older and more fundamental due process rule than the disclosure requirement announced in *Brady* is the rule against obtaining a conviction based upon perjured testimony. In *Mooney v. Holohan*, 294 U.S. 103, 112 (1935), this Court stated that due process is violated:

if a State has contrived a conviction through the pretense of a trial which in truth is but used as a means of depriving a defendant of liberty through a deliberate deception of court and jury by the presentation of testimony known to be perjured. Such a contrivance by a state to procure the conviction and imprisonment of a defendant is as inconsistent with the rudimentary demands of justice as is the obtaining of a like result by intimidation.

A prosecutor should not knowingly offer false evidence, whether by documents, tangible evidence, or the testimony of witnesses, or fail to seek withdrawal thereof upon discovery of its falsity.

The reason for the constitutional disclosure requirement is, as this Court held in *Brady*, the "avoidance of an unfair trial to the accused." 373 U.S. at 87. The government's interest "in a criminal prosecution is not that it shall win a case, but that justice shall be done." *Strickler v. Greene*, 527 U.S. 263, 281 (1999) (quoting *Berger v. United States*, 295 U.S. 78, 88 (1935)). Justice is done when evidence favorable to the defendant is disclosed because such evidence, "if disclosed and used effectively . . . may make the difference between conviction and acquittal." *United States v. Bagley*, 473 U.S. 667, 676 (1985).

### The prosecutor in a criminal case shall:

(a)    refrain from prosecuting a charge that the prosecutor knows is not supported by probable cause;

(b)    make reasonable efforts to assure that the accused has been advised of the right to, and the procedure for obtaining, counsel and has been given reasonable opportunity to obtain counsel;

(c)    not seek to obtain from an unrepresented accused a waiver of important pretrial rights, such as the right to a preliminary hearing;

(d)    make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense, and, in connection with sentencing, disclose to the defense and to the tribunal all unprivileged mitigating information known to the prosecutor, except when the prosecutor is relieved of this responsibility by a protective order of the tribunal;

(e)    exercise reasonable care to prevent investigators, law enforcement personnel, employees or other persons assisting or associated with the prosecutor in a criminal case from making an extrajudicial statement that the prosecutor would be prohibited from making under Rule 3.6;

(a)    A prosecutor should not intentionally fail to make timely disclosure to the defense, at the earliest feasible opportunity, of the existence of all evidence or information which tends to negate the guilt of the accused or mitigate the offense charged or which would tend to reduce the punishment of the accused.

(b)    A prosecutor should not fail to make a reasonably diligent effort to comply with a legally proper discovery request.

(c)    A prosecutor should not intentionally avoid pursuit of evidence because he or she believes it will damage the prosecution's case or aid the accused.

(a)    The office of prosecutor is charged with responsibility for prosecutions in its jurisdiction.

(b)    The prosecutor is an administrator of justice, an advocate, and an officer of the court; the prosecutor must exercise sound discretion in the performance of his or her functions.

(c)    The duty of the prosecutor is to seek justice, not merely to convict.

**If prosecutor doesn't have first hand knowledge of the matter with facts or tangible evidence, it's simply a statement of counsel in brief or argument, and are not facts before the court, and are therefore insufficient to sustain a conviction, and alleged defendant move that this case be dismissed with prejudice.**

## **CERTIFICATE OF SERVICE**

The Defendant certifies that the forgoing document (s) have been serviced by direct filing to the Cuyahoga County Clerk of Court located at 1200 Ontario Street Cleveland, Ohio 44113-1664. The Defendant lacks the resources to service the Prosecutor or the clerk of Judge Stuart A. Friedman. The Defendant requests the clerk of courts service a copy of the forgoing document(s) upon the Prosecutor and the clerk of Judge Stuart A. Friedman.

Date: October 23, 2013

Noel Cedeno, Pro Se litigant
P.O. BOX 5600
Cleveland, Ohio 44101

Sworn to before me and Subscribe in my presence this 23 day of October, 2013

NEIL G. WALTERS
NOTARY PUBLIC
STATE OF OHIO
Recorded in
Cuyahoga County
My Comm. Exp. 8/19/17

Neil G. Walters
Notary



CR12563913-A          82056845

P O S T E D

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO
CRIMINAL DIVISION

RECEIVED FOR FILING

STATE OF OHIO,                    )      CASE NO. CR 12-563913 - A
                                  )                CR 12-564978 - A
      Plaintiff,                  )
                NOV 2 6 2013      )
                                  )      JUDGE: STUART FRIEDMAN
      -vs-      CUYAHOGA COUNTY    )
               CLERK OF COURTS     )
               By_____Deputy
NOEL CEDENO                       )
      Defendant,                  )      **STATE'S MOTION IN
                                         OPPOSITION TO DEFENDANT'S
                                         REQUEST TP PROCEED PRO SE**

Now comes Cuyahoga County Prosecuting Attorney Timothy J. McGinty on behalf of
the State of Ohio, by and through his undersigned assistant, and respectfully moves the Court to
deny Defendant Noel Cedeno's request to proceed pro se.

Respectfully Submitted,
**TIMOTHY J. MCGINTY**
**CUYAHOGA COUNTY PROSECUTOR**
Ronni Ducoff
Ronni Ducoff (0039884)
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 4411
(216) 443-7816

EXHIBIT
_18_

# FACTS

On August 10, 2012, Noel Cedeno (hereinafter, the Defendant) was indicted for two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4); two counts of rape, in violation of R.C. 2907.02(A)(1)(B); two counts of kidnapping in violation of R.C. 2905.01(A)(4); one count of attempted gross sexual imposition, in violation of R.C. 2907.05(A)(4); and four counts of importuning, in violation of R.C. 2907.07(A).

On August 15, 2012, after his original counsel was granted permission to withdraw, this court assigned attorney Oscar E. Rodriguez. On September 27, 2012, the Defendant asked the court to remove attorney Rodriguez, and the court agreed. The court then assigned Public Defender Juan Hernandez as defense counsel. Again, the defendant indicated he did not any assigned counsel and preferred to proceed pro se.

The Defendant has filed several pro se motions. On September 13, 2012, the Defendant filed a motion to deny consent to a bench trial and jury trial. On October 15, 2012, he filed a Notice of Appearance, Notice of No Consent to Continuances, and Notice of No Consent to go to Trial; Notice of Waiver of Counsel; and an Amended Objection to Indictments. On November 12, 2013, the Defendant filed an Affidavit of Fact/ Writ of Discovery.

On October 18, 2012, the Defendant told the court, in a hearing, that he did not consent to a judge or jury trial. The court instructed the Defendant that he was not entitled to refuse trial. On November 16, 2012, the state proffered full discovery to the Defendant, and the Defendant refused to accept it.

The court referred the Defendant for a psychiatric evaluation to determine his competency to stand trial and proceed pro se on November 25, 2012, January 24, 2013, and July 19, 2013. On January 4, 2013, Dr. Jason Beaman evaluated the Defendant, and concluded that he was competent to represent himself. In June 2013, Dr. Howard Sokolov evaluated the Defendant, and in a June 11, 2013 report, concluded that the Defendant was competent to represent himself.

On August 1, 2013, Dr. Stephen Noffsinger evaluated the Defendant.  Because the Defendant would not participate in Dr. Noffsinger's evaluation, Dr. Noffsinger wrote in an August 7, 2013 report that he could not determine whether the Defendant was competent to defend himself.

## LAW AND ARGUMENT

A criminal defendants has "an independent constitutional right of self-representation and may proceed to defend himself without counsel when he voluntarily, and knowingly and intelligently elects to do so." *State v. Buford*, 8th Dist. Cuyahoga No. 96607, 2012-Ohio-262, ¶ 7), quoting *State v. Cassano*, 96 Ohio St.3d 94, 2002-Ohio-3751, 772 N.E.2d 81; *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).  Nevertheless, a defendant's "right [to] self-representation is not absolute." *Indiana v. Edwards*, 554 U.S. 164, 171, 128 S. Ct. 2379, 171 L.E.2d 345 (2008).  *See Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.,* 528 U.S. 152, 120 S.Ct. 684, 145 L.E.2d 597 (2000) (no right to self-representation on direct appeal); *Cassano*, 96 Ohio St.3d 94, 2002-Ohio-3751, 772 N.E.2d 81 (no right to self-representation if request is untimely).  A court may deny a defendant's request if "the defendant lacks the mental capacity to conduct his trial defense unless represented by counsel." *Edwards*, 554 U.S. at 174. Moreover, a court may also deny a defendant's request for self-representation "when circumstances indicate that the request is made for purposes of delay or manipulation of the trial process." *State v. Dean*, 127 Ohio St.3d 140, 2010-Ohio-5070, ¶ 68, citing *United States v. Frazier-El*, 204 F.3d 553, 559 (4th Cir. 2000).

Since proceedings for the present charges commenced, the Defendant's behavior demonstrates that (1) he has not knowingly and intelligently chosen to defend himself; (2) he lacks the mental capacity to conduct his defense; or (3) he has acted to delay or manipulate this court, and will continue to do so if allowed to proceed pro se.  Thus, based on the Defendant's behavior, this court should reject his request to proceed pro se.

I.    **The Defendant Has Not Knowingly And Intelligently Chosen To Defend Himself**

This court should reject the Defendant's request to represent himself because his conduct demonstrates that he has not knowingly and intelligently chosen to do so. Because a pro se defendant forgoes "many of the traditional benefits associated with the right to counsel," a defendant must "'knowingly and intelligently' forgo those relinquished benefits." *Faretta*, 422 U.S. at 835, quoting *Johnson v. Zerbst*, 304 U.S. 458, 464-65, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). To do so, a defendant should know of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter."

*Von Moltke v. Gillies*, 332 U.S. 708, 723, 68 S.Ct. 316, 92 L.Ed. 309 (1948); *State v. Gibson*, 45 Ohio St.2d 366, 376-77, 345 N.E.2d 399 (1976). Moreover, the defendant "should be informed of the standards with which he will be expected to comply in conducting his own defense, for example, the Rules of Criminal Procedure and the Rules of Evidence." *State v. Watson*, 132 Ohio App.3d 57, 64, 724 N.E.2d 469 (8th Dist. 1998).

The Defendant has demonstrated that he does not understand the nature of his pending charges. He has referred to these charges, which allege that he committed acts of rape, gross sexual imposition, kidnapping, and importuning, against a person who was younger than thirteen years old, as "'victimless' 'crimes.'" Defendant's Affidavit of Fact/ Writ of Discovery, Nov. 12, 2013, at 2. This characterization indicates that he does not understand the charges' severity.

The Defendant has further demonstrated that he does not understand the basic legal procedures through which a fact finder will assess his guilt, and through which, if found guilty, he will be sentenced. He has explicitly, and on the record, refused to accept discovery from the state. Nevertheless, he has subsequently complained that the state has not provided him with discovery, demonstrating that he does not understand that defending himself requires him to be familiar with the state's evidence, and that the only way he can access this evidence is by accepting discovery. The Defendant's behavior resembles the defendant's behavior in *State v. Buford*. 8th Dist. Cuyahoga No. 96607, 2012-Ohio-262. The *Buford* defendant

complained that he never got the 'paperwork' that was 'necessary for a jury trial. Asked to identify specific documents, defendant eventually stated 'police reports.' However, defendant's attorney stated that he received full discovery from the state, he had at least four pretrials with the prosecutor, and the police report from defendant's arrest was in his hand."

At ¶ 16. The Eighth District Court of Appeals denied the *Buford* defendant's request for self-representation because the record contained "numerous examples," including the defendant's "paperwork" complaints, that showed that his decision to proceed pro se was not knowing and intelligent. *Id.* at ¶ 16.

The Defendant has shown that he does not understand that he is subject to, and must respect, this court's authority. Despite this court instructing the Defendant that he must choose either a jury or bench trial, the Defendant has insistently declared that he consents to neither. The Defendant has also explained to the court that he does not consent to any trial because of his "Organic Right to consent," pursuant to "the Organic law . . . within the American union of States." Defendant's Notice of Appearance, Oct. 15, 2012, at 4. Moreover, he has told the court that it does not have jurisdiction because he is "a Man of flesh and blood." Defendant's Affidavit of Fact/ Writ of Discovery, Nov. 12, 2013, at 1. *See State v. Gunnell*, 10th Dist. Franklin, 2013-Ohio-3928, ¶ 5-10 (rejecting criminal defendant's claim that the state could not prosecute because "he never gave the trial court 'consent to proceed' with a trial against him"); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen' ... or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts"); *United States v. Mitchell*, 405 F.Supp.2d 602, 605 (D.Md. 2005) ("the defendants...are mistaken if they think they cannot be prosecuted without their consent").

## II.     <u>The Defendant Lacks The Mental Capacity To Represent Himself</u>

Despite psychiatric competency reports, which concluded that the Defendant is competent to defend himself, the Court should rely upon its own observations, and find the Defendant incompetent to proceed pro se. Although the Defendant refused to participate in Dr. Jason

Beaman's competency evaluation, Dr. Beaman's January 4, 2013 competency report concluded that the Defendant is competent to represent himself. Dr. Jason Beaman, Jan. 4, 2013 Competency Report (hereinafter, "Beaman Report"). Dr. Howard Sokolov's June 11, 2013 competency report concluded that the Defendant is competent to represent himself. Dr. Howard Sokolov, June 11, 2013 Competency Report (hereinafter, "Sokolov Report"). Dr. Stephen Noffsinger's August 7, 2013 competency report could not conclude whether the Defendant is competent to represent himself, because the Defendant failed to participate. Dr. Stephen Noffsinger, Aug. 7, 2013 Competency Report (hereinafter, "Noffsinger Report"), at 2. Nevertheless, on January 24, 2013, this court wrote in its Memorandum of Opinion and Order that:

> this court has found that the defendant's actions before it, in open court and upon the record, clearly contradict the conclusions of the [psychological evaluations]… His actions rather support the conclusion that the defendant's own behavior would deprive him of the ability to have a fair determination of the very serious charges against him.

The court need not rely on formal psychologists' evaluations to determine whether the Defendant is competent to represent himself. While courts use the same standard to determine a defendant's competency to stand trial and competency to waive counsel, the United States Supreme Court has held that when assessing whether a defendant is competent to proceed pro se, a trial court may look *beyond* a defendant's competency to stand trial. *Edwards*, 554 U.S. at 177-78. Instead, courts may "take realistic account of the particular defendant's mental capacities by asking whether a defendant who seeks to conduct his own defense at trial is mentally competent to do so." *Id.* Thus, *Edwards* affords the court great discretion to make an individualized determination about a particular defendant's competency to proceed pro se.

### A.        The Court May Rely Upon its Own Observations

In Ohio, trial courts need not rely upon an expert's conclusion to determine a defendant's competency when the court's observations contradict the expert opinion. In *State v. Were*, the Supreme Court of Ohio upheld the trial court's determination that the defendant was competent

to stand trial, despite a psychologist's conclusion that the defendant was not competent, the defendant's in-court statements and pro se motions "undermined" the doctor's conclusion.  118 Ohio St.3d 448, 457, 2008-Ohio-2762, 890 N.E.2d 263.  In *State v. Filiaggi*, the Supreme Court of Ohio found that the trial court's finding that the defendant was competent to stand trial was not "unreasonable, arbitrary, or unconscionable," where the court did not base its finding on a medical expert's opinion, but rather upon the court and correctional officers' observations of the defendant.   86 Ohio St.3d 230, 237, 714 N.E.2d 867 (1999).  Finally, in *State v. Allison*, the Fifth District Court of Appeals upheld the trial court's determination that the defendant was competent to plead guilty, even though a psychologist concluded that the defendant was not competent.  5th Dist. Richland No. 2009CA0124, 2010-Ohio-2941. The Fifth District found that the trial court properly placed more weight upon its "own observations and discussions with appellant than the psychologist's report because the trial court was not required to rely solely upon [the psychologist's] professional opinion." At ¶ 21-20.

Because trial courts may rely upon their own observations to determine whether a defendant is competent to proceed pro se, and the court has observed the Defendant engage in behavior that demonstrates that he is not competent to represent himself, the court may rely on its observations, and reject the Defendant's request to proceed pro se.

### B.     The Court May Evaluate an Expert Opinion's Trustworthiness

The trial court may consider how an expert reached a conclusion, when deciding whether to accept his or her conclusion.  In *Allison*, when rejecting the expert's competency report, the Fifth District also noted that the psychologist's "report did not per se meet the statutory qualifications for competency." 2010-Ohio-2941, at ¶ 20.  In *State v. Nickell*, the Sixth District Court of Appeals overturned the trial court's determination that the defendant was competent to stand trial because:

> the trial court apparently relied solely on the Court Diagnostic evaluation. ... [The psychiatric evaluator's] report was based upon a single interview, was less detailed and specific to appellant's mental health history, and stated vague, generalized conclusions. Moreover, [the evaluator] referenced previous competency evaluations of appellant.

6th Dist. Wood No. WD-07-015, 2008-Ohio-1571, ¶ 15. In addition, the Sixth District found that the defendant's responses to the trial court's questions demonstrated that she lacked competency. *Id.* at ¶ 18 – 118.

Firstly, Dr. Beaman and Dr. Sokolov concluded that the Defendant was competent for self-representation based on brief contact with the Defendant. Dr. Beaman's report, which concluded that, "because Mr. Cedeno has no mental condition, that he is able to represent himself," followed just one interview with the Defendant, in which the Defendant refused to participate. Beaman Report, at 1. Dr. Sokolov's report followed two interviews with the Defendant, which lasted a total of three hours. Sokolov Report, at 2. Secondly, despite the psychiatrists' conclusions, the examples within their competency reports demonstrate that the Defendant is not actually competent to represent himself. Even though the Defendant claims that he wants to represent himself, the Defendant refused to participate in Dr. Noffsinger and Dr. Beaman's evaluations.

Dr. Sokolov's report includes examples that indicate, to Dr. Sokolov, the Defendant's adequate understanding of the pending charges. Sokolov Report, at 8-10. However, the report fails to mention that the Defendant understands that, if convicted, he faces life imprisonment. Rather, the report mentions that the Defendant "was well aware that if convicted…he could spend *many more years* in the Ohio prison system," and that the Defendant "understands that if convicted of these charges, there would be *extensive incarceration*." Sokolov Report, at 9, 11 (emphasis added). These euphemisms fail to demonstrate that the Defendant comprehends the severe punishment he faces.

Dr. Sokolov's report also includes examples that indicate, to Dr. Sokolov, the Defendant's adequate understanding of trial proceedings. However, these examples do not support that finding, either. Rather, the report demonstrates that the Defendant did not even know that he was facing charges, and that he thought the charges had been dismissed. Sokolov Report, at 8. Moreover, the Defendant did not understand why Dr. Sokolov was evaluating him; he thought that the state or prison wanted an evaluation so that it could revoke his computer and printer

privileges.  Sokolov Report, at 8-9.  Finally, the report further documents the Defendant's refusal to accept the state's discovery.  Sokolov Report, at 10.

Thus, while Dr. Sokolov and Dr. Beaman concluded that the Defendant is competent to represent himself, their reports do not support their conclusions.  Instead, their reports provide additional examples that bolster the court's impression that the Defendant is not competent to represent himself.

### III.  Allowing The Defendant To Proceed Pro Se Would Disturb this Court's Administration of Justice

The Defendant's conduct has interfered with this court's ability to efficiently administer justice, and will continue to engage in obstructive conduct unless the court rejects his request to proceed pro se.  The Ohio Supreme Court has recognized that "the judge is at all times during the sessions of the court, empowered to maintain decorum and enforce reasonable rules to insure the orderly and judicious disposition of the court's business." *State v. Clifford*, 162 Ohio St. 370, 372, 123 N.E.2d. 8 (1954).  Thus, the right to self-representation does not allow a defendant "to abuse the dignity of the courtroom," or exempt a pro se defendant from adhering with procedural rules and substantive laws. *Edwards* at 171, quoting *Faretta*, 422 U.S. at 834-35.  Furthermore, "the trial judge may terminate self-representation by a defendant who deliberately engages in serious misconduct." *Faretta*, 422 U.S. at 834, fn 46.

The Defendant has repeatedly used this court's time to frivolously declare, in court and in writing, that he does not "consent" to go to trial. *See, e.g.,* Defendant's Constitutional Objection to Court Order, Dec. 10, 2012, at 2; Defendant's Notice of Appearance, Oct. 15, 2013, at 2.  In the Defendant's most recent filing, he declared that

I'm objecting to this matter, being that the court **lacks ratification of commencement** and not having **subject matter jurisdiction/ personal jurisdiction and territorial jurisdiction,** over the **alleged** Defendant, whose a Man of flesh and blood.

(sic.) Defendant's Affidavit of Fact/ Writ of Discovery, Nov. 12, 2013, at 1. In *State v. Henderson,* the Superior Court of Connecticut found that the defendant's obstructionist conduct forfeited his right to represent himself. Conn.Super. No. CR110076891, 2012 WL 3005198 (Jun, 21, 2012), *2. Like the Defendant, the *Henderson* defendant presented several motions "to challenge the authority of the court to preside over the case, challenge the authority of the state to prosecute the case[,] and to challenge the legality of the proceedings." *Id.* These arguments "were unintelligible, disjointed, and without any legal basis whatsoever... [and also] were protracted and repetitive." *Id.* In addition, in *United States v. Mosley,* the Eighth Circuit Court of Appeals upheld the district court's conclusion that the defendant "essentially forfeited his right to represent himself by engaging in conduct that obstructed the proceedings against him." 607 F.3d 555, 559 (8th Cir.2010). For example, the defendant filed frivolous motions such as a "Motion to Dismiss Case for Mistaken Identity & Jurisdictional Issues Over a Sovereign." *Id.* at 557.

The Defendant has further used this court's time to complain that the state has not provided him with discovery. *See generally* Defendant's Affidavit of Fact/ Writ of Discovery, Nov. 12, 2012. The *Henderson* defendant engaged in similar behavior, which the Connecticut court deemed manipulative. The *Henderson* defendant "blamed prison officials" for preventing him from accessing the law library, even though "he never spoke to anyone to try to get access" and did not take advantage of the court's attempts "to accommodate [his] request to have access to a law library." *Henderson,* 2012 WL 3005198, at *2. The court had "inquired whether the defendant's housing could be transferred to a facility with a law library and [the Department of Corrections] was able to accommodate the court's request." *Id.* The defendant "complained that he could not remember" and was unable to see photographs that the state was going to introduce into evidence, even though the court had "scheduled the defendant to be transported to the courthouse so that he could have access to view evidence in the state's possession that it intended to introduce at trial." *Id.*

## **CONCLUSION**

In conclusion, the State respectfully requests that the court reject the Defendant's request to proceed pro se.  His conduct throughout these proceedings has demonstrated that he has not intelligently and knowingly chosen to defend himself, is not mentally competent to defend himself, or is manipulating the court and obstructing justice.  Whether the Defendant is intentionally interfering with the judicial process, or his interferences result from his lack of knowledge or mental capacity, the defendant will continue to engage in obstructionist behavior if he continues to represent himself without counsel.

Respectfully Submitted,
**TIMOTHY J. MCGINTY**
**CUYAHOGA COUNTY PROSECUTOR**
*Ronni Ducoff*
Ronni Ducoff (0039884)
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113
(216) 443-7816
Fax: (216) 698-227

## SERVICE

A copy of the foregoing Motion has been mailed and filed on this 26th day of November, 2013, to: Noel Cedeno So# 250373, Cuyahoga County Jail, 1215 West 3rd St. Cleveland, Ohio 44113.

**TIMOTHY J. MCGINTY**
**CUYAHOGA COUNTY PROSECUTOR**

*Ronni Ducoff*

Ronni Ducoff (0039884)
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113
(216) 443-7816
Fax: (216) 698-2270

CR12563913-A        82153872





In The Court Of Common Pleas
Cuyahoga County, Ohio

State Of Ohio,

Plaintiff,

RECEIVED FOR FILING

DEC 5 2013

CUYAHOGA COUNTY
CLERK OF COURTS
By _____ Deputy

vs.

Noel Cedeno,

Defendant.

Case No. CR-12-563913-A
CR-12-564978-A

Judge Steuart Friedman
Sturt A. Friedman

Demand To Discharge
Defendant Pursuant
To Ohio Revised Code
2945.73 (B)

Now comes Noel Cedeno In Propria Persona, Who Demands As A Ministerial Duty Of The Court A Discharge From The Above-Captioned Cases.

Upon A Motion Made At Or Prior To The Commencement Of Trial, A Person Charged With An Offense Shall Be Discharged If He Is Not Brought To Trial Within The Time Required By Sections 2945.71 And 2945.72 Of The Revised Code.

A Reading Of The Case Docket For The Above-Cited Cases Will Show That Defendant Was Available For Trial From At Least June 1, 2013 Until The Filing Of This Motion.

That Time Frame Far Exceeds The Provisions Of O.R.C. 2945.71 (C)(2), And The Record Will Reflect No Attributable Waivers Of Time To Defendant.

Thusly, By Calculation, 6 Months Have Passed Which Equates To Approximately 540 Days Pursuant To O.R.C. 2945.71 (E), Causing The State To Have Not Brought The Defendant To Trial 270 Days Past Requirements Of O.R.C. 2945.71 (C)(2).

Respectfully Submitted,

Noel Cedeno

Noel Cedeno
#0250973
Cuyahoga County Jail
Post Office Box 5600
Cleveland, Ohio 44101

EXHIBIT

19

## Memorandum Of Laws And Facts In Support Of Demand For Discharge

Amendment VI To The United States Constitution Specifies:

"In All Criminal Prosecutions, The Accused Shall **Enjoy** The Right To A Speedy And Public Trial ..."

### Undisputed Facts

It Is Undisputed Regardless Of Previous Matter That Transpired In The Above Referenced Cases Defendant Was Available For Either Hearings Or Trial By May 30, 2013.

Defendant Has Remained In The Cuyahoga County Jail And Available For Hearing Or Trial Since May 30th 2013 Until The Filing Of This Motion.

It Is Undisputed That Defendant Is Scheduled For Trial On December 2nd 2013. And A Calculation Of The Time That Has Elapsed From The Time Defendant Became Available Constitutes Approximately 6 Months Or In The Vicinity Of 540 Days Pursuant To D.R.C. 2945.71(E).

Defendant Asserts That His Speedy Trial Rights Have Been Violated By The December 2nd 2013 Trial Date, As Approximately 270 Days.

The Eight District Court Of Appeals Visited This Area Of Law And Have Reasoned:

"Trial Courts Are On The Frontlines Of The Administration Of Justice In Our Judicial System. Dealing With The Realities And Practicalities Of Managing A Caseload And Responding To The Rights And Interest Of The Prosecution, **The Accused**, And The Victim. A Court Has The Inherent Power To Regulate The Practice Before It And Protect The Integrity Of The Proceedings."

It Is Well Established In The Eight District That When D.R.C. 2945.73(B) Is Demanded Because Of Violations Of D.R.C. 2945.71(C)(2) The Defendant Must Be Discharged. See: State v. Craig, 2008-Ohio-3978.

1.

Also See: State v. Hammed, 2012-Ohio-1357, State v. Pachay, (1980), 64 Ohio St. 2d 218, 416 N.E. 2d 589, State v. Jenkins, 211-Ohio-837, State v. Pirkel, 2013-Ohio-1858.

When Interpreting O.R.C. 2945.73(B) In This Instance, The Court Is Required To Apply Strict Constructionism.

If The Statue Is Plain And Unambiguous Then The Court May Not Look To Other Sources To Interpret Its Meaning.

The State Is Given 270 Days To Have The Accused To Trial, Barring Any Action Attributable To The Accused He/She Must Be Discharged.

The Accused Need Only Request/Demand Discharge And The Burden Immediately Shifts To The State To Prove Otherwise.

## Conclusion

Pursuant To The Mandates Of Ohio Revised Code 2945.73(B) As Guaranteed By The Sixth Amendment To The United States Constitution, Defendant Noel Cedeno Request Discharge From The Above-Captioned Cases, To Do Otherwise This Court Commits Error In Law, And No Court, Not A Trial Court, Appellate Court, Nor A Supreme Court Has It Within Its Power To Commit Error Of Law.

Noel Cedeno
# 0250373
Post Office Box 5600
Cleveland, Ohio 44101

## Certificate Of Service

Defendant Noel Cedeno Is Scheduled For Trial December 2, 2013 I Will Be Hand Delivering A Copy Of The Foregoing Demand For Discharge To The Prosecuting Attorney For Cuyahoga County And A Copy Will Be Delivered To Judge Stewart A. Friedland This December ___ Day Of ___ 2013 U.S. Mail.

Noel Cedeno

2.

Cuyahoga County Clerk of Courts - Case Docket                    Page 1 of 6

Print

## CASE INFORMATION

### CR-12-563913-A  THE STATE OF OHIO vs. NOEL CEDENO

Docket Information

| Proceeding Date | Filing Date | Side | Type | Description | Image |
|---|---|---|---|---|---|
| 05/30/2013 | 05/30/2013 | N/A | JE | PRETRIAL SET FOR 06/07/2013 AT 10:30 AM. AT THE REQUEST OF DEFENDANT. 05/30/2013 CPLMG 05/30/2013 14:57:47 | |
| 05/15/2013 | 05/15/2013 | N/A | SF | COURT SPECIAL PROJECTS FUND | |
| 01/24/2013 | 01/24/2013 | N/A | CS | COURT REPORTER FEE | |
| 01/24/2013 | 01/24/2013 | N/A | JE | ON A FORMER DAY, THE DEFENDANT WAS REFERRED FOR A COMPETENCY EVALUATION. BASED ON THE REPORT OF DR. GEORGE SCHMEDLEN THE DEFENDANT REFUSED TO COOPERATE WITH THE EVALUATION AND DR. GEORGE SCHMEDLEN WAS UNABLE TO RENDER AN OPINION AS TO THE DEFENDANT'S COMPETENCY TO STAND TRIAL. THEREFORE, THE COURT ORDERS THE DEFENDANT TO TWIN VALLEY FOR A 20-DAY INPATIENT COMPETENCY EVALUATION. A FURTHER REFERRAL TO NCBH WAS ALSO UNSUCCESSFUL (SEE MEMORANDUM OF OPINION AND ORDER DATED (01/24/2013) . THE DEFENDANT IS ORDERED REMANDED TO CUYAHOGA COUNTY JAIL UNTIL A BED BECOMES AVAILABLE. SHERIFF ORDERED TO TRANSPORT THE DEFENDANT TO TWIN VALLEY, UPON NOTIFICATION BY TWIN VALLEY FORENSIC LIAISON. UPON COMPLETION OF THE EVALUATION, TWIN VALLEY IS TO PROVIDE A REPORT TO THE COURT OPINING EITHER (1) THAT THE DEFENDANT IS INCOMPETENT TO ASSIST IN HIS OWN DEFENSE, OR (2) THAT THE DEFENDANT IS INCOMPETENT TO WAIVE HIS RIGHT TO COUNSEL AND TO REPRESENT HIMSELF AND CAN BE TRANSPORTED BACK TO THE CUYAHOGA COUNTY JAIL TO AWAIT TRIAL. IN THE EVENT THAT THE FORENSIC EXAMINER OPINES THAT THE DEFENDANT IS COMPETENT TO STAND TRIAL, SHERIFF ORDERED TO TRANSPORT THE DEFENDANT BACK TO CUYAHOGA COUNTY JAIL UPON NOTIFICATION FROM TWIN VALLEY FORENSIC LIAISON THAT THE DEFENDANT IS READY FOR RETURN. SHERIFF ORDERED TO TRANSPORT DEFENDANT NOEL CEDENO, DOB: 03/14/1971, GENDER: MALE, RACE: HISPANIC. 01/24/2013 CPLMG 01/24/2013 14:15:39 | |
| 01/16/2013 | 01/16/2013 | N/A | CS | COURT REPORTER FEE | |
| 01/14/2013 | 01/14/2013 | N/A | JE | COURT REPORTER TIM MEINKE PRESENT. DEFENDANT IN COURT. INTERPRETER UNAVAILABLE. COURT ADVISES DEFENDANT WHY NO HEARING HELD. DEFENDANT STATES HE UNDERSTANDS. INTERPRETER BERNARDITA ROJAS NOTIFIED OF NEXT PRETRIAL DATE. PRETRIAL SET FOR 01/23/2013 AT 10:00 AM. AT THE REQUEST OF DEFENDANT. 01/14/2013 CPLMG 01/14/2013 14:58:00 | |
| 01/10/2013 | 01/11/2013 | N/A | JE | PRETRIAL SET FOR 01/15/2013 AT 09:00 AM. AT THE REQUEST OF DEFENDANT. 01/10/2013 CPLMG 01/10/2013 16:09:31 | |

CR12563913-A                82519932

FILED

2014 JAN -8 P 3: 05

CLERK OF COURTS
CUYAHOGA COUNTY

POSTED

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**
**CRIMINAL DIVISION**

State of Ohio,
     Plaintiff

vs.

Noel Cedeno,
     Defendant

)
)
)
)
)
)
)
)
)
)

**CASE NO.**   12-563913-A
                 12-564978-A

**JUDGE**   Stuart A. Friedman

**STATE'S OPPOSITION**
**TO DEFENDANT'S**
**MOTION TO DISCHARGE**
**PURSUANT TO R.C. 2945.73(B)**

Now comes Cuyahoga County Prosecuting Attorney Timothy J. McGinty on behalf of the State of Ohio, by and through his undersigned assistant, and respectfully moves the Court to deny Defendant's Motion to Discharge pursuant to R.C. 2945.73(B).

Respectfully submitted,
Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    *Ronni Ducoff*
     Ronni Ducoff #0039884
     Assistant County Prosecutor
     The Justice Center – 9th Floor
     1200 Ontario Street
     Cleveland, OH 44113
     (216) 443-7816

1

EXHIBIT
20

## INDICTMENT HISTORY

While the Defendant was in jail awaiting trial, in CR-548513-A, his minor stepdaughter, disclosed that he had sexually assaulted her before his arrest.  The grand jury first indicted the Defendant on the charges relative to his stepdaughter on August 12, 2011, resulting in case CR-552923-A.  The grand jury later reindicted in CR-559917-A, to correct the first indictment's dates.  After the detective obtained additional information, the State sought a third indictment, resulting in CR-563919-A.  When the State discovered that the detective mistakenly presented the original dates to the grand jury, the State sought a fourth indictment, CR-564978-A.  In the interim, the Court dismissed cases CR-552923-A and CR-559917-A, at the State's request.   CR-564978-A and its immediate predecessor, CR-563919-A, remain pending.  The Defendant has filed a motion to dismiss these two pending cases, claiming that his speedy trial rights have been violated.

## LAW AND ARGUMENT

Defendant argues that the time by which he should have been brought to trial under Ohio's speedy trial statute has passed, and that therefore, this Court should dismiss the charges.  Under R.C. 2945.71(C)(2), a person with a pending felony charge "[s]hall be brought to trial within two hundred seventy days after the person's arrest." Pursuant to 2945.72, this time period can be extended under certain conditions. The conditions cause the time under which a defendant must be brought to trial to toll.  Thus, the time period in which a defendant must be brought to trial may be greater than 270 consecutive days.

The Defendant contends that he is entitled to R.C. 2945.71(E)'s triple day calculation provision.  Under R.C. 2945.71(E), each day that R.C. 2945.72 does not toll, "during which the accused is held in jail in lieu of bail on the **pending** charge" is charged to the State as three days.  While the Defendant has been in jail since being indicted on August 12, 2011, he would have been incarcerated under the unrelated case number CR-11-548513 even if he was not facing the pending charges.  Therefore, R.C. 2945.71(E) does not apply.  *See State v. Glover*, 8th Dist. Cuyahoga No. 89059, 2007-Ohio-5727, ¶ 3 (finding R.C. 2945.71(E) inapplicable to "a separate

offense [that] does not relate to the pending charge").   Each day since indictment for the pending charges, which R.C. 2945.72 does not toll, is charged to the State as only one of the 270 days within which the Defendant must be brought to trial.

The Defendant completely ignores R.C. 2945.72, which expressly provides events that toll the time period.  For example, R.C. 2945.72 provides that the Defendant's speedy trial time is tolled during:

> (B) Any period during which...[the accused's] mental competence to stand trial is being determined...;
>
> (C) Any period of delay necessitated by the accused's lack of counsel...;
>
> (D) Any period of delay occasioned by the neglect or improper act of the accused;
>
> (E) Any period of delay necessitated by reason of a ... motion, proceeding, or action made or instituted by the accused; ...
>
> (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion.

Accounting for tolling events that have arisen in this case, the time by which the Defendant must be brought trial under R.C. 2945.71(C)(2) has not yet expired.

## I.  From August 12, 2011 to October 21, 2011, Six Speedy Trial Days Charged to the State

The grand jury indicted the Defendant on August 12, 2011.  On August 17, 2011, he was arraigned, and the Court assigned the public defender as defense counsel.  The public defender, on the Defendant's behalf, filed for discovery on August 18, 2011.  The Court held a pretrial on August 24, 2011 wherein the Defendant requested, and the Court granted, a continuance to September 7, 2011 to allow for negotiations with the State.  Soon after that pretrial, on August 29, 2011, attorney Santiago filed a Notice of Appearance.  On September 7, 2011, the State responded to the Defendant's August 18, 2011 discovery demand and served a reciprocal discovery demand on the Defendant.  The Defendant, through attorney Santiago never answered the State's demand.  On September 7, 2011, the parties engaged in a pretrial, after which the

3

Defendant requested and the Court granted a continuance, to September 21, 2011 to negotiate with the State.  At the September 21, 2011 pretrial, the Defendant again requested and the Court granted a continuance, to October 4, 2011 to negotiate with the State.  At the October 4, 2011 pretrial, the Defendant requested and the Court granted a continuance to October 21, 2011 to negotiate with the State.  These events (discovery and defense continuances) tolled speedy trial time from August 18, 2011 through October 21, 2011.  As a result, between August 12, 2011 and October 21, 2011, six speedy trial days charged to the State.(8/12,13.14.15.16,17 ,2011)

### A.  Speedy Trial Time Began to Charge to the State on August 12, 2011

The speedy trial "statutory time period begins to run on the date the defendant is arrested; however, the date of arrest is not counted when computing the time period." *State v. Jenkins*, 8th Dist. Cuyahoga No. 95006, 2011-Ohio-837, ¶ 15.  When a "defendant is not arrested for the offense, speedy trial time begins on the day he is served with the indictment." *Id.* at ¶ 16.  Thus, speedy trial time began to charge to the State on August 12, 2011.

### B.  The Defendant's Discovery Demand Tolled Speedy Trial Time from August 18, 2011 to September 7, 2011

The first tolling period began when the public defender filed for discovery on August 18, 2011.  Under R.C. 2945.72(E), a defendant's speedy trial time may be extended by "[a]ny period of delay necessitated by reason of a ... motion, proceeding, or action made or instituted by the accused."  Thus, "motions filed by the defense toll the speedy trial time under R.C. 2945.72(E) for a 'reasonable period' to allow the State an opportunity to respond and the Court an opportunity to rule." *State v. Walker*, 8th Dist. Cuyahoga No. 99239, 2013-Ohio-3522, ¶ 20.  The Eighth District Court of Appeals "ha[s] held that a 'reasonable time'[to respond to a defendant's discovery demand] equates to 30 days." *Id.* at ¶ 15; *State v. Byrd*, 8th Dist. Cuyahoga No. 91433, 2009-Ohio-3283.  Because the State responded to the Defendant's discovery demand in 20 days, the State responded within a reasonable period.  Thus, the Defendant's discovery demand tolled his speedy trial time from August 18, 2011 to September 7, 2011.

### C.  The Continuances That the Court Granted at the Defendant's Request Tolled Speedy Trial Time from August 24, 2011 to October 21, 2011

Speedy trial time also tolled when the Court granted the Defendant's requests for continuances.  Under R.C. 2945.72(H), speedy trial time tolls for "[t]he period of any

4

continuance granted on the accused's own motion." Because defense counsel requested these continuances, the continuances toll speedy trial time even if the Defendant did not personally request them.[1] *State v. McBreen*, 54 Ohio St.2d 315, 320, 667 N.E.2d 593 (1978); *State v. Perry*, 8th Dist. Cuyahoga No. 97572, 2012-Ohio-4273, ¶ 34 (binding a defendant to his attorney's speedy trial "waiver even [if] the waiver [was] executed without his consent"). *See also State v. McRae*, 55 Ohio St.2d 149, 378 N.E.2d 476 (1978) (tolling speedy trial time for continuances where the Defendant was not present when (1) defense counsel requested the continuances; and (2) the trial court granted the continuances). Thus, pursuant to R.C. 2945.72(H), the continuances that the Court granted at the Defendant's request tolled the Defendant's speedy trial time from August 24, 2011 to October 21, 2011.

     **D.**    **The Defendant's Failure to Reply to the State's Discovery Demand Tolled Speedy Trial Time from September 7, 2011 to October 7, 2011**

Under R.C. 2945.72(D), the Defendant's failure to respond to the State's September 7, 2011 discovery demand tolled speedy trial time. A criminal defendant's "failure…to respond within a reasonable time to a prosecution request for reciprocal discovery constitutes neglect that tolls the running of speedy-trial time pursuant to R.C. 2945.72(D)." *State v. Palmer*, 112 Ohio St.3d 457, 2007-Ohio-374, 860 N.E.2d 1011, ¶ 24. Under R.C. 2945.72(D), "[a]ny period of delay occasioned by the neglect or improper act of the accused" may toll a defendant's speedy trial time. In Ohio, the trial court "determine[s,] based on the particular circumstances of the case," how long it is reasonable to toll the Defendant's speedy trial time based on his failure to respond to the State's discovery demand. *Id.* Here, given the attorney change, the amount of time in which it was reasonable for the State to have responded to the Defendant's discovery request, 30 days, was also reasonable for the Defendant to have responded to the State's discovery request. Thus, the State's discovery demand also tolled the Defendant's speedy trial time from September 7, 2011 to October 7, 2011, pursuant to R.C. 2945.72(D).

**II.**    **From October 22, 2011 to January 19, 2012, Five Speedy Trial Days Charged to the State**

---

[1] The Defendant first attempted to waive his right to counsel on October 15, 2012. Before that date, counsel represented him. On October 15, 2012, the Defendant also filed a pro se motion, stating, "he has not consented to any continuances entered on record." Defendant's Notice of Appearance; No Consent to Continuances; No Consent to Go to Trial, Oct. 15, 2012, at 2.

On October 26, 2011, the Court held a pretrial and granted the Defendant's request for a continuance to November 10, 2011 for negotiations with the State. At the November 10, 2011 pretrial, the Defendant requested, and the court granted, another continuance, to November 28, 2011 for negotiations with the State. At the November 28, 2011 pretrial, defense attorney Santiago withdrew, and the Court appointed attorney Rodriguez. The pretrial was continued until December 7, 2011, at the Defendant's request due to the new attorney appointment. On November 30, 2011, the Defendant filed another discovery demand. The court continued the December 7, 2011 pretrial to December 20, 2011, at the Defendant's request for negotiations with the State. On December 8, 2011, the State responded to the Defendant's November 30, 2011 discovery request, and also filed a demand for discovery from the Defendant. The Defendant has not responded to the State's request. At the December 20, 2011 pretrial, the Court granted the Defendant's request for a continuance to January 5, 2012 for negotiations with the State. The January 5, 2012 pretrial was continued, at the Defendant's request, until January 6, 2012. At the January 6, 2012 pretrial, the Defendant requested, and the court granted, a continuance to January 19, 2012 for negotiations with the State. At the January 6, 2012 pretrial, the Court set a trial date of March 12, 2012. These defense continuances tolled speedy trial time from October 26, 2011 to January 19, 2012. Thus, between October 22, 2011 and January 19, 2012, five speedy trial days charged to the State. , to: wit: 10/22,23,24,25,26, 2011.

### A. The Continuances That the Court Granted at the Defendant's Request Tolled Speedy Trial Time from October 26, 2011 to December 7, 2011

Because the Defendant requested the continuances granted on October 26, 2011, November 10, 2011, and November 28, 2011, these continuances tolled the Defendant's speedy trial time from October 26, 2011 to November 28, 2011, pursuant to R.C. 2945.72(H). *See* Section I(C). The November 28, 2011 continuance, which the Defendant requested because of the new counsel (Rodriquez), also tolled speedy trial time pursuant to R.C. 2945.72(C). An attorney cannot adequately provide counsel without first becoming familiar with a case. Under R.C. 2945.72(C), speedy trial time tolls for "[a]ny period of delay necessitated by the accused's lack of counsel." Thus, R.C. 2945.72(C) tolled speedy trial time until the Defendant's new attorney had sufficient time to prepare his defense, from November 28, 2011 to December 7, 2011.

6

**B.** **The Defendant's Discovery Demand Tolled Speedy Trial Time from November 30, 2011 to December 8, 2011**

The state's response to the Defendant's newly appointed counsel's November 30, 2011 was within a reasonable time. *See* Section I(B). The Sixth District Court of Appeals recently noted that "[n]o case law exists to suggest that discovery motions filed beyond the first filed in a case, particularly when made after the dismissal of counsel…do not toll time under the speedy trial provisions." *State v. Ridley*, 6th Dist. Lucas No. L-10-1314, 2013-Ohio-1268, ¶ 17. Since the *Ridley* appellant-defendant's "first counsel had been dismissed from the case, largely due to appellant's own actions," the Sixth District found that " the discovery motion made…by appellant's next counsel was customary to ensure that counsel was appropriately up to speed on the case and had all the materials he needed to proceed to trial." *Id.* Because "[d]iscovery motions impose a burden on the prosecution since such motions necessitate a timely response and draw the prosecutor's attention away from preparing the case for trial," the Sixth District held that the new counsel's discovery motion tolled speedy trial time under R.C. 2945.72(E). *Id.*, citing *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159. Thus, here, the Defendant's discovery request tolled his speedy trial time from November 30, 2011 to December 8, 2011.

**C.** **The Continuances That the Court Granted at the Defendant's Request Tolled Speedy Trial Time from December 7, 2011 to January 19, 2012**

Because the Defendant requested the continuances granted on December 7, 2011, December 20, 2011, January 5, 2012, and January 6, 2012, these continuances tolled speedy trial time, pursuant to R.C. 2945.72(H). *See* Section I(B). The December 20, 2011 and January 5, 2012 continuances also toll speedy trial time even though the Court's journal does not state why the Defendant requested them. So long as the record reflects that the Court granted a continuance at the Defendant's request, the continuance tolls the Defendant's speedy trial time. *State v. Craig*, 8th Dist. Cuyahoga No. 88039, 2007-Ohio-1834, ¶ 29 (the "trial court is not required to set forth the reasons for granting a continuance at the Defendant's request"). Thus, under R.C. 2945.72(H), because the Court granted these continuances at the Defendant's request, the continuances tolled speedy trial time from December 7, 2011 to January 19, 2012.

**D.** **The Defendant's Failure to Reply to the State's Discovery Demand Also Tolled Speedy Trial Time from December 8, 2011 to January 7, 2012**

7

Under R.C. 2945.72(D), the Defendant's failure to respond to the State's December 8, 2011 discovery demand tolled speedy trial time for the period in which it would have been reasonable for the Defendant to reply.  Because of the second attorney change, it would have been reasonable for the Defendant to respond within 30 days.  *See* Section I(D).  Thus, the Defendant's failure to reply to the State's discovery demand tolled speedy trial time from December 8, 2011 to January 7, 2012, pursuant to R.C. 2945.72(D).

**III.**  **From January 20, 2012 to March 2, 2012, Five Speedy Trial Days Charged to the State**

**The Continuances That the Court Granted at the Defendant's Request Tolled Speedy Trial Time from January 24, 2012 to March 2, 2012**

A pretrial commenced on January 24, 2012 , wherein the Court granted the Defendant's request for a continuance to February 8, 2012 for negotiations with the State.  On January 25, 2013, the Defendant filed a motion for the court to appoint an interpreter.  At the next pretrial, on February 8, 2012, the Court granted the Defendant's request for a continuance to February 10, 2012.  At the February 10, 2012 pretrial, the Court granted the Defendant's request for a continuance to February 28, 2012, due to a pending reindictment and negotiations with the State.  At the February 28, 2012 pretrial, the Court granted the Defendant's request for a continuance to March 2, 2012, for negotiations with the State.  Pursuant to R.C. 2945.72(H), because the Court granted these continuances at the Defendant's request, the continuances tolled speedy trial time from January 24, 2012 to March 2, 2012.  *See* Sections I(C); II(C). Thus, from January 20, 2012 to March 2, 2012, five speedy trial days charged to the State. to: wit: 1/20,21,22,23,24/2012)

**IV.**  **From March 3, 2012 to June 30, 2012, 45 Speedy Trial Days Charged to the State**

From 3/3/12-4/16/12, 45 days are charged to the state. The docket reflects no tolling events. Instead, a State continuance was granted on March 12 until April 19, 2012. However, on April 16, 2012, the defendant executed a speedy trial waiver until June 30, 2012. Thus, the total number of days charged to the state is 45 which represents 29 days in March (3/3-3/31) plus 16 days from April 1-16, 2012.

8

A.    **The Defendant's Speedy Trial Waiver Tolled Speedy Trial Time from April 16, 2012 to June 30, 2012**

While represented by counsel, the Defendant on April 16, 2012 signed a written waiver of his speedy trial rights. The Ohio Supreme Court has held that

> A criminal defendant may waive speedy-trial rights. . . "To be effective, an accused's waiver of his or her constitutional and statutory rights to a speedy trial must be expressed in writing or made in open court on the record."

*State v. Ramey*, 132 Ohio St. 3d 309, 312, 2012-Ohio-2904; 971 N.E.2d 937 (internal citations omitted), quoting *State v. King*, 70 Ohio St.3d 158, 637 N.E.2d 903 (1994), syllabus. *See also State v. Blackburn*, 118 Ohio St. 3d 163, 166; 2008-Ohio-1823, 887 N.E.2d 319. Thus, the journalized Defendant's speedy trial waiver tolled speedy trial time from April 16, 2012 to June 30, 2012.

V.    **From July 1, 2012 to August 20, 2012, Nine Speedy Trial Days Charged to the State**

On July 9, 2012, a final pretrial was set for 7/19/12 at defendant's request which the defendant continued again until 8/8/12, and then he continued it again to 8/20/ 2012. A trial date of 7/25/12 was also set at that July 9, 2012 pretrial. On July 10, 2012 (in CR563913) and on August 17, 2012( in CR 564978) , attorney Rodriquez filed for discovery. The state responded on August 22, 2012 which was timely for the August 17, 2012 discovery request. (The July 10, 2012 request should technically have been responded to by August 9, 2012 but the defendant had been granted a continuance to August 20th which also serves to toll time. . These events tolled speedy trial time from July 9, 2012 to August 20, 2012. Therefore, between July 1, 2012 and August 20, 2012, nine speedy trial days charged to the State. (July 1,2,3,4,5,6,7,8,9, 2012)

On July 19, 2012, the court dismissed CR 552923 and CR 559917. A trial date of 9/11/12 was also set at the defendant's request on that date in CR 563913. On August 23, 2012, this date was changed by the **Court** to 9/27/12 due to a judicial conference. However, on that scheduled trial date, attorney Rodriquez was **dismissed by the defendant.** The court immediately appointed attorney Hernandez who requested a continuance until 10/4/12. Attorney Hernandez filed for discovery on October 2, 2012. At the 10/4/12 pretrial,   Attorney Hernandez

9

requested a continuance until 10/18/12. It was on that date that attorney Hernandez was then **dismissed by the defendant.** The defense then requested a continuance until 10/31/2012 for the State to prepare and provide discovery directly to the defendant who expressed his desire to proceed pro se. Discovery was proffered to, yet **rejected by the defendant** on November 9, 2012. In summary, time is tolled from July 10(filing of discovery) to November 9, 2012. Time charged to the State of Ohio for that period is from 07/01/2012-07/09/2012 for a total of nine days.

**A.  The Continuance That the Court Granted at the Defendant's Request Tolled Speedy Trial Time from July 9, 2012 to July 19, 2012.**

Under R.C. 2945.72(H), the continuance that the Court granted on July 9, 2012, at the Defendant's request, tolled speedy trial time from July 9, 2012 to July 19, 2012. *See* Sections I(C); II(C).

**B.  The Defendant's Discovery Demand Tolled Speedy Trial Time from July 10, 2012 to August 9, 2012.**

The Defendant's July 10, 2012 discovery demand tolled speedy trial time to August 9, 2012. While the State responded to the Defendant's July 10, 2012 discovery demand in 43 days, the Defendant's demand tolled speedy trial time for 30 days, a reasonable period for response. In *Walker*, the Eighth District held that by filing the demand on January 6, 2011, the appellant-defendant tolled his speedy trial time for 30 days—until February 5, 2011, because the State did not respond until June 6, 2011. 8th Dist. Cuyahoga No. 99239, 2013-Ohio-3522, ¶ 15. *See* Sections I(B); II(B). Thus, pursuant to R.C. 2945.72(E), the Defendant's filings tolled his speedy trial time from July 10, 2012 to August 9, 2012.

**C,  The Continuances That the Court Granted at the Defendant's Request Tolled Speedy Trial Time from July 19, 2012 to August 20, 2012.**

Under R.C. 2945.72(H), the continuances that the Court granted on July 19, 2012 and August 8, 2012, at the Defendant's request, tolled speedy trial from July 19, 2012 to August 20, 2012. *See* Sections I(C); II(C).

10

**VI.** **From August 21, 2012 to November 8, 2012, One Speedy Trial Day Charged to the State**

On August 22, 2012, upon responding to the Defendant's discovery demand (CR564978), the State filed a demand for discovery from the Defendant. The Defendant never responded. On August 23, 2012, the Court changed the previously scheduled trial date from September 11, 2012 to September 27, 2012 so that the Court could attend a judicial conference. On September 27, 2012, the **defendant's** motion to remove his attorney was granted. A new attorney (Hernandez) was appointed. The Court then granted the Defendant's request for a continuance to October 4, 2012. On October 2, 2012, the Defendant filed a discovery demand, to which the State responded on October 24, 2012. At the October 4, 2012 pretrial, the Defendant requested, and the Court granted, a continuance to October 18, 2012. At the October 18, 2012 pretrial, the Defendant moved to waive his right to counsel. Appointed Counsel Hernandez' motion to withdraw was granted. The Court granted the Defendant's request for a continuance to October 31, 2012, and the Court instructed the State to prepare discovery materials for the pro se defendant. On October 24, 2012, the Court continued, at the State's request, the next pretrial to November 8, 2012, because the State needed more time to prepare discovery for the pro se Defendant since materials had to be reviewed and redacted pursuant to the discovery rules applicable to pro se defendants in sexual abuse cases. The State filed its summary of discovery and certification on November 8, 2012. The next day, the Court held a pretrial, where the State attempted to proffer discovery to the Defendant but he refused to accept it.. These events tolled speedy trial time from August 22, 2012 to November 8, 2012. Thus, from August 21, 2012 to November 8, 2012, one speedy trial day charged to the State, to: wit: August 21, 2012..

**A.** **The Defendant's Failure to Respond to the State's Discovery Demand Tolled Speedy Trial Time from August 22, 2012 to September 21, 2012**

The Defendant's failure to respond to the State's August 22, 2012 discovery demand tolled speedy trial time for the period in which it would have been reasonable for the Defendant to reply. It would have been reasonable for the Defendant to reply within 30 days. *See* Sections I(D). Thus, under R.C. 2945.72(D), the Defendant's failure to reply to the State's discovery demand tolled speedy trial time from August 22, 2012 to September 21, 2012.

**B.** **The Court's Sua Sponte Continuance for a Judicial Conference Tolled Speedy Trial Time from September 11, 2012 to September 27, 2012**

11

The continuance that the Court granted because of a judicial conference also tolled the Defendant's speedy trial time. Under R.C. 2945.72(H), a defendant's speedy trial time is tolled for "the period of any reasonable continuance granted other than upon the accused's own motion." In *State v. Lee*, the Supreme Court of Ohio held that the trial court's sua sponte continuance was reasonable, and thus tolled speedy trial time under R.C. 2945.72(H), where the continuance was granted because of a "crowded docket & judge's conference." 48 Ohio St. 2d 208, 210, 357 N.E.2d 1095, (1976). Thus, pursuant to R.C. 2945.72(H), the Court's sua sponte continuance was reasonable and tolled the Defendant's speedy trial time from September 11, 2012 to September 27, 2012.

### C. The Continuance That the Court Granted at the Defendant's Request Tolled Speedy Trial Time from September 27, 2012 to October 4, 2012

Under R.C. 2945.72(H), the continuance that the Court granted on September 27, 2012, at the Defendant's request after new counsel was appointed, tolled speedy trial time from September 27, 2012 to October 4, 2012. *See* Sections I(C); II(C).

### D. The Defendant's Discovery Demand Tolled Speedy Trial Time from October 2, 2012 to October 24, 2012

Because the State responded on October 24, 2012 to the Defendant's October 2, 2012 discovery demand in 22 days, the State responded within a reasonable period. *See* Sections I(B); II(B). Under R.C. 2945.72(E), because the State responded within a reasonable period, the Defendant's discovery demand tolled speedy trial time from October 2, 2012 to October 24, 2012.

### E. The Continuances That the Court Granted at the Defendant's Request Tolled Speedy Trial Time from October 4, 2012 to October 31, 2012

Under R.C. 2945.72(H), the continuances that the Court granted on October 4, 2012 and October 18, 2012, at the Defendant's request, tolled speedy trial time from October 4, 2012 to October 31, 2012. *See* Sections I(C); II(C).

### F. The Continuance That the Court Granted at the State's Request Tolled Speedy Trial Time from October 24, 2012 to November 8, 2012.

The State was not required not submit the same discovery materials to the pro se defendant as it provided to defense counsel. *See* Crim.R. 16(C). Nevertheless, the State filed discovery for the pro se defendant 21 days after the Court instructed the State to do so—a

12

"reasonable time" within which to respond to a discovery demand. *See* Sections I(B); II(B). Thus, the continuance to give the State more time to provide discovery was reasonable. Because R.C. 2971.45(H) tolls speedy trial time for "any reasonable continuance granted other than upon the accused's own motion," speedy trial time tolled from October 24, 2012 to November 8, 2012.

**VII.** **From November 9, 2012 to June 18, 2013, Speedy Trial Tolled;** *No More Than* **104 Speedy Trial Days Charged to the State**

While the State attempted to proffer discovery to the Defendant on November 9, 2012, the Defendant refused to accept it. Thus, despite the Defendant's proclamation that he wished to represent himself, the Defendant refused to accept the material needed to prepare a defense. The Defendant also informed the Court (as he had done previously with pro se filings) that he would not consent to a bench trial, and would not consent to a jury trial. As a result of the defendant's motion practice and questionable understanding of the adversarial system, the Court questioned whether the Defendant was able to represent himself, and whether he was competent to stand trial. The Court, therefore, on that date, referred the Defendant to the Court Psychiatric Clinic, for a competency evaluation. On November 29, 2012, after attempting to examine the Defendant at the Court Psychiatric Clinic, Dr. George Schmedlen filed a report with the Court, stating that the Defendant refused to cooperate with the evaluation. Dr. Schmedlen could not conclude whether the Defendant was competent to stand trial or represent himself.

Thus, on November 29, 2012, the Court referred the Defendant to Northcoast Behavioral Healthcare for a 20-day inpatient competency evaluation. On January 4, 2013, Dr. Jason Beaman filed a report with the Court after examining the Defendant at Northcoast. Although "the Defendant refused to co-operate with the staff [at Northcoast]," Dr. Beaman's report "opined that the Defendant is competent to stand trial and to represent himself." Court's Memorandum of Opinion and Order, Jan. 24, 2013, ¶ 5. Despite those findings,, the Court found that the report was "conclusory only, and [did] not set forth the bases for those opinions." *Id.* As a result,

> the Court remain[ed] concerned that the Defendant may not be competent to assist in his defense under the appropriate standards, and [was] additionally concerned that he may not be competent to enter a knowing, intelligent, and voluntary waiver of counsel and to represent himself at trial.

13

*Id.* at ¶ 6. Because the Defendant, again, refused to cooperate in the competency evaluation, the Court still could not determine whether the Defendant was competent to stand trial or represent himself. Therefore, on January 24, 2013, the Court referred the Defendant to Twin Valley 20-day inpatient competency evaluation.. In April 2013, Assistant Prosecuting Attorney (APA)Ducoff learned the Defendant had not been transferred to the facility. APA Ducoff then received an email from Twin Valley requesting information regarding the defendant's case. The requested materials were provided immediately. On April 15, 2013, APA Ducoff was advised by Twin Valley that all materials were received and they were waiting for medical clearance and a bed .On May 7, 2013, the Defendant arrived at Twin Valley. At Twin Valley, the Defendant refused to cooperate with Dr. Howard Sokolov's competency evaluation. Nevertheless, on June 11, 2013, Dr. Sokolov filed a report with the Court, which stated that the Defendant was competent to stand trial and represent himself. The Court scheduled a competency hearing for June 19, 2013.

Since the Court referred the Defendant for a competency evaluation on November 9, 2012, speedy trial time has continued to toll. It has taken three different facilities, one hours away from Cleveland, to attempt the critical evaluation of his overall competency to stand trial and to proceed pro se. Thus, pursuant to 2945.72, time has tolled in order to accomplish the evaluation. Therefore from November 9, 2012-June 18, 2013, zero (0) days are charged to the state.

### A.   The Referrals to the Court Psychiatric Clinic and Northcoast Behavioral Healthcare Tolled Speedy Trial Time from November 9, 2012 to January 25, 2013

Speedy trial time began to toll on November 9, 2012 under R.C. 2945.72(B), when the Court referred the Defendant for a psychiatric examination to determine his competency to stand trial. Under R.C. 2945.72(B), speedy trial time tolls "[a]ny period during which… [the accused's] mental competence to stand trial is being determined." This section "is broadly worded to include any period in which the accused's mental competency is being determined." *State v. Palmer*, 84 Ohio St.3d 103, 106, 702 N.E.2d 72 (1998). When the Court referred the Defendant to Northcoast on November 29, 2012, the Court was still determining whether the Defendant was competent to stand trial. The report authored by the Northcoast clinician was found to be conclusory only and did not establish the standard used to conclude

14

that the defendant was competent to proceed pro se. Thus, on January 25, 2013, the Court referred the defendant to the Twin Valley facility in the Columbus, Ohio area. Therefore, between November 9, 2012 and January 25, 2013, no days were charged to the state as speedy trial was tolled..

**B.      The Referral to Twin Valley Behavioral Healthcare Tolled Speedy Trial Time from January 25, 2013 to June 18,, 2013**

Time remained tolled while the defendant awaited transport to Twin Valley, since the court was still in the process of determining this defendant's competency to stand trial and  to proceed pro se. The Eighth District has held that R.C. 2945.72(B) continues to toll speedy trial time while a defendant waits more than four months for his trial court-ordered competency evaluation. State v *Brelo*, 8th Dist. Cuyahoga No. 79580, 2001 Ohio App. LEXIS 5530 (Dec. 13, 2001

In *State v. Brelo*, the Eighth District Court of Appeals considered the effect of the appellee-defendant's failure to cooperate with an initial competency evaluation, and the resultant subsequent competency evaluations, on the appellee's speedy trial rights.  8th Dist. Cuyahoga No. 79580, 2001-Ohio-4245, 2001 Ohio App. LEXIS 5530 (Dec. 13, 2001).  The *Brelo* trial court had referred the appellee for a competency evaluation, but the appellee would not participate in the exam.  *Id.* at *2.  The evaluator asked the trial court how to proceed, and to respond within 21 days.  *Id.*  The trial court did not respond within 21 days, so the evaluator closed the referral.  *Id.*  About one and a half months after the evaluator closed the referral, the *Brelo* trial court issued a second referral for a competency evaluation.  *Id.* at *2.  Like the first attempted evaluation, the appellee refused to cooperate, and the evaluator asked the trial court for further instructions, and to respond within 21 days.  *Id.* at *2.  When the Court did not respond, the evaluator again closed the referral.  *Id.*  Finally, the *Brelo* trial court issued a third competency evaluation referral. *Id.*  Four months after that referral, the appellee had not been evaluated, but the trial court dismissed the case, finding that the appellee's speedy trial rights were violated.  *Id.* at *6.  The Eighth District **overturned** the dismissal.  *Id.* at *13.

The Eighth District held that the appellee's speedy trial time began to toll when the trial court issued the first competency evaluation referral, and stopped tolling when the evaluator closed the first referral.  *Id.* at *13.  The appellate court then  held that the appellee's speedy trial

15

time began to toll again when the trial court issued the second competency evaluation referral, and stopped tolling when the evaluator closed the second referral. *Id.* Finally, the Eighth District held that the trial court wrongly dismissed the case, and that the time from the appellee's speedy trial time tolled for the period between the trial court's third competency evaluation referral, and "at least...the date the Court granted the motion to dismiss[,] because competency was being determined and there is no indication from the journal that the evaluation had been completed." *Id.*

This defendant cannot use *Brelo* to his advantage. The time that had elapsed between competency evaluations, which R.C. 2945.72(B) did not toll in that case, resulted from the trial court's repeated disregard of inquiries from the evaluators. In the instant case, the trial court was under the impression that his order had been followed and did not ignore any inquiries that would have alerted him to the fact that transport had not occurred. Nor was there any motion filed by the defendant which would put a party or court on notice that the defendant had not been transported, as in State v Johnson 8th Dist. Cuyahoga Nos. 78097,78098, and 78099, 2001 Ohio App LEXIS 999,*2,*7-*8...

In *Johnson*, the trial court referred the appellee-defendant for a competency evaluation on September 10, 1999. *Id.* at *2. Although still represented by counsel, the appellee filed a pro se motion to dismiss on speedy trial grounds, on March 7, 2000. *Id.* While the appellee was still waiting to be transported for a competency evaluation on May 1, 2000, his counsel filed a motion to dismiss on speedy trial grounds. *Id.* Noting that the appellee's March 2000 motion put the State on notice that he was still awaiting an evaluation, the September 1999 referral did not actually produce an evaluation, and the appellee "was not responsible for the ensuing delay," *Johnson* held that the trial court's referral did not toll speedy trial time. *Id.* at *2, *8-*9.

Here, the State learned that the defendant was still waiting to go to Twin Valley when APA Ducoff reached out to the Court's bailiff to learn if the report was complete and available.. Unlike in *Johnson*, the State took action upon learning that the Defendant had not yet been evaluated. Further distinguishing this case from Johsnon,, the Court's January 24, 2012 referral to Twin Valley ultimately resulted in the Defendant's transfer to Twin Valley, and a competency evaluation. *Johnson* stated that "[c]learly, if Johnson had been transported [to the psychiatric facility]...our review and concern would be different." *Id.* at *8. Thus, *Johnson* does not apply to this case.

16

Even if this Honorable Court finds that *Brelo* and/or *Johnson* mandate that speedy trial time did not toll for the entire period between the January 24, 2013 referral to Twin Valley and the scheduled hearing on his return on June 19, 2013, at least sixty-five(65) speedy trial days should toll. These dates represent April 16, 2013 when Twin Valley had all the documentation and was awaiting a bed for the defendant, the defendant's inpatient status at Twin Valley, the authorship and submission of the report, and the hearing on June 19, 2013 where the defendant chose not to stipulate to its content.

Therefore, from July 24, 2013 to June 19, 2013, the State submits that **zero** days should be charged to the state due to his lack of transport. However, if this Court is of the opinion that the state must be charged for a portion of the days he remained here prior to his transport, the State submits that 71 of those days should be tolled.

## VIII.   From June 19, 2013 Through the Present, Speedy Trial Time Has Tolled

At the June 19, 2013 competency hearing to address the issue of competency to proceed pro se, , the State stipulated to the report.  In contrast, "the Defendant refused to stipulate to the report—even though it concluded in favor of defendant's intention to go to trial and to represent himself at trial."  Memorandum of Opinion and Order, July 19, 2013, ¶ 3.  The Court found that "the Defendant's actions...clearly contradict[ed] the conclusions of the evaluations by both Northcoast Behavioral Healthcare and Twin Valley." *Id.* at ¶ 4.  At the hearing, the Defendant requested, and the Court granted, a continuance to July 9, 2013. At the July 9, 2013 hearing, the Court granted the Defendant's request for a continuance to July 24, 2013.  In the interim, on July 19, 2013, the Court again referred the Defendant to the Court Psychiatric Clinic for a competency exam.  On August 7, 2013, Dr. Stephen Noffsinger filed a report with the Court, stating that the Defendant did not cooperate in the evaluation, and therefore, Dr. Noffisnger could not conclude whether the Defendant was competent to stand trial or represent himself. Dr. Noffsinger indicated that the defendant did not have a mental illness that would impede competency to stand trial.

The Court scheduled a competency evaluation for August 29, 2013.  On August 29, 2013, the Defendant told the Court that he wanted Bernadita Rojas to serve as his Spanish interpreter, even though she is not a certified interpreter.  The State moved the Court to appoint a certified interpreter.  As a result, the Court continued the hearing to September 30, 2013, to allow it to

consider both the State and the defendant's positions.  On September 19, 2013, the State filed a motion objecting to permitting the Defendant to waive a certified interpreter.  The Defendant refused to accept this motion sent to him by mail and thus no response was prepared by the defendant. On September 30, 2013, the Court continued the hearing to October 10, 2013 to give the defendant a Spanish translation of the State's motion. . The court had to continue the competency hearing twice more, because Dr. Noffsinger was unavailable on two scheduled dates. The case was continued from October 10, 2013 to October 31, 2013, and then October 31, 2013 to November 21, 2013.  A hearing was ultimately held on November 21, 2013 where Dr. Noffsinger testified.

Additional filings by the parties have also caused the tolling of the defendant's speedy trial rights. On November 12, 2013, the Defendant filed a motion captioned, "Affidavit of Fact/ Writ of Discovery." On November 26, 2013, the State filed State's Notice of Use of Prior Conviction and State's Motion in Opposition to Defendant's Request to Proceed Pro se.   On December 3, 2013, the Court interpreted the defendant's motion as a demand for discovery.  On that date, the State attempted, again, to proffer discovery to the Defendant.  Again, the Defendant refused to accept discovery.  The Court stayed ruling on the Defendant's demand for discovery. The Court ordered a translation of the State's motions and gave time for the defendant to respond to them. As of January 6, 2014, the defendant has not responded. The Defendant then filed on December 5, 2013, a motion to dismiss on speedy trial grounds.  On December 18, 2013, the State agreed to respond to that motion by January 8, 2014. The Court then scheduled a hearing for January 13, 2014, to rule on that motion.

These events (referrals for evaluations, motions) have tolled the speedy trial time from June 19, 2013 to date.  Speedy trial time remains tolled. Zero days are charged to the State from June 19, 2013 to date.

**A.      The Continuance Granted at the Defendant's Request Tolled Speedy Trial Time from June 19, 2013 to July 9, 2013**

Under R.C. 2945.72(H), the continuance that the Court granted on June 19, 2013, at the Defendant's request, tolled speedy trial time from June 19, 2013 to July 9, 2013. *See* Sections I(C); II(C).

**B.       The Second Referral to the Court Psychiatric Clinic Tolled Speedy Trial Time from June 19, 2013 Through the Present**

18

The Defendant's refusal to cooperate with Dr. Noffsinger upon his return from Twin Valley coupled with his refusal to stipulate to a favorable report from Twin Valley prevented the Court from concluding whether the Defendant was competent to stand trial and represent himself. *See* Section VII. Under R.C. 2945.72 (B) speedy trial time has tolled since June 19, 2013. The court needed to continue the scheduled hearings in order to have Dr. Noffsinger available. The defense has failed to respond to the State's November 26, 2013 Motion in Opposition to Defendant's Request to Proceed Pro Se. The court has not issued its' ruling on this matter since it has been awaiting the defendant's response.

**C    The Continuance Granted at the Defendant's Request Tolled Speedy Trial Time from July 9, 2013 to July 24, 2013**

Under R.C. 2945.72(H), the continuance that the Court granted on July 9, 2013, at the Defendant's request, tolled speedy trial time from July 9, 2013 to July 24, 2013. *See* Sections I(C); II(C).

**D.  The Court's Sua Sponte Continuance Tolled Speedy Trial Time from August 29, 2013 to October 10, 2013**

The continuance granted on August 29, 2013, regarding the Defendant's interpreter, tolled speedy trial time because the Defendant needed an interpreter to proceed to trial, and therefore, the parties could not proceed until the Court issued a ruling. The Court could not rule on the motion without the opportunity to review the applicable law. Thus, the continuance, to allow the court to review applicable law, was reasonable, and therefore, tolled speedy trial time from August 29, 2013 to September 30, 2013. On September 30, the court granted a continuance to October 10, 2013 to get the State's motion translated. The order for such a translation was docketed on October 3, 2013. Thus, speedy trial time was tolled from August 29, 2013 to October 10, 2013., pursuant to R.C. 2945.72(H). *See* Section VI(B).

**E.    The Court's Sua Sponte Continuances Due to Dr. Noffsinger's Unavailability Tolled Speedy Trial Time from October 10, 2013 to November 21, 2013**

The continuances granted on October 10, 2013 and October 31, 2013, due to Dr. Noffsinger's unavailability, tolled speedy trial time because Dr. Noffsinger was an essential witness for the Court's competency hearing. Continuances granted because of a witness's unavailability toll speedy trial time under R.C. 2945.72(H), so long as the continuance's length is

19

reasonable.  *See State v. Saffell*, 25 Ohio St.3d 90, 518 N.E.2d 934 (1988); *State v. Jenkins*, 8th Dist. Cuyahoga No. 95006, 2011-Ohio-837.  In *Saffell*, the trial court granted a continuance because the arresting officer was on vacation and unavailable to testify.  25 Ohio St.3d at 91.  The Ohio Supreme Court held that the continuance, from June 28, 1985 to July 24, 1985, was reasonable, and therefore, tolled speedy trial time under R.C. 2945.72(H).  *Id.* at 92.  Here, Dr. Noffsinger, the psychiatrist who had most recently examined the Defendant was a crucial witness for the Defendant's competency hearing.  As a result, the Court's continuances based on Dr. Noffsinger's unavailability were reasonable, and tolled speedy trial time from October 10, 2013 to November 21, 2013, under R.C. 2945.72(H).

F. **The Defendant's November 12, 2013 and December 5, 2013 Motions Tolled Speedy Trial Time from November 12, 2013 to the Present**

Because a defendant's outstanding motion tolls speedy trial time under R.C. 2945.72(E), and the Defendant's refusal to accept discovery prevented the Court from ruling on his November 12, 2013 motion, that motion tolled speedy trial time from December 3, 2013 through the present.  *See Brelo*, 2001-Ohio-4245, 2001 Ohio App. LEXIS 5530, *16-*17.  Moreover, under R.C. 2945.729(E), the Defendant's December 5, 2013 motion tolls speedy trial time until the Court rules on it.  *Id.*; *State v. Bickerstaff*, 10 Ohio St. 3d 62, 67, 461 N.E.2d 892 (1984) ("a motion to dismiss acts to toll the time in which a defendant must be brought to trial").  In addition, the State's Motion in Opposition to the Defendant's Request to Proceed Pro se also remains outstanding.  Thus, both the State and the Defendant have outstanding motions that toll speedy trial time from November 12, 2013 through the present, until the Court rules.  The Court gave the defendant time to respond to the State's Motion in Opposition to the Defendant's request to Proceed Pro Se which is the reason that no findings/ruling have been issued by the court to date.

## CONCLUSION

Based on these facts, the Defendant has failed to demonstrate that the statutory limit for trial has expired:

- From August 12, 2011 to August 18, 2011, *__seven__* speedy trial days charged to the State. From August 19, 2011 to October 21, 2011, speedy trial time tolled. See Section I.

- From October 22, 2011 to October 26, 2011, *__five__* speedy trial days charged to the State. From October 27, 2011 to January 19, 2012, speedy trial time tolled. See Section II.

- From January 20, 2012 to January 24, 2012, *__five__* speedy trial days charged to the State. From January 25, 2012 to March 2, 2012, speedy trial time tolled. See Section III.

- From March 3, 2012 to April 16, 2012, *__45__* speedy trial days charged to the State. From April 16, 2012 to June 30, 2012, speedy trial time tolled. See Section IV.

- From July 1, 2012 and July 8, 2012, *__nine__* speedy trial days charged to the State. From July 9, 2012 to August 20, 2012, speedy trial time tolled. See Section V.

- From August 21, 2012 to August 22, 2012, one speedy trial day charged to the State. From August 23, 2012 to November 8, 2012, speedy trial time tolled. See Section VI.

- From November 9, 2012 to the present, speedy trial time has continued to toll. ( Even if the court does not find that speedy trial time continuously tolled while he awaited transport to Twin Valley, 76 days(January 25, 2013-April 09, 2013) would be charged to the State during this time. April 9, 2013 is used as the cut off since it appears that Twin Valley was soliciting the necessary documentation it need to proceed on April 10, 2013. Time would then toll from April 10, 2013-June 19, 2013 while Twin Valley awaited the defendant, performed the evaluation, authored the report, returned the defendant to County Jail, and the subsequent June 19, 2013 hearing. Time tolled again after that hearing since the defendant did not stipulate to the report. See Sections VII, VIII.

In conclusion, since the genesis of State of Ohio v Noel Cedeno, and employing the journal entries of all four criminal cases, only seventy-two (72 days have been charged to the state. (In the alternative, that this court finds the time period the defendant awaited transport to Twin Valley is chargeable to the State, then an additional 76 days would apply for a total of 148 chargeable days)  Therefore, as speedy trial time has not yet expired under either scenario, the State respectfully moves this Court to reject the Defendant's motion to dismiss under R.C.

21

2945.72(B). Furthermore, the State requests that this Court rule on the defendant's motion to proceed pro se, given that the defendant has failed to respond to the State's Motion.

Respectfully submitted,
Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Ronni Ducoff #0039884
Assistant County Prosecutor
The Justice Center – 9th Floor
1200 Ontario Street
Cleveland, OH 44113
(216) 443-7816

## CERTIFICATE OF SERVICE

A copy of the foregoing Motion has been hand delivered to Noel Cedeno, pro se defendant, at Cuyahoga County Jail, 1215 West 3rd Street, Cleveland, Ohio on this 8 of January, 2014.

Respectfully Submitted,
Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Ronni Ducoff #0039884
Assistant County Prosecutor
The Justice Center – 9th Floor
1200 Ontario Street
Cleveland, OH 44113
(216) 443-7816

22

CR12563913-A        82584152

RECEIVED FOR FILING

JAN 1 3 2014

CUYAHOGA COUNTY
CLERK OF COURTS
By:_____ Deputy

In The Court Of Common Pleas
Cuyahoga County, Ohio
Criminal Division

State Of Ohio,
Plaintiff,

vs.

Noel Cedeno,
Defendant,

Case No. 12-563913-A
12-564978-A

Judge: Stuart A. Freeman

DEFENDANT'S RESPONSE TO
STATE'S OPPOSITION TO DIS-
DEFENDANT PURSUANT R.C.
2945.73 (B)

POSTED

Now Comes Defendant Noel Cedeno, In Pro-se Respectfully Re-
questing The Court Grant His Discharge Motion For The Following
Reasons:

Although The State Used Quite A Bit Of Paper To Expound On The
Issues Involved In This Ongoing Saga Between Themselves And
Defendant, It Still Has Violated Mr. Cedeno's Rights To Speedy
Trial By It's Own Admitted Calculations.

The State Admits To 148 Chargeable Days (See Page 21), But
Fails To Adhere To The Mandates Of Ohio Revised Code 2945.71(E),
Which States:

" For Computing Purposes Of Time Under Divisions (A),(B), (c)(2) And (D)
Of This Section, Each Day During Which The Accused Is Held In Jail In
Lieu Of Bail On Pending Charges Shall Be Counted As Three (3) Days."

This Language Is Plain And Unambiguous. The Legislature Commands
That This Passage Be Strictly Construed Against The State And In
Favor Of The Accused. R.C. 2901.04 (A).

1

EXHIBIT
21

There need not be any convoluted calculations, nor drawn of dissertations and conclusions.

If defendant is credited with the (3) three days for every day admitted to by the state, (and he must be), then that calculation amounts to a total of ~~444~~ (four) hundred and forty four days.

The calculation mandated by the Ohio legislature specifically allow for (270) two hundred and seventy days. Not 271 or any thing beyond.

Clearly, in this instance for the time period that was admitted to by the state (148 x 3) that defendant was held <u>in bail in lieu of bail</u>, exceeded the statutory maximum allowed by Ohio law.

Thusly, by said uncontrovertable admission by the state defendant is due discharge in accordance with R.C. 2645.13(D).

The Sixth Amendment to the United States Constitution so commands and any state official acting under state law who acts in a manner violative of the Federal Constitution "comes in conflict with the superior authority of the Constitution. He is then stripped of his official character and is subjected in person to the consequences of his individual conduct and the state has no power to impart to him any immunity from responsibility to the supreme authority of the United States."

2

By Law Judges And Prosecutor's Are State Danger's. And When Either Violates The Constitution They Become Private Individuals And Trespasser's Of The Law.

Defendant Restates That The State Has Not Brought Him To Trial Within The Statutory Time Period Described Under Ohio Revised Code 2945.71(c)(2) And He Must Be Discharged Pursuant To Ohio Revised Code 2945.73(B).

Respectfully submitted;

_Noel Cedeno_

Noel Cedeno

Certificate Of Service

I, Hereby Certify That A Copy Of Defendant's Response Is Being Sent Via United States Mail To:

Ronni Ducoff
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113  this _____9th_____ day of _____January_____ 2014.

_Noel Cedeno_

Noel Cedeno
#6250373
Cuyahoga County Jail
Post Office Box 5600
Cleveland, Ohio 44101

3



83108273

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

THE STATE OF OHIO
    Plaintiff

Case No: CR-12-564978-A

Judge: STUART A FRIEDMAN

NOEL  CEDENO
    Defendant

INDICT: 2907.05  GROSS SEXUAL IMPOSITION /SVPS
           2907.05  GROSS SEXUAL IMPOSITION /SVPS
           2907.02  RAPE /SVPS /NPC /RVOS
           ADDITIONAL COUNTS...

## JOURNAL ENTRY

DEFENDANT IN COURT.  DEFENDANT INDIGENT; ATTORNEY J CHARLES RUIZ-BUENO ASSIGNED AND PRESENT.
PROSECUTOR(S) RONNI DUCOFF PRESENT.
COURT REPORTER MARY JEAN COOLEY PRESENT.
OHIO STATE CERTIFIED SPANISH INTERPRETER JOHN P. SHAKLEE PRESENT.
PRETRIAL HELD 02/20/2014.
PRETRIAL SET FOR 03/05/2014 AT 09:00 AM.
AT THE REQUEST OF DEFENDANT.
REASON FOR CONTINUANCE:  DISCOVERY ONGOING/NEGOTIATIONS WITH STATE OF OHIO
TRIAL SET FOR 06/09/2014 AT 09:00 AM.
AT THE REQUEST OF DEFENDANT.
MOTION TO DISMISS HEARING HELD 02/20/2014.
DEFENDANT'S MOTION "DEMAND TO DISCHARGE" (MOTION TO DISMISS FOR WANT OF SPEEDY TRIAL) IS
OVERRULED.
COURT HAS CONSIDERED DEFENDANT'S PRO-SE MOTION, THE STATE'S BRIEF IN OPPOSITION, AND DEFENDANT'S
PRO-SE REPLY BRIEF, IN ADDITION TO ARGUMENT PRESENTED IN OPEN COURT THROUGH COUNSEL.
COURT NOTESE SPECIFICALLY THAT "3 FOR 1" PROVISION DOES NOT APPLY, AS DEFENDANT IS PRESENTLY
SERVING A SENTENCE UPON A PRIOR CONVICTION AND HAS A SECOND PENDING CASE; THUS, HE IS NOT
INCARCERATED SOLELY UPON THESE PENDING CHARGES.

02/20/2014
CPLMG 02/20/2014 16:29:32

_Stuart W Friedman_
_____
Judge Signature          02/21/2014



EXHIBIT
tabbies
22

HEAR
02/20/2014

RECEIVED FOR FILING
02/21/2014 15:25:13
ANDREA F. ROCCO, CLERK

Page 1 of 1

CR12564978-A          82508522

THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

THE STATE OF OHIO,          )    CASE NO. 564978
Plaintiff,                  )
                            )    JUDGE STUART A. FRIEDMAN
        vs.                 )
                            )    MEMORANDUM OF
NOEL CEDENO,                )    OPINION AND ORDER
Defendant                   )

FRIEDMAN, J.:

{¶1}    Before the court at this time are the statement by the defendant that he intends to waive his right to be represented by counsel, and thus to represent himself, and the "Motion in Opposition to Defendant's Request to Proceed Pro-se." For reasons set forth herein, the court finds it necessary to sustain the objection of the state, and thus to require that the defendant be represented by counsel in all further proceedings. The court thus orders that the Ohio State Public Defender be appointed to represent the defendant.

{¶2}    In this case the defendant stands indicted upon the following charges:

**Counts 1 and 2:** gross sexual imposition (GSI), victim under the age of 13, with a "sexually violent predator" (SVP) specification;

**Counts 3 and 5:** rape, with use and/or threat of force, victim under 13, with SVP, "repeat violent offender" (RVO) specification, and "notice of prior conviction" (NPC);

**Counts 4 and 6:** kidnapping, with a sexual motivation and RVO;

**Count 7:** attempted GSI;

**Counts 8 and 10:** importuning;

**Counts 9 and 11:** importuning, with a prior conviction of a sexually-motivated offense.

1

EXHIBIT
23

The court has advised the defendant, on the record and in open court, that several of the counts in this indictment require lengthy prison terms, and that a conviction on either count 3 or count 5 would result in a mandatory life sentence.

{¶3}     Although he has demonstrated (both in documents he has filed and in open court) an ability to write and to converse in the English language, the defendant was born in Puerto Rico, and thus claims Spanish as his native tongue. Accordingly, at arraignment he was declared indigent and a bilingual attorney, Santiago Feliciano, was assigned as counsel. (Mr. Feliciano had represented the defendant recently in an unrelated rape case before this court.) The defendant expressed dissatisfaction with his assigned counsel, and the court assigned a new attorney, Oscar Rodriguez, who is also from Puerto Rico. Once again the defendant indicated his dissatisfaction with counsel, and the court asked Assistant Public Defender Juan Hernandez to represent the defendant. A short time later the defendant told the court he desired to proceed *pro-se* in his defense.

{¶4}     The court conducted a hearing, at which it advised the defendant on the record of the serious nature of these charges and of the perils of embarking upon a *pro-se* defense. The court also prepared and delivered to the defendant a document outlining each of the charges in the indictment and the range of penalties for each. In addition, the court advised the defendant of his need to observe the same rules of procedure and of evidence, should he insist upon acting as his own counsel. The defendant acknowledged his understanding of those issues, and nonetheless reiterated his desire to represent himself.

{¶5}     Throughout the course of these proceedings, the court has witnessed behavior on the part of the defendant that appeared to be irrational, bizarre, and inconsistent with his claimed ability to conduct an effective defense at trial—either to a jury or to the court.  As a result, the defendant was referred to the Court Psychiatric Clinic for an evaluation as to both competency to stand trial

2

and competency to proceed *pro-se*. On November 12, 2012, Dr. George Schmedlen, Ph. D., J.D., Associate Director of the Clinic, submitted the following report:

> Dear Judge Friedman:
> On November 14, 2012 we brought Mr. Noel Cedeno up to the Court Psychiatric Clinic so he could sign medical releases relevant to his past medical and psychiatric treatment. *The defendant declined to do so. Moreover, Mr. Cedeno made it clear that he did not want to participate and in fact would not participate in any further evaluation.*
> I have now become aware that Mr. Cedeno wants to proceed *pro-se*. I have also been made aware that although he was offered discovery materials from the prosecutor, he declined to take them.
> *I believe that Mr. Cedeno's behavior raises a genuine issue as to his competency to stand trial and his competency to proceed pro-se.* Because he has declined to cooperate with the Court Psychiatric Clinic, the only way to assess his competency to stand trial and competency to proceed *pro-se* would be through the process of a 20-day inpatient competency evaluation at Northcoast Behavioral Healthcare. • • • [Emphasis added.]

{¶6}  Following Dr. Schmedlen's recommendation, the court ordered the defendant to undergo a 20-day inpatient evaluation; the report of Dr. Joy Stankowski, Chief Clinical Officer, Forensic Services at Northcoast Behavioral Healthcare, dated January 4, 2013, referred to the finding of Dr. Jason Beaman, D.O., that: "Pursuant to ORC 2945.38(F)(1) I am notifying you that Mr. Schmidt [*sic*] has been found competent." In reaching his conclusion, Dr. Beaman noted that:

> I *attempted to evaluate* Mr. Cedeno at Northcoast Behavioral Healthcare on January 4, 2013. Mr. Cedeno told me that he was competent both to stand trial and to represent himself and *he refused the evaluation.*••• In his initial evaluation with Megan Testa, M.D. …Mr. Cedeno told Dr. Testa that he did not need to be at Northcoast. …*Dr. Testa did not make a diagnosis* and did not start medications. She formulated a plan that included observing Mr. Cedeno for signs of mental illness and treating appropriately.

3

That report concludes.

It is my opinion with reasonable medical certainty that Mr. Cedeno does not have a present medical condition. *I believe that his lack of cooperation is volitional and does not stem from a mental condition.*

(Emphasis added.)

{¶7}    We start by acknowledging that the Sixth Amendment to the U. S. Constitution guarantees the right of a person charged with an offense "…to have the Assistance of Counsel for his defence." Similarly, Art. 1, §10, of the Ohio Constitution provides that "…[i]n any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel." The Supreme Court has construed the Sixth Amendment to mandate that the assistance of counsel must be "effective." *Strickland v. Washington,* 466 U.S. 668 (1984).

{¶8}    The corollary to this, of course, is the right of a defendant to *waive* his right to assistance of counsel and appear *pro-se. Faretta v. California,* 422 U.S. 806 (1975). Like most rights, however, this one is not absolute, and—consistent with its obligation to ensure a trial that is fair for the defendant, the prosecution, the victim, and the community—the trial court may overrule the defendant's wishes and *require* that he be represented by counsel. In *Godinez v. Moran,* 509 U.S. 389 (1993), the Supreme Court held specifically that a court can require a defendant to be represented by counsel if it finds that the defendant lacks competence to proceed without counsel. Even where the defendant has been found competent to stand trial, he may yet be found incompetent to do so pro-se. *Indiana v. Edwards,* 554 U.S. 164 (2008). As the Court, Breyer, J., held there.

We consequently conclude that the Constitution permits judges to take realistic account of the particular defendant's mental capacities by asking whether a defendant who seeks to conduct his own defense at trial is mentally competent to do so. That is to say, the Constitution permits States to insist upon representation by counsel for those competent enough to stand trial under *Dusky* but who still suffer

4

from severe mental illness to the point where they are not competent to conduct trial proceedings by themselves.

{¶9}     The Supreme Court put the issue most squarely in *Powell v. Alabama*, 287 U.S. 45, 69 (1932):

> Even the intelligent and educated layman has small, and sometimes no, skill in the science of law. If charged with crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence. If that be true of men of intelligence, how much more true is it of the ignorant and illiterate, or those of feeble intellect.

In his dissent in *Faretta, supra,* Chief Justice Burger (joined by Blackmun, J., and Rehnquist, J.) cited *Powell,* and further noted that:

> Obviously, these considerations do not vary depending upon whether the accused actively desires to be represented by counsel or wishes to proceed *pro-se.* Nor is it accurate to suggest, as the Court seems to later in its opinion, that the quality of his representation at trial is a matter with which only the accused is legitimately concerned. *See ante* at 422 U. S. 834. Although we have adopted an adversary system of criminal justice, *see Gideon v. Wainwright, supra,* the prosecution is more than an ordinary litigant, and the trial judge is not simply an automaton who insures that technical rules are adhered to. Both are charged with the duty of insuring that justice, in the broadest sense of that term, is achieved in every criminal trial. *See Brady v. Maryland,* 373 U. S. 83, 373 U. S. 87, and n. 2 (1963); *Berger v. United States,* 295 U. S. 78, 295 U. S. 88 (1935). That goal is ill-served, and the integrity of and public confidence in the system are undermined, when an easy conviction is obtained due to the defendant's ill-advised decision to waive counsel. The damage thus inflicted is not mitigated by the lame explanation that the defendant simply availed himself of the "freedom" "to go to jail under his own banner. . . ." *United States ex rel. Maldonado v. Denno,* 348 F.2d 12, 15 (CA2 1965).

5

The system of criminal justice should not be available as an instrument of self-destruction.

839 U.S., at 839-40

{¶10}  Indeed, the majority in *Faretta, supra*, went to great pains to establish on the facts before it that the defendant's decision to represent himself was a knowing, intelligent, and rational one.

> When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must "knowingly and intelligently" forgo those relinquished benefits. Johnson v. Zerbst, 304 U.S. at 304 U. S. 464-465. Cf. Von Moltke v. Gillies, 332 U. S. 708, 332 U. S. 723-724 (plurality opinion of Black, J.). Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open." Adams v. United States ex rel. McCann, 317 U.S. at 317 U. S. 279.
>
> Here, weeks before trial, Faretta clearly and unequivocally declared to the trial judge that he wanted to represent himself and did not want counsel. The record affirmatively shows that Faretta was literate, competent, and understanding, and that he was voluntarily exercising his informed free will.

422 U.S., at 835.

{¶11}  "To establish an effective waiver of the right to counsel, the trial court must make sufficient inquiry to determine whether [the] defendant fully understands and intelligently relinquishes that right." State v. Gibson, 45 Ohio St.2d 366 (1976), cited in *State v. Cassano*, 96 Ohio St.3d 94, 2002-Ohio-3751 (2002) and in *State v. Buford*, (Ohio App. 8 Dist.) 2012-Ohio-262, at ¶7.

{¶12}  In the instant case, to the contrary, the defendant's actions have made it clear that he understands neither the charges against him nor even the most basic elements of what it would take to defend against those charges. As the state notes in the brief in support of its motion, on

6

November 12, 2013, the defendant filed with the court "Defendant's Affidavit of Fact/Writ of Discovery", in which he characterizes allegations of rape, gross sexual imposition, kidnapping, and importuning upon a victim under the age of thirteen as "victimless" crimes.

{¶13}  Where a defendant, in the free exercise of his autonomy, elects to behave in a manner that threatens to make a mockery of the proceedings, not only may his own defense be jeopardized, but—in turning the proceedings into a carnival—he risks demeaning the process itself, which in turn may result in a negative impact upon other cases. On the other hand, the court must take all reasonable steps to avoid acting paternalistically, thus depriving the defendant of his right to make decisions that he feels are appropriate in mounting the most effective defense possible.

{¶14}  The court has reviewed the extensive literature analyzing this issue, much of it spurred by the recent U.S. Supreme Court decision in *Indiana v. Edwards, supra*. Briefly summarized, *Edwards* holds that the Sixth Amendment does not prohibit states from requiring representation by an attorney for a defendant who is impaired by severe mental illness, but who nevertheless has been found competent to stand trial.

{¶15}  Although one may question the bases for their conclusions, it is undeniable that the evaluations, performed by mental health professionals at the Court Psychiatric Clinic, at Northcoast Behavioral Healthcare, and at Twin Valley, have concluded that the defendant is in fact competent to stand trial.[1] Furthermore, there has been no finding that this defendant ever has been diagnosed with any severe mental illness, such as would put this case squarely within

---

[1] The court nevertheless finds it troubling that Dr. Beaman (Northcoast Behavioral Healthcare makes his finding despite the defendant's refusal to consent to an evaluation. (Report dated January 4, 2013.) Similarly, when referred for further evaluation at Twin Valley Behavioral Healthcare, Dr. Sokolov noted that "…Mr. Cedeno refuses to answer formal questions about his current competency," and in the most recent referral, Dr. Stephen Noffsinger of the Cuyahoga County Common Pleas Court Psychiatric Clinic also noted that "Mr. Cedeno declined to participate in the interview," and concludes that: "Due to the defendant's noncooperation, I was not able to do a more specific inquiry into his Competence to Stand, Competence to waive his Right to an Attorney, or Competence to Proceed Pro-se." (Report dated August 7, 2013)

7

the ambit of *Edwards, supra*. This court clearly lacks both the expertise and the inclination to second-guess those results; thus—and despite its own observations of the defendant's erratic and evidently self-destructive behavior in open court--it must concede that Noel Cedeno has been determined to be competent to stand trial.

{¶16}    Notwithstanding the absence of a diagnosis of "severe mental disease," however, the court finds that the concerns first voiced by Dr. Schmedlen—that the defendant's behavior "...raises a genuine issue as to his competency to stand trial and his competency to proceed *pro-se*."--are supported, and indeed amplified, by the consistent pattern of behavior by the defendant himself throughout these proceedings, to wit:

    a)     On September 13, 2012, the defendant filed a *pro-se* motion purporting to deny his consent to either a bench trial or a jury trial; this position has been reiterated in open court on several occasions. He subsequently filed a number of other *pro-se* documents, including a Notice of Appearance, a Notice of No Consent to Continuances, Notice of No Consent to go to Trial, Notice of Waiver of Counsel; and an Amended Objection to Indictments (All filed November 12, 2012.)

    b)     At a hearing held on November 16, 2012, at which the defendant reiterated his desire to waive counsel, the assistant county prosecutor proffered full discovery—excepting only those items which, the prosecutor asserted, are by law not to be shared with the defendant himself in a child sex-abuse case, citing Ohio Criminal Rule 16(E)(2); in response the defendant did not move for additional discovery, but rather simply refused to accept the discovery that was presented, upon the ground that what was provided was not complete.[2]

    c)     The defendant was referred to Twin Valley for a 20-day evaluation as to both competency to stand trial and competency to proceed *pro-se*. Although that report concluded that the defendant was competent in both respects, he refused to stipulate to that report, on the sole basis that he had not consented to an evaluation.

---

[2] Of course, if--as appears--the defendant was attempting to challenge the state's position as erroneous, counsel would have done so by way of motion, rather than refusing the proffered discovery *in toto*.

8

d)      In his interview with Dr. Sokolov, at Twin Valley, the defendant insisted that the current cases were no longer active, having been marked "CLOSED" on the clerk of courts website. (In fact, due to clerical errors in the indictment as originally drafted, this case has been subjected to a number of amended indictments, resulting in dismissal of the earlier iterations as new ones were returned by the grand jury.)

e)      In his Affidavit of Fact/Writ of Discovery, filed on November 12, 2013, the defendant asserts that, "I'm objecting to this matter, being that the court lacks ratification of commencement and not having subject matter jurisdiction/ personal jurisdiction and territorial jurisdiction, over the alleged Defendant, whose [sic] a Man of flesh and blood."

f)      Also on November 12, 2013, the defendant filed what purports to be a "Form COL Violation Warning-Denial of Rights Under Color of Law". The "Citizen's statement" thereon (signed by the defendant and dated 10/23/2013) asserts, "By Proceeding will be in violation & Punishable by Federal law subject to civil action. Pleas seas [sic] and desist." It appears that this document was simply downloaded from a website maintained by a gun-rights group (www.KeepAndBearArms.com), and thus is entirely unrelated to the issues presented in the case *sub judice*.

{¶17}   What is clear from this litany is that either (1) the defendant is not competent to provide himself with even the most rudimentary defense against these very serious charges, or (2) the defendant *is* competent, but is acting in this manner with the specific and perverse intention of making a mockery of these proceedings. This court lacks sufficient expertise to determine which is the case. Whatever the cause for the defendant's behavior, however, the court must be mindful of its role to secure the fairness of these proceedings; fairness to the defendant, to be sure, but also fairness to the alleged victim and to the community as well.

{¶18}   If--as he has asserted by his plea of "not guilty"--the defendant is innocent of some or all of the charges, then the court is concerned that his insistence upon self-representation and refusal to accept any discovery offered by the prosecution would itself result in a serious miscarriage of justice should he be found guilty by due to his inability to present an effective

9

defense. In an adversary system, of course, justice is served only when the playing-field is level—when *both* the prosecution and the defense are competently represented.

{¶19}    The court is further concerned that the progress of any trial will be impeded should the defendant be permitted to represent himself—both because of his pattern of behavior thus far and because of his observed inability to speak coherently and express himself effectively in the English language. Unlike the defendant in *Faretta, supra,* here the defendant is clearly *not* "literate, competent, and understanding"; consequently, his desire to represent himself cannot be the result of the exercise of "an informed free will."

{¶20}    Above all else, it is the duty of the trial court to ensure that the playing-field of justice is as level as possible. As the court may not allow the prosecution to erect hurdles to stymie the defendant, it also must not allow a trial to become a vehicle for suicide.

{¶21}    Accordingly, and in the interest of justice for the defendant, for the victim, and for the community itself, the court must grant the motion of the state and thus deny the request of the defendant to represent himself henceforth. Consistent with this finding, the court hereby assigns the Ohio State Public Defender to represent the defendant. Upon discussion with the Office of the Ohio Public Defender, the court has been advised that that office will be willing to assume the defense of this case; the bailiff is directed to advise the Ohio Public Defender office forthwith, in order that a new pretrial and trial date may be set expeditiously. The court further directs that this Memorandum of Opinion and Order be translated into Spanish, in order that the defendant may be fully and unambiguously apprised of this decision and the reasons therefor.

IT IS SO ORDERED.

Stuart A. Friedman, Judge

Date: January 7, 2014

10



82592518

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

THE STATE OF OHIO
    Plaintiff

NOEL  CEDENO
    Defendant

Case No: CR-12-564978-A

Judge: STUART A FRIEDMAN

INDICT: 2907.05  GROSS SEXUAL IMPOSITION /SVPS
          2907.05  GROSS SEXUAL IMPOSITION /SVPS
          2907.02  RAPE /SVPS /NPC /RVOS
          ADDITIONAL COUNTS...

## JOURNAL ENTRY

DEFENDANT'S MOTION (1) AMENDED OBJECTION TO RATIFICATION OF COMMENCEMENT OF ACTION.... (2)
DEMAND FOR DISCHARGE FOR DEFECTS IN THE INSTITUTION OF THE PROSECUTION, ETC., (3) OBJECTION TO
INDICTMENTS ... WHICH ARE DEFECTIVE UPON THERE (SIC) FACE, ETC. IS STRICKEN.
COURT HAS REVIEWED ALL MOTIONS FILED BY DEFENDANT ACTING PRO-SE. THE COURT HAVING FOUND THE
DEFENDANT TO BE NOT COMPETENT TO REPRESENT HIMSELF, ALL MOTIONS FILED PRO-SE ARE HEREBY
ORDERED STRICKEN. THE COURT WILL ENTERTAIN ANY MOTIONS FILED BY COUNSEL ON DEFENDANT'S
BEHALF.

01/14/2014
CPSAF 01/14/2014 15:09:33

*Stuart A Friedman*

_____
Judge Signature          01/16/2014

HEAR
01/14/2014

RECEIVED FOR FILING
01/16/2014 16:35:17
ANDREA F. ROCCO, CLERK



EXHIBIT
24

Page 1 of 1

# Cuyahoga County Court of Common Pleas
## Criminal Court Division

| State of Ohio, | | A True Bill Indictment For |
|---|---|---|
| | Plaintiff | **Rape - F1**<br>§2907.02(A)(1)(b) |
| Noel Cedeno,  vs. | | |
| | Defendant | 1 Additional Count(s) |

| Dates of Offense (on or about)<br>04/25/2010 to 06/15/2010 | The Term Of<br>January of 2014 | Case Number<br>580862-13-CR |
|---|---|---|

The State of Ohio, } SS.
Cuyahoga County

CR13580862-A          82486483

| Count One | **Rape - F1**<br>§2907.02(A)(1)(b) |
|---|---|
| **Defendants** | Noel Cedeno |
| **Date of Offense** | On or about  April 25, 2010 to June 15, 2010 |

*The Jurors of the Grand Jury of the State of Ohio, within and for the body of the County aforesaid, on their oaths, IN THE NAME AND BY THE AUTHORITY OF THE STATE OF OHIO, do find and present, that the above named Defendant(s), on or about the date of the offense set forth above, in the County of Cuyahoga, unlawfully*

did engage in sexual conduct, to wit: Vaginal Intercourse, with Jane Doe (DOB: 04/25/2003) who was not the spouse of the offender, whose age at the time of the said sexual conduct was less than thirteen years of age, to wit: 04/25/2003, whether or not the offender knew the age of Jane Doe (DOB: 04/25/2003).

FURTHERMORE, the victim under division (A)(1)(b) of Section 2907.02 of the Revised Code was less than ten years of age, to wit:04/25/2003.

**Sexually Violent Predator Specification - §2941.148(A)**

*The Grand Jurors further find and specify that*

the offender is a sexually violent predator.

**Notice of Prior Conviction - §2929.13(F)(6)**

*The Grand Jurors further find and specify that*

Noel Cedeno previously was convicted of or pleaded guilty to Robbery (a 1st or 2nd Degree Felony Offense of Violence), and Noel Cedeno, with counsel, on or about the 13th day of May, 2005, in the Common Pleas Court, Cuyahoga County, Ohio, in Case No. CR 462616, was convicted of Robbery (a 2nd Degree Felony Offense of Violence), in violation of RC 2911.02, of the State of Ohio.

**Repeat Violent Offender Specification, "RVO" - §2941.149(A)**

*The Grand Jurors further find and specify that*

RECEIVED FOR FILING

JAN 0 6 2014

CUYAHOGA COUNTY CLERK OF
THE COURT OF COMMON PLEAS

By_____ Deputy

_____
Foreperson of the Grand Jury

_____
Prosecuting Attorney

Page 1 of 3

**EXHIBIT**
25
tabbies

Cuyahoga County Court of Common Pleas                           A True Bill Indictment

Noel Cedeno was convicted of or pleaded guilty to   Robbery (a 1st or 2nd Degree Felony Offense of Violence), to wit: the said Noel Cedeno, with counsel, on or about the 13th day of May, 2005, in the Common Pleas Court, Cuyahoga County, Ohio, in Case No. CR 462616, was convicted of the crime of Robbery (a 2nd Degree Felony Offense of Violence), in violation of RC 2911.02, of the State of Ohio. The State hereby gives notice of its intention to  use a certified copy of the prior conviction as proof of that conviction..

**Notice of Prior Conviction - §2929.13(F)(6)**

*The Grand Jurors further find and specify that*

Noel Cedeno previously was convicted of or pleaded guilty to Rape of the 1st & 3rd Degree & Sexual Abuse, and Noel Cedeno, with counsel, on or about the 27th day of July, 1993, in the State Court of New York, Queens County, New York, in Case No. 5570/92, was convicted of Rape of the 1st & 3rd Degree & Sexual Abuse, in violation of New York Code Section(s) 130.35 & 130.25 & 130.65, of the State of New York.

**Repeat Violent Offender Specification, "RVO" - §2941.149(A)**

*The Grand Jurors further find and specify that*

Noel Cedeno was convicted of or pleaded guilty to   Rape of the 1st & 3rd Degree & Sexual Abuse, to wit: the said Noel Cedeno, with counsel, on or about the 27th day of July, 1993, in the State Court of New York, Queens County, New York, in Case No. 5570/92, was convicted of the crime of Rape of the 1st & 3rd Degree & Sexual Abuse, in violation of New York Code Section(s) 130.35 & 130.25 & 130.65, of the State of New York. The State hereby gives notice of its intention to  use a certified copy of the prior conviction as proof of that conviction..

*The offense is contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.*

| Count Two | **Kidnapping - F1**<br>**§2905.01(A)(4)** |
|---|---|
| **Defendants** | Noel Cedeno |
| **Date of Offense** | On or about  April 25, 2010 to June 15, 2010 |

*The grand jurors, on their oaths, further find that the Defendant(s) unlawfully*

did, by any means, purposely remove Jane Doe (DOB: 04/25/2003), a child under the age of thirteen, to wit: 04/25/2003, from the place where she was found or restrained her of liberty for the purpose of engaging in sexual activity, as defined in Section 2907.01 of the Revised Code, with Jane Doe (DOB: 04/25/2003) against her will.

**Sexual Motivation Specification - §2941.147(A)**

*The Grand Jurors further find and specify that*

the offender committed the offense with a sexual motivation.

**Sexually Violent Predator Specification - §2941.148(A)**

*The Grand Jurors further find and specify that*

_____
Foreperson of the Grand Jury

_____
Prosecuting Attorney

Cuyahoga County Court of Common P●                            ●            A True Bill Indictment

the offender is a sexually violent predator.

### Notice of Prior Conviction - §2929.13(F)(6)

*The Grand Jurors further find and specify that*

Noel Cedeno previously was convicted of or pleaded guilty to Robbery (a Felony of Violence of the 2nd Degree), and Noel Cedeno, with counsel, on or about the 13th day of May, 2005, in the Common Pleas Court, Cuyahoga County, Ohio, in Case No. CR 462616, was convicted of Robbery (a 2nd Degree Felony Offense of Violence), in violation of RC 2911.02, of the State of Ohio.

### Repeat Violent Offender Specification, "RVO" - §2941.149(A)

*The Grand Jurors further find and specify that*

Noel Cedeno was convicted of or pleaded guilty to  Robbery (a 2nd Degree Felony Offense of Violence), to wit: the said Noel Cedeno, with counsel, on or about the 13th day of May, 2005, in the Common Pleas Court, Cuyahoga County, Ohio, in Case No. CR 462616, was convicted of the crime of Robbery (a 2nd Degree Felony Offense of Violence), in violation of RC 2911.02, of the State of Ohio. The State hereby gives notice of its intention to use a certified copy of the prior conviction as proof of that conviction..

### Notice of Prior Conviction - §2929.13(F)(6)

*The Grand Jurors further find and specify that*

Noel Cedeno previously was convicted of or pleaded guilty to Rape of the 1st & 3rd Degree & Sexual Abuse, and Noel Cedeno, with counsel, on or about the 27th day of July, 1993, in the State Court of New York, Queens County, New York, in Case No. 5570/92, was convicted of Rape of the 1st & 3rd Degree & Sexual Abuse, in violation of New York Code Sections 130.35 & 130.25 & 130.65, of the State of New York.

### Repeat Violent Offender Specification, "RVO" - §2941.149(A)

*The Grand Jurors further find and specify that*

Noel Cedeno was convicted of or pleaded guilty to  Rape of the 1st & 3rd Degree & Sexual Abuse, to wit: the said Noel Cedeno, with counsel, on or about the 27th day of July, 1993, in the State Court of New York, Queens County, New York, in Case No. 5570/92, was convicted of the crime of Rape of the 1st & 3rd Degree & Sexual Abuse, in violation of New York Code Sections 130.35 & 130.25 & 130.65, of the State of New York. The State hereby gives notice of its intention to  use a certified copy of the prior conviction as proof of that conviction..

*The offense is contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.*

_____                    _____
Foreperson of the Grand Jury                    Prosecuting Attorney

Page 3 of 3



82519915

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

THE STATE OF OHIO
  Plaintiff

NOEL CEDENO
  Defendant

Case No: CR-13-580862-A

Judge: MICHAEL ASTRAB

INDICT: 2907.02  RAPE /SVPS /NPC /RVOS
        2905.01  KIDNAPPING /SMS /SVPS /NPC /RVOS

## JOURNAL ENTRY

DEFENDANT DECLARED INDIGENT.
COURT ASSIGNED  RUIZ-BUENO, J CHARLES  AS COUNSEL.
READING OF INDICTMENT WAIVED.
TWENTY-FOUR HOUR SERVICE WAIVED.
DEFENDANT PLEAD NOT GUILTY TO INDICTMENT.
BOND SET AT 250,000.00 DOLLARS. BOND TYPE: CASH/SURETY/PROP..
BOND CONDITIONS: NO CONTACT WITH VICTIM.
JUDGE  FRIEDMAN, STUART A (091) ASSIGNED (MANUALLY).
HIV ORDER

    THE DEFENDANT NOEL CEDENO , HAVING BEEN CHARGED WITH AND ARRAIGNED UPON VIOLATION(S) OF
2907.02 OR 2907.03 OR 2907.04 OF THE OHIO REVISED CODE, IS ORDERED TO SUBMIT TO MEDICAL TESTS AS
REQUIRED BY 2907.27 (B).  THE SHERIFF OF CUYAHOGA COUNT SHALL TAKE THE NECESSARY STEPS TO CAUSE
THE DEFENDANT TO BE EXAMINED BY A PHYSICIAN WHO SHALL PERFORM OR ORDER THE PERFORMANCE OF
ONE OR MORE TESTS TO DETERMINE IF THE DEFENDANT IS A CARRIER OF THE VIRUS THAT CAUSES ACQUIRED
IMMUNODEFICIENCY SYNDROME (AIDS).  SUCH STEPS SHALL INCLUDE THE DETENTION OF THE DEFENDANT IN
CUSTODY FOR A REASONABLE PERIOD TO HAVE THE AIDS TESTS PERFORMED.  THE RESULTS OF ANY TESTS
ARE TO BE COMMUNICATED IN THE STRICTEST CONFIDENCE TO THE COURT ADMINISTRATOR'S OFFICE WHO
SHALL IMMEDIATELY NOTIFY THE ASSIGNED JUDGE BY FORWARDING A COPY OF THE SAID RESULTS

ASSIGNED JUDGE:  FRIEDMAN, STUART A

COURT APPOINTS JULIA TORRES FROM NIKKI BROWN'S OFFICE  AS INTERPRETER FOR ARRAIGNMENT
PURPOSES.

_____
Judge Signature                    01/09/2014

01/09/2014

RECEIVED FOR FILING
01/09/2014 10:56:33
ANDREA F. ROCCO, CLERK



**EXHIBIT**
26

Page 1 of 1

CR13580862-A 83920865

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**
**CRIMINAL DIVISION**

2014 APR 18 A 10: 11

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO. 580862, 564978 |
| Plaintiff, | ) | |
| | ) | JUDGE: STUART FRIEDMAN |
| -vs- | ) | |
| | ) | **STATE'S MOTION FOR** |
| Noel Cedeno | ) | **JOINDER** |
| Defendant, | ) | |

Now comes the State of Ohio, and hereby requests that the two above captioned cases be joined

for the purposes of trial. The reasons for the request are provided in the brief attached and

incorporated herein.

Respectfully Submitted,

**TIMOTHY J. MCGINTY**
**CUYAHOGA COUNTY PROSECUTOR**

Ronni Ducoff

Ronni Ducoff (0039884)
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 4411
(216) 443-7816

**EXHIBIT**
27

## **BRIEF**

In CR 564978, the Defendant faces indictment for multiple counts of sexual assault including rape of a child under thirteen years of age violation of RC 2907.02 (A)(1)(b), kidnapping in violation of RC 2905.01(A)(4), gross sexual imposition in violation of 2907.05(A)(4), attempted gross sexual imposition in violation of 2907.05 (A)(4)/2923.02, and importuning in violation of 2907.07(A). All of these counts involve his minor stepdaughter. There are additional specifications attached to several of the offenses. In CR580862, he is charged in a two count indictment with rape in violation of 2907.02(A)(1)(b) and kidnapping in violation of 2905.01 (A)(4). These two charges involve the Defendant's biological daughter who disclosed recently about being sexually assaulted by her father. These charges also contain the specifications attached to the counts in CR564978. Both of the victims lived with their common mother and the Defendant during the indicted periods. Although the first Victim (CR 564978) describes multiple offenses over a longer period of time than her younger sister, the importuning counts occur in the same time period as the second victim's allegations.

The State of Ohio is requesting that these cases be joined for trial under Crim R. 8(A) and Crim R.13. Crim R. 13 permits a trial court to join two or more indictments to be tried together if the offenses could have been joined in a single indictment as provided under Crim R. 8. Generally, the law favors joining multiple offenses in a single trial under Crim R. 8(A) if the offenses charged are of the same or similar character. State v Lott (1990), 51 Ohio St 3d 160, 163, 555 N.E. 2d 293. Therefore, for the purposes of joinder for trial, the court must consider whether Crim R. 8 would have permitted the alleged offenses to be on the same indictment

originally. Crim R. 8(A) provides four separate circumstances when two or more offenses may be joined in the same indictment.

A)    Joinder of offenses: Two or more offenses may be charged in the same indictment, information or complaint in a separate counts for each offense if the offense charged, whether felonies or misdemeanors or both, are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct.

The trial court need not make a finding as to all four factors to order a joinder of the cases. The decision to join two or more cases for trial may be based on the application of only one or any combination of the above factors. So long as the charges could have been brought together in the same indictment, the court may order the cases with said charges to be tried at the same time.

The offenses involved in the present cases fall within the criteria for joinder as set forth in Crim R. 8(A). The facts and allegation of the two cases demonstrate each of the following: (1) the offenses in each are of similar nature in that they are both allegations of sexual assault against two minor girls; (2) the offenses are of similar character, and (3) the offenses are arguably one common plan or scheme in that they represent the defendant's exploitation of children that he lives with as he was married to the girls' mother. These are cases that could have been indicted on the same indictment, but for the fact that the allegations relating to her younger sister did not come to light until after the grand jury returned the indictment in CR 564978.

Additionally, the law favors the joinder of cases both to conserve judicial time and expense and to diminish the inconvenience to witnesses. As the Ohio Supreme Court stated in

State v Torres (1981),66 Ohio St 2d 340, 421 N.E. 2d 1288, "joinder and the avoidance of multiple trials is favored for many reasons, among which are conserving time and expense, diminishing the inconvenience to witnesses and minimizing the possibility of incongruous results in successive trials before different juries." Joinder is especially encouraged when the alleged criminal conduct is of the same or similar nature in the several cases. In State v Wiles, 59 Ohio St 3d 71, 76 (1991), the Ohio Supreme Court stated, "the law favors joining multiple offenses in a single trial under Crim Rule 8 (A) if the offenses charged' are of the same or similar character." It is clear that the nature of the two cases at issue is the same or similar in the sense that the Ohio Supreme Court favors when it comes to joinder.

However, if joinder would prejudice a Defendant, the trial court is required to order separate trials. Crim R. 14. It is the Defendant who bears the burden of demonstrating prejudice and that the trial court abused its discretion in denying severance. State v Hill, Cuyahoga App. NO. 80582, 2002-Ohio-4585, citing State v Voley, 93 Ohio St 3d 253, 754 N.E. 2d 1129, 2001-Ohio-1340. To prevail on a claim that the trial court erred in denying a motion to sever, the appellant must affirmatively demonstrate that "(1) his rights were prejudiced, (2) he provided the trial court with sufficient information enabling it to weight the consideration favoring joinder against the defendant's right to a fair trial, and (3) the trial court abused its discretion in refusing to separate the charges for trial. " State v Schaim (1992), 65 Ohio St 3d 51, 59. A defendant's claim of prejudice is negated when (1) evidence of the other crimes would have been admissible as "other acts" evidence under Evid R. 404(B) or (2) the evidence of each crime joined at trial is simple and direct. Lott, supra, at 163, 555 N.E.2d 293; see, also, State v Schaim,supra; State v Franklin (1991), 62 Oho St 3d 118, 122, 580 N.E. 2d 1.

Ohio appellate courts have upheld joinder in sex abuse cases involving multiple child victims where the evidence as to each offense is separate, uncomplicated and sufficient to support a conviction without necessitating the use of evidence relating to other offenses." State v Ashcraft, 12th Dis. Butler No. CA 2008-12-305, 2009 –Ohio 5281, par 19, citing State v Eads, 8th Dist. Cuyahoga No. 87636, 2007-Ohio-539, par. 50-53; State v Campbell, 11th Dist. Lake No. 2004-L-126, 2005-Ohio 6147, *5-6(reversed on other grounds); State v Owens, 2d Dist. Montgomery No. 17394, 2000WL 217219, *10-11(Feb.25, 2000); State v Strobel, 51 Ohio App. 3d 31,32-33 (3d Dist. 1988).

The state of Ohio submits that this case satisfies not just one, but both prongs of the Lott test. First, the State submits that the evidence in both cases would be admissible in each case if they were both tried separately pursuant to Crim R. 404(B).

The Ohio Supreme Court recently clarified the murky waters of 404(B) evidence with its opinion in State V Williams (2012), 134 Ohio St 3d 521, 983 N.E.2d 1278. The Williams court held that when conducting a 404(B) analysis, trial courts should conduct a three prong test to determine the admissibility of the evidence.  The first step is to consider whether the other acts evidence is relevant to making any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Evid R.401. The next step is to consider whether evidence of the other crimes, wrongs, or acts is presented to prove the character of the accused in order to show activity in conformity therewith or whether the other acts evidence is presented for a legitimate purpose, such as those expressly stated in Evid. R. 404 (B). The third step is to consider whether the probative value of the other acts evidence is substantially outweighed by the danger of unfair prejudice. See Evid R. 403.

The state asserts that the evidence would be admissible to show the defendant's motive or prior scheme and plan as well as lack of an accident. In both cases, this defendant involved himself with minor daughters (step and biological) under the age of thirteen with whom he was living. In both cases, he engaged in sexual conduct and the time periods for one victim coincide with some of her sister's allegations.  In both cases, some of the sexual conduct with each victim occurs in the same bedroom. The same detective is involved with each sister's case. Obviously, both children have the same mother who also is a witness in both cases.

Furthermore, even if this Honorable Court were to rule that the evidence is not admissible pursuant to 404(B), in both cases the evidence would be simple and direct. While one victim recalls abuse over an extended period of time that included anal penetration, the other victim will testify to one episode of vaginal rape. Each case involves one victim testifying to the acts committed by the defendant. The evidence is of such a nature that the jury could clearly separate the two.

Therefore, the State of Ohio respectfully requests that this Honorable Court grant it's Motion for Joinder pursuant to both Crim Rules 8 and 13 and allow both cases (CR564978 and 580862) to proceed to trial together.

Respectfully Submitted,
**TIMOTHY J. MCGINTY**
**CUYAHOGA COUNTY PROSECUTOR**

_Ronni Ducoff_
Ronni Ducoff (0039884)
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113
(216) 443-7816
Fax: (216) 698-227

**SERVICE**

A copy of the foregoing Motion has been mailed and filed on this 18th day of April, 2014,

to: Attorney Charles Ruiz-Bueno, via Web Portal.

TIMOTHY J. MCGINTY
CUYAHOGA COUNTY PROSECUTOR

Ronni Ducoff (0039884)
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113
(216) 443-7816
Fax: (216) 698-2270



85621345

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

THE STATE OF OHIO
    Plaintiff

NOEL  CEDENO
    Defendant

Case No: CR-12-564978-A

Judge: STUART A FRIEDMAN

INDICT: 2907.05  GROSS SEXUAL IMPOSITION /SVPS
          2907.05  GROSS SEXUAL IMPOSITION /SVPS
          2907.02  RAPE /SVPS /NPC /RVOS
          ADDITIONAL COUNTS...

## JOURNAL ENTRY

DEFENDANT IN COURT.  COUNSEL J CHARLES RUIZ-BUENO PRESENT.
PROSECUTOR(S) RONNI DUCOFF PRESENT.
COURT REPORTER DIANE CIEPLY PRESENT.
STATE-CERTIFIED INTERPRETER, CATHERINE PINA, PRESENT AND SWORN.
FINAL PRETRIAL SET FOR 09/22/2014 AT 09:00 AM .
AT THE REQUEST OF DEFENDANT.
REASON FOR CONTINUANCE: DISCOVERY ONGOING/NEGOTIATIONS WITH STATE OF OHIO
TRIAL REMAINS SET FOR 10/06/2014 AT 09:00 AM.
STATE'S MOTION FOR JOINDER OF CASE NOS. 564978 AND 580862 FOR TRIAL IS GRANTED.
DEFENSE COUNSEL IN OPEN COURT STATES THAT THE DEFENDANT DOES NOT OBJECT TO JOINDER.
COURT NOTES THAT STATE'S "NOTICE OF USE OF PRIOR CONVICTION" IS IN EFFECT A MOTION. DEFENDANT IS
TO RESPOND AND STATE MAY FILE A REPLY BRIEF IN SUPPORT.


08/26/2014
CPLMG 08/26/2014 17:25:20

_Stuart A Friedman_
——————————————————
Judge Signature        08/28/2014

HEAR
08/26/2014

RECEIVED FOR FILING
08/28/2014 14:05:52
ANDREA F. ROCCO, CLERK



EXHIBIT

28

Page 1 of 1



**POSTED**

FILED

2014 JUN -9  A 10: 45

CLERK OF COURTS
CUYAHOGA COUNTY

CR12563913-A                84576827

**IN THE CUYAHOGA COMMON PLEAS COURT**
**CUYAHOGA COUNTY, OHIO**

| STATE OF OHIO | ) | CASE NO. | CR-12-563913-A |
| | ) | | CR-12-564978-A |
| Plaintiff, | ) | | |
| | ) | | |
| VS. | ) | **JUDGE STUART A. FRIEDMAN** | |
| | ) | | |
| NOEL CEDENO, | ) | **MOTION FOR DISMISSAL** | |
| | ) | | |
| Defendant. | ) | | |

Now comes the Defendant, who has instructed the undersigned to respectfully move this Honorable Court for a dismissal of Case Nos. CR-12-563913-A and CR-12-564978-A for lack of speedy trial.

Although this issued has been considered previously and ruled upon by the Court, Defendant Cedeno believes there are other grounds that were not considered previously.  As such, he has prepared a hand-written motion that is attached hereto as Exhibit A, and the arguments, case law and statutes made therein are incorporated into this motion by reference.

The grounds for his motion appear to be as follows:  1) on October 15, 2012, Defendant Noel Cedeno filed a Notice of Appearance in CR-12-564978-A to proceed with his cases Pro-Se; 2) contemporaneous with the filing of his Notice of Appearance, Defendant Cedeno also filed a notice of "no consent to continuances" and "no consent to go to trial"; 3) however, the docket reflects that continuances were still being docketed and ascribed as Defendant's "request" and other decisions were made in his cases in which he was neither present in court or a part of the decision making process, e.g. referral to Northcoast for a competency evaluation; 4) these issues



**EXHIBIT**
29

were not addressed in the hearing of February 20, 2014; and 5) the time for speedy trial of these two cases has expired, warranting dismissal.

Accordingly, Defendant Noel Cedeno respectfully moves this Honorable Court to dismiss Case Nos. CR-12-563913-A and CR-12-564978-A.  Defendant's hand-written motion is attached hereto as Exhibit A at his request.

Respectfully submitted,

J. Charles Ruiz-Bueno, Esq. (0046806)
Attorney for Defendant

Charles Ruiz-Bueno Co. LPA
36130 Ridge Road
Willoughby, OH  44094
(216) 789-7207
Fax:  (888) 371-7986
jcrblaw@gmail.com

## CERTIFICATE OF SERVICE

The foregoing Request for Bill of Particulars was duly filed with the clerk and Hand Delivered on this 9th day of June, 20 14 to:

Timothy J. McGinty, Esq.                          Cuyahoga County Prosecutors
Ronni E. Ducoff, Esq.
Cuyahoga County Prosecutor's Office
The Justice Center, Courts Tower
1200 Ontario Street
Cleveland, OH  44113

J. Charles Ruiz-Bueno, Esq. (0046806)
Attorney for Defendant

2

COURT OF COMMON PLEAS

CUYAHOGA COUNTY, OHIO.

STATE OF OHIO                    Case No: 12-563913-A
        Plaintiff                        12-564978-A

        v

Noel Cedeno                     JUDGE: STUART A. FRIEDMAN
        Defendant
                                Motion To Dismiss
                                For Lack of Speedy Trial
                                State, Ex Rel. Indus
                                Comm. V. Day
                                136 Ohio st 477 [17.0.086]

        Now Comes Defendant, Noel Cedeno, Pro Se to move this
honorable Court to dismiss Case(s) in bar For Violation of Defendant's
right to a Speedy trial pursuant to ORC 2945.71, 72, 73: Ohio
Constitution Article I, Section 10; and also the sixth and
Fourteenth Amendments to the United States Federal Constu-
tution. The reason in support of this Motion are set
Forth in the accompanying Memorandum of Support

                                        Respectfully Submitted,

                                        Noel Cedeno
                                        Noel Cedeno, Pro Se litigant
                                        P.O. Box 5600
                                        Cleveland, OH 44101

DEFENDANT'S
EXHIBIT
A

## MEMORANDUM IN SUPPORT OF MOTION

The Ohio Supreme Court has stated that "Unequivocally" a Court speaks through Its Journal "only". State, EX Rel. Indus. Com'n. V. Day (1940), 136 Ohio st. 477 [17.0.086], and RC 2945.02 clearly provides; "No Continuance shall be granted except upon affirmative proof in Open Court, With reasonable Notice. That the ends of Justice require a Continuance." Also, whenever any Continuance Is granted, the Court "Must" enter on the Journal (Docket) the "reason" for that Continuance.

A docket entry of a pretrial Continuance which does not state the "reason" therefore, does Not extend the speedy trial time. See: state V. Benson 29 Ohio App.3d 321; 505 N.E.2d 987; 1985 Ohio App. Lexis 10419; 29 Ohio B. Rep 448; also state V. Baker, 92 Ohio App.3d 516, 636 N.E.2d; 363 No.64248 (12/20/93); State V. Wirtaner, Ohio App. 6 District (4/26/76); 110 Ohio 3d 634, 674 N.E.2d, 1245. Also State V. Collins, (Ohio App. 6 Dist. (9/30/93), 91 Ohio App.3d 631 N.E.2d.

The proper procedure for journalization of a Continuance Is stated In state V. Geraldo (1983), 13 Ohio App.3d 27, 30-31; See also Markus, Trial Handbook for Ohio Lawyers (1913) 28, section 32. For purposes of RC 2945.72, the "Unequivocal" and repeated holding of the Ohio Supreme Court has been that the granting of a Continuance "Must" be recorded by the trial Court in Its journal entry; that "Must" Identify the party to Whom the Continuance Is chargeable; and "MUST" set forth the reasons justifying the Continuance. "If Continuance does not state In court's journal all

1

three elements herein mentioned, that Continuance "must" be Counted against the state." State V. Copley (03/27/1980); Cuyahoga App. No. 40888 in Cleveland Heights V. Newman (11/02/1978), Cuyahoga App No. 37768, Unreported, this Court required the trial Court to state on the record the "explicit" reason For a Continuance. IF "reason" is not stated, speedy trial time Continues to run."

Defendant gave "No Consent" to Court appointed Counsel to request _____ Continuances; nor is the "reason" as une- quivocally Mandated by the Courts and statues mentioned herein journalized by the trial Court. The 270 day speedy trial Calculation places the Defendant at _____ days, Warranting a dismissal of Case(s) in bar and an immediate discharge:

COMMENT

This Motion will dispel the adoption of the "at the Defendant's request" as being acceptable or exceptional to these rules and statues mentioned herein.

Respectfully Submitted,

Noel Cedeno, Pro Se litigant

P.O. Box 5600

Cleveland, OH 44101

2.

Criminal Case Docket





## DOCKET INFORMATION

Printer Friendly Version

| Case Number | Case Title | Image Viewer |
|---|---|---|
| CR-12-564978-A | THE STATE OF OHIO vs. NOEL CEDENO | AlternaTIFF |

**From Date**   **Sort**   **Type  Type  Type  Type  Search**

☐ / ☐ / ☐   ⦿ Ascending   ☑  ☑  ☑  ☑  Search
              ○ Descending



| Proceeding Date | Filing Date | Side | Type | Description | Image |
|---|---|---|---|---|---|
| 10/15/2012 | 10/15/2012 | D1 | MO | AMENDED OBJECTION TO INDICTMENTS IN CASE NUMBERS 12-563913-A 12-564978-A, 12-559917-A AND 12-552923-A WHICH ARE DEFECTIVE UPON THERE FACE IN VIOLATION OF O.R.C.2939.20, 2941.08 AND 2941.03, FILED. PRO-SE CUYAHOGA COUNTY JAIL | |
| 10/15/2012 | 10/15/2012 | D1 | MO | NOTICE OF WAIVER OF COUNSE PURSUANT TO RULE 44C, FILED. PRO-SE CUYAHOGA COUNTY JAIL | |
| 10/15/2012 | 10/15/2012 | D1 | MO | NOTICE OF APPEARANCE NOTICE, FILED. PRO-SE NOTICE OF NO CONSENT TO CONTINUANCES, FILED. NOTICE OF NO CONSENT TO GO TO TRIAL, FILED. | |
| 10/15/2012 | 10/15/2012 | D1 | MO | DEMAND FOR DISCHARGE FOR DEFECTS IN THE INSTITUTION OF THE PROSECUTION AND DEFECTS IN THE INDICTMENT, INFORMATION, AND COMPLAINT PURSUANT TO CRIM.R. 12 (C)(10 AND 12(C)(2), FILED. | |
| 10/04/2012 | 10/04/2012 | N/A | JE | PROSECUTOR(S) RONNIE DUCOFF PRESENT. COURT REPORTER JULIANN ADAMS PRESENT. DEFENDANT IN COURT WITH PUBLIC DEFENDER JUAN HERNANDEZ. PRETRIAL HELD 10/04/2012. PRETRIAL CONTINUED TO 10/18/2012 AT 10:30 AM AT THE REQUEST OF DEFENDANT. 10/04/2012 CPLMG 10/04/2012 14:18:45 | |
| 10/04/2012 | 10/04/2012 | N/A | JE | IT IS HEREBY ORDERED THAT OSCAR RODRIGUEZ, ESQ., HERETOFORE ASSIGNED AS COUNSEL FOR THE DEFENDANT IN THIS CAUSE, BE ALLOWED CONSIDERATION WHICH IS INCLUDED IN THE ($3,065.00) PAID IN CASE #563913 FOR SERVICES SO RENDERED. IT IS ORDERED THAT THE COURT CERTIFY SAID AMOUNT TO THE FISCAL OFFICER AND THE COUNTY EXECUTIVE FOR ALLOWANCE AND PAYMENT. AC 1208512 10/04/2012 CPMKE 10/04/2012 14:15:13 | |
| 10/02/2012 | 10/02/2012 | D1 | MO | DEMAND FOR DISCOVERY BY THE DEFENSE, FILED. | |
| 10/02/2012 | 10/02/2012 | D1 | MO | REQUEST FOR EVIDENCE NOTICE, FILED. | |
| 10/02/2012 | 10/02/2012 | D1 | MO | MOTION FOR BILL OF PARTICULARS, FILED. | |

Cuyahoga County Clerk of Courts - Case Docket                                    Page 1 of 6

Print

## CASE INFORMATION

### CR-12-563913-A  THE STATE OF OHIO vs. NOEL CEDENO

**Docket Information**

| Proceeding Date | Filing Date | Side | Type | Description | Image |
|---|---|---|---|---|---|
| 05/30/2013 | 05/30/2013 | N/A | JE | PRETRIAL SET FOR 06/07/2013 AT 10:30 AM. AT THE REQUEST OF DEFENDANT. 05/30/2013 CPLMG 05/30/2013 14:57:47 | |
| 05/15/2013 | 05/15/2013 | N/A | SF | COURT SPECIAL PROJECTS FUND | |
| 01/24/2013 | 01/24/2013 | N/A | CS | COURT REPORTER FEE | |
| 01/24/2013 | 01/24/2013 | N/A | JE | ON A FORMER DAY, THE DEFENDANT WAS REFERRED FOR A COMPETENCY EVALUATION. BASED ON THE REPORT OF DR. GEORGE SCHMEDLEN THE DEFENDANT REFUSED TO COOPERATE WITH THE EVALUATION AND DR. GEORGE SCHMEDLEN WAS UNABLE TO RENDER AN OPINION AS TO THE DEFENDANT'S COMPETENCY TO STAND TRIAL. THEREFORE, THE COURT ORDERS THE DEFENDANT TO TWIN VALLEY FOR A 20-DAY INPATIENT COMPETENCY EVALUATION. A FURTHER REFERRAL TO NCBH WAS ALSO UNSUCCESSFUL (SEE MEMORANDUM OF OPINION AND ORDER DATED (01/24/2013) . THE DEFENDANT IS ORDERED REMANDED TO CUYAHOGA COUNTY JAIL UNTIL A BED BECOMES AVAILABLE. SHERIFF ORDERED TO TRANSPORT THE DEFENDANT TO TWIN VALLEY, UPON NOTIFICATION BY TWIN VALLEY FORENSIC LIAISON. UPON COMPLETION OF THE EVALUATION, TWIN VALLEY IS TO PROVIDE A REPORT TO THE COURT OPINING EITHER (1) THAT THE DEFENDANT IS INCOMPETENT TO ASSIST IN HIS OWN DEFENSE, OR (2) THAT THE DEFENDANT IS INCOMPETENT TO WAIVE HIS RIGHT TO COUNSEL AND TO REPRESENT HIMSELF AND CAN BE TRANSPORTED BACK TO THE CUYAHOGA COUNTY JAIL TO AWAIT TRIAL. IN THE EVENT THAT THE FORENSIC EXAMINER OPINES THAT THE DEFENDANT IS COMPETENT TO STAND TRIAL, SHERIFF ORDERED TO TRANSPORT THE DEFENDANT BACK TO CUYAHOGA COUNTY JAIL UPON NOTIFICATION FROM TWIN VALLEY FORENSIC LIAISON THAT THE DEFENDANT IS READY FOR RETURN. SHERIFF ORDERED TO TRANSPORT DEFENDANT NOEL CEDENO, DOB: 03/14/1971, GENDER: MALE, RACE: HISPANIC. 01/24/2013 CPLMG 01/24/2013 14:15:39 | |
| 01/16/2013 | 01/16/2013 | N/A | CS | COURT REPORTER FEE | |
| 01/14/2013 | 01/14/2013 | N/A | JE | COURT REPORTER TIM MEINKE PRESENT. DEFENDANT IN COURT. INTERPRETER UNAVAILABLE. COURT ADVISES DEFENDANT WHY NO HEARING HELD. DEFENDANT STATES HE UNDERSTANDS. INTERPRETER BERNARDITA ROJAS NOTIFIED OF NEXT PRETRIAL DATE. PRETRIAL SET FOR 01/23/2013 AT 10:00 AM. AT THE REQUEST OF DEFENDANT. 01/14/2013 CPLMG 01/14/2013 14:58:00 | |
| 01/10/2013 | 01/11/2013 | N/A | JE | PRETRIAL SET FOR 01/15/2013 AT 09:00 AM. AT THE REQUEST OF DEFENDANT. 01/10/2013 CPLMG 01/10/2013 16:09:31 | |

*Handwritten annotations:* 2932.21 · 2932.21 · I never was in the Court 5/30/2013 · I was Pro Se they never Callme that keeper to many Time. ok



Criminal Case Docket

*Jante*

Page 1 of 5

## Gerald E. Fuerst, Clerk of Courts
## Court of Common Pleas — Cuyahoga County, Ohio

Case Summary | Case Charges | Costs | Defendant Info | Attorneys | Other Cases
Other Defendants | Print | New Search | Main Menu

# DOCKET INFORMATION

Printer Friendly Version

| Case Number | Case Title | Image Viewer |
|---|---|---|
| CR-12-564978-A | THE STATE OF OHIO vs. NOEL CEDENO | AlternaTIFF |

From Date | Sort | Type | Type | Type | Type | Search

◉ Ascending
○ Descending

| Proceeding Date | Filing Date | Side | Type | Description | Image |
|---|---|---|---|---|---|
| 11/27/2012 | 11/27/2012 | P | MO | STATE'S MOTION FOR REFERRAL TO NORTHCOAST FOR COMPETENCY EVALUATION,FILED. | |
| 11/19/2012 | 11/19/2012 | N/A | CS | COURT REPORTER FEE | |
| 11/16/2012 | 11/16/2012 | N/A | JE | DUE TO ASSIGNED INTERPRETER BERNARDITA ROJAS' ABSENCE, INTERPRETER FROM INTERNATIONAL LANGUAGE BACK IS ASSIGNED FOR HEARING ON 11/16/2012. 11/16/2012 CPLMG 11/16/2012 10:53:01 | |
| 11/16/2012 | 11/16/2012 | N/A | JE | NUNC PRO TUNC ENTRY AS OF AND FOR 09/25/2012. PROSECUTOR(S) RONNIE DUCOFF PRESENT. PUBLIC DEFENDER JUAN HERNANDEZ PRESENT. INTERPRETER FROM INTERNATIONAL LANGUAGE BACK ASSIGNED AND PRESENT. FINAL PRETRIAL HELD 09/25/2012. TRIAL REMAINS SET FOR 09/27/2012 AT 09:00 AM. AT THE REQUEST OF DEFENDANT. 11/16/2012 CPLMG 11/16/2012 10:37:33 | |
| 11/09/2012 | 11/16/2012 | N/A | JE | PROSECUTOR(S) RONNIE DUCOFF PRESENT. COURT REPORTER PRESENT. PRO SE DEFENDANT NOEL CEDENO PRESENT IN COURT. INTERPRETER BERNARDITA ROJAS PRESENT. DISCOVERY HEARING HELD. PROSECUTOR PROFFERED FULL DISCOVERY TO DEFENDANT. DEFENDANT REFUSED TO ACCEPT DISCOVERY. DISCOVERY RETURNED TO PROSECUTOR. COURT REFERRED DEFENDANT TO COURT PSYCHIATRIC CLINIC FOR COMPETENCY EVALUATION. 11/09/2012 CPLMG 11/13/2012 16:27:21 | |
| 11/09/2012 | 11/16/2012 | N/A | JE | COMPETENCY HEARING SET FOR 12/19/2012 AT 09:00 AM. AT THE REQUEST OF DEFENDANT. 11/09/2012 CPLMG 11/13/2012 15:58:08 | |
| 11/09/2012 | 11/09/2012 | N/A | JE | DEFENDANT IS REFERRED TO COURT PSYCHIATRIC CLINIC. DIRECTOR, PSYCHIATRIC CLINIC: IN ACCORDANCE WITH PROVISIONS OF THE OHIO REVISED CODE, 2945.371 COMPETENCE TO STAND TRIAL; ETC. YOU ARE DIRECTED TO EXAMINE NOEL | |

Criminal Case Docket



Page 1 of 6

## Gerald E. Fuerst, Clerk of Courts
## Court of Common Pleas • Cuyahoga County, Ohio

| Case Summary | Case Charges | Costs | Defendant Info | Attorneys | Other Cases |
| Other Defendants | Print | New Search | Main Menu |

# DOCKET INFORMATION

Printer Friendly Version

**Case Number** CR-12-564978-A  **Case Title** THE STATE OF OHIO vs. NOEL CEDENO  **Image Viewer** AlternaTIFF

**From Date** [  ] / [  ] / [  ]    **Sort** ● Ascending  ○ Descending    **Type** [ ] **Type** [ ] **Type** [ ] **Type** [ ]  **Search** [ Search ]

| Proceeding Date | Filing Date | Side | Type | Description | Image |
|---|---|---|---|---|---|
| 12/10/2012 | 12/10/2012 | D1 | MO | CONSTITUTIONAL OBJECTION TO COURT ORDER REFERRING THE DEFENDANT TO NORTHCOAST FOR A PSYCHIATRIC EVALUATION, FILED. | |
| 11/29/2012 | 11/29/2012 | N/A | JE | ON A FORMER DAY, THE DEFENDANT WAS REFERRED FOR A COMPETENCY EVALUATION. BASED ON THE REPORT OF DR. GEORGE W. SCHMEDLEN THE DEFENDANT REFUSED TO COOPERATE WITH THE EVALUATION AND DR. GEORGE W. SCHMEDLEN WAS UNABLE TO RENDER AN OPINION AS TO THE DEFENDANT'S COMPETENCY TO STAND TRIAL. THEREFORE, THE COURT ORDERS THE DEFENDANT TO NORTHCOAST BEHAVIORAL HEALTHCARE SYSTEMS-CLEVELAND CAMPUS (NBHS-CC) FOR A 20-DAY INPATIENT COMPETENCY EVALUATION. THE DEFENDANT IS ORDERED REMANDED TO CUYAHOGA COUNTY JAIL UNTIL A BED BECOMES AVAILABLE. SHERIFF ORDERED TO TRANSPORT THE DEFENDANT TO NBHS-CC UPON NOTIFICATION BY CCCMHB FORENSIC LIAISON. UPON COMPLETION OF THE EVALUATION, NBHS-CC IS TO PROVIDE A REPORT TO THE COURT OPINING EITHER (1) THAT THE DEFENDANT IS INCOMPETENT TO STAND TRIAL AND IS THEREFORE REQUESTING THAT THE DEFENDANT'S LEGAL STATUS BE UPDATED TO INCOMPETENT TO STAND TRIAL OR (2) THAT THE DEFENDANT IS COMPETENT TO STAND TRIAL AND CAN BE TRANSPORTED BACK TO THE CUYAHOGA COUNTY JAIL TO AWAIT TRIAL. IN THE EVENT THAT THE FORENSIC EXAMINER OPINES THAT THE DEFENDANT IS COMPETENT TO STAND TRIAL, SHERIFF ORDERED TO TRANSPORT THE DEFENDANT BACK TO CUYAHOGA COUNTY JAIL UPON NOTIFICATION FROM CCCMHB FORENSIC LIAISON THAT THE DEFENDANT IS READY FOR RETURN. DEFENDANT STATES HE DESIRES TO REPRESENT HIMSELF. SHOULD BE EVALUATED BOTH | |



CR12563913-A                          84914986

**FILED**

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO
CRIMINAL DIVISION

2014 JUL -3  A  8: 54



STATE OF OHIO                    )    CASE NO. CR 12-563913-A
                                 )              CR 12-564978-A
        Plaintiff               )
                                 )    JUDGE STUART A. FRIENDMAN
                                 )
    -vs-                          )    __STATE BRIEF IN OPPOSITION__
                                 )    __TO DEFENDANT'S MOTION__
NOEL CEDENO                       )    __TO DISMISS__
                                 )
        Defendant                )


        Now comes Timothy J. McGinty Prosecuting Attorney of Cuyahoga County, by and

through his undersigned assistant and on behalf of the State of Ohio, respectfully opposing

Defendant Noel Cedeno's June 9th, 2014 "Motion to Dismiss."  As Defendant has not been

deprived of any speedy trial rights, this Court should deny his Motion.  The reasons for this motion

are more fully set forth in the attached memorandum and are incorporated herein.


                                Respectfully Submitted,
                                Timothy J. McGinty
                                Cuyahoga County Prosecutor



                          BY:   Ronni Ducoff #0039884
                                Assistant Prosecuting Attorney
                                The Justice Center – 9th Floor
                                1200 Ontario Street
                                Cleveland, OH 44113
                                216-443-7816


**EXHIBIT**

__30__

<u>**Statement of the Case and Relevant Facts**</u>

On February 20, 2014, this Court denied Defendant's Motion to Dismiss based on speedy trial grounds.  However, Defendant now erroneously asserts additional grounds he believes warrant a dismissal.  Defendant first asserts because the Journal Entries fail to set forth a "reason" for continuances at Defendant's request, they should not toll the speedy trial period.  Additionally, Defendant claims because a "notice of appearance, no consent to continuances and no consent to trial" were filed on October 15, 2012, any subsequent continuance should not be counted against Defendant for tolling purposes.  For the reasons set forth below, both defense assertions are incorrect.

<u>**Law and Argument**</u>

I. **The Journal Entries Do Not Need To Set Forth the Reason for a Continuance When Requested By Defendant.**

Defendant argues whenever any continuance is granted, the Court must enter in the Journal Entry the reason for that continuance.  If the Journal Entry does not state the reason, Defendant claims the continuance will not extend the speedy trial time.  The State disagrees with this proposition.

The Eighth District court of appeals addressed this issue in *State v. Brelo* (2001), Ohio App. 8th Dist., 2001 WL 1612081, 2001-Ohio-4245.  *Brelo,* in part, addressed the issue of whether or not defense continuances journalized without providing reasons tolled speedy trial time.  The *Brelo* court, citing *State v. Baker* (1993), 92 Ohio App.3d 516, 530-531 found "[t]he trial court is not required to briefly set forth the reasons for granting a continuance at Defendant's request." *Id; See also State v. Stamps,* (1998), 127 Ohio App.3d 219, 226 (the journal entry need not reflect the reasons for the continuance where the continuance was at Defendant's request).

2

Defendant's reliance on *State v. Baker* and *State v. Geraldo*, (1983) 13 Ohio App.3d 27, 30-31 is misplaced. *Geraldo* and *Baker* lay out the following three requirements when journalizing a pretrial continuance:

> (1) The granting of a continuance has to be recorded in the court's journal, (2) The journal has to identify the party to whom the continuance is to be charged (3) If the trial court is acting *sua sponte* in ordering the continuance, the journal has to set forth the reasons justifying the continuance.

*Id* at 30-31.

In the instant case, the continuances were not made *sua sponte*, but rather requested on behalf of Defendant in order to advance his desire to proceed pro se. Therefore, the requirement that the journal entry set forth a reason does not apply and the continuances shall be chargeable against Defendant, tolling the speedy trial period.

**II.    The Actions of Appointed Counsel and Defendant Subsequent to October 15, 2012 Toll the Speedy Trial Period.**

Defendant argues because he filed multiple notices to the court on October 15, 2012, any subsequent continuances made on his behalf were made without consent. The State disagrees with this proposition.

A.    The Pro-se Filing of a Notice of Appearance is Not Enough for a Court to Determine a Defendant Has Effectively Waived His Right to Counsel.

The Sixth Amendment to the U.S. Constitution provides defendants have the right to the assistance of counsel in their defense. However, Defendant may also waive that right when the wavier is voluntary, knowing and intelligent. *See State v. Gibson,* 45 Ohio St.2d, 366, 345 N.E.2d 399 (1976).

3

In order to "establish an effective waiver of the right to counsel, the trial court must make sufficient inquiry to determine whether the defendant fully understands and intelligently relinquishes that right." *Id.* At 366. Ohio Courts have concluded to make this determination, the court must:

> First...determine whether the defendant is competent to waive the right to counsel if the court has reason to doubt the defendant's competence. Second, the court must determine if the wavier is knowing and voluntary.

*See State v. Watson,* (1998) 132 Ohio App.3d 57, 724 N.E.2d 469, 63 *citing Godinez v. Moran* (1993), 509 U.S. 389, 400-402.

Additionally, the Supreme Court of the United States held a court can require a defendant be represented by counsel if it finds that the defendant lacks competence to proceed without counsel. *See Indiana v. Edwards,* 554 U.S. 164.

In the instant case, Defendant filed his pro-se notice of appearance on October 15, 2012. As early as November 9, 2012, the court began to witness "behavior on the part of Defendant that appeared to be irrational, bizarre and inconsistent with his claimed ability to conduct an effective defense at trial." *See* Memorandum of Opinion and Order at ¶5, filed Jan. 8, 2014. As such, on November 9, 2012, Defendant was referred to the Court Psychiatric Clinic to determine his competency to stand trial and proceed pro-se. Due to Defendant's unwillingness to participate in any of the necessary evaluations, it was not determined until January 8, 2014 that he was not competent to provide his own defense. *See* Memorandum of Opinion and Order at ¶21, filed Jan. 8, 2014.

> B. Deliberate Actions Since October 15, 2012 are the Predominant Cause of Delay and Toll Time for Purposes of Speedy Trial Calculation.

Pursuant to R.C. 2945.72, speedy trial time may be tolled by several events, including the following:

(A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;

(B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;

(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;

(D) Any period of delay occasioned by the neglect or improper act of the accused;

(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

(F) Any period of delay necessitated by a removal or change of venue pursuant to law;

(G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order;

(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;

(I) Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code is pending.

1. *The Speedy Trial Period Tolled for the Duration of the Competency Evaluation from October 15, 2012 to June 18, 2013.*

5

Pursuant R.C. 2945.72(B), speedy trial time is tolled during any period in which mental competency to stand trial is being determined.  Furthermore, Ohio courts have found the same. *See State v. Walker*, 2013 WL4105194 (Ohio App. 8 Dist.) (finding speedy trial time was tolled while the defendant was referred to psychiatry clinic for evaluation until his competency was determined); *State v. Prim*, 134 Ohio App.3d 142, 730 N.E.2d 455 (finding the period during which the mental competency of the accused to stand trial is being determined tolls the time in which the accused must be brought to trial); *see also State v. Bowman* (1987), 41 Ohio App.3d 318, 535 N.E.2d 730; *State v. Wilson* (1982), 7 Ohio App.3d 219, 454 N.E.2d 1348.

In the instant case, Defendant filed his motion to proceed pro-se on October 15, 2012, tolling the speedy trial time pursuant to R.C. 2945.72(E) for a "reasonable period" to allow the State an opportunity to respond and the Court an opportunity to rule. *State v. Sanchez*, 110 Ohio St.3d 274, 2006–Ohio–4478, 853 N.E.2d 283.  Speedy trial time tolled until a hearing was held on November 9, 2012 wherein the State presented Defendant with discovery.  Based on the erratic behavior at the hearing and the refusal of discovery by Defendant, the Court ordered a competency evaluation be completed.

The Court referred Defendant to the Psychiatric Clinic on November 9, 2012.  On November 29, 2012, the clinic submitted a report stating Defendant was uncooperative and refused assessment.  On that same date, Defendant was referred to Northcoast Behavior Healthcare for a 20-day inpatient competency evaluation.  Defendant filed a motion on December 10, 2012 objecting to his referral to Northcoast, thereby tolling the speedy trial period for a "reasonable time." *See State v. Sanchez, supra.*  On January 4, 2013, Northcoast reported Defendant was uncooperative and refused assessment.  In spite of this fact, Northcoast concluded Defendant was competent to stand trial.  However, this Court found the determination "...[had]

6

not set forth the basis for those opinions." Memorandum of Opinion and Order, ¶5, filed January 8, 2014.  In order to again determine if Defendant was competent to proceed pro se, the Court, On January 24, 2013, referred Defendant to Twin Valley for a 20-day competency evaluation.

The fact that Defendant was not transferred to Twin Valley by the County Sheriff's Office until May 7, 2013 is no longer at issue.  This Court already ruled on and agreed with the State of Ohio that this waiting period tolled time pursuant to *State v. Brelo*, 8th Dist. Cuyahoga Co. NO 79580, 2001 Ohio App. LEXIS 5530 (Dec. 13, 2001) (holding R.C. 2945.72(B) continues to toll speedy trial time while a defendant waits more than four months for his court-ordered competency evaluation).  In addition, this oversight by the Sheriff's Office was discovered by the State of Ohio and brought to the Court's attention immediately.

On June 7, 2013, the court held a hearing during the pendency of Defendant's competency evaluation.  At the hearing, Defendant went on record disapproving of his court appointed interpreter and requested a new one be appointed.  The court complied with Defendant's request and continued the hearing until June 20, 2013, tolling time.  See R.C.2945.72(H).   On June 11, 2013, Twin Valley submitted a report indicating Defendant was not cooperative with the competency evaluation.  However, the report also indicated Defendant was competent to stand trial and represent himself.  A competency hearing was subsequently scheduled for June 19, 2013.  However, that hearing had to be aborted due to Defendant's refusal to stipulate to the report, even though it concluded he was competent to represent himself at trial.  As a result, the Court continued the matter for a further hearing on July 9, 2013.

From October 15, 2012 to June 20, 2013, zero days should be charged against the State for speedy trial purposes.  But for Defendant's repeated and deliberate attempts to thwart the evaluation process, a determination of competency would not have been delayed, nor would it

7

have been necessary to conduct it at three separate facilities.  Additionally, Defendant's refusal

to stipulate to the competency evaluation resulted in another pre-trial hearing held on July 9,

2013 at Defendant's request, thereby tolling additional time.

2.  *Speedy Trial Tolled from June 19, 2013 to August 29, 2013 due to
Defendant's Requests for Continuance and Secondary Competency Evaluation.*

On July 9, 2013, a continuance was granted until July 24, 2013 because the court was in

trial.  This period is tolled by "[t]he period of any continuance granted on the accused's own

motion, and the period of any reasonable continuance granted other than upon the accused's own

motion[.]" R.C. 2945.72(H); *State v. Baker*, 92 Ohio App.3d 516 (1993).

During this period, the Court referred Defendant back to the Court Psychiatric Clinic on

July 19, 2013, once again tolling time while determining competency.  On August 7, 2013, The

Court Psychiatric Clinic reported Defendant failed to cooperate with the evaluation process and

no determination of competency could be made.  Because of the referral to the Psychiatric

Clinic, the Court continued the competency evaluation hearing to August 29, 2013.

3.  *The Court's Continuances Tolled the Speedy Trial Time from August 29, 2013
to November 21, 2013.*

Pursuant to R.C. 2945.72(H), a *sua sponte* continuance may toll speedy trial time.  *State v.

Pirkel*, 8th Dist. Cuyahoga App. No. 93305, 2010–Ohio–1858 "A *sua sponte* continuance must be

properly journalized before the expiration of the speedy trial period and must set forth the trial

court's reasons for the continuance." *Id*, quoting *State v. Weatherspoon*, 5th Dist. Richland App.

No.2006CA0013, 2006-Ohio-4794.  "The record of the trial court must...affirmatively

demonstrate that a *sua sponte* continuance by the court was reasonable in light of its necessity or

purpose." *State v. Lee*, 48 Ohio St.2d 208, 209 (1976).

At the August 29, 2013 competency hearing, Defendant requested the Court appoint a non-certified Spanish interpreter on his behalf. The State responded by requesting the Court appoint a certified interpreter. The Court continued the case to September 30, 2013 to review the appropriate case law and render a decision. The time delay for this review was short and therefore "reasonable," in compliance with R.C. 2945.72(H). Additionally, the Court's journal entry reflected the reason for the continuance. On September 30, 2013, the court again continued the competency hearing to October 10, 2013 in order to translate the State's Motion in Opposition to Spanish. The reason for the continuance was reflected in the Court's Journal Entry.

The Court again ordered continuances on October 10, 2013 and October 31, 2013 due to Dr. Noffsinger's unavailability. Because Dr. Noffsinger's testimony was necessary to conduct the competency hearing, the continuance by the Court was reasonable. *See* R.C. 2945.72(H). The hearing on his competency to proceed pro se was held on November 21, 2013 where Defendant was afforded an opportunity to ask questions of Dr. Noffsinger from the court psychiatric clinic. Therefore the period of the Court's continuances from October 10, 2013 to November 21, 2013 are tolled as to speedy trial calculation.

    4. *Defendant's Motion for Pro-Se Writ of Discovery and Motion to Dismiss Toll Speedy Trial Time from November 12, 2013 to February 20, 2014.*

Defendant filed a Motion for Discovery on November 12, 2013, tolling the speedy trial period for a reasonable time. *See* R.C. 2945.72(E). The Eighth District Court of Appeals has interpreted "reasonable time" to mean 30 days. *See State v. Byrd*, 8th Dist. Cuyahoga App. No. 91433, 2009-Ohio-3283; *State v. Barb*, 8th Dist. Cuyahoga App. No. 90768, 2008-Ohio-5877. Furthermore, the State tried to comply with his motion by delivering discovery to Defendant in court on December 3, 2013. Defendant again refused said discovery. This behavior rendered the court unable to rule on Defendant's motion to proceed pro se.

9

Defendant also filed a Motion to Dismiss on December 5, 2013, tolling the speedy trial time until the motion is ruled upon. *See* R.C. 2945.72(E); *State v. Bickerstaff,* 10 Ohio St.3d 62, 67, 461 N.E.2d 892 (1984). The Court's journal entry indicates a hearing on the Motion to Dismiss was not held and ruled upon until February 20, 2014. The delay in ruling was to allow Defendant time to respond to the State's responsive motion, which he did on February 14, 2014. Therefore, due to Defendant's actions, the speedy trial period was tolled from November 12, 2013 to February 20, 2014. In the interim, the Court ruled that Defendant was not competent to proceed pro se and assigned him counsel.

> 5. *Defendant's Requests for Continuance, Demand for Discovery, Motion Requesting Co-Counsel and Motion to Dismiss Toll the Speedy Trial Period from February 20, 2014 to Present.*

On February 3, 2014, counsel for Defendant filed Motions for Discovery and Bill of Particulars which toll the speedy trial time for 30 days. *See* R.C. 2945.72(E); *State v. Byrd, supra.* Upon the Court's denial of Defendant's Motion to Dismiss on February 6, 2014, Defendant, being overruled on his motion, requested a continuance to March 5, 2014. At the March 5, 2014 pre-trial, Defendant requested another continuance to March 31, 2014. At that hearing, Defendant requested a continuance for a final pre-trial date of April 17, 2014 for the purposes of discovery and possible negotiations with the State of Ohio. A trial date of June 23, 2014 was requested by Defendant at the final pre-trial hearing. In the interim, Defendant filed multiple motions which also tolled the speedy trial period.

Furthermore, on June 9, 2014, motions for appointment of co-counsel, for discovery and dismissal were filed on Defendant's behalf which all serve to toll the speedy trial period. *See* R.C. 2945.72(E); *State v. Bickerstaff, supra.* On June 11, 2014, the Court denied Defendant's motion to appoint co-counsel and granted Defendant's request for continuance, tolling time. On

10

June 12, 2014, the Court granted defense counsel's Motion to Continue the trial date of June 24, 2014. The Court granted Defendant's request for a continuance to July 3, 2014, tolling the speedy trial period to the present.

### Conclusion

Defendant is incorrect in asserting the speedy trial period has expired in this case. His motion misapplies the standard for reviewing Journal Entries as stated in *State v. Baker*, *supra*. Additionally, Defendant is incorrect in asserting that his mere "notice of appearance" and "no consent to continuances" excludes him from being accountable for continuances filed on his behalf after October 15, 2012. As this court has already ruled on this issue and found there is no speedy trial violation, the State asserts that from October 15, 2012 to present, there have been no speedy trial days charged against the State. Therefore, the State requests this honorable Court overrule Defendant's Motion to Dismiss for the reasons stated above.

Respectfully Submitted,
Timothy J. McGinty
Cuyahoga County Prosecutor


BY:   Ronni Ducoff #0039884
Assistant Prosecuting Attorney
The Justice Center – 9th Floor
1200 Ontario Street
Cleveland, OH 44113
216-443-7816

11

## SERVICE

A copy of the foregoing Motion has been mailed and filed on this 3rd day of July, 2014,

to: Attorney Charles Ruiz-Bueno, via Web Portal.

**TIMOTHY J. MCGINTY**
**CUYAHOGA COUNTY PROSECUTOR**

*Ronni Ducoff*

Ronni Ducoff (0039884)
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113
(216) 443-7816
Fax: (216) 698-2270



84977195

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

THE STATE OF OHIO
   Plaintiff

NOEL  CEDENO
   Defendant

Case No: CR-12-564978-A

Judge: STUART A FRIEDMAN

INDICT: 2907.05  GROSS SEXUAL IMPOSITION /SVPS
        2907.05  GROSS SEXUAL IMPOSITION /SVPS
        2907.02  RAPE /SVPS /NPC /RVOS
        ADDITIONAL COUNTS...

## JOURNAL ENTRY

DEFENDANT'S MOTION TO DISMISS FOR LACK OF SPEEDY TRIAL IS OVERRULED.
THE COURT HAS CAREFULLY REVIEWED DEFENDANT'S MOTION AND THE STATE'S BRIEF IN OPPOSITION, AND
FINDS THAT THE ISSUES RAISED WERE LARGELY DISPOSED OF PREVIOUSLY. OTHER CLAIMS BY DEFENDANT DO
NOT SUPPORT DEFENDANT'S ASSERTION OF A VIOLATION OF HIS RIGHT TO A SPEEDY TRIAL.

07/09/2014
CPSAF 07/09/2014 16:41:17

_Stuart A Friedman_
Judge Signature        07/09/2014



EXHIBIT
31

HEAR
07/09/2014

RECEIVED FOR FILING
07/09/2014 17:13:08
ANDREA F. ROCCO, CLERK

Page 1 of 1

CR12564978-A          85856685

In The Court Of Common Pleas
Cuyahoga County, Ohio

POSTED

The State Of Ohio                    Case No: 12-564978
          Plaintiff                  Case No: 13-580862
RECEIVED FOR FILING

V.

Noel Cedeno          SEP 10 2014     Judge: Stuart A. Friedman
Defendant    CUYAHOGA COUNTY
             CLERK OF COURTS
             By _____ Deputy       Amended
                                     Malicious Prosecution
                                     And Misfeasance
                                     See Defendant's Exhibit "A"

Now comes Noel Cedeno in a Pro Se Filing
whom enters Malicious Prosecution and Misfeasance
to the Following Indictments in Case numbers 11-
552923-A, 12-559917-A, 12-563913-A, 12-564978-A
and 13-580862-A.

Multiple Indictment Constitute Malicious Prosecution

The return of an indictment by a grand jury
raises a rebuttable presumption that probable
cause existed for the institution of prosecution,
and it puts upon the Defendant a requirement to rebut
such presumption. Dailey at 16, citing Mayes at 737-738,
Waller. To do so, the Defendant must "produce" substantial
evidence that the return of the Indictment resulted
from perjured testimony or that the grand jury
proceedings were otherwise "significantly" irregular.
"Reinoehl V. Trinity Universal Ins. Co. (1998), 130

1.

EXHIBIT
32
tabbies

Ohio App. 3d 186, 196, quoting Fair. Recognizing that grand jury evidence is usually secret, this Court has stated that a Defendant may also rebut a presumption of Probable Cause by introducing "evidence of a substantial nature which Counterbalances the presumption." Mayes at 738. The Factual account of the alleged Victim in the Multiple Indictment in Case Numbers 11-552923-A, 12-559917-A, 12-563913-A, 12-564978 and 13-580862 Constitutes Perjured testimony when Weight against the Fact the three of the Five Indictment were dismissed and amended with different days of the alleged Violations Charges. The perjured testimony does not state the alleged Violations Occurred within the territorial jurisdiction of the State of Ohio. The Defendant Contends the indictments were not presented to a grand jury Comprised of non state employees or Cuyahoga County employees qualified to Concur and return a true bill Indictment upon the review of Sufficient Facts and evidence presented in a lawful grand jury proceeding.

Date September 5, 2014

Noel Pedeno, Pro Se Litigant

2.

## FACTS

This actions alleged in this Complaint Constitute Serious Violations of Defendant rights as guaranteed by the Fourteenth Amendment to the United states Constitution. The Defendant named above have Conspired to engage in a pattern of Corrupt activity. Acting Under Color of state law. To deprive Defendant of this Constitutionally Guaranteed right to due process. The Defendant named above have engaged in a Nefarious, Systematic, Illegal practice of Seeking and gaining Indictments in this action Without Conducting proper legal justification For those Indictments, statutorily, Ohio is a Indictment state which Means all prosecution Must be by way of ~~Indictment~~ Information. In this intance the state Purported to have Indicted Defendant For a Case that Originated January 1, 2009. Defendant has been Indicted a total of Five (5) times, From January 1, 2009 to January 6, 2014.

First Indictment = (January 1, 2009) Dismissed Founded on Information that when Investigated, showed the Defendant was incarcerated at the time the Offense was alleged to have Occurred.

Second Indictment = (March 9, 2012) Dismissed

Third Indictment = (July 6, 2012) Dismissed

Fourth Indictment = (August 10, 2012) Pending (Court of Common Pleas)

Fifth Indictment (January 6, 2014) Pending (Court of Common Pleas)

In this Fifth Indictment Which Seriously bring into question all previous Indictment on Veracity Issues. Defendant Was present at his pretiminary examination on the charges alleged in Indictment Case

3

No. CR-13-580862-A that request was refused by the arraignment Judge. Defendant has since, through his own devices, obtained a copy of the Complaint. The Complaint received for filing date December 11, 2013 does not statutorily comport with the indictment handed down by the Grand Jury on January 6, 2014. As a matter of fact the Complaint received for filing on December 11, 2013 is the original Complaint that was given for Defendant Indictment date January 1, 2009 which was dismissed on erroneous information issues. This Complaint has been re-cycled by the Prosecuting attorney to get subsequent indictment since the very first Indictment handed down January 1, 2009. This action by Plaintiff constitutes a serious breach of Defendant due process rights because every indictment subsequent to the January 1, 2009 Indictment did not comport with statutory requirements. In Criminal Law the Complaint must set forth a specified offense that has been committed and an offer of proof of fact, to the end that a prosecution may be instituted. This is not evident from the Complaint Summary and bond report submitted here in. By continually re-cycling the same Complaint to the Grand Jury to get defendant re-indicted over seriously violates defendant rights to due process under the Fourteenth Amendment to the United States Constitution. This illegal practice by Plaintiff constitutes engaging in pattern of

4.

Corrupt activity and Constitutes Misfeasance on the part of these state actors.

Date September 5, 2014

Noel Cederlo, Pro Se litigant
P. O. Box 5600
Cleveland, OH 44101

## CERTIFICATE OF SERVICE

The Defendant Certifies that the Forgoing document(s) have been Serviced by Mail to the Cuyahoga County Clerk Of Court located at 1200 Ontario Street Cleveland, Ohio 44113-1664. The defendant lacks the Resources to Service the Prosecutor or the Clerk of Judge Stuart A. Friedman. The Defendant requests the Clerk Of Courts Service a Copy of the Forgoing document(s) upon the Prosecutor and the Clerk of Judge Stuart A. Friedman.

Date September 5, 2014

Noel Cederlo, Pro Se litigant

5.

## ADDITIONAL CERTIFICATE OF SERVICE

The Following Party's and or agencies have been Serviced by mailed a copy of the Forgoing document(s). The Defendant has requested an administrative copy of the Foregoing document(s) be maintained with the Following agencies in Support of possible Forth Coming litigation against the, Cuyahoga Clerk of Court. A Formal Complaint has been Filed with the following agencies. The Defendant humbly request that all Filings Serviced upon the Cuyahoga County Clerk of Courts be Filed in a timely manner. Thank you For your Future- Cooperation in keeping Fundamental Fairness in the legal process by timely Filing all documents Serviced upon the Cuyahoga Clerk of Courts. These document(s) are time Sensitive and require immediate entry upon the docket.

1. The Office of the Clerk of Court For
   The Ohio Supreme Court
   65 South Front Street, 8th Floor
   Columbus, Ohio 43215-3431

3. The Ohio Ethics Commission
   30 west Spring street L 3
   Columbus, Ohio 43215-7256

2. The Administrative Judge For Cuyahoga County
   The Honorable Nancy Fuerst
   Cuyahoga County Court of Common Pleas
   1200 Ontario street Court Room 15-B
   Cleveland, Ohio 44113-1678

Date September 5, 2014          Nail Cedeno
                          6.    NOEL CEDENO, Pro Se litigant.

580862 "Exhibit A"

1043 2516

## Complaint Summary and Bond Report

Cuyahoga County Prosecutor's Office                                              Region 2

| Case No. | CCN 106-7467 | CIF # 6278BF | Report Date 07/28/2011 |
|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| Name | Cedeno, Noel | | Phone | (216) 298-3153 |
| Address | 3140 W 61 ST, CLEVELAND, OH 44102 | | Alias | |
| Ethnicity | White | | Sex | M  Age 37 |
| Height | 507  Weight  280  Hair  Brown | | Eyes | Brown |
| D.O.B. | 03/14/1971  SSN ~~~~~~ | | Driver License | SS784321 |
| Birthplace | | | | |

| | | | |
|---|---|---|---|
| Orig. Agency | Cleveland Division of Police | Date of Offense | 1/1/2009 - 3/20/2011 |
| Arresting Agency | | Date of Arrest | |
| Location of Offense | 3140 W 61ST, Cleveland, OH | | |
| Incident Tracking # | FBI # 77537RA1  BCI # 175955 | SO # 250373 | |
| Primary Offense | 2907.02 Rape | | Level |
| Other Offenses | | | |
| Co-Defendants | | | |
| Direct Indictment: | No  Arrested:  No  Warrant:  No  Holders | | |

Probable Cause Synopsis:
Rape

Drugs:                          Weapons:                        Suspected Injury to Victim:

Charges:                                    Municipal Court

| | | | |
|---|---|---|---|
| 2907.05(A)(4): Gross Sexual Imposition | (x2) | F3 | First appearance |
| 2907.02(A)(1)(b): Rape | (x2) | UF | Result |
| 2905.01(A)(4): Kidnapping | (x2) | F1 | Bond type |
| 2923.02 / 2907.05(A)(4): Attempted Gross Sexual Imposition | (x1) | F4 | Bond amount |
| 2907.07(A): Importuning | (x2) | F3 | Prelim. hearing |
| 2907.07(A): Importuning | (x2) | F2 | Prelim. results |

RECEIVED FOR FILING

DEC 11 2013

Blind-over     CUYAHOGA COUNTY CLERK OF
THE COURT OF COMMON PLEAS
By_____ Deputy



CI136278BF          82218973

Printed: 12/11/2013 10:02:29 AM          Complaint Summary and Bond Report          Page: 1 of 1

" Exhibit A "

STATE OF OHIO      )          IN THE COURT OF COMMON PLEAS
               ) SS:
COUNTY OF CUYAHOGA   )        Case No.: CR 13 580862-A
                      Judge: STUART A FRIEDMAN

**FILED**

STATE OF OHIO,            CR13580862-A        86133244

      Plaintiff,          )      JOURNAL ENTRY

2014 OCT -1 A 11:03

vs.                    )   DEFENDANT'S WAIVER OF JURY TRIAL

CLERK OF COURTS
CUYAHOGA COUNTY

NOEL CEDENO            )

      Defendant,          )


     I, NOEL CEDENO, the Defendant in this cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a judge of this Court of Common Pleas. I understand that I have a right, under the Constitutions and laws of both the United States and the State of Ohio, to a trial by a jury of twelve, and that no verdict could be made by a jury, except by agreement of all twelve members of that jury. I further state that no threats or promises have been made to induce me to waive this right, and that I am not under the influence of any drugs, alcohol, or medication that would affect my decision.

                            _____
                            (Signature of Defendant)


     I hereby certify that I am (retained/assigned) counsel for the Defendant in this case, that I have explained to my client his/her rights under the Constitutions and laws of the United States and the State of Ohio to a trial by jury. No threats or promises have been made to induce the Defendant to waive that right, and I certify that this waiver has been knowingly, intelligently, and voluntarily made.

                           0046826
                            _____
                          (Signature of Attorney of Record)

      So ordered.

                            _____
                            Judge STUART A FRIEDMAN

DATE: _____ 10-1-14 _____

**EXHIBIT**

**33**



86138311

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

THE STATE OF OHIO
   Plaintiff

NOEL  CEDENO
   Defendant

Case No: CR-12-564978-A

Judge: STUART A FRIEDMAN

INDICT: 2907.05  GROSS SEXUAL IMPOSITION /SVPS
       2907.05  GROSS SEXUAL IMPOSITION /SVPS
       2907.02  RAPE /SVPS /NPC /RVOS
       ADDITIONAL COUNTS...

## JOURNAL ENTRY

DEFENDANT IN COURT.  COUNSEL CHARLES RUIZ-BUENO PRESENT.
PROSECUTOR(S) RONNI DUCOFF PRESENT.
COURT REPORTER DIANE CIEPLY PRESENT.
DEFENDANT EXECUTED A WRITTEN JURY TRIAL WAIVER AND ON THE RECORD ORALLY WAIVED DEFENDANT'S
RIGHT TO A TRIAL BY JURY.  COURT FINDS THAT THE DEFENDANT KNOWINGLY, INTELLIGENTLY AND
VOLUNTARILY WAIVED RIGHTS TO A TRIAL BY JURY.
STATE'S MOTION IN LIMINE IS DENIED AS MOOT.

10/01/2014
CPLMG 10/01/2014 13:36:26

_Stuart A Friedman_
Judge Signature          10/01/2014

HEAR
10/01/2014



86138294

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

THE STATE OF OHIO
    Plaintiff

NOEL CEDENO
    Defendant

Case No: CR-13-580862-A

Judge: STUART A FRIEDMAN

INDICT: 2907.02  RAPE /SVPS /NPC /RVOS
           2905.01  KIDNAPPING /SMS /SVPS /NPC /RVOS

## JOURNAL ENTRY

DEFENDANT IN COURT.  COUNSEL CHARLES RUIZ-BUENO PRESENT.
PROSECUTOR(S) RONNI DUCOFF PRESENT.
COURT REPORTER DIANE CIEPLY PRESENT.
DEFENDANT EXECUTED A WRITTEN JURY TRIAL WAIVER AND ON THE RECORD ORALLY WAIVED DEFENDANT'S
RIGHT TO A TRIAL BY JURY.  COURT FINDS THAT THE DEFENDANT KNOWINGLY, INTELLIGENTLY AND
VOLUNTARILY WAIVED RIGHTS TO A TRIAL BY JURY.
STATE'S MOTION IN LIMINE IS OVERRULED.

10/01/2014
CPLMG 10/01/2014 13:35:35

_____
Judge Signature           10/01/2014

HEAR
10/01/2014

RECEIVED FOR FILING
10/01/2014 15:58:58
ANDREA F. ROCCO, CLERK

Page 1 of 1



86248068

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

THE STATE OF OHIO
 Plaintiff

NOEL CEDENO
 Defendant

Case No: CR-12-564978-A

Judge: STUART A FRIEDMAN

INDICT: 2907.05  GROSS SEXUAL IMPOSITION /SVPS
2907.05  GROSS SEXUAL IMPOSITION /SVPS
2907.02  RAPE /SVPS /NPC /RVOS
ADDITIONAL COUNTS...

## JOURNAL ENTRY

COURT TRIAL CONTINUES.
AT THE CLOSE OF STATE'S CASE, PROSECUTOR NOLLES COUNTS 8 AND 10.
STATE RESTS.
COURT OVERRULES MOTION FOR ACQUITTAL UNDER RULE 29.

10/08/2014
CPLMG 10/08/2014 15:28:27

_____
Judge Signature   10/09/2014



EXHIBIT
34

HEAR
10/08/2014

RECEIVED FOR FILING
10/10/2014 07:15:49
ANDREA F. ROCCO, CLERK

Page 1 of 1



86247966

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

THE STATE OF OHIO
   Plaintiff

NOEL CEDENO
   Defendant

Case No: CR-13-580862-A

Judge: STUART A FRIEDMAN

INDICT: 2907.02  RAPE /SVPS /NPC /RVOS
       2905.01  KIDNAPPING /SMS /SVPS /NPC /RVOS

## JOURNAL ENTRY

COURT TRIAL CONTINUES.
STATES RESTS.
COURT OVERRULES MOTION FOR ACQUITTAL UNDER RULE 29.

10/08/2014
CPLMG 10/08/2014 15:27:25

_Stuart A Friedman_
Judge Signature          10/09/2014



EXHIBIT
_35_

HEAR
10/08/2014

RECEIVED FOR FILING
10/10/2014 07:15:47
ANDREA F. ROCCO, CLERK

Page 1 of 1



86295420

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

THE STATE OF OHIO
Plaintiff

NOEL CEDENO
Defendant

Case No: CR-12-564978-A

Judge: STUART A FRIEDMAN

INDICT: 2907.05  GROSS SEXUAL IMPOSITION /SVPS
2907.05  GROSS SEXUAL IMPOSITION /SVPS
2907.02  RAPE /SVPS /NPC /RVOS
ADDITIONAL COUNTS...

## JOURNAL ENTRY

DEFENDANT IN COURT WITH COUNSEL J CHARLES RUIZ-BUENO.  PROSECUTING ATTORNEY(S) RONNI DUCOFF
PRESENT.
COURT REPORTER ELLEN RASSIE PRESENT.
THE COURT FINDS THE DEFENDANT GUILTY OF GROSS SEXUAL IMPOSITION 2907.05 A(4) F3  UNDER COUNT(S) 1, 2
OF THE INDICTMENT.
THE COURT FINDS THE DEFENDANT NOT GUILTY OF SEXUAL VIOLENT PREDATOR SPECIFICATION(S) AS
CHARGED IN COUNT(S) 1, 2 OF THE INDICTMENT.
THE COURT FINDS THE DEFENDANT NOT GUILTY OF RAPE 2907.02 A(1)(B)  WITH SEXUAL VIOLENT PREDATOR
SPECIFICATION(S), NOTICE OF PRIOR CONVICTION SPECIFICATION(S), REPEAT VIOLENT OFFENDER
SPECIFICATION(S) 2941.149 AS CHARGED IN COUNT(S) 3 OF THE INDICTMENT.
THE COURT FINDS THE DEFENDANT NOT GUILTY OF KIDNAPPING 2905.01 A(4)  WITH SEXUAL VIOLENT
PREDATOR SPECIFICATION(S), REPEAT VIOLENT OFFENDER SPECIFICATION(S) 2941.149, NOTICE OF PRIOR
CONVICTION SPECIFICATION(S) AS CHARGED IN COUNT(S) 4 OF THE INDICTMENT.
THE COURT FINDS THE DEFENDANT GUILTY OF RAPE 2907.02 A(1)(B) UN WITH SEXUAL VIOLENT PREDATOR
SPECIFICATION(S) UNDER COUNT(S) 5 OF THE INDICTMENT.
THE COURT FINDS THE DEFENDANT NOT GUILTY OF NOTICE OF PRIOR CONVICTION SPECIFICATION(S) AS
CHARGED IN COUNT(S) 5 OF THE INDICTMENT.
THE COURT FINDS THE DEFENDANT NOT GUILTY OF REPEAT VIOLENT OFFENDER SPECIFICATION(S) 2941.149 AS
CHARGED IN COUNT(S) 5 OF THE INDICTMENT.
THE COURT FINDS THE DEFENDANT GUILTY OF KIDNAPPING 2905.01 A(4) F1 WITH SEXUAL VIOLENT PREDATOR
SPECIFICATION(S) UNDER COUNT(S) 6 OF THE INDICTMENT.
THE COURT FINDS THE DEFENDANT NOT GUILTY OF NOTICE OF PRIOR CONVICTION SPECIFICATION(S) AS
CHARGED IN COUNT(S) 6 OF THE INDICTMENT.
THE COURT FINDS THE DEFENDANT NOT GUILTY OF REPEAT VIOLENT OFFENDER SPECIFICATION(S) 2941.149 AS
CHARGED IN COUNT(S) 6 OF THE INDICTMENT.
THE COURT FURTHER FINDS THAT THE VICTIM WAS UNDER THIRTEEN YEARS OF AGE AND THAT THIS WAS
COMMITTED WITH A SEXUAL MOTIVATION.
THE COURT FINDS THE DEFENDANT GUILTY OF ATTEMPTED, GROSS SEXUAL IMPOSITION 2923.02/2907.05 A(4) F4
AS CHARGED IN COUNT(S) 7 OF THE INDICTMENT.
THE COURT FINDS THE DEFENDANT NOT GUILTY OF IMPORTUNING 2907.07 A  AS CHARGED IN COUNT(S) 9, 11 OF
THE INDICTMENT.
COUNT(S) 8, 10 IS/ARE NOLLED.
DEFENDANT WAIVES PSI.
DEFENDANT IS REFERRED TO COURT PSYCHIATRIC CLINIC.
DIRECTOR, PSYCHIATRIC CLINIC:
IN ACCORDANCE WITH PROVISIONS OF THE OHIO REVISED CODE, 2947.06(B) REPORTS FOR THE PURPOSE OF
DETERMINING THE DISPOSITION OF A CASE:

PVER
10/14/2014

RECEIVED FOR FILING
10/14/2014 15:45:52
ANDREA F. ROCCO, CLERK

Page 1 of 2

Sheriff Signature _Bko 10-15-14_

EXHIBIT
36



Noel Cedeno
CR-564978-A



86295420

PSYCHIATRIC RECOMMENDATIONS REGARDING DISPOSITION
YOU ARE DIRECTED TO EXAMINE NOEL  CEDENO.
STATE OF OHIO ORDERED TO NOTIFY VICTIM OF DATE & TIME OF SENTENCING.
DEFENDANT REMANDED.
SENTENCING SET FOR 11/13/2014 AT 09:00 AM.

10/14/2014
CPSAF 10/14/2014 10:15:45

_____
Judge Signature          10/14/2014

PVER
10/14/2014



RECEIVED FOR FILING
10/14/2014 15:45:52
ANDREA F. ROCCO, CLERK

Page 2 of 2



86295377

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

THE STATE OF OHIO
   Plaintiff

Case No: CR-13-580862-A

Judge: STUART A FRIEDMAN

NOEL CEDENO
   Defendant

INDICT: 2907.02  RAPE /SVPS /NPC /RVOS
        2905.01  KIDNAPPING /SMS /SVPS /NPC /RVOS

## JOURNAL ENTRY

DEFENDANT IN COURT WITH COUNSEL J CHARLES RUIZ-BUENO.  PROSECUTING ATTORNEY(S) RONNI DUCOFF PRESENT.
COURT REPORTER ELLEN RASSIE PRESENT.
THE COURT FINDS THE DEFENDANT GUILTY OF RAPE 2907.02 A(1)(B) F1 WITH SEXUAL VIOLENT PREDATOR SPECIFICATION(S) UNDER COUNT(S) 1 OF THE INDICTMENT.
THE COURT FINDS THE DEFENDANT NOT GUILTY OF NOTICE OF PRIOR CONVICTION SPECIFICATION(S) AS CHARGED IN COUNT(S) 1 OF THE INDICTMENT.
THE COURT FINDS THE DEFENDANT NOT GUILTY OF REPEAT VIOLENT OFFENDER SPECIFICATION(S) 2941.149 AS CHARGED IN COUNT(S) 1 OF THE INDICTMENT.
THE COURT FINDS THE DEFENDANT GUILTY OF KIDNAPPING 2905.01 A(4) F1 WITH SEXUAL MOTIVATION SPECIFICATION(S)  2941.147, SEXUAL VIOLENT PREDATOR SPECIFICATION(S), NOTICE OF PRIOR CONVICTION SPECIFICATION(S), REPEAT VIOLENT OFFENDER SPECIFICATION(S) 2941.149 AS CHARGED IN COUNT(S) 2 OF THE INDICTMENT.
DEFENDANT IS REFERRED TO COURT PSYCHIATRIC CLINIC.
DIRECTOR, PSYCHIATRIC CLINIC:
IN ACCORDANCE WITH PROVISIONS OF THE OHIO REVISED CODE, 2947.06(B) REPORTS FOR THE PURPOSE OF DETERMINING THE DISPOSITION OF A CASE:
PSYCHIATRIC RECOMMENDATIONS REGARDING DISPOSITION
YOU ARE DIRECTED TO EXAMINE NOEL CEDENO.
STATE OF OHIO ORDERED TO NOTIFY VICTIM OF DATE & TIME OF SENTENCING.
DEFENDANT REMANDED.
SENTENCING SET FOR 11/13/2014 AT 09:00 AM.

10/14/2014
CPSAF 10/14/2014 10:14:46

_Stuart A Friedman_
Judge Signature          10/14/2014

PVER
10/14/2014

RECEIVED FOR FILING
10/14/2014 15:45:49
ANDREA F. ROCCO, CLERK



EXHIBIT
37

Page 1 of 1



86761869

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

THE STATE OF OHIO
  Plaintiff

Case No: CR-12-564978-A

Judge: STUART A FRIEDMAN

NOEL CEDENO
  Defendant

INDICT: 2907.05  GROSS SEXUAL IMPOSITION /SVPS
       2907.05  GROSS SEXUAL IMPOSITION /SVPS
       2907.02  RAPE /SVPS /NPC /RVOS
       ADDITIONAL COUNTS...

## JOURNAL ENTRY

COURT SUA SPONTE AMENDS VERDICT AS TO COUNTS 1 AND 2 TO REFLECT FINDING THAT DEFENDANT IS
GUILTY OF SEXUALLY VIOLENT PREDATOR SPECIFICATION AS TO COUNTS 1 AND 2. DUE TO CLERICAL ERROR
AT THE TIME OF ANNOUNCING ITS VERDCIT, THE COURT INADVERTENTLY STATED THAT IT FOUND DEFENDANT
NOT GUILTY AS TO THOSE SPECIFICATIONS ON COUNTS 1 AND 2, BUT GUILTY AS TO COUNT 5.
DEFENDANT IN COURT.  COUNSEL CHARLES RUIZ-BUENO PRESENT.
COURT REPORTER  PRESENT.
ON A FORMER DAY OF COURT THE COURT FOUND THE DEFENDANT GUILTY OF GROSS SEXUAL IMPOSITION
2907.05 A(4) F3 WITH SEXUAL VIOLENT PREDATOR SPECIFICATION(S) AS CHARGED IN COUNT(S) 1, 2 OF THE
INDICTMENT.
ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT NOT GUILTY OF RAPE 2907.02 A(1)(B) UN
WITH SEXUAL VIOLENT PREDATOR SPECIFICATION(S), NOTICE OF PRIOR CONVICTION SPECIFICATION(S),
REPEAT VIOLENT OFFENDER SPECIFICATION(S) 2941.149 AS CHARGED IN COUNT(S) 3 OF THE INDICTMENT.
ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT NOT GUILTY OF KIDNAPPING 2905.01 A(4) F1
WITH SEXUAL VIOLENT PREDATOR SPECIFICATION(S), REPEAT VIOLENT OFFENDER SPECIFICATION(S) 2941.149,
NOTICE OF PRIOR CONVICTION SPECIFICATION(S) AS CHARGED IN COUNT(S) 4 OF THE INDICTMENT.
ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT GUILTY OF RAPE 2907.02 A(1)(B) UN WITH
SEXUAL VIOLENT PREDATOR SPECIFICATION(S) UNDER COUNT(S) 5 OF THE INDICTMENT.
ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT NOT GUILTY OF NOTICE OF PRIOR
CONVICTION SPECIFICATION(S) AS CHARGED IN COUNT(S) 5 OF THE INDICTMENT.
ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT NOT GUILTY OF REPEAT VIOLENT
OFFENDER SPECIFICATION(S) 2941.149 AS CHARGED IN COUNT(S) 5 OF THE INDICTMENT.
ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT GUILTY OF KIDNAPPING 2905.01 A(4) F1
WITH SEXUAL VIOLENT PREDATOR SPECIFICATION(S) UNDER COUNT(S) 6 OF THE INDICTMENT.
ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT NOT GUILTY OF NOTICE OF PRIOR
CONVICTION SPECIFICATION(S) AS CHARGED IN COUNT(S) 6 OF THE INDICTMENT.
ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT NOT GUILTY OF REPEAT VIOLENT
OFFENDER SPECIFICATION(S) 2941.149 AS CHARGED IN COUNT(S) 6 OF THE INDICTMENT.
THE COURT FURTHER FINDS THAT THE VICTIM WAS UNDER THIRTEEN YEARS OF AGE AND THAT THIS WAS
COMMITTED WITH A SEXUAL MOTIVATION.
 ON A FORMER DAY OF COURT THE COURT FOUND THE DEFENDANT GUILTY OF ATTEMPTED, GROSS SEXUAL
IMPOSITION 2923.02/2907.05 A(4) F4 AS CHARGED IN COUNT(S) 7 OF THE INDICTMENT.
ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT NOT GUILTY OF IMPORTUNING 2907.07 A F2
AS CHARGED IN COUNT(S) 9 OF THE INDICTMENT.
ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT NOT GUILTY OF IMPORTUNING 2907.07 A F2
AS CHARGED IN COUNT(S) 11 OF THE INDICTMENT.

SENT
11/13/2014

RECEIVED FOR FILING
11/18/2014 16:24:30
ANDREA F. ROCCO, CLERK

Page 1 of 2

EXHIBIT
38

86761869

SSSSSSSSSSSSSSSSSSSSSSSS

COUNT(S) 8, 10 WAS/WERE NOLLED.

COUNT 6 MERGES WITH COUNT 5; STATE ELECTS TO PROCEED TO SENTENCING ON COUNT 5 ONLY.

THE COURT FURTHER FINDS THAT THE VICTIM WAS UNDER THIRTEEN YEARS OF AGE AND THAT THESE OFFENSES WERE COMMITTED WITH A SEXUAL MOTIVATION.

OVER OBJECTION OF DEFENDANT, COURT PERMITTED STATE TO REOPEN PROCEEDINGS FOR THE SOLE PURPOSE OF ENTERING INTO EVIDENCE SENTENCING HEARING EXHIBITS 1, 2, 3, 4, AND 5: TO WIT, CERTIFIED COPIES OF JOURNAL ENTRIES OF PREVIOUS CONVICTIONS. JOURNAL ENTRY OF PREVIOUS N.Y. CONVICTION PREVIOUSLY PROVIDED. UPON CONSIDERATION OF THOSE EXHIBITS, COURT REAFFIRMS ITS VERDICT OF GUILTY AS TO SEXUALLY VIOLENT PREDATOR SPECIFICATIONS IN COUNT 5 AND HEREBY AMENDS ITS VERDICT SUA SPONTE TO FIND THE DEFENDANT GUILTY OF S.V.P. ON COUNTS 1 AND 2. AS STATE NOTES, BY OPERATION OF LAW THE R.V.O.S. IS RENDERED MOOT.

DEFENDANT ADDRESSES THE COURT, PROSECUTOR RONNI DUCOFF ADDRESSES THE COURT.

THE COURT CONSIDERED ALL REQUIRED FACTORS OF THE LAW.

THE COURT FINDS THAT PRISON IS CONSISTENT WITH THE PURPOSE OF R. C. 2929.11.

THE COURT IMPOSES A PRISON SENTENCE AT THE LORAIN CORRECTIONAL INSTITUTION OF LIFE.

MANDATORY LIFE IN PRISON WITHOUT PAROLE ON COUNT 5; 2 YEARS TO LIFE ON COUNTS 1 AND 2, ALL CONSECUTIVE TO ONE ANOTHER AND CONSECUTIVE TO COUNT 5; 6 MONTHS ON COUNT 7, CONCURRENT WITH ALL OTHER COUNTS.

ALL COUNTS CONSECUTIVE TO CR 580862.

DEFENDANT TO RECEIVE JAIL TIME CREDIT FOR 966 DAY(S), TO DATE.

POST RELEASE CONTROL IS PART OF THIS PRISON SENTENCE FOR 5 YEARS MANDATORY FOR THE ABOVE FELONY(S) UNDER R.C.2967.28. DEFENDANT ADVISED THAT IF/WHEN POST RELEASE CONTROL SUPERVISION IS IMPOSED FOLLOWING HIS/HER RELEASE FROM PRISON AND IF HE/SHE VIOLATES THAT SUPERVISION OR CONDITION OF POST RELEASE CONTROL UNDER RC 2967.131(B), PAROLE BOARD MAY IMPOSE A PRISON TERM AS PART OF THE SENTENCE OF UP TO ONE-HALF OF THE STATED PRISON TERM ORIGINALLY IMPOSED UPON THE OFFENDER.

DEFENDANT ADVISED OF APPEAL RIGHTS.

DEFENDANT INDIGENT, COURT APPOINTS PUBLIC DEFENDER AS APPELLATE COUNSEL.

TRANSCRIPT AT STATE'S EXPENSE.

THE COURT HEREBY ENTERS JUDGMENT AGAINST THE DEFENDANT IN AN AMOUNT EQUAL TO THE COSTS OF THIS PROSECUTION.

11/13/2014
CPEDB 11/17/2014 09:25:54

| SSSS | |
| --- | --- |
| Judge Signature | 11/18/2014 |

SENT
11/13/2014

RECEIVED FOR FILING
11/18/2014 16:25:30
ANDREA F. ROCCO, CLERK

Page 2 of 2



86752238

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

THE STATE OF OHIO
Plaintiff

Case No: CR-13-580862-A

Judge: STUART A FRIEDMAN

NOEL CEDENO
Defendant

INDICT: 2907.02 RAPE /SVPS /NPC /RVOS
2905.01 KIDNAPPING /SMS /SVPS /NPC /RVOS

## JOURNAL ENTRY

DEFENDANT IN COURT. COUNSEL J CHARLES RUIZ-BUENO PRESENT.
COURT REPORTER PRESENT.
ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT GUILTY OF RAPE 2907.02 A(1)(B) F1 WITH
SEXUAL VIOLENT PREDATOR SPECIFICATION(S) UNDER COUNT(S) 1 OF THE INDICTMENT.
ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT NOT GUILTY OF NOTICE OF PRIOR
CONVICTION SPECIFICATION(S) AS CHARGED IN COUNT(S) 1 OF THE INDICTMENT.
ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT NOT GUILTY OF REPEAT VIOLENT
OFFENDER SPECIFICATION(S) 2941.149 AS CHARGED IN COUNT(S) 1 OF THE INDICTMENT.
ON A FORMER DAY OF COURT THE COURT FOUND THE DEFENDANT GUILTY OF KIDNAPPING 2905.01 A(4) F1 WITH
SEXUAL MOTIVATION SPECIFICATION(S) 2941.147, SEXUAL VIOLENT PREDATOR SPECIFICATION(S), NOTICE OF
PRIOR CONVICTION SPECIFICATION(S), REPEAT VIOLENT OFFENDER SPECIFICATION(S) 2941.149 AS CHARGED IN
COUNT(S) 2 OF THE INDICTMENT.
COUNT 2 MERGES INTO COUNT 1; STATE ELECTS TO PROCEED ON COUNT 1 ONLY. AS STATE NOTES, BY
OPERATION OF LAW THE R.V.O.S. IS RENDERED MOOT.
DEFENDANT ADDRESSES THE COURT, PROSECUTOR RONNI DUCOFF ADDRESSES THE COURT.
OVER OBJECTION OF DEFENDANT, COURT PERMITS STATE TO REOPEN PROCEEDINGS FOR THE SOLE PURPOSE
OF ENTERING INTO EVIDENCE SENTENCING HEARING EXHIBITS 1, 2, 3, 4, AND 5: CERTIFIED COPIES OF JOURNAL
ENTRIES OF PREVIOUS CONVICTIONS. JOURNAL ENTRY OF PREVIOUS N.Y. CONVICTION PREVIOUSLY
PROVIDED. UPON CONSIDERATION OF THOSE EXHIBITS, COURT REAFFIRMS ITS VERDICT OF GUILTY AS TO
SEXUALLY VIOLENT PREDATOR SPECIFICATION IN COUNT 1.
THE COURT CONSIDERED ALL REQUIRED FACTORS OF THE LAW.
THE COURT FINDS THAT PRISON IS CONSISTENT WITH THE PURPOSE OF R. C. 2929.11.
THE COURT IMPOSES A PRISON SENTENCE AT THE LORAIN CORRECTIONAL INSTITUTION OF LIFE.
MANDATORY SENTENCE OF LIFE WITHOUT PAROLE ON COUNT 1.
SENTENCE IS CONSECUTIVE TO CASE CR 564978.
DEFENDANT TO RECEIVE JAIL TIME CREDIT FOR 966 DAY(S), TO DATE.
POST RELEASE CONTROL IS PART OF THIS PRISON SENTENCE FOR 5 YEARS MANDATORY FOR THE ABOVE
FELONY(S) UNDER R.C.2967.28. DEFENDANT ADVISED THAT IF/WHEN POST RELEASE CONTROL SUPERVISION IS
IMPOSED FOLLOWING HIS/HER RELEASE FROM PRISON AND IF HE/SHE VIOLATES THAT SUPERVISION OR
CONDITION OF POST RELEASE CONTROL UNDER RC 2967.131(B), PAROLE BOARD MAY IMPOSE A PRISON TERM AS
PART OF THE SENTENCE OF UP TO ONE-HALF OF THE STATED PRISON TERM ORIGINALLY IMPOSED UPON THE
OFFENDER.
DEFENDANT ADVISED OF APPEAL RIGHTS.
DEFENDANT INDIGENT, COURT APPOINTS PUBLIC DEFENDER AS APPELLATE COUNSEL.
TRANSCRIPT AT STATE'S EXPENSE.
THE COURT HEREBY ENTERS JUDGMENT AGAINST THE DEFENDANT IN AN AMOUNT EQUAL TO THE COSTS OF
THIS PROSECUTION.

SENT
11/13/2014

RECEIVED FOR FILING
11/18/2014 16:25:23
ANDREA F. ROCCO, CLERK

EXHIBIT
39

Page 1 of 2



86752238

11/13/2014
CPEDB 11/14/2014 13:30:26

_Stuart A. Friedman_

Judge Signature                11/18/2014

SENT
11/13/2014

RECEIVED FOR FILING
11/18/2014 16:25:23
ANDREA F. ROCCO, CLERK

Page 2 of 2

IN THE COURT OF COMMON PLEAS
COUNTY OF CUYAHOGA
CRIMINAL DIVISION

CASE NO. 580862

STATE OF OHIO
       Plaintiff-Appellee

         -vs-

NOEL CEDENO

       Defendant-Appellant

JUDGE: STUART A. FRIEDMAN

NOTICE OF APPEAL
Pursuant to App. R. 4(A)

The defendant, Noel Cedeno, by and through undersigned counsel, appeals to the Court of Appeals of Cuyahoga County, Ohio, Eighth Appellate District from the judgment of conviction, entered on the 18th day of December, 2014.

This appeal is taken pursuant to Ohio Rule of Appellate Procedure 4(A) and is filed as a matter of right.

Respectfully submitted,

/S/ Jeffrey M. Gamso
JEFFREY M. GAMSO
#0043869
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113
(216) 443-7583

S E R V I C E

A copy of the herein filed Notice of Appeal was served upon Timothy J. McGinty, Cuyahoga County Prosecutor, Justice Center 1200 Ontario Street, 9th Floor, Cleveland, Ohio 44113, this 10th day of December, 2014.

/S/ Jeffrey M. Gamso
Assistant Public Defender

Electronically Filed 12/10/2014 13:45 / / CA 14 102327 / Confirmation Nbr. 306477 / CLJML

EXHIBIT
40

DOCKETING STATEMENT
EIGHTH DISTRICT COURT OF APPEALS - LOCAL RULE NO. 9

| STATE OF OHIO | TRIAL COURT CASE NO. | 580862 |

vs.

NOEL CEDENO

A.   CHOOSE THE APPROPRIATE DESIGNATION FOR THIS CASE (Check One):

☐   Accelerated calendar. (See Loc. App.R. 11.1)
XX  Regular calendar
☐   Denial of bail appeal
☐   Appeal (check on of the following):
        ☐   A.   From an order granting or denying:
                1. Adoption of a minor child; or
                2. Termination of parental rights. See App.R. 11.2
        ☐   B.   Concerning a dependent, neglected, unruly, or delinquent child. See App.R. 7(C)

(Item A of this docketing statement was adopted at the Judges meeting on February 15, 2001 to comply with Appellate Rule 11.2)

Assigned to the accelerated calendar for the reason(s) checked (see Local Rule 11.1).

☐   1. No transcript required.
☐   2. Transcript and all other evidentiary materials consist of one hundred (100) or fewer pages.

Assigned to the regular calendar with full briefing for reason(s) checked.

XX  1. Transcript and all other evidentiary materials are more than one hundred (100) pages.
☐   2. Brief in excess of fifteen (15) pages is necessary to argue the issues adequately.
☐   3. Appeal concerns unique issue of law that will be substantial precedential value in the determination of similar cases.
☐   4. Appeal concerns multiple or complex issues.
☐   5. A statement is submitted under App. R. 9(C).

B.   THE FOLLOWING QUESTIONS APPLY TO ALL CIVIL AND ADMINISTRATIVE APPEALS:

1.      Final appealable order:
(a)     Has the trial court disposed of all claims by and against all parties?

☐ Yes.  Attach copies of all judgment and orders indicating that all claims against all parties have been dismissed.
☐ No

(b)     If the answer to (a) is "NO", has the trial court made an express determination that there is "no just reason for delay"? See Civ. R. 54(B), with respect to the judgment or order from which the appeal is taken?
☐ Yes, in the same judgment or order.
☐ Yes, in a subsequent order dated _____.
Attached a copy of the subsequent order.
☐ No

the judgment or order subject to explanatory appeal under R.C. 2505.02 (check all that apply)
☐ Yes, because the order was made in a special proceeding. See R.C. 2505.02(B)(2).

☐ Yes, because the order vacates or sets aside a judgment or grants a new trial.
See R.C. 2505.02(B)(3)
☐ Yes, because the order grants or denies a provisional remedy and meets the other criteria of
R.C. 2505.02(B)(4)
☐ Yes, because the order determines that an action may or may not be maintained as a class action.
See R.C. 2505.02(B)(5)
☐ No.

(d)    Does the right to an immediate appeal arise from a provision of a statute other than R.C. 2505.02?
☐ Yes. Identify statute: _____.
☐ No.

NOTE: IF THE ANSWER TO ALL OF THE ABOVE IS "NO", THE ORDER IS NOT A FINAL
APPEALABLE ORDER, AND THE APPEAL WILL BE SUMMARILY DISMISSED FOR LACK OF APPELLATE
JURISDICTION.

2.    Nature of Case:
☐ Administrative Appeal    ☐ Domestic Relations    ☐ Personal Injury
☐ Contract    ☐ Juvenile    ☐ Probate
☐ Declaratory Judgment    ☐ Medical Malpractice    ☐ Other(Describe);

_____

3. Do you know of another case pending before this court which raises the same issue or issues?

☐ Yes    ☐ No.  If Yes, please cite case(s):    _____

_____

4. Does the appeal turn on an interpretation or application of a particular case or statute?

☐ Yes    ☐ No .If Yes, please cite case(s) or statues:    _____

_____

5. Now would you characterize the extent of your settlement discussion prior to judgment?
☐ None    ☐ Minimal    ☐ Moderate    ☐ Extensive.

6. Have settlement discussions taken place since the judgment or order appealed from was entered?
☐ Yes    ☐ No.

7. Would a prehearing conference be of any assistance to the resolution of this matter?  ☐ Yes
☐ No  ☐ Maybe. Please Explain (optional)    _____

_____

8. Briefly summarize the assignments of error presently anticipated to be raised on appeal. (Attach a separate sheet if
necessary.)

_____

Cuyahoga County Public Defender Office (216) 443-7583

Appellate Division
310 Lakeside Avenue
Suite 200
Cleveland, OH  44113

*/S/ Jeffrey M. Gamso*

Appellant or Attorney for Appellant
JEFFREY M. GAMSO

The primary purpose of a prehearing conference is to encourage the parties to explore any possibilities there
may be for settlement of the case before incurring additional expenses or, if that is not possible, to limit the issues.

Loc.App.R. 20(E) provides that this court may assess reasonable expenses, including attorney fees, assess all or
of this Rule.

PRAECIPE

## EIGHTH DISTRICT COURT OF APPEALS - LOCAL RULE NO. 9

STATE OF OHIO

Plaintiff

vs.

NOEL CEDENO

Defendant

TRIAL COURT CASE NO.          580862

DATE OF FINAL JUDGMENT IN          11/18/14
TRIAL COURT

The Notice of Appeal was Filed

Timely in Compliance with:

☐ App. R. 4(A) – within 30 days of the entry of judgment

☐ App. R. 4(B)- exceptions to the 30-day requirement

TO THE CLERK OF THE TRIAL COURT:

XX      1.          Appellant requests that the clerk immediately prepare and assemble the original papers and exhibits
filed in the trial court and a certified copy of docket and journal entries.

XX      2.          In addition, appellant will cause the record in this appeal to include the following (if applicable):

XX      a.      Complete transcript  under  Appellate Rule 9(B).
☐      b.      Partial transcript under Appellate Rule 9(B).
☐      c.      Statement of evidence or proceedings under Appellate Rule 9(C).
☐      d.      Agreed statement under Appellate Rule 9(D)

/S/ Jeffrey M. Gamso

**Cuyahoga County Public Defender**
**Appellate Division**
**310 Lakeside Avenue**
**Suite 200**
**Cleveland, OH  44113**

Appellant or Attorney for Appellant
JEFFREY M. GAMSO

Please Note:

1.          The appellant must instruct the court reporter to prepare the transcript.

2.          If the items checked above are not timely filed with the court, then the appeal will be dismissed. App. R.
10(A)



86752238

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

THE STATE OF OHIO
    Plaintiff

Case No: CR-13-580862-A

Judge: STUART A FRIEDMAN

NOEL CEDENO
    Defendant

INDICT: 2907.02 RAPE /SVPS /NPC /RVOS
    2905.01 KIDNAPPING /SMS /SVPS /NPC /RVOS

## JOURNAL ENTRY

DEFENDANT IN COURT. COUNSEL J CHARLES RUIZ-BUENO PRESENT.
COURT REPORTER PRESENT.
ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT GUILTY OF RAPE 2907.02 A(1)(B) F1 WITH
SEXUAL VIOLENT PREDATOR SPECIFICATION(S) UNDER COUNT(S) 1 OF THE INDICTMENT.
ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT NOT GUILTY OF NOTICE OF PRIOR
CONVICTION SPECIFICATION(S) AS CHARGED IN COUNT(S) 1 OF THE INDICTMENT.
ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT NOT GUILTY OF REPEAT VIOLENT
OFFENDER SPECIFICATION(S) 2941.149 AS CHARGED IN COUNT(S) 1 OF THE INDICTMENT.
ON A FORMER DAY OF COURT THE COURT FOUND THE DEFENDANT GUILTY OF KIDNAPPING 2905.01 A(4) F1 WITH
SEXUAL MOTIVATION SPECIFICATION(S) 2941.147, SEXUAL VIOLENT PREDATOR SPECIFICATION(S), NOTICE OF
PRIOR CONVICTION SPECIFICATION(S), REPEAT VIOLENT OFFENDER SPECIFICATION(S) 2941.149 AS CHARGED IN
COUNT(S) 2 OF THE INDICTMENT.
COUNT 2 MERGES INTO COUNT 1: STATE ELECTS TO PROCEED ON COUNT 1 ONLY. AS STATE NOTES, BY
OPERATION OF LAW THE R.V.O.S. IS RENDERED MOOT.
DEFENDANT ADDRESSES THE COURT, PROSECUTOR RONNI DUCOFF ADDRESSES THE COURT.
OVER OBJECTION OF DEFENDANT, COURT PERMITS STATE TO REOPEN PROCEEDINGS FOR THE SOLE PURPOSE
OF ENTERING INTO EVIDENCE SENTENCING HEARING EXHIBITS 1, 2, 3, 4, AND 5: CERTIFIED COPIES OF JOURNAL
ENTRIES OF PREVIOUS CONVICTIONS. JOURNAL ENTRY OF PREVIOUS N.Y. CONVICTION PREVIOUSLY
PROVIDED. UPON CONSIDERATION OF THOSE EXHIBITS, COURT REAFFIRMS ITS VERDICT OF GUILTY AS TO
SEXUALLY VIOLENT PREDATOR SPECIFICATION IN COUNT 1.
THE COURT CONSIDERED ALL REQUIRED FACTORS OF THE LAW.
THE COURT FINDS THAT PRISON IS CONSISTENT WITH THE PURPOSE OF R. C. 2929.11.
THE COURT IMPOSES A PRISON SENTENCE AT THE LORAIN CORRECTIONAL INSTITUTION OF LIFE.
MANDATORY SENTENCE OF LIFE WITHOUT PAROLE ON COUNT 1.
SENTENCE IS CONSECUTIVE TO CASE CR 564978.
DEFENDANT TO RECEIVE JAIL TIME CREDIT FOR 966 DAY(S), TO DATE.
POST RELEASE CONTROL IS PART OF THIS PRISON SENTENCE FOR 5 YEARS MANDATORY FOR THE ABOVE
FELONY(S) UNDER R.C.2967.28. DEFENDANT ADVISED THAT IF/WHEN POST RELEASE CONTROL SUPERVISION IS
IMPOSED FOLLOWING HIS/HER RELEASE FROM PRISON AND IF HE/SHE VIOLATES THAT SUPERVISION OR
CONDITION OF POST RELEASE CONTROL UNDER RC 2967.131(B), PAROLE BOARD MAY IMPOSE A PRISON TERM AS
PART OF THE SENTENCE OF UP TO ONE-HALF OF THE STATED PRISON TERM ORIGINALLY IMPOSED UPON THE
OFFENDER.
DEFENDANT ADVISED OF APPEAL RIGHTS.
DEFENDANT INDIGENT, COURT APPOINTS PUBLIC DEFENDER AS APPELLATE COUNSEL.
TRANSCRIPT AT STATE'S EXPENSE.
THE COURT HEREBY ENTERS JUDGMENT AGAINST THE DEFENDANT IN AN AMOUNT EQUAL TO THE COSTS OF
THIS PROSECUTION.

SENT
11/13/2014

RECEIVED FOR FILING
11/18/2014 16:25:23
ANDREA F. ROCCO, CLERK

Page 1 of 2



86752238

11/13/2014
CPEDB 11/14/2014 13:30:26

_Steuart A. Friedman_
Judge Signature                    11/18/2014

SENT
11/13/2014

RECEIVED FOR FILING
11/18/2014 16:25:23
ANDREA F. ROCCO, CLERK

Page 2 of 2

IN THE COURT OF COMMON PLEAS
COUNTY OF CUYAHOGA
CRIMINAL DIVISION

CASE NO. 564978

STATE OF OHIO
        Plaintiff-Appellee

              -vs-

NOEL CEDENO

        Defendant-Appellant

JUDGE: STUART A. FRIEDMAN

NOTICE OF APPEAL
Pursuant to App. R. 4(A)

The defendant, Noel Cedeno, by and through undersigned counsel, appeals to the Court of Appeals of Cuyahoga County, Ohio, Eighth Appellate District from the judgment of conviction, entered on the 18th day of December, 2014.

This appeal is taken pursuant to Ohio Rule of Appellate Procedure 4(A) and is filed as a matter of right.

Respectfully submitted,

*/S/ Jeffrey M. Gamso*

JEFFREY M. GAMSO
#0043869
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113
(216) 443-7583

S E R V I C E

A copy of the herein filed Notice of Appeal was served upon Timothy J. McGinty, Cuyahoga County Prosecutor, Justice Center 1200 Ontario Street, 9th Floor, Cleveland, Ohio 44113, this 10th day of December, 2014.

*/S/ Jeffrey M. Gamso*

Assistant Public Defender

EXHIBIT
41

DOCKETING STATEMENT
EIGHTH DISTRICT COURT OF APPEALS - LOCAL RULE NO. 9

STATE OF OHIO _____    TRIAL COURT CASE NO. _____ 564978

_____

vs.

NOEL CEDENO _____

_____

A.   CHOOSE THE APPROPRIATE DESIGNATION FOR THIS CASE (Check One):
☐   Accelerated calendar. (See Loc. App.R. 11.1)
XX   Regular calendar
☐   Denial of bail appeal
☐   Appeal (check on of the following):
     ☐   A.   From an order granting or denying:
               1. Adoption of a minor child; or
               2. Termination of parental rights. See App.R. 11.2
     ☐   B.   Concerning a dependent, neglected, unruly, or delinquent child. See App.R. 7(C)
(Item A of this docketing statement was adopted at the Judges meeting on February 15, 2001 to comply with Appellate Rule 11.2)

Assigned to the accelerated calendar for the reason(s) checked (see Local Rule 11.1).

☐   1. No transcript required.
☐   2. Transcript and all other evidentiary materials consist of one hundred (100) or fewer pages.

Assigned to the regular calendar with full briefing for reason(s) checked.

XX   1. Transcript and all other evidentiary materials are more than one hundred (100) pages.
☐   2. Brief in excess of fifteen (15) pages is necessary to argue the issues adequately.
☐   3. Appeal concerns unique issue of law that will be substantial precedential value in the determination of similar cases.
☐   4. Appeal concerns multiple or complex issues.
☐   5. A statement is submitted under App. R. 9(C).

B.   THE FOLLOWING QUESTIONS APPLY TO ALL CIVIL AND ADMINISTRATIVE APPEALS:

1.   Final appealable order:
(a)   Has the trial court disposed of all claims by and against all parties?

     ☐ Yes.  Attach copies of all judgment and orders indicating that all claims against all parties have been dismissed.
     ☐ No

(b)   If the answer to (a) is "NO", has the trial court made an express determination that there is "no just reason for delay"? See Civ. R. 54(B), with respect to the judgment or order from which the appeal is taken?
     ☐ Yes, in the same judgment or order.
     ☐ Yes, in a subsequent order dated _____.
     Attached a copy of the subsequent order.
     ☐ No
     ☐ Is the judgment or order subject to interlocutory appeal under R.C. 2505.02 (check all that apply)
     ☐ Yes, because the order was made in a special proceeding. See R.C. 2505.02(B)(2).

☐ Yes, because the order vacates or sets aside a judgment or grants a new trial.
See R.C. 2505.02(B)(3)
☐ Yes, because the order grants or denies a provisional remedy and meets the other criteria of
R.C. 2505.02(B)(4)
☐ Yes, because the order determines that an action may or may not be maintained as a class action.
See R.C. 2505.02(B)(5)
☐ No.

(d)    Does the right to an immediate appeal arise from a provision of a statute other than R.C. 2505.02?
☐ Yes. Identify statute: _____.
☐ No.

NOTE: IF THE ANSWER TO ALL OF THE ABOVE IS "NO", THE ORDER IS NOT A FINAL APPEALABLE ORDER, AND THE APPEAL WILL BE SUMMARILY DISMISSED FOR LACK OF APPELLATE JURISDICTION.

2.    Nature of Case:
☐ Administrative Appeal    ☐ Domestic Relations    ☐ Personal Injury
☐ Contract                 ☐ Juvenile             ☐ Probate
☐ Declaratory Judgment     ☐ Medical Malpractice  ☐ Other(Describe):

_____

3. Do you know of another case pending before this court which raises the same issue or issues?

☐ Yes  ☐ No.  If Yes, please cite case(s):    _____

_____

4. Does the appeal turn on an interpretation or application of a particular case or statute?

☐ Yes  ☐ No .If Yes, please cite case(s) or statues:    _____

_____

5. Now would you characterize the extent of your settlement discussion prior to judgment?
☐ None  ☐ Minimal  ☐ Moderate  ☐ Extensive.

6. Have settlement discussions taken place since the judgment or order appealed from was entered?
☐ Yes  ☐ No.

7. Would a prehearing conference be of any assistance to the resolution of this matter? ☐ Yes
☐ No  ☐ Maybe. Please Explain (optional)    _____

_____

8. Briefly summarize the assignments of error presently anticipated to be raised on appeal. (Attach a separate sheet if necessary.)

_____    _____

Cuyahoga County Public Defender Office (216) 443-7583          /S/ Jeffrey M. Gamso

Appellate Division                                            Appellant or Attorney for Appellant
310 Lakeside Avenue                                           JEFFREY M. GAMSO
Suite 200
Cleveland, OH  44113
        The primary purpose of a prehearing conference is to encourage the parties to explore any possibilities there may be for settlement of the case before incurring additional expenses or, if that is not possible, to limit the issues.

        Loc.App.R. 20(E) provides that this court may assess reasonable expenses, including attorney fees, assess all or

PRAECIPE

## EIGHTH DISTRICT COURT OF APPEALS - LOCAL RULE NO. 9

| STATE OF OHIO | TRIAL COURT CASE NO. | 564978 |
|---|---|---|

|  |  |  |
|---|---|---|
| Plaintiff | DATE OF FINAL JUDGMENT IN TRIAL COURT | 11/18/14 |
| vs. | The Notice of Appeal was Filed | |
|  | Timely in Compliance with: | |
|  | XX App. R. 4(A) – within 30 days of the entry of judgment | |
|  | ☐ App. R. 4(B)- exceptions to the 30-day requirement | |

NOEL CEDENO

Defendant

TO THE CLERK OF THE TRIAL COURT:

XX  1.  Appellant requests that the clerk immediately prepare and assemble the original papers and exhibits filed in the trial court and a certified copy of docket and journal entries.

XX  2.  In addition, appellant will cause the record in this appeal to include the following (if applicable):

XX  a.  Complete transcript  under  Appellate Rule 9(B).
☐  b.  Partial transcript under Appellate Rule 9(B).
☐  c.  Statement of evidence or proceedings under Appellate Rule 9(C).
☐  d.  Agreed statement under Appellate Rule 9(D)

*/S/ Jeffrey M. Gamso*

**Cuyahoga County Public Defender**
**Appellate Division**
**310 Lakeside Avenue**
**Suite 200**
**Cleveland, OH  44113**

Appellant or Attorney for Appellant
JEFFREY M. GAMSO

Please Note:

1.  The appellant must instruct the court reporter to prepare the transcript.

2.  If the items checked above are not timely filed with the court, then the appeal will be dismissed. App. R. 10(A)



86761869

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

THE STATE OF OHIO
Plaintiff

NOEL CEDENO
Defendant

Case No: CR-12-564978-A

Judge: STUART A FRIEDMAN

INDICT: 2907.05 GROSS SEXUAL IMPOSITION /SVPS
2907.05 GROSS SEXUAL IMPOSITION /SVPS
2907.02 RAPE /SVPS /NPC /RVOS
ADDITIONAL COUNTS...

## JOURNAL ENTRY

COURT SUA SPONTE AMENDS VERDICT AS TO COUNTS 1 AND 2 TO REFLECT FINDING THAT DEFENDANT IS GUILTY OF SEXUALLY VIOLENT PREDATOR SPECIFICATION AS TO COUNTS 1 AND 2. DUE TO CLERICAL ERROR AT THE TIME OF ANNOUNCING ITS VERDCIT, THE COURT INADVERTENTLY STATED THAT IT FOUND DEFENDANT NOT GUILTY AS TO THOSE SPECIFICATIONS ON COUNTS 1 AND 2, BUT GUILTY AS TO COUNT 5.
DEFENDANT IN COURT. COUNSEL CHARLES RUIZ-BUENO PRESENT.
COURT REPORTER  PRESENT.
ON A FORMER DAY OF COURT THE COURT FOUND THE DEFENDANT GUILTY OF GROSS SEXUAL IMPOSITION 2907.05 A(4) F3 WITH SEXUAL VIOLENT PREDATOR SPECIFICATION(S) AS CHARGED IN COUNT(S) 1, 2 OF THE INDICTMENT.
ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT NOT GUILTY OF RAPE 2907.02 A(1)(B) UN WITH SEXUAL VIOLENT PREDATOR SPECIFICATION(S), NOTICE OF PRIOR CONVICTION SPECIFICATION(S), REPEAT VIOLENT OFFENDER SPECIFICATION(S) 2941.149 AS CHARGED IN COUNT(S) 3 OF THE INDICTMENT.
ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT NOT GUILTY OF KIDNAPPING 2905.01 A(4) F1 WITH SEXUAL VIOLENT PREDATOR SPECIFICATION(S), REPEAT VIOLENT OFFENDER SPECIFICATION(S) 2941.149, NOTICE OF PRIOR CONVICTION SPECIFICATION(S) AS CHARGED IN COUNTS(S) 4 OF THE INDICTMENT.
ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT GUILTY OF RAPE 2907.02 A(1)(B) UN WITH SEXUAL VIOLENT PREDATOR SPECIFICATION(S) UNDER COUNT(S) 5 OF THE INDICTMENT.
ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT NOT GUILTY OF NOTICE OF PRIOR CONVICTION SPECIFICATION(S) AS CHARGED IN COUNT(S) 5 OF THE INDICTMENT.
ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT NOT GUILTY OF REPEAT VIOLENT OFFENDER SPECIFICATION(S) 2941.149 AS CHARGED IN COUNT(S) 5 OF THE INDICTMENT.
ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT GUILTY OF KIDNAPPING 2905.01 A(4) F1 WITH SEXUAL VIOLENT PREDATOR SPECIFICATION(S) AS CHARGED IN COUNT(S) 6 OF THE INDICTMENT.
ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT NOT GUILTY OF NOTICE OF PRIOR CONVICTION SPECIFICATION(S) AS CHARGED IN COUNT(S) 6 OF THE INDICTMENT.
ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT NOT GUILTY OF REPEAT VIOLENT OFFENDER SPECIFICATION(S) 2941.149 AS CHARGED IN COUNT(S) 6 OF THE INDICTMENT.
THE COURT FURTHER FINDS THAT THE VICTIM WAS UNDER THIRTEEN YEARS OF AGE AND THAT THIS WAS COMMITTED WITH A SEXUAL MOTIVATION.
ON A FORMER DAY OF COURT THE COURT FOUND THE DEFENDANT GUILTY OF ATTEMPTED, GROSS SEXUAL IMPOSITION 2923.02/2907.05 A(4) F4 AS CHARGED IN COUNT(S) 7 OF THE INDICTMENT.
ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT NOT GUILTY OF IMPORTUNING 2907.07 A F2 AS CHARGED IN COUNT(S) 9 OF THE INDICTMENT.
ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT NOT GUILTY OF IMPORTUNING 2907.07 A F2 AS CHARGED IN COUNT(S) 11 OF THE INDICTMENT.

SENT
11/13/2014

RECEIVED FOR FILING
11/18/2014 16:25:30
ANDREA F. ROCCO, CLERK

Page 1 of 2



86761869

*Stewart A. Friedman* SSSSSSSSSSSSSSSSSSSSSSSS

COUNT(S) 8, 10 WAS/WERE NOLLED.
COUNT 6 MERGES WITH COUNT 5; STATE ELECTS TO PROCEED TO SENTENCING ON COUNT 5 ONLY.
THE COURT FURTHER FINDS THAT THE VICTIM WAS UNDER THIRTEEN YEARS OF AGE AND THAT THESE
OFFENSES WERE COMMITTED WITH A SEXUAL MOTIVATION.
OVER OBJECTION OF DEFENDANT, COURT PERMITTED STATE TO REOPEN PROCEEDINGS FOR THE SOLE PURPOSE
OF ENTERING INTO EVIDENCE SENTENCING HEARING EXHIBITS 1, 2, 3, 4, AND 5: TO WIT, CERTIFIED COPIES OF
JOURNAL ENTRIES OF PREVIOUS CONVICTIONS. JOURNAL ENTRY OF PREVIOUS N.Y. CONVICTION PREVIOUSLY
PROVIDED. UPON CONSIDERATION OF THOSE EXHIBITS, COURT REAFFIRMS ITS VERDICT OF GUILTY AS TO
SEXUALLY VIOLENT PREDATOR SPECIFICATIONS IN COUNT 5 AND HEREBY AMENDS ITS VERDICT SUA SPONTE
TO FIND THE DEFENDANT GUILTY OF S.V.P. ON COUNTS 1 AND 2. AS STATE NOTES, BY OPERATION OF LAW THE
R.V.O.S. IS RENDERED MOOT.
DEFENDANT ADDRESSES THE COURT. PROSECUTOR RONNI DUCOFF ADDRESSES THE COURT.
THE COURT CONSIDERED ALL REQUIRED FACTORS OF THE LAW.
THE COURT FINDS THAT PRISON IS CONSISTENT WITH THE PURPOSE OF R. C. 2929.11.
THE COURT IMPOSES A PRISON SENTENCE AT THE LORAIN CORRECTIONAL INSTITUTION OF LIFE.
MANDATORY LIFE IN PRISON WITHOUT PAROLE ON COUNT 5; 2 YEARS TO LIFE ON COUNTS 1 AND 2, ALL
CONSECUTIVE TO ONE ANOTHER AND CONSECUTIVE TO COUNT 5; 6 MONTHS ON COUNT 7, CONCURRENT WITH
ALL OTHER COUNTS.
ALL COUNTS CONSECUTIVE TO CR 580862.
DEFENDANT TO RECEIVE JAIL TIME CREDIT FOR 966 DAY(S), TO DATE.
POST RELEASE CONTROL IS PART OF THIS PRISON SENTENCE FOR 5 YEARS MANDATORY FOR THE ABOVE
FELONY(S) UNDER R.C.2967.28. DEFENDANT ADVISED THAT IF/WHEN POST RELEASE CONTROL SUPERVISION IS
IMPOSED FOLLOWING HIS/HER RELEASE FROM PRISON AND IF HE/SHE VIOLATES THAT SUPERVISION OR
CONDITION OF POST RELEASE CONTROL UNDER RC 2967.131(B), PAROLE BOARD MAY IMPOSE A PRISON TERM AS
PART OF THE SENTENCE OF UP TO ONE-HALF OF THE STATED PRISON TERM ORIGINALLY IMPOSED UPON THE
OFFENDER.
DEFENDANT ADVISED OF APPEAL RIGHTS.
DEFENDANT INDIGENT, COURT APPOINTS PUBLIC DEFENDER AS APPELLATE COUNSEL.
TRANSCRIPT AT STATE'S EXPENSE.
THE COURT HEREBY ENTERS JUDGMENT AGAINST THE DEFENDANT IN AN AMOUNT EQUAL TO THE COSTS OF
THIS PROSECUTION.

11/13/2014
CPEDB 11/17/2014 09:25:54

SSSS
_____
Judge Signature          11/18/2014

SENT
11/13/2014
                    RECEIVED FOR FILING
                    11/18/2014 16:25:30
                    ANDREA F. ROCCO, CLERK

                                        Page 2 of 2



86752238

11/13/2014
CPEDB 11/14/2014 13:30:26

Judge Signature                    11/18/2014

SENT
11/13/2014

RECEIVED FOR FILING
11/18/2014 16:25:23
ANDREA F. ROCCO, CLERK

Page 2 of 2

Electronically Filed 12/10/2014 13:58 /  / CA 14 102328 / Confirmation Nbr. 306508 / CLJML

# Court of Appeals of Ohio, Eighth District

County of Cuyahoga
Kelley A. Sweeney, Clerk of Courts

STATE OF OHIO

Appellee

|  | COA NO. | LOWER COURT NO. |
|---|---|---|
|  | 102327 | CR-13-580862-A |
|  | 102328 | CR-12-564978-A |

COMMON PLEAS COURT

-vs-

NOEL CEDENO

Appellant

MOTION NO.  482280

Date 01/28/15

_____

Journal Entry
_____

Motion by appellant to consolidate appeal numbers 102327 and 102328 is granted for record, briefing,

hearing, and disposition.  The record is due February 20, 2015.

RECEIVED FOR FILING

JAN 2 8 2015

CUYAHOGA COUNTY CLERK
OF THE COURT OF APPEALS
By _____ Deputy

_____
FRANK D. CELEBREZZE, JR.
Administrative Judge

NOTICE MAILED TO COUNSEL
FOR ALL PARTIES-COSTS TAXED

CA14102327                87714372

EXHIBIT

42

IN THE COURT OF APPEALS
EIGHTH JUDICIAL DISTRICT
CUYAHOGA COUNTY, OHIO

CA 102327 & 102328

STATE OF OHIO     :

 Plaintiff-Appellee   :

   vs.      :

NOEL CEDENO     :

 Defendant-Appellant   :

---

## APPELLANT'S BRIEF AND ASSIGNMENTS OF ERROR

---

COUNSEL FOR APPELLEE

TIMOTHY J. MCGINTY
Cuyahoga County Prosecutor
Justice Center 9th Floor
1200 Ontario Street
Cleveland, OH 44113
216-443-7800

COUNSEL FOR APPELLANT

ROBERT L. TOBIK, ESQ.
Chief Public Defender
BY: JEFFREY M. GAMSO
# 0043869
310 Lakeside Avenue
Suite 200
216-443-7583
Fax: 216-443-3632

Electronically Filed 04/29/2015 15:16 / FILING OTHER THAN MOTION / CA 14 102327 / Confirmation Nbr. 427132 / CLGAJ



EXHIBIT
43

## TABLE OF CONTENTS

PAGES

TABLE OF AUTHORITIES ................................................................................................ ii

ASSIGNMENTS OF ERROR ............................................................................................ 1

STATEMENT OF THE CASE AND RELEVANT FACTS .............................................. 1

ARGUMENT ...................................................................................................................... 4

    First Assignment of Error ............................................................................................ 4
THE TRIAL COURT COMMITTED ERROR AND DENIED MR. CEDENO HIS
RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE
UNITED STATES CONSTITUTION AND UNDER SECTION 10, ARTICLE I OF THE
OHIO CONSTITUTION WHEN IT REVOKED HIS RIGHT TO REPRESENT HIMSELF
AND ORDERED THAT HE WOULD HAVE TO BE REPRESENTED BY COUNSEL.

    Second Assignment of Error .......................................................................................... 7
THE TRIAL COURT COMMITTED ERROR AND DENIED MR. CEDENO HIS
RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE
UNITED STATES CONSTITUTION, SECTION 10, ARTICLE I OF THE OHIO
CONSTITUTION, R.C. 2929.19(A)(1), AND CRIM.R. 32(A)(1) WHEN IT GRANTED
THE STATE'S OBJECTION AND SUMMARILY REVOKED HIS RIGHT TO
ALLOCUTION. (TR 927-929)

CONCLUSION ................................................................................................................... 10

SERVICE............................................................................................................................. 11

## **TABLE OF AUTHORITIES**

<u>Cases</u>

*Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)................... 4, 5

*Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).........................4

*McKaskle v. Wiggins*, 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984).......................4

*State v. Campbell,* 90 Ohio St.3d 320, 2000-Ohio-183, 738 N.E.2d 1178, (2000)..................9

*State v. Cassano*, 96 Ohio St.3d 94, 2002-Ohio-3751, 772 N.E.2d 81................................4

*State v. Green*, 90 Ohio St.3d 352, 738 N.E.2d 1208 (2000).........................................9

*State v. Reed*, 74 Ohio St.3d 534, 660 N.E.2d 456 (1996).............................................4

*State v. Thigpen,* 8th Dist. Cuyahoga No. 99841, 2014-Ohio-207......................................6

*United States v. Gonzalez-Lopez,* 399 F.3d 924, 934-935 (8th Cir. 2005)............................7

*United States v. Gonzalez-Lopez*, 548 U.S. 140, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006)......6, 7

<u>Rules of Criminal Procedure</u>

3...............................................................................................5

16...............................................................................................6

32.............................................................................................8, 9

<u>Ohio Revised Code</u>

Section 2929.19..................................................................................9

Section 2937.02..................................................................................5

<u>Constitutional Provisions</u>

Sixth Amendment, United States Constitution...............................................4, 6, 7, 10

Fourteenth Amendment, United States Constitution.........................................4, 7, 10

Section10, Article I, Ohio Constitution.......................................................4, 7, 10

## ASSIGNMENTS OF ERROR

<u>First Assignment of Error</u>

THE TRIAL COURT COMMITTED ERROR AND DENIED MR. CEDENO HIS RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND UNDER SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION WHEN IT REVOKED HIS RIGHT TO REPRESENT HIMSELF AND ORDERED THAT HE WOULD HAVE TO BE REPRESENTED BY COUNSEL.

<u>Second Assignment of Error</u>

THE TRIAL COURT COMMITTED ERROR AND DENIED MR. CEDENO HIS RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION, R.C. 2929.19(A)(1), AND CRIM.R. 31(A)(1) WHEN IT GRANTED THE STATE'S OBJECTION AND SUMMARILY REVOKED HIS RIGHT TO ALLOCUTION. (TR 927-929)

## ISSUES FOR REVIEW

Whether the trial court committed error and denied Mr. Cedeno his rights under the Sixth and Fourteenth Amendments to the United States Constitution and under Section 10, Article I of the Ohio Constitution when it revoked his right to represent himself and ordered that he would have to be represented by counsel.

Whether the trial court committed error and denied Mr. Cedeno his rights under the Sixth and Fourteenth Amendments to the United States Constitution, Section 10, Article I of the Ohio Constitution, R.C. 2929.19(A)(1), and Crim.R. 32(A)(1) when it granted the state's objection and summarily revoked his right to allocution.

1

## STATEMENT OF THE CASE AND RELEVANT FACTS

The Cuyahoga County grand jury returned four separate indictments against Noel Cedeno arising from the same allegations of sexual misconduct with his wife's daughter KM.  Case Nos. 552923, 559917, 563913, and 564978.  The first three indictments were dismissed as the dates they alleged or the places they alleged were clearly impossible to prove.  The fourth indictment, returned August 10, 2012 in Case No. 564978, charged two counts of gross sexual imposition, two counts of rape, two counts of kidnapping, one count of attempted gross sexual imposition, and four counts of importuning.  The counts were accompanied by various specifications and furthermores.

At a pretrial on October 18, 2012, Mr. Cedeno's appointed counsel informed the court that his client wished to waive his right to an attorney and represent himself.  The court told Mr. Cedeno that it was a bad idea, that he did not know the law and would not be allowed to testify, and pointed out that he was facing the prospect, if convicted of all charges and specifications of life in prison without the possibility of parole.  (TR 26) Nevertheless, the court granted him permission to represent himself and denied the prosecutor's request that he be sent for a psychological evaluation.  (TR 28, 32)

On November 9, 2012, the court referred Mr. Cedeno to the Court Psychiatric Clinic for a competency evaluation.  On November 26, the State moved to deny his request to represent himself.  On November 29, the court ordered him to Northcoast Behavioral Healthcare Systems for an in-patient competency evaluation.  On January 24, 2013, the court ordered him to Twin Valley for an in-patient competency evaluation.   On July 19, the court referred him again to the Court Psychiatric Clinic.  On November 21, 2013, the court held a hearing on his competency to represent himself with Dr. Steffen Noffsinger of the Court Psychiatric Clinic.

2

Throughout these proceedings, including at pretrials on November 8 and 16, 2012, January 14 and 23, June 19, August 29, September 30, November 21, and December 2, 3, and 18, 2013, Mr. Cedeno was permitted to and did represent himself.

On January 8, 2014, the court entered a Memorandum Opinion and Order in which it overruled Mr. Cedeno's request to represent himself and required that he be represented by counsel in all further proceedings.

On January 6, 2014, the grand jury returned an indictment in Case No. 580862 charging Mr. Cedeno with single counts of rape and kidnapping of his daughter JC. Each count was accompanied by various specifications.

On August 26, 2014, counsel for Mr. Cedeno indicated that he had no objection to joining the indictments in the cases concerning KM and JC (Case Nos. 564978 and 580862) for a single trial. On October 1, Mr. Cedeno waived a jury and agreed that the case would be tried to the bench. Trial was held October 6, 7, 8, and 9.

At the close of the State's case, Mr. Cedeno moved for a judgment of acquittal pursuant to Crim.R. 29. The State conceded that it had presented no evidence on two of the importuning counts in Case No. 564978 (Counts 8 and 10) and said "it would be proper to withdraw" them. (TR 761) The court otherwise denied the motion. At the close of the defense case, Mr. Cedeno renewed his motion which the court again denied.

On October 14, the court returned its verdicts. In Case No. 564978, it found Mr. Cedeno guilty of Counts 1, 2, 5, 6, and 7 (both counts of gross sexual imposition, one count each of rape and kidnapping, and the single count of attempted gross sexual imposition). It found him not guilty of Counts 3, 4, 9, and 11 (single counts of rape and kidnapping and two counts of importuning). The court also found that the State had proved the sexually violent predator

3

specifications attached to counts 1, 2, 5, and 6 but had not proved prior conviction or repeat violent offender specifications.  In Case No. 580862, the court found Mr. Cedeno guilty of both counts and of their sexually violent predator specifications but not guilty of the prior conviction or repeat violent offender specifications.

The State argued that the rulings on the specifications were premature as they are not elements of the offense but sentencing enhancements.  It reiterated that argument in a sentencing memorandum.

At sentencing the State agreed that the rape and kidnapping charges in each count merged and elected to proceed on the rape charges.  The State said that the rape verdicts in each case required mandatory sentences of life without the possibility of parole and that the gross sexual imposition verdicts, when accompanied by sexually violent predator specifications, required sentences of from 2 years to life in prison.  Mr. Cedeno, through counsel, agreed.  The court informed him that he would be a Tier III sex offender, which he already was from a prior case.

Mr. Cedeno then addressed the court indicating that he had asked for a virginity test and that the indictment in Case No. 564978 covered a period of time when he was incarcerated and therefore could not have been molesting KM in their home.  (TR 927-928)  The State objected to his statement, the court sustained the objection and then refused to let him speak more.  (TR 928-929)

The court imposed sentences of life without the possibility of parole in Case No. 580862 and on Count 5 of Case 564978, of 2 years to life on Counts 1 and 2 of Case 564978, and of 7 months on Count 7 of Case 564978.  All sentences were ordered to run consecutively except for the 7 month sentence which was ordered to run concurrently to the other sentence.

4

This appeal follows.

## ARGUMENT

### *First Assignment of Error*
THE TRIAL COURT COMMITTED ERROR AND DENIED MR. CEDENO HIS RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND UNDER SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION WHEN IT REVOKED HIS RIGHT TO REPRESENT HIMSELF AND ORDERED THAT HE WOULD HAVE TO BE REPRESENTED BY COUNSEL.

Criminal defendants facing the possibility of incarceration have a constitutional right to the assistance of counsel. See, *e.g., Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). While the decision will generally be ill-considered, defendants also have a right to waive the assistance of counsel and represent themselves. The right of self representation is bottomed on the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution. *State v. Reed*, 74 Ohio St.3d 534, 535, 660 N.E.2d 456 (1996), citing *Faretta v. California*, 422 U.S. 806, 821, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). When a defendant waives the right to counsel and properly invokes the right of self-representation, a trial court's refusal to allow self-representation is "per se reversible error." *State v. Cassano*, 96 Ohio St.3d 94, 2002-Ohio-3751, 772 N.E.2d 81, ¶ 32, citing *Reed*. As the Supreme Court explained, "Since the right to self-representation is a right that when exercised usually increases the likelihood of a trial outcome unfavorable to the defendant, its denial is not amenable to 'harmless error' analysis." *McKaskle v. Wiggins*, 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984).

As with other fundamental rights, of course, the right to self-representation is not absolute. The waiver of the right to counsel must be knowing, intelligent, and voluntary. A defendant cannot make that waiver if he is not competent. And the right of self-representation is

5

not license to "engage[] in serious and obstructionist misconduct[,] . . . to abuse the dignity of the courtroom[, or] . . . not to comply with relevant rules of procedural and substantive law." *Faretta*, supra, at 834 n. 46.

In this case, and immediately upon the court's granting Mr. Cedeno the right to represent himself, the prosecutor asked that he be referred for a psychological evaluation.  (TR 30-31)  The court declined.  Mr. Cedeno, the judge said, was "obstinate" in insisting upon not choosing either a bench or jury trial.  But he added, "[b]eing obstinate is not, in itself, a sign of mental disease or illness."  (TR 31-32)

If being obstinate is taking eccentric positions and holding to them, then Mr. Cedeno was indeed obstinate.  He insisted that Crim.R. 3 and R.C. 2937.02 required the State to present him with a copy of a criminal complaint, which at least in regard to Case No. 580862 it did not do.[1] And he continually refused to accept discovery that did not include all the information that would have been provided to counsel.  (*E.g.*, TR 44, 63, 81, 93-94)

That final concern, that Mr. Cedeno would not accept discovery, particularly troubled the judge.

> Where counsel refuses to accept discovery when offered by the prosecutor, there is, of course, a serious question of effective assistance of counsel where the defendant himself makes such a statement.  I think the question must be raised whether he is competent to act as his own attorney.

(TR 105)

Accordingly, the court referred Mr. Cedeno for evaluation of his competence to represent himself at trial.  In fact, the court made some four referrals.  And despite Mr. Cedeno's lack of

---

[1] See TR 717-719 for Detective Evans' explanation of why no police report was made in regard to the charges in that case and TR 760-762 for the prosecutor's further explanation.

6

cooperation, not one of the evaluators found him incompetent.[2]  And at least two found that he was, in fact, competent both to stand trial and to represent himself.

Nevertheless, the court revoked Mr. Cedeno's right to self-representation.  Memorandum of Opinion and Order, Jan. 8, 2014.  By representing himself and refusing to accept discovery, the court said, he would be sabotaging a potentially meritorious defense and allowing himself to be found guilty even if factually innocent.  *Id.* at 9-10.  Further, his "inability to speak coherently and express himself effectively in the English language," would impede the progress of trial and means that his desire to represent himself "cannot be the result of the exercise of 'an informed free will.'"  *Id.* at 10.

The court's concern for what it perceived as Mr. Cedeno's best interest may be laudable.  It is not, however, a basis to deny him the right to represent himself.  As this Court held in *State v. Thigpen,* 8th Dist. Cuyahoga No. 99841, 2014-Ohio-207, reversing a trial court's decision to revoke a defendant's right to represent himself at trial, nothing in Crim.R. 16 requires a defendant to accept discovery.  Nor is the decision to refuse discovery, however ill-advised, evidence of either incompetence or delaying tactics.

Mr. Cedeno chose to serve as his own counsel.  By denying him that right, the court effectively denied him the right to counsel of his own choice.

In *United States v. Gonzalez-Lopez*, 548 U.S. 140, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006), the Supreme Court made clear that the Sixth Amendment did not provide merely for a right to counsel but for a right to counsel of choice.  While the right to counsel of choice is not unlimited, it is central to the Sixth Amendment guarantee.  The choice may or may not be wise,

---

[2] Although Dr. Schmedlen, who conducted the first of those evaluations, thought there was "a genuine question" of Mr. Cedeno's competence to represent himself, he not answer the question affirmatively.

but it is to be respected.

> Where the right to be assisted by counsel of one's choice is wrongly denied, therefore, it is unnecessary to conduct an ineffectiveness or prejudice inquiry to establish a Sixth Amendment violation. Deprivation of the right is "complete" when the defendant is erroneously prevented from being represented by the lawyer he wants, regardless of the quality of the representation he received. To argue otherwise is to confuse the right to counsel of choice—which is the right to a particular lawyer regardless of comparative effectiveness—with the right to effective counsel—which imposes a baseline requirement of competence on whatever lawyer is chosen or appointed.

Id. at 148.

As the Eighth Circuit put it in *Gonzalez-Lopez*, before that case went to the Supreme

Court,

> Moreover, like the denial of the right to self-representation, the unwarranted denial of the right to choice of counsel can "never be harmless." Both rights "reflect[ ] constitutional protection of the defendant's free choice independent of concern for the objective fairness of the proceeding." . . . The criminal defendant's right to select the attorney of his choice to represent him, like the right to self-representation, derives from the Sixth Amendment principle wherein the defendant has the right to decide the type of defense he will mount. "The Sixth Amendment ... grants to the accused personally the right to make his defense .... for it is he who suffers the consequences if the defense fails."

399 F.3d 924, 934-935 (8th Cir. 2005) (citations omitted).

Because the trial court wrongly denied Mr. Cedeno his right of self-representation, his

conviction should be vacated and the case remanded for a new trial.

*Second Assignment of Error*
THE TRIAL COURT COMMITTED ERROR AND DENIED MR. CEDENO HIS RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION, R.C. 2929.19(A)(1), AND CRIM.R. 31(A)(1) WHEN IT GRANTED THE STATE'S OBJECTION AND SUMMARILY REVOKED HIS RIGHT TO ALLOCUTION. (TR 927-929)

At the sentencing hearing in this case, after the court advised Mr. Cedeno that he was

being classified as a Tier III sex offender, the judge asked if he had anything to say. As the

defendant began his statement, the prosecutor objected, the court sustained the objection and then

cut off the defendant.

THE DEFENDANT:        Tell them that I want to say something for the record.

THE COURT:        Yes, sir.

THE DEFENDANT:        This is a supplementary report. The detective asked Jazmin what made her say the case or what happened about the case. And she answered my mother's name's --

MS. DUCOFF:        The State's going to object to this, Your Honor.

THE DEFENDANT:        I asked her -- I asked the prosecutor through my attorney that I wanted a test, a virginity test, to see if she was a virgin or not, and my attorney sent that request to her. The prosecutor answered on July 31st and it was denied, that it is not necessary because there's going to be some expert.

MS. DUCOFF:        Your Honor, I don't mean to interrupt. We had a hearing, we had a trial where Dr. Feingold testified. This could have been discussed with him at trial. This has nothing to do with sentencing. This is rehashing that which should have been or could have been done at trial.

THE COURT:        I agree. The State's objection is sustained.

THE DEFENDANT        (without interpreter): I feel bad because they gave me indictment here, 49 -- 5649.78, right. She had 24 years experienced professional. 22 years professional. Right. How and they still indicted me when Noel Cedeno was in Marion Correctional Facility.   How Noel Cedeno be in two places at one time? I got proof. It's in the computer why you indicted me that way.

THE COURT:        Mr. Cedeno, what you're saying is something that could have been raised during trial. It was not. The issue before us right now is what you have to say, if anything, with respect to the sentence that is to be imposed. This is not a time to argue innocence or questions about the evidence that's been presented.

THE DEFENDANT:        I only ask you please look in the computer and see Mr. Cedeno. Mr. Cedeno found guilty in one charge when Mr. Cedeno was in jail. I understand. I apologize for my little outburst. It's three years, eight months. It's same situation back-to-back.

THE COURT:        Ms. Ducoff, is there anybody to speak on behalf of the victims?

(TR 927-929)

Both the Rules of Criminal Procedure and the Revised Code mandate that defendants

have an opportunity to speak at sentencing.  Crim.R.32, provides:

**(A) Imposition of sentence.** Sentence shall be imposed without unnecessary delay. Pending sentence, the court may commit the defendant or continue or alter the bail. At the time of imposing sentence, the court shall do all of the following:
(1) Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment.

9

Similarly, R.C. 2929.19 provides:

> (A)     The court shall hold a sentencing hearing before imposing a sentence under this chapter upon an offender who was convicted of or pleaded guilty to a felony and before resentencing an offender who was convicted of or pleaded guilty to a felony and whose case was remanded pursuant to section 2953.07 or 2953.08 of the Revised Code. At the hearing, the offender, the prosecuting attorney, the victim or the victim's representative in accordance with section 2930.14 of the Revised Code, and, with the approval of the court, any other person may present information relevant to the imposition of sentence in the case.

Mr. Cedeno does not dispute that he was offered an opportunity to speak.  Nor does he dispute that the State's objection had some superficial appeal insofar as his allocution did not, at least not strictly, address matters in mitigation of his sentence.  But the appeal is only superficial since neither the rule nor the statute mandates that the defendant may speak only if his words have obvious mitigatory possibility.

The rule allows the offender to speak for himself or, alternatively, present "information in mitigation."  The statute simply provides the offender an absolute right to speak.  Importantly, if allocution was only about mitigation, it would not be an available right where the court has no sentencing options.  But that is not the case.

In *State v. Campbell,* 90 Ohio St.3d 320, 2000-Ohio-183, 738 N.E.2d 1178, (2000), the court made clear that the right of allocution applies to all cases.  *Id.* at paragraph two of the syllabus ("Crim.R. 32(A)(1) applies to capital cases and noncapital cases").  Moreover, it is mandatory, "an absolute right."  *State v. Green*, 90 Ohio St.3d 352, 358, 738 N.E.2d 1208 (2000); *Campbell* at paragraph one of the syllabus ("before imposing sentence, a trial court must address the defendant personally and ask whether he or she wishes to make a statement in his or her own behalf").

The defendant, then, has an absolute right to speak at sentencing, even if the court has no discretion in selecting the sentence.  It follows that the court may not cut off that right simply because it finds the statement irrelevant to sentencing.  Yet that is exactly what happened here.

Mr. Cedeno began, the State objected that the statement did not speak to mitigation, the court sustained the objection, admonished the defendant to speak only about what the court (and apparently the State) wished to hear, and then cut him off.

The court thereby interfered with his rights and denied him a fair and lawful sentencing proceeding as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution  and by Section 10, Article I of the Ohio Constitution. This Court should remand the case for resentencing.

## CONCLUSION

For the reasons set forth above, and on the record below, the assigned errors should be sustained and Mr. Cedeno's conviction and sentence should be reversed and the case remanded.

Respectfully submitted,

*/S/ Jeffrey M. Gamso*

JEFFREY M. GAMSO
Counsel for Appellant

11

## SERVICE

This is to certify that a copy of the foregoing was served on Timothy J. McGinty,

Cuyahoga County Prosecutor, The Justice Center – 9th Floor, 1200 Ontario Street, Cleveland,

Ohio 44113, by operation of the electronic case filing system this 29TH day of April, 2015.

/S/ Jeffrey M. Gamso

JEFFREY M. GAMSO
Counsel for Appellant

IN THE COURT OF APPEALS
EIGHTH JUDICIAL DISTRICT OF OHIO
CUYAHOGA COUNTY

NO. 102327/102328

STATE OF OHIO,                    )

      Plaintiff-Appellee        )

   -vs-                           )

NOEL CEDENO,                      )

      Defendant-Appellant       )

---

## BRIEF OF APPELLEE

---

Counsel for Plaintiff-Appellee

**TIMOTHY J. McGINTY**
**CUYAHOGA COUNTY PROSECUTOR**


**RONNI DUCOFF (0039884)**
**OWEN M. PATTON (0088019)**
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113
(216) 443-7800

Counsel for Defendant-Appellant

JEFFREY M. GAMSO, ESQ.
310 Lakeside Avenue, Suite 200
Cleveland, OH 44113



EXHIBIT
44

## <u>TABLE OF CONTENTS</u>

STATEMENT OF THE CASE..................................................................................................1

STATEMENT OF THE FACTS ............................................................................................2

LAW AND ARGUMENT ....................................................................................................11

     ASSIGNMENT OF ERROR I.........................................................................................11

     ASSIGNMENT OF ERROR II.......................................................................................20

CONCLUSION .....................................................................................................................21

CERTIFICATE OF SERVICE ............................................................................................22

Electronically Filed 06/22/2015 15:38 / FILING OTHER THAN MOTION / CA 14 102327 / Confirmation Nbr. 472760 / CLWLP

# TABLE OF AUTHORITIES

Cases

*Faretta v. California,* 422 U.S. 806 (1975)..............................................................................11

*Indiana v. Edwards,* 554 U.S. 164, 171, 128 S. Ct. 2379, 171 N.E.2d 345 (2008) ..........................11

*Johnson v. Zerbst,* 304 U.S. 458,464-65, 58 S.Ct. 1019, (1938) ...............................................12

*Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.,* 528 U.S.152, 120 S.Ct. 684, 145 N.E.2d 597 (2000) ..........................................................................................................11

*State v. Allison,* 2010-Ohio-2941, at ¶ 20 ..............................................................................15

*State v. Buford,* 8th Dist. Cuyahoga No.96607, 2012-0hio-262, 17) ...........................................11

*State v. Clifford,* 162 Ohio St. 370, 372, 123 N.E.2d. 8 (1954) ................................................18

*State v. Evans,* 2007-Ohio-3278, ¶ 7 (8th Dist.)....................................................................20

*State v. Filiaggi,* 86 Ohio St.3d 230, 237, 714 N.E.2d 867 (1999)...........................................15

*State v. Gibson,* 45 Ohio St.2d 366, 376-77, 345 N.E.2d 399 (1976)........................................12

*State v. Green,* 90 Ohio St.3d 352, 358, 738 N.E.2d 1208 (2000) ...........................................20

*State v. Gunnell,* 10th Dist. Franklin. 2013-0hio-3928, 5-10.....................................................14

*State v. Henderson,* Conn.Super. No. CR110076891, 2012 WL 3005"198 (Jun, 21, 2012), *2 ..............19

*State v. Nickell,* 2008-Ohio-1571 (6th Dist.), at ¶ 15 ...............................................................16

*State v. Smith,* 2nd Dist. Greene No. 94-CA-86, 1995 Ohio App. LEXIS 4960 (Nov. 8, 1995) ................20

*State v. Smith,* 2nd Dist. Greene No. 94-CA-86, 1995 Ohio App. LEXIS 4960, 7-8 (Nov. 8, 1995).........21

*State v. Watson,* 132 Ohio App.3d 57, 64, 724 N.E.2d 469 (8th Dist. 1998) ...............................12

*State v. Were,* 118 Ohio St.3d 448, 2008-Ohio-2762, 890 N.E.2d 263 ......................................15

*State v.Cassano.* 96 Ohio St.3d 94, 2002-0hio-3751, 772 N.E.2d 81 .......................................11

*United States v. Benabe,* 654 F.3d 753, 767 (7th Cir. 2011) ...................................................14

*United States v. Mitchell.* 405 F.Supp.2d 602, 605 (D.Md. 2005)...........................................14

*United States v. Mosley,* 607 F.3d 555, 559 (8th Cir. 2010) ...................................................19

*Von Moltke v. Gillies.* 332 U.S. 708. 723, 68 S.Ct. 316 (1948)................................................12

Statutes

R.C. 2929.19(A)..................................................................................................................20

Other Authorities

Art. 1, §10, of the Ohio Constitution ......................................................................................11

Rules

Crim.R. 32(A)(1) .................................................................................................................20

ii

## ASSIGNMENTS OF ERROR

**ASSIGNMENT OF ERROR I:** THE TRIAL COURT DID ERROR WHEN IT REVOKED APPELLANTS RIGHT TO SELF REPRESENTATION AND ORDERED THAT HE BE REPRESENTED BY APPOINTED COUNSEL.

**ASSIGNMENT OF ERROR II:** THE TRIAL COURT DID ERROR OR DENY APPELLANT HIS RIGHTS WHEN IT GRANTED THE STATE'S OBJECTION AND SUMMARILY REVOKED HIS RIGHT TO ALLOCUTION.

## ISSUES PRESENTED

**ISSUE I:** WHETHER THE TRIAL COURT DID ERROR WHEN IT REVOKED APPELLANTS RIGHT TO SELF REPRESENTATION AND ORDERED THAT HE BE REPRESENTED BY APPOINTED COUNSEL.

**ISSUE II:** WHETHER THE TRIAL COURT DID ERROR OR DENY APPELLANT HIS RIGHTS WHEN IT GRANTED THE STATE'S OBJECTION AND SUMMARILY REVOKED HIS RIGHT TO ALLOCUTION.

Electronically Filed 06/22/2015 15:38 / FILING OTHER THAN MOTION / CA 14 102327 / Confirmation Nbr. 472760 / CLWLP

## STATEMENT OF THE CASE

On August 12, 2011, Appellant was originally charged in a six count indictment in case CR-11-552923 with various counts of kidnapping, rape and gross sexual imposition. The basis for these allegations were statements made by the child-victim, his step-daughter, who was under the age of 13 at the time of the alleged offenses. This indictment was ultimately dismissed without prejudice by this Court on July 19, 2012 due to being re-indicted as CR-12-559917. The basis of the re-indictment was to correct some of the dates the minor victim had originally provided.

In preparation for trial, a discussion with the minor victim's mother revealed that the child's estimate of time was still not completely accurate and he was re-indicted again to correct those inaccuracies and include additional offenses that the victim had disclosed. This indictment was CR-12-563913. However, this new indictment did not have much longevity due to an error noted during testimony at Grand Jury. Shortly thereafter, the State re-indicted the Appellant one final time in case CR-12-564978 on August 10, 2012.

In September 2013, while in the pretrial stage of CR-12-564978, Appellant's biological child came forward and disclosed that she too had been raped by Appellant. Appellant was then charged again, resulting in an indictment in case CR-13-580862.

The Court granted the State's Motion for Joinder of Cases 564978 and 580862 on August 26, 2014 with no opposition from Appellant. Appellant waived his right to a jury trial and a bench trial commenced on October 6, 2014. A verdict was announced on October 14, 2014. In CR-12-564978, Appellant was found guilty of two counts of gross sexual imposition of a child under thirteen, one count of rape of a child under thirteen, one count of kidnapping of a child

1

under thirteen with a sexual motivation specification and one count of attempted gross sexual imposition. A not guilty verdict was found as to one count of rape, one count of kidnapping, and two counts of importuning. The State withdrew two other counts of importuning during R.29 arguments. In CR-13-580862, Appellant was found guilty of one count of rape of a child under ten years old and one count of kidnapping.

At the sentencing hearing, Appellant was found to be a sexually violent predator due to his prior conviction of a sexual assault on a minor. On the rape counts, the trial court sentenced him to mandatory life without parole in both cases, to run consecutively to each other. However, this appeal only concerns two issues, to wit: Appellants right to proceed *pro se* and whether his right to allocution at sentencing was erroneously denied.

## STATEMENT OF THE FACTS

The facts pertinent to the issues raised on appeal are as follows: During open court on September 27, 2012 (originally a trial date in 563913), Appellant requested the Court have his Spanish speaking defense counsel removed from the case citing communication issues between the two caused by a lack of a translator during their meetings. (Tr. 9; 15-16). Defense Counsel stated he originally represented Appellant in 2011 (in case 552923) and that in their fourteen interactions, an interpreter was never needed. (Tr. 16-17). The State requested the Court inquire about the removal of defense counsel as his representation and/or language skills had never been an issue up to that point. (Tr. 11). After inquiring, the Court allowed Defense Counsel to withdraw. The Court stated that it agreed with the State's assessment that this was merely a stalling tactic, but was reluctant to force Appellant to work with Defense Counsel. (Tr. 22-23).

2

Furthermore, at this same open court hearing, Appellant stated he denied consent to a bench or jury trial to which the court informed him that was not an option. (Tr. 10).

The Court reconvened on October 18, 2012 where Appellant was represented by a new Spanish speaking defense attorney provided by the Court. Appellant rejected his services and requested to proceed *pro se*. (Tr. 25). The Court warned Appellant of the associated risks but allowed him to represent himself. (Tr. 28). Appellant again informed the Court that he does not give consent to a bench or jury trial. *Id.* Due to the Appellant's recurring refusal to consent to a trial, the State requested that the court order a referral to the court psychiatric clinic. (Tr. 30). The state cited the behavior of Appellant as being "more than obstinate" at this point. (Tr. 31). Erring on the side of caution, the Court allowed Appellant to proceed without representation and requested discovery be provided to Appellant. (Tr. 31-33). Just before the conclusion of the hearing, Appellant again stated, "I will not consent to any trials on any of the cases before this court". (Tr. 35.).

On November 9, 2012, Appellant was referred to the Court Psychiatric Clinic for evaluation for competency due to his actions demonstrated in open court. (Tr. 89). Dr. Schmedlin, in a report provided to the Court, stated Appellant refused to cooperate in the evaluation. *Id.* The Court ordered that Appellant be sent back to the Court Psychiatric Clinic to be evaluated again. (Tr. 92). Appellant then stated to the Court he would not speak with Dr. Schmedlin. (Tr. 96). The Appellant was informed that speaking with Dr. Schmedlin was a prerequisite to going *pro se*. (Tr. 97).

Due to Appellant's repeated refusal to cooperate with Dr. Schmedlin, the Court, on November 29, 2012, referred him to North Coast for a 20 day in-patient evaluation. (Tr. 122).

3

Dr. Beamon attempted to meet with Appellant on January 4, 2013, but Appellant refused and a full evaluation was not conducted[1].  *Id.*  Due to concern over Appellants refusal to participate in a full evaluation at North Coast, the Court referred him to Twin Valley for another inpatient evaluation. (Tr. 123).

On June 19, 2013, the Court commenced a hearing to address the Appellant's evaluation for competency at Twin Valley, conducted by Dr. Sokolov. (Tr. 126).  Dr. Sokolov's report stated,

> "It is also my opinion, within a reasonable degree of medical certainty, that Mr. Cedeno is able to voluntarily, knowingly and intelligently waive his right to counsel so that he can proceed pro se". (Tr. 127).

The Court informed Appellant that the report agreed with his contention that he should be permitted to go forward without counsel.  The Court allowed Appellant time to review the report before deciding to stipulate or object.  Appellant again argued that the doctor interviewed him without his consent. (Tr. 138).  Appellant decided he would not stipulate to the report.  *Id.* Appellant was re-referred to the Court Psychiatric Clinic, per the Court's docket entry on July 19, 2013.

On August 29, 2013, in open court, the Court addressed Appellant and the following exchange took place:

> THE COURT:  Mr. Cedeno, earlier you stated that you did not – you were not going to agree to a jury trial or to a non-jury trial.  And I have said that you have a choice between one and the other.

---

[1] Although Appellant refused to participate in a full evaluation with Dr. Beamon, just as he had at the Court Psychiatric Clinic, a mere cursory report stated Appellant is competent to stand trial and represent himself. (North Coast Behavioral Evaluation, Dated January 4, 2013).

4

If you want -- if you don't -- if you don't say that you will waive jury then we -- the law says you must have a jury trial. Is that your intention?

INTERPRETOR: First of all, I've been representing myself. I've been doing my work. It will -- if you look in the computer, in the docket, it says September 13, 2012.[2] I did not consent to bench trial. I did not consent to jury trial. I did not consent to either one of that, jury trial or - -

THE COURT: I understand.

DEFENDANT: The objection, denial of consent, 2012, I serve it to the Clerk of Courts, one for you and one for the prosecutor, okay?

(Tr. 144-145)

After a brief discussion between the Court and Appellant regarding perceived defects in the indictment, which were already ruled on in the State's favor, Appellant again verbalized his non-consent argument. (Tr. 146-150). Appellant addressed the court stating, "Well, I deny - - I deny the consent to bench trial and jury trial". (Tr. 152). The Court informed the Appellant that if he does not waive a jury trial, then by default, he will have a jury trial. *Id.* Again, Appellant was adamant that he has already said he will not consent to a bench or a jury trial. (Tr. 153). Before concluding the hearing, the Court referenced Appellant's erratic behavior in open court noting he refused to stipulate to the Court Psychiatric Clinic report, as well as the Twin Valley report. (Tr. 164). These refusals were in addition to refusing the discovery that the State had been ordered to provide him. (Tr. 210).

On September 30, 2013, the Court held a pre-trial hearing on the record. The first subject dealt with was the certification status of the interpreter. (Tr. 165). The State filed a motion on August 29, 2013 requesting the trial court appoint a *certified* interpreter. *Id.* (per the Court's

---

[2] Appellant is referencing his Motion for Denial of Consent to a Bench Trial/Denial of Consent to a Jury Trial, filed Sept. 13, 2012.

5

docket, a certified interpreter was appointed on October 9, 2013). The Court then turned to the second focus of the hearing which dealt with the prior psychological evaluations conducted with Appellant. The Court stated the reports found the Appellant competent, yet the Court was confused as to why Appellant would not stipulate to them. (Tr. 172-173). Appellant by his own admission, questioned the validity of the reports' conclusion based on the fact he did not give consent to any evaluation. Appellant asked the Court, "How this person can do a report? I didn't open my mouth for them to do this report." (Tr. 174). Due to Appellant's failure to stipulate to the report, the State requested a hearing. The hearing concluded in order to solicit testimony from Dr. Noffsinger of the Court Clinic, as he was the last clinician to evaluate Appellant on August 7, 2013.

On November 21, 2013, the Court held the hearing with Dr. Noffsinger present. The State of Ohio was prepared to stipulate to the report but for irregular behavior exhibited by Appellant in open court.[3] Appellant claimed he never received Dr. Noffsinger's report but was corrected by the Court noting that Appellant merely refused to accept the copy provided to him. (Tr. 181). Appellant was then afforded the opportunity to question Dr. Noffsinger. (Tr. 182).

> INTERPRETER: Well, first of all, good morning.
>
> THE WITNESS: Good morning.
>
> INTERPRETER: The date that you have the interview was 8/29/13 at 9:00 in the morning, you tried to communicate to me, you gave me some regulations for an examination. And I told him that I didn't have anything personal against him. I tried to explain to him in my own broken English, and I said I didn't have any consent to keep following with this examination. So I did say, if you don't

---

[3] It should be noted that a substitute APA appeared for assigned APA who was unavailable on this date. Although the State had previously argued that Appellant should not be able to proceed *pro se* up to this point, the substitute APA had no familiarity with this case and mistakenly informed the Court that the State's position was to stipulate to the Dr. Noffsinger's report.

6

have me signing here, put the name here on the paper. He signed here and he wrote down declined, I didn't sign.

So he told me you have to press the button so the sheriff can come and pick you up because we don't have anything else to talk about; is that correct? So my question: Is that correct, that that normal that it happened?

THE WITNESS: Is it normal that I pushed the button for the sheriff or the whole statement?

INTERPRETER: So the button you pressed, because there was nothing else to talk, so you were calling the sheriff to come and get me?

THE WITNESS: I pressed the button to end the interview because -- if I could finish my answer, please.

THE COURT: She's providing a simultaneous translation.

THE WITNESS: He appears to be speaking to the interpreter, Your Honor. Can I finish my answer, Your Honor?

THE COURT: Would you wait until the doctor finishes his answer?

THE WITNESS: I pushed the button to end the interview, because we had proceeded through the informed consent portion of the interview, and at that point you told me that *you were not willing to provide any answers to my questions with respect to your background, psychiatric history, and inquiry into your competence to stand trial, or an inquiry into your competency to waive your right to counsel.*

So, based on your statements that you were not going to answer any further questions, then I pushed the button for the sheriff's deputy.

(Tr. 183-185) (emphasis added).

Dr. Noffsinger made it clear that any alleged breakdown in communication was not due to a language barrier between the two of them. (Tr. 187). Dr. Noffsinger stated Appellant never

7

requested an interpreter nor was there anything from the doctor's perspective that lead him to conclude Appellant had difficulty communicating in English. *Id.* The Court also stated at no time during the multiple referrals for evaluation had Appellant ever requested an interpreter due to communication issues. (Tr. 190). Dr. Noffsinger concluded that Appellant does not have a present mental condition after being limited to a fifteen minute interview due to Appellant's lack of cooperation. (Tr. 192). Upon Appellant's refusal to stipulate to the report, the Court notified the parties he would render his decision on Appellant's choice to proceed *pro se* based on all the evaluations as well as the Court's own evaluation of Appellant's behavior throughout the proceedings. (Tr. 193-194).

A hearing scheduled for December 2, 2013 was continued to the following day due to the court not having access to a certified interpreter. (Tr. 198-200). At that hearing, Appellant displayed more erratic behavior when the court addressed a November 12, 2013 motion filed by Appellant. The court stated Appellant filed an "Affidavit of Fact and Writ of Discovery" where he requested an order of the court demanding discovery from the prosecutor. (Tr. 201-202). However, the Court stated Appellant already refused discovery as Appellant stated he had assumed it to be incomplete. (Tr. 202). The Court and prosecutor, citing Crim. R. 16(C) and (E) explained that some portions of discovery cannot be given directly to a *pro se* defendant. The State of Ohio was prepared to provide Defendant with the State's Summary of Discovery. The Court stated it has already ordered the State to provide discovery and that Appellant has refused to accept it. (Tr. 210).

Due to the continuously erratic behavior exhibited by Appellant in open court, the State filed a motion on November 26, 2013 requesting Appellant be represented by counsel. (Tr. 211).

8

The Court adjourned until December 18, 2013 to allow time for Appellant and the State to review and respond to opposing parties motions.  On December 18, 2013, the Court and the parties addressed the States motion regarding self-representation by Appellant.  (Tr. 230). Appellant orally addressed the Court regarding the States motion as he failed to file a written response by the court ordered deadline.  The Court reset until January 13, 2014 to allow both parties to respond to motions and to for the Court to make a determination on allowing Appellant to proceed *pro se*.

On January 8, 2014, the Court filed a Memorandum of Opinion and Order regarding Appellant's ability to proceed *pro se*.[4]  The Court stated in its memorandum, in which it determined the Appellant was not competent to proceed *pro se*, that:

> "Throughout the course of these proceedings, the court has witnessed behavior on the part of the defendant that appeared to be irrational, bizarre and inconsistent with his claimed ability to conduct an effective defense at trial — either to a jury or the court". (Memorandum of Opinion and Order, filed Jan. 8, 2014).

The Court concluded Appellant could not proceed *pro se* stating:

> "…that either the defendant is not competent to provide himself with even the most rudimentary defense against these very serious charges, or the defendant is competent, but is acting in this manner with specific and perverse intention of making a mockery of these proceedings. *Id* at 6.

Furthermore, at the open court hearing held on January 13, 2014, the Court addressed its findings regarding the *pro se* status of the Appellant and concluded that:

---

[4] This was the second Memorandum of Opinion and Order filed by the Court.  The first Memorandum of Opinion authored by the Court was filed on January 24, 2013 and noted the Court's concerns about whether Appellant lacked the ability to act as counsel in his own defense.  Specifically, the Court cited Appellant's refusal to accept discovery on November 16, 2012, his refusal to consent to a bench or jury trial and his refusal to participate in an evaluation with Dr. Schmedlin of the Court Psychiatric Clinic and the evaluation at Northcoast Behavioral. (Memorandum of Opinion and Order, Filed Jan. 24, 2013).

9

"after spending a considerable amount of time reviewing [the request of the defendant to proceed *pro se*] and have entered that the defendant will not be permitted act as his own counsel but will be required to have counsel represent him. (Tr. 252).

The Court gave Appellant the option to either be represented by the Office of the Public Defender or his previously appointed counsel on case 582860. On February 20, 2014, the appointed counsel from 582860 was officially counsel of record on both case numbers. Subsequent to this date, there was no protest or complaint to the appointment of defense counsel by Appellant or vocalized on his behalf by his attorney. The two cases were then joined as Appellant did not oppose the State's motion to join them. The Case proceeded to trial and then sentencing.

On November 13, 2014, Appellant appeared before the Court for sentencing. The trial court directly addressed Appellant by name and asked him if he had anything to say. (Tr. 927). Appellant proceeded to challenge the testimony of the victims. (Tr. 927). The State objected, and Appellant continued to complain that the court denied his request to subject the victim to a virginity test before the State interceded for the last time, emphasizing that Appellant's statements had "nothing to do with sentencing." (Tr. 927-928). The trial court sustained the State's objection, and instructed Appellant that his comments must be limited to anything with respect to the sentence explaining this, "is not a time to argue innocence or questions about the evidence that's been presented." (Tr. 928). Appellant spoke again, this time to question the validity of his indictment and the experience of an expert witness.

10

## LAW AND ARGUMENT

**I.    THE TRIAL COURT DID NOT ERR WHEN IT REVOKED APPELLANTS RIGHT TO SELF REPRESENTATION AND ORDERED THAT HE BE REPRESENTED BY APPOINTED COUNSEL.**

The Sixth Amendment to the U.S. Constitution guarantees the right of a person charged with an offense "... to have the assistance of counsel." Similarly, Art. 1, §10, of the Ohio Constitution provides that "... [i]n any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel." However, the defendant has the right to waive his right to assistance of counsel and appear *pro-se. See Faretta v. California,* 422 U.S. 806 (1975). Nevertheless, a defendant's "right [to] self- representation is not absolute." *See Indiana v. Edwards,* 554 U.S. 164, 171, 128 S. Ct. 2379, 171 N.E.2d 345 (2008); *Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.,* 528 U.S.152, 120 S.Ct. 684, 145 N.E.2d 597 (2000) (no right to self-representation on direct appeal); *State v.Cassano,* 96 Ohio St.3d 94, 2002-Ohio-3751, 772 N.E.2d 81 (no right to self-representation if request is untimely). A defendant may only proceed to defend himself when he "voluntarily, and knowingly and intelligently elects to do so." *State v. Buford,* 8th Dist. Cuyahoga No.96607, 2012-Ohio-262, 17), quoting *Cassano, supra; Faretta, supra.*

Therefore, the United States Supreme Court held specifically that a court can require a defendant to be represented by counsel if it finds that the defendant lacks competence to proceed without counsel. Even where the defendant has been found competent to stand trial, he may yet be found incompetent to do so pro-se. *See Edwards, supra.*

11

### A. The Trial Court did not err as Appellant failed to knowingly and intelligently waive his right to counsel.

Because a pro se defendant forgoes "many of the traditional benefits associated with the right to counsel," a defendant must "knowingly and intelligently forgo those relinquished benefits." *Faretta, supra* at 835, quoting *Johnson v. Zerbst,* 304 U.S. 458,464-65, 58 S.Ct. 1019, (1938). To do so, a defendant should know of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." *Von Moltke v. Gillies,* 332 U.S. 708, 723, 68 S.Ct. 316 (1948); *State v. Gibson,* 45 Ohio St.2d 366, 376-77, 345 N.E.2d 399 (1976).

Moreover, the defendant "should be informed of the standards with which he will be expected to comply in conducting his own defense, for example, the Rules of Criminal Procedure and the Rules of Evidence." *State v. Watson,* 132 Ohio App.3d 57, 64, 724 N.E.2d 469 (8th Dist. 1998).

The Appellant demonstrated he does not understand the nature of his pending charges both through his conduct in open court and his motion practice. In motions filed with the court, Appellant referred to the charges as "'victimless crimes.'" *See* Appellant's Affidavit of Fact/Writ of Discovery, filed Nov. 12, 2013, at 2. This characterization indicated Appellant did not understand the severity of the charges he was accused of committing. Appellant further demonstrated he did not understand the basic legal procedures through which a fact finder would assess his guilt, and through which, if found guilty, he would be sentenced.

Appellant also demonstrated contradictory behavior during the life of the case regarding both the stipulation of competency reports and the discovery process. Throughout the case, Appellant continuously argued for his right to represent himself. The Court initially complied

12

and then sent him for an evaluation. (Tr. 89). However, Appellant repeatedly refused to cooperate with the evaluation process. (Tr. 96, 122, 123, 183-185). Appellant continued this behavior even after being informed by the court that he would need an evaluation in order to continue *pro se*. (Tr. 97). Inexplicably, after Appellant received a favorable evaluation, he still refused to stipulate to the report. (Tr. 193-194).

Appellant also repeatedly refused to accept discovery from the State of Ohio. (Tr. 203; 210). Nevertheless, he subsequently complained that the State did not provided him with discovery. This demonstrated Appellant did not understand that defending himself required he be familiar with the State's evidence. (Tr. 202; 204; 210). The Court even informed Appellant that the discovery process was the manner in which he could obtain the evidence for his defense. (Tr. 202). However, Appellant's behavior remained consistently contradictory to his best interests.

Appellant's behavior in the instant case resembles the defendant's behavior in *State v. Buford, supra.* The *Buford* defendant complained he never got the 'paperwork' that was 'necessary for a jury trial.' When asked to identify specific documents, defendant eventually stated, 'police reports.' However, defendant's attorney stated that he received full discovery from the state, that he had at least four pre-trials with the prosecutor, and that the police report from defendant's arrest was in his hand. *Id.* At 16.

This Court denied the *Buford* defendant's request for self-representation because the record contained "numerous examples," including the defendant's "paperwork complaints" that showed his decision to proceed *pro se* was not knowing and intelligent. *Id.* at 16.

Appellant's conduct demonstrated that he did not understand he was subject to, and must respect, the trial court's authority. This lack of understanding was prominently displayed in

13

Appellant's conduct in multiple open court sessions where he repeatedly informed the court he does not consent to a bench or jury trial. (Tr. 10; 28; 35; 144; 145; 152; 153). Despite this court instructing Appellant that he must choose either a jury or bench trial, the Appellant consistently denied his consent in his *pro se* motions. *See* Denial of Consent to Jury Trial/Denial of Consent to Bench trial, filed Sept. 13, 2012; Demand for Discharge, filed Oct. 15, 2012. Moreover, Appellant specifically cited he did not consent to any trial because of his "Organic Right to consent," pursuant to "the Organic law ... within the American Union of States." Appellant's Notice of Appearance, Oct. 15, 2012, at 4.

Additionally, Appellant stated the trial court lacked jurisdiction because he is "a Man of flesh and blood." Appellant's Affidavit of Fact/Writ of Discovery, Nov. 12, 2013, at 1. *See also State v. Gunnell*, 10th Dist. Franklin, 2013-Ohio-3928, 5-10 (rejecting criminal defendant's claim that the state could not prosecute because "he never gave the trial court 'consent to proceed' with a trial against him"); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen' ... or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts"); *United States v. Mitchell*, 405 F.Supp.2d 602, 605 (D.Md. 2005) ("the defendants...are mistaken if they think they cannot be prosecuted without their consent").

### B.  The Trial Court did not err when reaching a conclusion contrary to that of the psychiatric competency reports.

The United States Supreme Court held that when assessing whether a defendant is competent to proceed *pro se*, a trial court may look beyond a defendant's competency to stand trial. *Edwards, supra*, at 177-78. Instead, courts may take a "realistic account of the particular

14

defendant's mental capacities by asking whether a defendant who seeks to conduct his own defense at trial is mentally competent to do so." *Id*. Thus, *Edwards* affords the court great discretion to make an individualized determination about a particular defendant's competency to proceed *pro se*.

    1) <u>A trial court may rely on its own observations when determining whether to reject a Defendant request to waive their right to counsel.</u>

In Ohio, trial courts need not rely upon an experts conclusions to determine a defendant's competency when the courts observations contradict the expert opinion. *See State v. Were*, 118 Ohio St.3d 448, 2008-Ohio-2762, 890 N.E.2d 263. The Ohio Supreme Court, in *Were*, upheld a trial courts determination that the defendant was competent to stand trial, despite a psychologists conclusion that the defendant was not competent as the defendant's *in court statement and pro se motions "undermined" the doctor's conclusion. Id* at 457 (emphasis added). Additionally, the Supreme Court of Ohio also held that finding a defendant competent to stand trial is not "unreasonable, arbitrary, or unconscionable." where the trial court did not base its finding on a medical expert's opinion, but rather upon the courts and correctional officer's observations of the defendant. *State v. Filiaggi*, 86 Ohio St.3d 230, 237, 714 N.E.2d 867 (1999).

    2) <u>Trial Courts may evaluate an Expert Report for deficiencies when determining competency of a defendant.</u>

The trial court may consider how an expert reached a conclusion when deciding whether to accept their conclusion. The Fifth District, in *State v. Allison*, 2010-Ohio-2941, at ¶ 20, rejected an experts competency report as the "report did not *per se* meet the statutory qualification for competency." Additionally, the Sixth District overturned a trial court's

15

determination that the defendant was competent to stand trial because the only expert report relied upon by the court was:

> Based upon a single interview, was less detailed and specific to appellant's mental health history and stated vague, generalized conclusions.

> See *State v. Nickell*, 2008-Ohio-1571 (6th Dist.), at ¶ 15.

The *Nickell* court also determined that the defendant's responses to the trial court's questions demonstrated that she lacked competency. *Id* at ¶ 130.

In the instant case, due to repeated refusals to cooperate, Appellant saw multiple doctors to determine competency. Despite his refusals, Dr. Beaman found Appellant competent in his report dated January 4, 2013 (hereinafter, "Beaman Report"), and Dr. Howard Sokolov concluded Appellant was competent in his report date June 11, 2013 (hereinafter, "Sokolov Report"). Lastly, Dr. Noffsinger could not conclude whether Appellant was competent due to noncooperation in his report dated August 7, 2013.

The trial court stated it was concerned with the conclusions of the doctors reports based on the quality of evaluations performed on Appellant. (Memorandum of Opinion and Order, filed January 8, 2013, at 5). The State of Ohio expresses the same concern when evaluating the conclusions of the doctors. Dr. Beamon concluded Appellant was competent to represent himself as he suffers from no mental condition. Beaman Report, at 2. The Beaman Report was written after only one attempted evaluation with Appellant on January 4, 2013. *Id* at 2. The report stated Appellant refused his evaluation and upon hearing a report would be written regardless, Appellant responded, "well then write your report, I do not consent". *Id*.at 2.

16

Furthermore, the Beaman Report noted the reason Appellant fired his attorney was for not pursuing a dismissal of the case. *Id* at 2.

Dr. Sokolov also concluded Appellant was competent to represent himself at trial. This conclusion was reached after two interviews spanning a total of three hours. Sokolov Report at 2. However, the Sokolov Report indicated that Appellant was not cooperative during a "formal assessment of competency regarding the current charges". Sokolov Report at 7. It also indicated that Appellant refused to talk specifically about the charges[5]. *Id* at 8. The Sokolov Report stated Appellant's basis for refusing to consent to the evaluation was his incorrect assertion that R.C. 2317.54 (Informed Consent to Surgical or Medical Treatment) was applicable. The Sokolov Report failed to mention whether Appellant understood that, if convicted, he faces the possibility life imprisonment without parole. Rather, the report mentioned that Appellant "was well aware that if convicted...he could spend many more years in the Ohio prison system," and that the Appellant "understands that if convicted of these charges, there would be extensive incarceration." Sokolov Report, at 9, 11 (emphasis added). These euphemisms fail to demonstrate that Appellant was able to comprehend the severity of punishment he could potentially face if convicted.

Despite Dr. Sokolov finding Appellant competent to proceed *pro se*, his report contained statements that clearly indicated Appellant's lack of understanding regarding the trial process. His report demonstrated that Appellant thought the charges had been dismissed. (Sokolov Report, at 8). Moreover, Appellant did not understand why Dr. Sokolov was evaluating him as

---

[5] It should be noted the trial court considered the fact Appellant would not answer formal questions about his current competency in Dr. Sokolov's evaluation when it authored its Memorandum of Opinion and Order, File on Jan. 8, 2014, at 5.

17

Appellant believed the state or prison wanted an evaluation so it could revoke his computer and printer privileges. Sokolov Report, at 8-9.  Finally, the report further documented Appellant's refusal to accept the State's discovery. Sokolov Report, at 10.

### C. The Trial Court did not err by revoking Appellant's right to proceed *pro se* as his conduct disturbed the Court's Administration of Justice.

The Ohio Supreme Court has recognized that "the judge is at all times during the sessions of the court, empowered to maintain decorum and enforce reasonable rules to insure the orderly and judicious disposition of the court's business." *State v. Clifford*, 162 Ohio St. 370, 372, 123 N.E.2d. 8 (1954). Thus, the right to self-representation does not allow a defendant "to abuse the dignity of the courtroom," or exempt a *pro se* defendant from adhering with procedural rules and substantive laws. *Edwards, supra*, at 171, quoting *Faretta, supra*, at 834-35. Furthermore, "the trial judge may terminate self-representation by a defendant who deliberately engages in serious misconduct." *Faretta, supra*, at 834. fn 46.

Appellant's conduct, in open court and through his motion practice, served to stall or interrupt the proceeding before the trial court.  Appellant repeatedly used the court's time to declare that he will not consent to either a bench or jury trial. (Tr. 10; 28; 35; 144; 145; 152; 153).  Appellant further argued this same issue in his multiple filings.  *See* Denial of Consent to a Bench Trial/Denial of Consent to a Jury Trial, filed Sept. 13, 2012; Notice of Appearance, filed Oct. 15, 2012; Constitutional Objection to Court Ordering Referring the Defendant to Northcoast for a Psychiatric Evaluation, filed Dec. 10, 2012.  In addition, Appellant filed a motion challenging the subject matter jurisdiction of the trial court stating,

> "...the court lacks ratification of commencement and not have subject matter jurisdiction / personal jurisdiction and territorial

18

jurisdiction, over the alleged Defendant, whose a man of flesh and blood."

Affidavit of Fact/Writ of Discovery, filed, Nov. 12, 2013 at 1.

Other jurisdictions have ruled on instances of similar bizarre behavior as that demonstrated by Appellant in the instant case.  The Superior Court of Connecticut found that the defendant's obstructionist conduct forfeited his right to represent himself.  *See State v. Henderson*, Conn.Super. No. CR110076891, 2012 WL 3005"198 (Jun, 21, 2012), *2.  Like the Appellant, the *Henderson* defendant presented several motions "to challenge the authority of the court to preside over the case, challenge the authority of the state to prosecute the case[,] and to challenge the legality of the proceedings." *Id.*  These arguments "were unintelligible, disjointed, and without any legal basis whatsoever... [and also] were protracted and repetitive." *Id.*

Appellant's obstructionist behavior went beyond only objecting to trials or unintelligible filings.  Appellant's behavior regarding the stipulation of the psychological reports also stalled court proceedings.  Appellant repeatedly proclaimed his desire to proceed *pro se*.  However, even when Appellant received a psychological report which indicated he was competent to do so, he still refused to stipulate.  (Tr. 138).  The only reasonable conclusion to draw from this behavior is that Appellant intended to disrupt the proceedings.  The Eight Circuit Court of Appeals upheld the district court's conclusion that the defendant "essentially forfeited his right to represent himself by engaging in conduct that obstructed the proceedings against him." *United States v. Mosley*, 607 F.3d 555, 559 (8th Cir. 2010).

Electronically Filed 06/22/2015 15:38 / FILING OTHER THAN MOTION / CA 14 102327 / Confirmation Nbr. 472760 / CLWLP

## II.  THE TRIAL COURT DID NOT ERR OR DENY APPELLANT HIS RIGHTS WHEN IT GRANTED THE STATE'S OBJECTION AND SUMMARILY REVOKED HIS RIGHT TO ALLOCUTION.

Appellant complains that the trial court committed error and denied him his constitutional, statutory, and procedural right to allocution when it granted the state's objection and summarily revoked his right to allocution during his sentencing hearing.  Appellant also argues that the right of allocution is unlimited.  Appellant's arguments are in error as Appellant's right of allocution does not extend to challenges to the evidence and testimony presented at trial, which should have been raised at trial.

Pursuant to Crim.R. 32(A)(1) and R.C. 2929.19(A), the court is required to personally address a defendant and give he or she an opportunity to speak prior to sentencing, in order "to allow the defendant an additional opportunity to state any further information which the judge may take into consideration when determining the sentence to be imposed." *Defiance v. Cannon*, 70 Ohio App.3d 821, 828, 592 N.E.2d 884 (3d Dist.1990).

Although Crim.R. 32(A)(1) gives a defendant an absolute right of allocution (*State v. Green*, 90 Ohio St.3d 352, 358, 738 N.E.2d 1208 (2000)), this Appellate Court has expressly stated that "the right of allocution is not uncircumscribed and a trial court does not err when it limits a defendant's statements to those issues that bear upon the impending punishment and that may carry mitigating weight." *State v. Evans*, 2007-Ohio-3278, ¶ 7 (8th Dist.) (citing *State v. Smith*, 2nd Dist. Greene No. 94-CA-86, 1995 Ohio App. LEXIS 4960 (Nov. 8, 1995)). Appellant's argument that the right of allocution is unlimited is therefore without merit.

In *State v. Smith*, the court held that Appellant's attempted challenges to the evidence and testimony presented at his trial in his pre-sentence statement were "immaterial" to the sentence to

20

be imposed, and that the trial court was not required to "indulge" a defendant's statements if they are not related to the mitigation of his punishment. *State v. Smith*, 2nd Dist. Greene No. 94-CA-86, 1995 Ohio App. LEXIS 4960, 7-8 (Nov. 8, 1995). The *Smith* court ruled that the trial court had the authority to prevent Appellant from using his right of allocution to question the victim's testimony because his statements were not related to the mitigation of his punishment. *Id.*

In the instant case, Appellant's pre-sentence statements were unrelated to the mitigation of his punishment, and instead focused on extraneous matters that should have been raised during trial rather than at sentencing. *See Evans, supra.* The court did not interfere with the rights afforded to Appellant by the Sixth and Fourteenth Amendments to the United States Constitution and by Section 10, Article I of the Ohio Constitution when it limited Appellant's allocution to statements related to the mitigation of punishment. Thus, Appellant's second assignment of error should be overruled.

## CONCLUSION

For the foregoing reasons, the State of Ohio by and through undersigned counsel, requests this Honorable Court deny the Appellant's appeal and affirm the decisions of the trial court.

Respectfully submitted,

TIMOTHY J. MCGINTY
CUYAHOGA COUNTY PROSCUTOR

/s/ Ronni Ducoff
RONNI DUCOFF (0039884)
OWEN M. PATTON (0088019)
Assistant Prosecuting Attorney
1200 Ontario Street, 9th Floor
Cleveland, Ohio 44113
216-443-7900

21

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Brief and Assignment of Error has been mailed and filed on this 22nd day of June 2015, to: Jeffrey Gamso, Attorney for Appellant, 310 Lakeside Ave., Suite 200, Cleveland, Ohio 44113.

Respectfully submitted,

TIMOTHY J. MCGINTY
CUYAHOGA COUNTY PROSCUTOR

/s/ Ronni Ducoff
RONNI DUCOFF (0039884)
OWEN M. PATTON (0088019)
Assistant Prosecuting Attorney
1200 Ontario Street, 9th Floor
Cleveland, Ohio 44113
216-443-7900

22

DEC 24 2015

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 102327 and 102328**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## NOEL CEDENO

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-12-564978-A and CR-13-580862-A

**BEFORE:** Keough, P.J., E.T. Gallagher, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** December 24, 2015

CR13580862-A

92246739

EXHIBIT
45

-i-

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
By: Jeffrey Gamso
Assistant Cuyahoga County Public Defender
310 Lakeside Avenue
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Owen M. Patton
    Ronni Ducoff
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

{¶1} In this consolidated appeal, defendant-appellant, Noel Cedeno, appeals his convictions contending that the court erred when it revoked his right to self-representation and allocution.  For the reasons that follow, we affirm.

{¶2} In 2011, Cedeno was originally named in a six-count indictment charging him with sex offenses involving a child under the age of thirteen.  The original indictment and two subsequent indictments were dismissed without prejudice due to inaccuracies regarding the dates of the alleged offenses.  Cedeno was ultimately re-indicted in August 2012 under Case No. CR-12-564978 with eleven charges, including four counts of importuning, two counts each of gross sexual imposition, rape, kidnapping, and one count of attempted gross sexual imposition.  Most of the counts contained sexually violent predator and repeat violent offender specifications, and notices of prior convictions.

{¶3} In September 2013 and during the pretrial stages of this case, another victim under the age of thirteen came forward alleging that Cedeno raped her.  As a result, Cedeno was charged under Case No. CR-13-580862 with one count of rape and kidnapping.  Each count contained various specifications, and notices of prior convictions.  Case Nos. CR-12-564978 and CR-13-580862 were consolidated without objection.

{¶4} Cedeno subsequently waived his right to a jury trial.  During the bench trial, the state presented to the court testimony from the victims, their

friends and family members, a medical expert, a caseworker, two counselors, and the detective assigned to investigate the cases. Following the close of the state's case, the state dismissed two counts of importuning as charged in Case No. CR-12-564978. After hearing testimony from Cedeno's witnesses, the trial court denied his renewed Crim.R. 29 motion for acquittal.

{¶5} In Case No. CR-12-564978, Cedeno was found guilty of two counts of gross sexual imposition of a child under the age of thirteen, one count of rape of a child under the age of thirteen, one count of kidnapping a child under the age of thirteen with a sexual motivation specification, and one count of attempted gross sexual imposition. He was found not guilty of one count of rape and kidnapping and two counts of importuning. In Case No. CR-13-580862, the court found Cedeno guilty of one count of rape of a child under ten years old and one count of kidnapping.

{¶6} Cedeno was sentenced to a mandatory life in prison sentence in Case No. CR-12-564978, to run consecutively to a mandatory life in prison sentence in Case No. CR-13-580862. Cedeno appeals, raising two assignments of error.

## I. Revocation of Self-Representation

{¶7} On the same day that trial was scheduled to begin on Case No. CR-12-564978, Cedeno stated in open court that he no longer wanted his attorney to represent him. The court advised him that the case was going to trial and that he could either represent himself or have another attorney appointed.

Cedeno requested "another attorney to be assigned." (Tr. 9.) He further stated, "[I] deny consent to go to a bench trial or a jury trial." (Tr. 10.) The trial court stated that his request for new counsel was "sounding * * * more and more like [Cedeno was] trying simply to delay these proceedings by waiting until the day before trial to tell us that you want a different attorney." (Tr. 18.) The state agreed that this was a stall tactic and objected to the appointment of new counsel. Nevertheless, the trial court indicated it would appoint Cedeno new counsel and continue the matter for a pretrial.

{¶8} In an October 2012 pretrial, Cedeno rejected the services of newly appointed defense counsel and requested to represent himself. Cedeno indicated he filed a waiver of counsel and a written Crim.R. 44(C) motion, whereby he indicated he was proceeding pro se, that his attorney was appointed without his consent, that he does not consent to any continuances or to go to trial because the trial court violated the doctrine of "unclean hands." During this hearing Cedeno continued to deny consent to any trials on any cases before this court. Although the state requested a referral to the court psychiatric clinic, the court denied the state's request, stating "[B]eing obstinate is not, in itself, a sign of mental disease or illness such as to make him incompetent to stand trial." (Tr. 31-32.) After advising Cedeno about the perils of representing himself, the trial court allowed Cedeno to proceed pro se. The court further ordered that the state provide Cedeno with discovery.

{¶9} At the next pretrial in November, Cedeno refused the state's discovery because he did not consent for it to be requested, it was incomplete and untimely. After Cedeno indicated that he would not accept any discovery from the state, the court relieved the state of its discovery obligations. Based on the court's overall observations of Cedeno's behavior "that appeared to be irrational, bizarre, and inconsistent with his claimed ability to conduct an effective trial — either to a jury or to the court," the court referred Cedeno to the Court Psychiatric Clinic for a competency evaluation to stand trial and to determine whether he was competent to waive his right to counsel.

{¶10} At the Court Psychiatric Clinic, Dr. George Schmedlen attempted to evaluate Cedeno. However, according to Dr. Schmedlen's report, Cedeno declined to sign any medical releases and did not want to be evaluated. Dr. Schmedlen, after learning that Cedeno wanted to represent himself at trial and that Cedeno refused to accept discovery from the state, opined that "Cedeno's behavior raises a genuine issue as to his competency to stand trial and his competency to proceed pro-se." However, because of Cedeno's refusal to cooperate, Dr. Schmedlen could not assess his competency and suggested an inpatient evaluation at Northcoast Behavioral Healthcare. Both the trial court and the state indicated to Cedeno that a competency evaluation was necessary to determine whether he could represent himself.

{¶11} Following Dr. Schmedlen's recommendation, the trial court ordered Cedeno to undergo a 20-day inpatient evaluation at Northcoast Behavioral Healthcare.  In January 2013, the trial court received a report from Dr. Joy Stankowski who referred to the findings of Dr. Jason Beaman.  Dr. Beaman reported that he attempted to evaluate Cedeno; however Cedeno refused evaluation because he was competent to stand trial and to represent himself. Dr. Beaman concluded that it was his opinion that Cedeno's "lack of cooperation is volitional and does not stem from a mental condition."  Therefore, Dr. Beaman found Cedeno competent.

{¶12} Troubled that Cedeno was declared competent even though Dr. Beaman did not conduct an evaluation, the court referred Cedeno to Twin Valley Behavioral Healthcare for further evaluation.  In open court, Cedeno refused an evaluation stating he has "nothing wrong" with him, he understood "perfect what the charge is," denied consent to a lawyer, and demanded to represent himself. (Tr. 119.)

{¶13} In June 2013, the trial court received the competency report prepared by Dr. Howard Sokolov of Twin Valley Behavioral Healthcare.  Dr. Sokolov opined that Cedeno was both "competent to assist in [his] defense" and "able to voluntarily, knowingly and intelligently waive his right to counsel so that he can proceed pro se." (Tr. 127.)

{¶14} The trial court then asked Cedeno whether he agreed or stipulated to the report of Dr. Sokolov and the conclusions contained in the report.  Cedeno responded that "I'm not going to accept it" because he did not consent to the evaluation or for Dr. Sokolov to make a report.  (Tr. 132, 138.)

{¶15} Cedeno again was evaluated in the Court Psychiatric Clinic by Dr. Stephen Noffsinger who found Cedeno competent to stand trial and to proceed pro se.  Nevertheless, Cedeno refused to stipulate to Dr. Noffsinger's report because it was neither signed nor did he give consent to do an evaluation.

{¶16} Upon request by the state, the trial court conducted a hearing to hear testimony from Dr. Noffsinger.  During the hearing, Cedeno questioned Dr. Noffsinger about the report he prepared and how he could "give an evaluation of a person that was only with [him] for 15 minutes." (Tr. 192.)  Dr. Noffsinger responded:

> As I mentioned, I did not do a thorough evaluation based on your decision to not cooperate.  You told me several times that you were going to exert your right to not cooperate
>
> So, again, my evaluation is limited to what's in your records, and then my direct observations of you, but I am able to say with reasonable medical certainty that you do not have a present mental condition that would impair you from understanding the nature and objectives of the court proceedings or in assisting in your defense, or to impair you from intelligently, knowingly, and voluntarily waiving your right to counsel.

(Tr. 192-193.)

{¶17} Even though the court told Cedeno that Dr. Noffsinger concluded he was competent and he could waive his right to counsel, Cedeno refused to accept Dr. Noffsinger's report or opinion because he never gave consent.  Based on Cedeno's refusal, the trial court indicated it would render a written decision whether it would allow Cedeno to continue to proceed without counsel.

{¶18} In the trial court's written decision deciding that Cedeno could not represent himself in this case, the court stated,

> [Cedeno's] actions have made it clear that he understands neither the charges against him nor even the most basic elements of what it would take to defend against those charges.
>
> * * *
>
> Notwithstanding the absence of a diagnosis of "severe mental disease," however, the court finds that the concerns first voiced by Dr. Schmedlen — that the defendant's behavior "...raises a genuine issue as to his competency to stand trial and competency to proceed pro-se" — are supported, and indeed amplified, by the consistent pattern of behavior by the defendant himself throughout the proceedings * * *.

{¶19} The trial court then listed several instances where Cedeno's behavior indicated he could not proceed pro se — (1) he repeatedly denied his consent to either a bench or jury trial, (2) he rejected the state's discovery because it was not requested, and it was incomplete and untimely; but then complained that he did not receive discovery from the state; (3) he failed to accept the reports of multiple physicians that found him competent to stand trial and to represent himself because he "did not consent to the evaluations"; (4) he

maintained the cases against him were closed or that the court lacked jurisdiction over him because he was a "man of flesh and blood"; (5) he referred to the charges against him as "victimless crimes"; and (6) he filed a number of motions that were irrelevant to the proceedings.

{¶20} The trial court reasoned that "either (1) [Cedeno] is not competent to provide himself with even the most rudimentary defense against these very serious charges, or (2) the defendant is competent, but is acting in this manner with the specific and perverse intention of making a mockery of these proceedings." The court concluded that to secure the fairness of the proceedings and to protect all involved, including the defendant, the alleged victims, and the community, Cedeno could not continue to proceed without counsel.

{¶21} When the trial court announced its ruling in open court, Cedeno repeated that he wanted to represent himself. Nevertheless, after the trial court explained its ruling, Cedeno changed his focus and questioned when his attorney would visit him. At that point, the court suggested that his appointed counsel in the newly indicted case — Case No. CR-13-580862 — could also represent him in this case. No objection was raised by Cedeno.

{¶22} Subsequently, his two cases were consolidated, Cedeno appeared with counsel, and the cases proceeded to trial. Cedeno did not raise any objection or complaint about his attorney or that he wanted to proceed pro se during the guilt phase. After he was convicted in both cases and during

sentencing, Cedeno complained that he was deprived of his right of self-representation.

{¶23} In his first assignment of error, Cedeno contends that the trial court committed error and denied him his rights under the Sixth and Fourteenth Amendments to the United States Constitution and under Section 10, Article I of the Ohio Constitution when it revoked his right to represent himself and ordered that he would have to be represented by counsel.

{¶24} The Sixth Amendment guarantees a criminal defendant a right to self-representation. *State v. Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399 (1976), paragraph one of the syllabus, citing *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

> To invoke the right of self-representation, the right to the assistance of counsel must be knowingly, voluntarily, and intelligently waived. A two part inquiry may be required. First, the court must determine the defendant is competent to waive the right to counsel if the court has reason to doubt the defendant's competence. Second, the court must decide whether the waiver is knowing and voluntarily.

*State v. Watson*, 132 Ohio App.3d 57, 63, 724 N.E.2d 469 (8th Dist.1998); citing *Godinez v. Moran*, 509 U.S. 389, 400-402, 113 S.Ct. 2690, 125 L.Ed.2d 321 (1993); *see also State v. Cassano*, 96 Ohio St.3d 94, 2002-Ohio-3751, 772 N.E.2d 81.

{¶25} Before a trial court permits a criminal defendant to represent himself, a valid waiver of counsel must appear affirmatively in the record. *State*

*v. Irwin*, 8th Dist. Cuyahoga No. 90772, 2009-Ohio-848; *State v. Martin*, 8th

Dist. Cuyahoga No. 80198, 2003-Ohio-1499.  To establish an effective waiver,

"the trial court must make sufficient inquiry to determine whether a defendant

fully understands and intelligently relinquishes that right." *Irwin* at ¶ 34, citing

*Gibson* at paragraph two of the syllabus.  Although there is no prescribed

colloquy, it is essential that the trial court ascertains that the defendant is

aware of the dangers and disadvantages of self-representation, and that he is

making the decision with his "eyes open." *Irwin* at ¶ 35, citing *Faretta* at 835.

Specifically, the trial court must advise the defendant of the nature of the

charges against him, the range of allowable punishment, the possible defenses,

any mitigating circumstances, and the dangers of self-representation. *State v.*

*Ford*, 8th Dist. Cuyahoga No. 86951, 2006-Ohio-3723, ¶ 63, citing *State v.*

*Martin*, 8th Dist. Cuyahoga No. 80198, 2003-Ohio-1499.

{¶ 26} In this case and after advising Cedeno of the perils of proceeding pro

se, the trial court initially concluded that Cedeno was competent to waive

counsel and to stand trial, and despite the state suggesting otherwise, the court

stated that "[B]eing obstinate is not, in itself, a sign of mental disease or illness

such as to make him incompetent to stand trial." (Tr. 31-32.)  Therefore, the

court allowed Cedeno to proceed pro se.

{¶ 27} However, the right of self-representation is not absolute. *Indiana*

*v. Edwards*, 554 U.S. 164, 128 S.Ct. 2379, 171 L.Ed.2d 345 (2008). There will be

times when "the government's interest in ensuring the integrity and efficacy of the trial will outweigh the defendant's interest in acting as his own lawyer." *Martinez v. Court of Appeal of California*, 528 U.S.152, 162, 120 S.Ct.684, 145 L.Ed.2d 597 (2000); *United States v. Young*, 199 F.Supp.2d 697 (S.D. Ohio 2001) (the trial court may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct).

{¶28} In this case, after the trial court observed Cedeno's irrational and bizarre behaviors in open court and through his pro se motions, the court determined that it was necessary for Cedeno to undergo an evaluation to determine whether he fully understood and intelligently relinquished his right to counsel.  Subsequently, multiple doctors opined that Cedeno was competent to stand trial and to represent himself at trial.

{¶29} Nevertheless, a trial court may rely on its own observations to determine whether to grant a defendant's request to proceed pro se, which may be contrary to the expert reports.  *See State v. Were*, 118 Ohio St.3d 448, 2008-Ohio-2762, 890 N.E.2d 263 (court may rely on own observations to determine competency).  Additionally, the trial court may consider how an expert reached a conclusion when deciding whether the accept his conclusion.  *See State v. Nickell*, 6th Dist. Wood No. WD-07-015, 2008-Ohio-1571 (reversing a trial court's determination that the defendant was competent to stand trial because the sole expert evaluation relied upon by the court was based on a single interview and

stated vague, generalized conclusions and where the defendant's responses to the trial court's questions demonstrated that she lacked competency).

{¶30} In this case, the trial court relied on its own observations and interactions with Cedeno and the circumstances surrounding the competency evaluations when it decided to terminate Cedeno's ability to self-represent. The court noted that despite the reports concluding Cedeno was competent, no formal and complete evaluation was conducted because Cedeno refused to cooperate or otherwise participate in the evaluations. This defiant behavior was evidenced when the court asked Cedeno whether he accepted the opinion of Drs. Sokolov and Noffsinger that he was competent to stand trial and to represent himself. Cedeno repeatedly stated that he did not accept or stipulate to the reports because he "never consented to the evaluations." This response is clear that Cedeno did not understand the legal procedures before the court.

{¶31} Cedeno's misunderstanding of the legal proceedings was further demonstrated when he repeatedly asserted that he did not consent to any trial before the court and that the trial court lacked jurisdiction because he is "a [m]an of flesh and blood." The record also demonstrates that Cedeno did not understand the nature and severity of his charges through his motion practice by referring to his charges as "victimless crimes."

{¶32} Our review of the record reveals that Cedeno's pattern of delay and manipulation began on September 27, 2012, the day Case No. CR-12-564978 was

originally scheduled for trial, when he first denied "consent to go to trial to a bench trial or jury," and expressed dissatisfaction with his attorney and requested that the attorney be removed from his case. Although the trial court gave Cedeno the option of self-representation, Cedeno requested that another attorney be appointed, whom he later stated was "unsatisfactory."

{¶33} Cedeno's obstructionist behavior was further evidenced by his refusal to accept discovery from the state. He initially rejected the state's discovery because he "did not request it"; rather, his counsel made the request without consent. Later, he complained that the state did not comply with the discovery request because it would not provide him with all discovery and the production was untimely. After Cedeno indicated he would not accept the state's discovery, he subsequently filed an "Affidavit of Fact/Writ of Discovery" where he "demands for Crim.R. 16, discovery."

{¶34} These obstructionist behaviors, delay tactics, and deliberate manipulations prompted the trial court to terminate Cedeno's self-representation. It was readily apparent that Cedeno would not cooperate in the proceedings, even when the matter was helpful to Cedeno or was a ruling in his favor. In *Faretta*, the United States Supreme Court noted that "[T]he right to self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with the relevant rules of procedural and substantive law." *Faretta*, 422 U.S. at 384, 95 S.Ct. 2525, 45 L.Ed.2d 562. The

trial court attempted to protect all parties and the integrity of the proceedings in its decision, and we find no abuse of discretion.

{¶35} Finally, we note that after trial commenced, Cedeno never renewed his request to self-represent. In *Halder*, this court discussed this precise situation — "the fact that [the defendant] never renewed his desire to represent himself was 'helpful in evaluating [his] intended use of the request, i.e., was it a sincere desire to proceed pro se or manipulative.'" *State v. Halder*, 8th Dist. Cuyahoga No. 87974, 2007-Ohio-5940, ¶ 59; *State v. Williams*, 8th Dist. Cuyahoga No. 99859, 2014-Ohio-1057, ¶ 26 (Stewart, J., dissenting).

{¶36} Accordingly, after thoroughly reviewing the circumstances of the case and relevant case law, we conclude that the trial court did not abuse its discretion in revoking Cedeno's right to represent himself. The first assignment of error is overruled.

## II. Right to Allocution

{¶37} In his second assignment of error, Cedeno contends that the trial court committed error and denied him his rights under the Sixth and Fourteenth Amendments to the United States Constitution, Section 10, Article I of the Ohio Constitution, R.C. 2929.19(A)(1), and Crim.R. 32(A)(1) when it granted the state's objection and summarily revoked his right to allocution.

{¶38} Pursuant to Crim.R. 32(A)(1) and R.C. 2929.19(A), the trial court is required to personally address a defendant and give him an opportunity to speak

prior to sentencing.  "'The purpose of allocution is to allow the defendant an additional opportunity to state any further information which the judge may take into consideration when determining the sentence to imposed [sic].'" *State v. Budreaux*, 8th Dist. Cuyahoga No. 63698, 1993 Ohio App. LEXIS 4415, *4 (Sept. 16, 1993), quoting *Defiance v. Cannon*, 70 Ohio App.3d 821, 828, 592 N.E.2d 884 (3d Dist.1990).  *See also State v. Smith*, 2d Dist. Greene No. 94-CA-86, 1995 Ohio App. LEXIS 4960 (Nov. 8, 1995) (finding no error when a court limits a defendant's presentence statement to those issues that bear upon the impending punishment and that may carry mitigative weight); *State v. Evans*, 8th Dist. Cuyahoga No. 85396, 2007-Ohio-3278.

{¶39} In this case, the trial court afforded Cedeno his right of allocution. The initial statements made by Cedeno were unrelated to mitigation of his punishment, and instead focused on extraneous matters that could have been raised during trial.  After the trial court sustained the state's objection to these unrelated statements, the trial court directed Cedeno "that the issue before us right now is what you have to say, if anything, with respect to the sentence that is to be imposed." (Tr. 928.)  The record does not reflect that Cedeno was interrupted or limited during his second opportunity to address the court in mitigation.

{¶40} Accordingly, the record demonstrates that the trial court did not interfere with Cedeno's rights afforded by the Sixth and Fourteenth Amendments to the United State's Constitution and by Section 10, Article I of the Ohio Constitution when it limited Cedeno's allocution to statements related to the mitigation of punishment. The second assignment of error is overruled.

{¶41} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_Kathleen Ann Keough_

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
MELODY J. STEWART, J., CONCUR

FILED AND JOURNALIZED
PER APP.R. 22(C)

DEC 2 4 2015

CUYAHOGA COUNTY CLERK
OF THE COURT OF APPEALS
By _____ Deputy

Supreme Court of Ohio Clerk of Court - Filed February 04, 2016 - Case No. 2016-0170

IN THE SUPREME COURT OF OHIO

STATE OF OHIO,                        :

    Appellee,                     :

    -vs-                           :          On Appeal from the
                                                 Cuyahoga County Court
                                      :          of Appeals, Eighth
NOEL CEDENO,                                     Appellate District

    Appellant,                    :          Court of Appeals
                                                 Case Numbers 102327&
                                                 102328

---

### NOTICE OF APPEAL OF APPELLANT, NOEL CEDENO

---

ROBERT L. TOBIK
Cuyahoga County Public Defender
JEFFREY M. GAMSO
(0043869)
Assistant Public Defender
Counsel of Record
310 Lakeside Avenue, Suite 200
Cleveland, OH 44113
Phone: (216) 443-7583
FAX: (216) 443-3632
e-mail: jgamso@cuyahogacounty.us
COUNSEL FOR APPELLANT,
NOEL CEDENO

TIMOTHY J. McGINTY
Cuyahoga County Prosecutor
The Justice Center – 9th Floor
1200 Ontario Street
Cleveland, OH  44113
(216) 443-7800

COUNSEL FOR APPELLEE,
STATE OF OHIO

EXHIBIT
tabbies
46

Notice of Appeal of Appellant, Noel Cedeno

Noel Cedeno, gives notice of appeal to the Supreme Court of Ohio from the judgment of the Cuyahoga County Court of Appeals, Eighth Appellate District, in Court of Appeals case Nos. 102327 and 102328 as journalized on December 24, 2015.

This is a felony case, raises substantial constitutional questions, and is of public and great general interest.

Respectfully submitted,

/s/ Jeffrey M. Gamso

JEFFREY M. GAMSO
Assistant Public Defender
COUNSEL FOR APPELLANT
NOEL CEDENO

CERTIFICATE OF SERVICE

A copy of the foregoing Notice of Appeal was sent by regular U.S. Mail, postage prepaid to Timothy J. McGinty, Cuyahoga County Prosecutor and/or a member of his staff, The Justice Center - 9th Floor, 1200 Ontario Street, Cleveland, Ohio 44113 this 4th day of February 2016.

/s/ Jeffrey M. Gamso
JEFFREY M. GAMSO
Assistant Public Defender
COUNSEL FOR APPELLANT,
NOEL CEDENO

Supreme Court of Ohio Clerk of Court - Filed February 04, 2016 - Case No. 2016-0170

## IN THE SUPREME COURT OF OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | * | Supreme Court Case No.: |
| | * | |
| Appellee, | * | On Appeal from the |
| | * | Cuyahoga County Court of |
| vs. | * | Appeals, Eighth Appellate |
| | * | District |
| NOEL CEDENO, | * | |
| | * | Court of Appeals |
| Appellant. | * | Case NoS. 102327 & 102328 |

### MEMORANDUM IN SUPPORT OF JURISDICTION
### NOEL CEDENO, APPELLANT

ROBERT L. TOBIK
Cuyahoga County Public Defender
JEFFREY M. GAMSO
(0043869)
Assistant Public Defender
Counsel of Record
310 Lakeside Avenue, Suite 200
Cleveland, OH 44113
Phone: (216) 443-7583
FAX: (216) 443-3632
e-mail: jgamso@cuyahogacounty.us
COUNSEL FOR APPELLANT,
NOEL CEDENO

TIMOTHY J. McGINTY
Cuyahoga County Prosecutor
The Justice Center – 9th Floor
1200 Ontario Street
Cleveland, OH  44113
(216) 443-7800

COUNSEL FOR APPELLEE,
STATE OF OHIO

EXHIBIT
tabbies®
47

**TABLE OF CONTENTS**

<u>Page</u>

EXPLANATION OF WHY THIS IS A CASE OF PUBLIC OR
GREAT GENERAL INTEREST AND INVOLVES A SUBSTANTIAL
CONSTITUTIONAL QUESTION AND WHY LEAVE TO APPEAL SHOULD BE
GRANTED                                                                                   1

STATEMENT OF THE CASE AND FACTS                                     2

ARGUMENT IN SUPPORT OF PROPOSITIONS OF LAW            6

    <u>Proposition of Law No. 1</u>:    A trial court commits error and denies a criminal
defendant the rights guaranteed him by the Sixth and Fourteenth Amendments
when it substitutes its own view of a defendant's competence to represent
himself at trial for the views of expert witnesses.                          6

    <u>Proposition of Law No. 2</u>:    A criminal defendant's right of allocution is not
merely a right to explain why a court should give a lesser rather than greater
sentence.  It is, rather, the right of the defendant to speak on his own behalf,
and a court may not refuse allocution or cut it off simply because it does not
present grounds to mitigate a sentence.                                  9

CONCLUSION                                                                     13

PROOF OF SERVICE                                                          13

## EXPLANATION OF WHY THIS IS A CASE OF PUBLIC OR GREAT GENERAL INTEREST AND INVOLVES A SUBSTANTIAL CONSTITUTIONAL QUESTION AND WHY LEAVE TO APPEAL SHOULD BE GRANTED

This case raises two matters of constitutional import and of ongoing concern, both related to the rights of the accused in our system of justice.

It is settled that those accused of even serious crime are not thereby bereft of their dignity.  As relevant here, that means the right to make certain choices on their own behalf.  That right is honored even if the choices might be ill-considered.

- Choice of plea.  *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

- Jury of bench trial.  *Adams v. U.S. ex rel. McCann*, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed.2d 268 (1942).

- Testify or not. *Rock v. Arkansas*, 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987).

- Appeal or not.  *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

And, of course, as relevant here, whether to waive counsel and represent himself.  *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

Of course, these rights, like all rights, are not without limits.  At bottom, a defendant must be competent to exercise her rights.  The question in this case is how and when the determination of competency is to be made.

This is the second recent case out of the Eighth District to raise these issues.  This Court declined the State's request to hear the case of Lorenzo Thigpen.  No. 2014-0492, jurisdiction denied, *06/25/2014 Case Announcements*, 2014-Ohio-2725.  This time the Court should accept the case to give the lower courts, and especially the trial courts, the guidance they need to make these decisions.

The second issue presented involves the right of allocution.  This Court has made clear that it is "an absolute right."  *State v. Green*, 90 Ohio St.3d 352, 358, 738 N.E.2d 1208 (2000).  It applies across the board.  Of course, the right to allocate may be waived, but the defendant who wishes to speak must be permitted to.  Moreover, the absolute nature of the right means that it

extends beyond arguments for mitigation. (There are offenses, for instance, where the trial court has no discretion in sentencing; the defendant nevertheless maintains the right to allocate.) The court of appeals in this case, and citing cases from other courts of appeals, held otherwise. Affirming the trial court's decision to cut short defendant's right to speak when he was not addressing what the court viewed as proper mitigation, the court cited its own prior cases as well as cases from the third, sixth, and ninth districts.

In *State v. Storch*, 66 Ohio St.3d 280, 291, 612 N.E.2d 305 (1993), this Court explained the foundational relationship between greater and lesser courts.

> We know that, as a lesser appellate court for purposes of federal questions, we ignore the words of the United States Supreme Court at our peril just as the "lesser" courts of Ohio ignore our words at their peril as to questions of state law.

On the subject of allocution, at least, the Eighth District would seem not to have gotten the memo. This case provides the opportunity for a pertinent reminder.

For these reasons, this Court should accept jurisdiction, adopt Mr. Cedeno's propositions of law, vacate the decision of the court of appeals, and remand the case to the trial court.

## STATEMENT OF THE CASE AND FACTS

The Cuyahoga County grand jury returned four separate indictments against Noel Cedeno arising from the same allegations of sexual misconduct with his wife's daughter, KM. Case Nos. 552923, 559917, 563913, and 564978. The first three indictments were dismissed as the dates they alleged or the places they alleged were clearly impossible to prove. The fourth indictment, returned August 10, 2012 in Case No. 564978, charged two counts of gross sexual imposition,

two counts of rape, two counts of kidnapping, one count of attempted gross sexual imposition, and four counts of importuning.  The counts were accompanied by various specifications and furthermores.

At a pretrial on October 18, 2012, Mr. Cedeno's appointed counsel informed the court that his client wished to waive his right to an attorney and represent himself.  The court told Mr. Cedeno that it was a bad idea, that he did not know the law and would not be allowed to testify, and pointed out that he was facing the prospect, if convicted of all charges and specifications of life in prison without the possibility of parole.  Nevertheless, the court granted him permission to represent himself and denied the prosecutor's request that he be sent for a psychological evaluation.

On November 9, 2012, the court referred Mr. Cedeno to the Court Psychiatric Clinic for a competency evaluation.  On November 26, the State moved to deny his request to represent himself.  On November 29, the court ordered him to Northcoast Behavioral Healthcare Systems for an in-patient competency evaluation.  On January 24, 2013, the court ordered him to Twin Valley for an in-patient competency evaluation.  On July 19, the court referred him again to the Court Psychiatric Clinic.  On November 21, 2013, the court held a hearing on his competency to represent himself; Dr. Steffen Noffsinger of the Court Psychiatric Clinic was called as a witness.

Throughout these proceedings, including at pretrials on November 8 and 16, 2012, January 14 and 23, June 19, August 29, September 30, November 21, and December 2, 3, and 18, 2013, Mr. Cedeno was permitted to and did represent himself.

On January 8, 2014, the court entered a Memorandum Opinion and Order in which it overruled Mr. Cedeno's request to represent himself and required that he be represented by counsel in all further proceedings.

3

On January 6, 2014, the grand jury returned an indictment in Case No. 580862 charging Mr. Cedeno with single counts of rape and kidnapping of his daughter, JC. Both counts were accompanied by various specifications.

On August 26, 2014, counsel for Mr. Cedeno indicated that he had no objection to joining the indictments in the cases concerning KM and JC (Case Nos. 564978 and 580862) for a single trial. On October 1, Mr. Cedeno waived a jury and agreed that the case would be tried to the bench. Trial was held October 6, 7, 8, and 9.

At the close of the State's case, Mr. Cedeno moved for a judgment of acquittal pursuant to Crim.R. 29. The State conceded that it had presented no evidence on two of the importuning counts in Case No. 564978 (Counts 8 and 10) and said "it would be proper to withdraw" them. The court otherwise denied the motion. At the close of the defense case, Mr. Cedeno renewed his motion which the court again denied.

On October 14, the court returned its verdicts. In Case No. 564978, it found Mr. Cedeno guilty of Counts 1, 2, 5, 6, and 7 (both counts of gross sexual imposition, one count each of rape and kidnapping, and the single count of attempted gross sexual imposition). It found him not guilty of Counts 3, 4, 9, and 11 (single counts of rape and kidnapping and two counts of importuning). The court also found that the State had proved the sexually violent predator specifications attached to counts 1, 2, 5, and 6 but had not proved prior conviction or repeat violent offender specifications. In Case No. 580862, the court found Mr. Cedeno guilty of both counts and of their sexually violent predator specifications but not guilty of the prior conviction or repeat violent offender specifications.

The State argued that the rulings on the specifications were premature as they are not elements of the offense but sentencing enhancements. It reiterated that argument in a sentencing

4

memorandum.

At sentencing the State agreed that the rape and kidnapping charges in each count merged and elected to proceed on the rape charges. The State said that the rape verdicts in each case required mandatory sentences of life without the possibility of parole and that the gross sexual imposition verdicts, when accompanied by sexually violent predator specifications, required sentences of from 2 years to life in prison. Mr. Cedeno, through counsel, agreed. The court informed him that he would be a Tier III sex offender, which he already was from a prior case.

Mr. Cedeno then addressed the court indicating that he had asked for a virginity test and that the indictment in Case No. 564978 covered a period of time when he was incarcerated and therefore could not have been molesting KM in their home. The State objected to his statement, the court sustained the objection and then refused to let him speak more.

The court imposed sentences of life without the possibility of parole in Case No. 580862 and on Count 5 of Case 564978, of 2 years to life on Counts 1 and 2 of Case 564978, and of 7 months on Count 7 of Case 564978. All sentences were ordered to run consecutively except for the 7 month sentence which was ordered to run concurrently to the other sentence.

On appeal to the Eighth Appellate District, Mr. Cedeno raised two assigned errors:

THE TRIAL COURT COMMITTED ERROR AND DENIED MR. CEDENO HIS RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND UNDER SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION WHEN IT REVOKED HIS RIGHT TO REPRESENT HIMSELF AND ORDERED THAT HE WOULD HAVE TO BE REPRESENTED BY COUNSEL.

THE TRIAL COURT COMMITTED ERROR AND DENIED MR. CEDENO HIS RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION, R.C. 2929.19(A)(1), AND CRIM.R. 31(A)(1) WHEN IT GRANTED THE STATE'S OBJECTION AND SUMMARILY REVOKED HIS RIGHT TO

ALLOCUTION.  (TR 927-929)

In an opinion released and journalized on December 24, 2015, the court denied

both assigned errors and affirmed Mr. Cedeno's convictions and sentence.

## ARGUMENT IN SUPPORT OF PROPOSITIONS OF LAW

Proposition of Law No. 1:     A trial court commits error and denies a criminal
defendant the rights guaranteed him by the Sixth and Fourteenth Amendments
when it substitutes its own view of a defendant's competence to represent himself
at trial for the views of expert witnesses.

Criminal defendants facing the possibility of incarceration have a constitutional right to

the assistance of counsel.  See, *e.g., Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9

L.Ed.2d 799 (1963).  While the decision will generally be ill-considered, defendants also have a

right to waive the assistance of counsel and represent themselves.  The right to self

representation is bottomed on the Sixth and Fourteenth Amendments to the United States

Constitution and Section 10, Article I of the Ohio Constitution.  *State v. Reed*, 74 Ohio St.3d

534, 535, 660 N.E.2d 456 (1996), citing *Faretta v. California*, 422 U.S. 806, 821, 95 S.Ct. 2525,

45 L.Ed.2d 562 (1975).  When a defendant waives the right to counsel and properly invokes the

right of self-representation, a trial court's refusal to allow self-representation is "per se reversible

error." *State v. Cassano*, 96 Ohio St.3d 94, 2002-Ohio-3751, 772 N.E.2d 81, ¶ 32, citing *Reed*.

As the Supreme Court explained, "Since the right to self-representation is a right that when

exercised usually increases the likelihood of a trial outcome unfavorable to the defendant, its

denial is not amenable to 'harmless error' analysis." *McKaskle v. Wiggins*, 465 U.S. 168, 104

S.Ct. 944, 79 L.Ed.2d 122 (1984).

As with other fundamental rights, of course, the right to self-representation is not

absolute.  The waiver of the right to counsel must be knowing, intelligent, and voluntary.  A

defendant cannot make that waiver if he is not competent.  And the right of self-representation is

6

not license to "engage[] in serious and obstructionist misconduct[,] . . . to abuse the dignity of the courtroom[, or] . . . not to comply with relevant rules of procedural and substantive law." *Faretta*, supra, at 834 n. 46.

In this case, and immediately upon the court's granting Mr. Cedeno the right to represent himself, the prosecutor asked that he be referred for a psychological evaluation.  The court declined.  Mr. Cedeno, the judge said, was "obstinate" in insisting upon not choosing either a bench or jury trial.  But he added, "[b]eing obstinate is not, in itself, a sign of mental disease or illness."

If being obstinate is taking eccentric positions and holding to them, then Mr. Cedeno was indeed obstinate.  He insisted that Crim.R. 3 and R.C. 2937.02 required the State to present him with a copy of a criminal complaint, which at least in regard to Case No. 580862 it did not do.[1] And he continually refused to accept discovery that did not include all the information that would have been provided to counsel.

That final concern, that Mr. Cedeno would not accept discovery, particularly troubled the judge.

> Where counsel refuses to accept discovery when offered by the prosecutor, there is, of course, a serious question of effective assistance of counsel where the defendant himself makes such a statement.  I think the question must be raised whether he is competent to act as his own attorney.

Accordingly, the court referred Mr. Cedeno for evaluation of his competence to represent himself at trial.  In fact, the court made some four referrals.  And despite Mr. Cedeno's lack of cooperation, not one of the evaluators found him incompetent.[2]  And at least two found that he

---

[1] See TR 717-719 for Detective Evans' explanation of why no police report was made in regard to the charges in that case and TR 760-762 for the prosecutor's further explanation.

[2] Although Dr. Schmedlen, who conducted the first of those evaluations, thought there was "a genuine question" of Mr. Cedeno's competence to represent himself, he did not affirmatively answer that question.

was, in fact, competent both to stand trial and to represent himself.

Nevertheless, the court revoked Mr. Cedeno's right to self-representation.  Memorandum of Opinion and Order, Jan. 8, 2014.  By representing himself and refusing to accept discovery, the court said, he would be sabotaging a potentially meritorious defense and allowing himself to be found guilty even if factually innocent.  Further, his "inability to speak coherently and express himself effectively in the English language," would impede the progress of trial and means that his desire to represent himself "cannot be the result of the exercise of 'an informed free will.'"

The court's concern for what it perceived as Mr. Cedeno's best interest may be laudable. It is not, however, a basis to deny him the right to represent himself.  As this Court held in *State v. Thigpen,* 8th Dist. Cuyahoga No. 99841, 2014-Ohio-207, reversing a trial court's decision to revoke a defendant's right to represent himself at trial, nothing in Crim.R. 16 requires a defendant to accept discovery.  Nor is the decision to refuse discovery, however ill-advised, evidence of either incompetence or delaying tactics.  Finally, inability to express oneself "effectively" is hardly proof of inability to understand or to make decisions.

Mr. Cedeno chose to serve as his own counsel.  By denying him that right, the court effectively denied him the right to counsel of his own choice.

In *United States v. Gonzalez-Lopez,* 548 U.S. 140, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006), the Supreme Court made clear that the Sixth Amendment did not provide merely for a right to counsel but for a right to counsel of choice.  While the right to counsel of choice is not unlimited, it is central to the Sixth Amendment guarantee.  The choice may or may not be wise, but it is to be respected.

> Where the right to be assisted by counsel of one's choice is wrongly denied, therefore, it is unnecessary to conduct an ineffectiveness or prejudice inquiry to establish a Sixth Amendment violation. Deprivation of the right is "complete" when the defendant is erroneously prevented from being represented by the lawyer he wants, regardless of the

quality of the representation he received. To argue otherwise is to confuse the right to counsel of choice—which is the right to a particular lawyer regardless of comparative effectiveness—with the right to effective counsel—which imposes a baseline requirement of competence on whatever lawyer is chosen or appointed.

Id. at 148.

As the Eighth Circuit put it in *Gonzalez-Lopez*, before that case went to the Supreme

Court,

> Moreover, like the denial of the right to self-representation, the unwarranted denial of the right to choice of counsel can "never be harmless." Both rights "reflect[ ] constitutional protection of the defendant's free choice independent of concern for the objective fairness of the proceeding." . . . The criminal defendant's right to select the attorney of his choice to represent him, like the right to self-representation, derives from the Sixth Amendment principle wherein the defendant has the right to decide the type of defense he will mount. "The Sixth Amendment ... grants to the accused personally the right to make his defense .... for it is he who suffers the consequences if the defense fails."

399 F.3d 924, 934-935 (8th Cir. 2005) (citations omitted).

Despite the views of the experts and the lack of any substantive evidence to the contrary, the court of appeals revoked Mr. Cedeno's right of self-representation.  Relying on a misreading of this Court's decision in *State v. Were*, 118 Ohio St.3d 448, 2008-Ohio-2762, 890 N.E.2d 263, the court said that the trial judge could determine competency based on his own observations regardless of the views of experts.  That is, simply, wrong.

The proposition of law should be sustained and the case remanded for a new trial.

Proposition of Law No. 2:    A criminal defendant's right of allocution is not merely a right to explain why a court should give a lesser rather than greater sentence.  It is, rather, the right of the defendant to speak on his own behalf, and a court may not refuse allocution or cut it off simply because it does not present grounds to mitigate a sentence.

At the sentencing hearing in this case, after the court advised Mr. Cedeno that he was being classified as a Tier III sex offender, the judge asked if he had anything to say.  As the defendant began his statement, the prosecutor objected, the court sustained the objection and

then cut off the defendant.

      THE DEFENDANT:      Tell them that I want to say something for the record.

      THE COURT:      Yes, sir.

      THE DEFENDANT:      This is a supplementary report. The detective asked Jazmin what made her say the case or what happened about the case. And she answered my mother's name's --

      MS. DUCOFF:      The State's going to object to this, Your Honor.

      THE DEFENDANT:      I asked her -- I asked the prosecutor through my attorney that I wanted a test, a virginity test, to see if she was a virgin or not, and my attorney sent that request to her. The prosecutor answered on July 31st and it was denied, that it is not necessary because there's going to be some expert.

      MS. DUCOFF:      Your Honor, I don't mean to interrupt. We had a hearing, we had a trial where Dr. Feingold testified. This could have been discussed with him at trial. This has nothing to do with sentencing. This is rehashing that which should have been or could have been done at trial.

      THE COURT:      I agree. The State's objection is sustained.

      THE DEFENDANT      (without interpreter): I feel bad because they gave me indictment here, 49 -- 5649.78, right. She had 24 years experienced professional. 22 years professional. Right. How and they still indicted me when Noel Cedeno was in Marion Correctional Facility.   How Noel Cedeno be in two places at one time? I got proof. It's in the computer why you indicted me that way.

      THE COURT:      Mr. Cedeno, what you're saying is something that could have been raised during trial. It was not. The issue before us right now is what you have to say, if anything, with respect to the sentence that is to be imposed. This is not a time to argue innocence or questions about the evidence that's been presented.

      THE DEFENDANT:      I only ask you please look in the computer and see Mr. Cedeno. Mr. Cedeno found guilty in one charge when Mr. Cedeno was in jail. I understand. I apologize for my little outburst. It's three years, eight months. It's same situation back-to-back.

      THE COURT:      Ms. Ducoff, is there anybody to speak on behalf of the victims?

Both the Rules of Criminal Procedure and the Revised Code mandate that defendants

have an opportunity to speak at sentencing.  Crim.R.32, provides:

> **(A) Imposition of sentence.** Sentence shall be imposed without unnecessary delay. Pending sentence, the court may commit the defendant or continue or alter the bail. At the time of imposing sentence, the court shall do all of the following:
> (1) Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment.

Similarly, R.C. 2929.19 provides:

    (A) The court shall hold a sentencing hearing before imposing a sentence under this chapter upon an offender who was convicted of or pleaded guilty to a felony and before resentencing an offender who was convicted of or pleaded guilty to a felony and whose case was remanded pursuant to section 2953.07 or 2953.08 of the Revised Code. At the hearing, the offender, the prosecuting attorney, the victim or the victim's representative in accordance with section 2930.14 of the Revised Code, and, with the approval of the court, any other person may present information relevant to the imposition of sentence in the case.

Mr. Cedeno does not dispute that he was offered an opportunity to speak.  Nor does he dispute that the State's objection had some superficial appeal insofar as his allocution did not, at least not strictly, address matters in mitigation of his sentence.  But that appeal is only superficial since neither the rule nor the statute mandates that the defendant may speak only if his words have obvious mitigatory possibility.

The rule allows the offender to speak for himself or, alternatively, present "information in mitigation." The statute simply provides the offender an absolute right to speak.  Importantly, if allocution was only about mitigation, it would not be an available right where the court has no sentencing options.  But that is not the case.

In *State v. Campbell,* 90 Ohio St.3d 320, 2000-Ohio-183, 738 N.E.2d 1178, (2000), the court made clear that the right of allocution applies to all cases.  *Id.* at paragraph two of the syllabus ("Crim.R. 32(A)(1) applies to capital cases and noncapital cases").  Moreover, it is mandatory, "an absolute right." *State v. Green*, 90 Ohio St.3d 352, 358, 738 N.E.2d 1208 (2000); *Campbell* at paragraph one of the syllabus ("before imposing sentence, a trial court must address the defendant personally and ask whether he or she wishes to make a statement in his or her own behalf").

The defendant, then, has an absolute right to speak at sentencing, even if the court has no discretion in selecting the sentence.  It follows that the court may not cut off that right simply because it finds the statement irrelevant to sentencing.  Yet that is exactly what happened here.

And it is what the court of appeals said is proper.   "'The purpose of allocution,'" the court said, quoting its own decision in a case predating this Court's decisions in *Campbell* and *Green*, "'is to allow the defendant an additional opportunity to state any further information which the judge may take into consideration when determining the sentence to imposed [sic].'" 2015-Ohio-5412, at ¶ 38 (quoting *State v. Budreaux*, 8th Dist. Cuyahoga No. 63698, 1993 Ohio App. LEXIS 4415, *4 (Sept. 16, 1993)).  But, of course, that is wrong.

Mr. Cedeno began, the State objected that the statement did not speak to mitigation, the court sustained the objection, admonished the defendant to speak only about what the court (and apparently the State) wished to hear, and then cut him off.

The court thereby interfered with his rights and denied him a fair and lawful sentencing proceeding as provided by R.C. 2929.19(A)(1) and Crim.R. 32(A)(1) and as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.

The proposition of law should be sustained and the case remanded to the trial court for a new sentencing proceeding.

## CONCLUSION

For the reasons set forth above, this Court should accept jurisdiction, grant the proposition of law, reverse the decision of the court of appeals, and remand the case.

Respectfully submitted,

/s/ Jeffrey M. Gamso
JEFFREY M. GAMSO (0043869)
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113
Phone: (216) 443-7583
FAX: (216) 443-3632
e-mail: jgamso@cuyahogacounty.us
COUNSEL FOR APPELLANT,
NOEL CEDENO

## PROOF OF SERVICE

This is to certify that a copy of the foregoing was served by regular U.S. Mail on Timothy J. McGinty, Cuyahoga County Prosecutor, The Justice Center – 9th Floor, 1200 Ontario Street, Cleveland, Ohio 44113, this 4th[d] day of February 2016.

/s/ Jeffrey M. Gamso
JEFFREY M. GAMSO
Counsel for Appellant
NOEL CEDENO

Supreme Court of Ohio Clerk of Court - Filed February 04, 2016 - Case No. 2016-0170

[Cite as *State v. Cedeno*, 2015-Ohio-5412.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### Nos. 102327 and 102328

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## NOEL CEDENO

DEFENDANT-APPELLANT

---

## JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-12-564978-A and CR-13-580862-A

**BEFORE:**  Keough, P.J., E.T. Gallagher, J., and Stewart, J.

**RELEASED AND JOURNALIZED:**  December 24, 2015

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
By: Jeffrey Gamso
Assistant Cuyahoga County Public Defender
310 Lakeside Avenue
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Owen M. Patton
        Ronni Ducoff
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

{¶1} In this consolidated appeal, defendant-appellant, Noel Cedeno, appeals his convictions contending that the court erred when it revoked his right to self-representation and allocution.   For the reasons that follow, we affirm.

{¶2} In 2011, Cedeno was originally named in a six-count indictment charging him with sex offenses involving a child under the age of thirteen.   The original indictment and two subsequent indictments were dismissed without prejudice due to inaccuracies regarding the dates of the alleged offenses.   Cedeno was ultimately re-indicted in August 2012 under Case No. CR-12-564978 with eleven charges, including four counts of importuning, two counts each of gross sexual imposition, rape, kidnapping, and one count of attempted gross sexual imposition.   Most of the counts contained sexually violent predator and repeat violent offender specifications, and notices of prior convictions.

{¶3} In September 2013 and during the pretrial stages of this case, another victim under the age of thirteen came forward alleging that Cedeno raped her.   As a result, Cedeno was charged under Case No. CR-13-580862 with one count of rape and kidnapping.    Each count contained various specifications, and notices of prior convictions.   Case Nos. CR-12-564978 and CR-13-580862 were consolidated without objection.

{¶4} Cedeno subsequently waived his right to a jury trial.   During the bench trial, the state presented to the court testimony from the victims, their friends and family members, a medical expert, a caseworker, two counselors, and the detective assigned to

investigate the cases.  Following the close of the state's case, the state dismissed two counts of importuning as charged in Case No. CR-12-564978.  After hearing testimony from Cedeno's witnesses, the trial court denied his renewed Crim.R. 29 motion for acquittal.

{¶5} In Case No. CR-12-564978, Cedeno was found guilty of two counts of gross sexual imposition of a child under the age of thirteen, one count of rape of a child under the age of thirteen, one count of kidnapping a child under the age of thirteen with a sexual motivation specification, and one count of attempted gross sexual imposition.  He was found not guilty of one count of rape and kidnapping and two counts of importuning.  In Case No. CR-13-580862, the court found Cedeno guilty of one count of rape of a child under ten years old and one count of kidnapping.

{¶6} Cedeno was sentenced to a mandatory life in prison sentence in Case No. CR-12-564978, to run consecutively to a mandatory life in prison sentence in Case No. CR-13-580862.  Cedeno appeals, raising two assignments of error.

## I. Revocation of Self-Representation

{¶7} On the same day that trial was scheduled to begin on Case No. CR-12-564978, Cedeno stated in open court that he no longer wanted his attorney to represent him.  The court advised him that the case was going to trial and that he could either represent himself or have another attorney appointed.  Cedeno requested "another attorney to be assigned." (Tr. 9.)  He further stated, "[I] deny consent to go to a bench trial or a jury trial." (Tr. 10.)  The trial court stated that his request for new counsel was

"sounding * * * more and more like [Cedeno was] trying simply to delay these proceedings by waiting until the day before trial to tell us that you want a different attorney." (Tr. 18.)  The state agreed that this was a stall tactic and objected to the appointment of new counsel.  Nevertheless, the trial court indicated it would appoint Cedeno new counsel and continue the matter for a pretrial.

{¶8} In an October 2012 pretrial, Cedeno rejected the services of newly appointed defense counsel and requested to represent himself.  Cedeno indicated he filed a waiver of counsel and a written Crim.R. 44(C) motion, whereby he indicated he was proceeding pro se, that his attorney was appointed without his consent, that he does not consent to any continuances or to go to trial because the trial court violated the doctrine of "unclean hands."  During this hearing Cedeno continued to deny consent to any trials on any cases before this court.  Although the state requested a referral to the court psychiatric clinic, the court denied the state's request, stating "[B]eing obstinate is not, in itself, a sign of mental disease or illness such as to make him incompetent to stand trial." (Tr. 31-32.)  After advising Cedeno about the perils of representing himself, the trial court allowed Cedeno to proceed pro se.  The court further ordered that the state provide Cedeno with discovery.

{¶9} At the next pretrial in November, Cedeno refused the state's discovery because he did not consent for it to be requested, it was incomplete and untimely.  After Cedeno indicated that he would not accept any discovery from the state, the court relieved the state of its discovery obligations.  Based on the court's overall observations of

Cedeno's behavior "that appeared to be irrational, bizarre, and inconsistent with his claimed ability to conduct an effective trial — either to a jury or to the court," the court referred Cedeno to the Court Psychiatric Clinic for a competency evaluation to stand trial and to determine whether he was competent to waive his right to counsel.

{¶10} At the Court Psychiatric Clinic, Dr. George Schmedlen attempted to evaluate Cedeno. However, according to Dr. Schmedlen's report, Cedeno declined to sign any medical releases and did not want to be evaluated. Dr. Schmedlen, after learning that Cedeno wanted to represent himself at trial and that Cedeno refused to accept discovery from the state, opined that "Cedeno's behavior raises a genuine issue as to his competency to stand trial and his competency to proceed pro-se." However, because of Cedeno's refusal to cooperate, Dr. Schmedlen could not assess his competency and suggested an inpatient evaluation at Northcoast Behavioral Healthcare. Both the trial court and the state indicated to Cedeno that a competency evaluation was necessary to determine whether he could represent himself.

{¶11} Following Dr. Schmedlen's recommendation, the trial court ordered Cedeno to undergo a 20-day inpatient evaluation at Northcoast Behavioral Healthcare. In January 2013, the trial court received a report from Dr. Joy Stankowski who referred to the findings of Dr. Jason Beaman. Dr. Beaman reported that he attempted to evaluate Cedeno; however Cedeno refused evaluation because he was competent to stand trial and to represent himself. Dr. Beaman concluded that it was his opinion that Cedeno's "lack

of cooperation is volitional and does not stem from a mental condition." Therefore, Dr. Beaman found Cedeno competent.

{¶12} Troubled that Cedeno was declared competent even though Dr. Beaman did not conduct an evaluation, the court referred Cedeno to Twin Valley Behavioral Healthcare for further evaluation.   In open court, Cedeno refused an evaluation stating he has "nothing wrong" with him, he understood "perfect what the charge is," denied consent to a lawyer, and demanded to represent himself.  (Tr. 119.)

{¶13} In June 2013, the trial court received the competency report prepared by Dr. Howard Sokolov of Twin Valley Behavioral Healthcare.   Dr. Sokolov opined that Cedeno was both "competent to assist in [his] defense" and "able to voluntarily, knowingly and intelligently waive his right to counsel so that he can proceed pro se." (Tr. 127.)

{¶14} The trial court then asked Cedeno whether he agreed or stipulated to the report of Dr. Sokolov and the conclusions contained in the report.  Cedeno responded that "I'm not going to accept it" because he did not consent to the evaluation or for Dr. Sokolov to make a report.  (Tr. 132, 138.)

{¶15} Cedeno again was evaluated in the Court Psychiatric Clinic by Dr. Stephen Noffsinger who found Cedeno competent to stand trial and to proceed pro se. Nevertheless, Cedeno refused to stipulate to Dr. Noffsinger's report because it was neither signed nor did he give consent to do an evaluation.

{¶16} Upon request by the state, the trial court conducted a hearing to hear testimony from Dr. Noffsinger.  During the hearing, Cedeno questioned Dr. Noffsinger about the report he prepared and how he could "give an evaluation of a person that was only with [him] for 15 minutes."  (Tr. 192.)  Dr. Noffsinger responded:

> As I mentioned, I did not do a thorough evaluation based on your decision to not cooperate.  You told me several times that you were going to exert your right to not cooperate
>
> So, again, my evaluation is limited to what's in your records, and then my direct observations of you, but I am able to say with reasonable medical certainty that you do not have a present mental condition that would impair you from understanding the nature and objectives of the court proceedings or in assisting in your defense, or to impair you from intelligently, knowingly, and voluntarily waiving your right to counsel.

(Tr. 192-193.)

{¶17} Even though the court told Cedeno that Dr. Noffsinger concluded he was competent and he could waive his right to counsel, Cedeno refused to accept Dr. Noffsinger's report or opinion because he never gave consent.  Based on Cedeno's refusal, the trial court indicated it would render a written decision whether it would allow Cedeno to continue to proceed without counsel.

{¶18} In the trial court's written decision deciding that Cedeno could not represent himself in this case, the court stated,

> [Cedeno's] actions have made it clear that he understands neither the charges against him nor even the most basic elements of what it would take to defend against those charges.

\* \* \*

Notwithstanding the absence of a diagnosis of "severe mental disease," however, the court finds that the concerns first voiced by Dr. Schmedlen — that the defendant's behavior "...raises a genuine issue as to his competency to stand trial and competency to proceed pro-se" — are supported, and indeed amplified, by the consistent pattern of behavior by the defendant himself throughout the proceedings * * *.

{¶19} The trial court then listed several instances where Cedeno's behavior indicated he could not proceed pro se — (1) he repeatedly denied his consent to either a bench or jury trial, (2) he rejected the state's discovery because it was not requested, and it was incomplete and untimely; but then complained that he did not receive discovery from the state; (3) he failed to accept the reports of multiple physicians that found him competent to stand trial and to represent himself because he "did not consent to the evaluations"; (4) he maintained the cases against him were closed or that the court lacked jurisdiction over him because he was a "man of flesh and blood"; (5) he referred to the charges against him as "victimless crimes"; and (6) he filed a number of motions that were irrelevant to the proceedings.

{¶20} The trial court reasoned that "either (1) [Cedeno] is not competent to provide himself with even the most rudimentary defense against these very serious charges, or (2) the defendant is competent, but is acting in this manner with the specific and perverse intention of making a mockery of these proceedings."  The court concluded that to secure the fairness of the proceedings and to protect all involved, including the defendant, the alleged victims, and the community, Cedeno could not continue to proceed without counsel.

{¶21} When the trial court announced its ruling in open court, Cedeno repeated that he wanted to represent himself. Nevertheless, after the trial court explained its ruling, Cedeno changed his focus and questioned when his attorney would visit him. At that point, the court suggested that his appointed counsel in the newly indicted case — Case No. CR-13-580862 — could also represent him in this case. No objection was raised by Cedeno.

{¶22} Subsequently, his two cases were consolidated, Cedeno appeared with counsel, and the cases proceeded to trial. Cedeno did not raise any objection or complaint about his attorney or that he wanted to proceed pro se during the guilt phase. After he was convicted in both cases and during sentencing, Cedeno complained that he was deprived of his right of self-representation.

{¶23} In his first assignment of error, Cedeno contends that the trial court committed error and denied him his rights under the Sixth and Fourteenth Amendments to the United States Constitution and under Section 10, Article I of the Ohio Constitution when it revoked his right to represent himself and ordered that he would have to be represented by counsel.

{¶24} The Sixth Amendment guarantees a criminal defendant a right to self-representation. *State v. Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399 (1976), paragraph one of the syllabus, citing *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

> To invoke the right of self-representation, the right to the assistance of counsel must be knowingly, voluntarily, and intelligently waived. A two

> part inquiry may be required. First, the court must determine the defendant is competent to waive the right to counsel if the court has reason to doubt the defendant's competence. Second, the court must decide whether the waiver is knowing and voluntarily.

*State v. Watson*, 132 Ohio App.3d 57, 63, 724 N.E.2d 469 (8th Dist.1998), citing *Godinez v. Moran*, 509 U.S. 389, 400-402, 113 S.Ct. 2690, 125 L.Ed.2d 321 (1993); *see also State v. Cassano*, 96 Ohio St.3d 94, 2002-Ohio-3751, 772 N.E.2d 81.

{¶25} Before a trial court permits a criminal defendant to represent himself, a valid waiver of counsel must appear affirmatively in the record. *State v. Irwin*, 8th Dist. Cuyahoga No. 90772, 2009-Ohio-848; *State v. Martin*, 8th Dist. Cuyahoga No. 80198, 2003-Ohio-1499. To establish an effective waiver, "the trial court must make sufficient inquiry to determine whether a defendant fully understands and intelligently relinquishes that right." *Irwin* at ¶ 34, citing *Gibson* at paragraph two of the syllabus. Although there is no prescribed colloquy, it is essential that the trial court ascertains that the defendant is aware of the dangers and disadvantages of self-representation, and that he is making the decision with his "eyes open." *Irwin* at ¶ 35, citing *Faretta* at 835. Specifically, the trial court must advise the defendant of the nature of the charges against him, the range of allowable punishment, the possible defenses, any mitigating circumstances, and the dangers of self-representation. *State v. Ford*, 8th Dist. Cuyahoga No. 86951, 2006-Ohio-3723, ¶ 63, citing *State v. Martin*, 8th Dist. Cuyahoga No. 80198, 2003-Ohio-1499.

{¶26} In this case and after advising Cedeno of the perils of proceeding pro se, the trial court initially concluded that Cedeno was competent to waive counsel and to stand

trial, and despite the state suggesting otherwise, the court stated that "[B]eing obstinate is not, in itself, a sign of mental disease or illness such as to make him incompetent to stand trial." (Tr. 31-32.) Therefore, the court allowed Cedeno to proceed pro se.

{¶27} However, the right of self-representation is not absolute. *Indiana v. Edwards*, 554 U.S. 164, 128 S.Ct. 2379, 171 L.Ed.2d 345 (2008). There will be times when "the government's interest in ensuring the integrity and efficacy of the trial will outweigh the defendant's interest in acting as his own lawyer." *Martinez v. Court of Appeal of California*, 528 U.S.152, 162, 120 S.Ct.684, 145 L.Ed.2d 597 (2000); *United States v. Young*, 199 F.Supp.2d 697 (S.D. Ohio 2001) (the trial court may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct).

{¶28} In this case, after the trial court observed Cedeno's irrational and bizarre behaviors in open court and through his pro se motions, the court determined that it was necessary for Cedeno to undergo an evaluation to determine whether he fully understood and intelligently relinquished his right to counsel. Subsequently, multiple doctors opined that Cedeno was competent to stand trial and to represent himself at trial.

{¶29} Nevertheless, a trial court may rely on its own observations to determine whether to grant a defendant's request to proceed pro se, which may be contrary to the expert reports. *See State v. Were*, 118 Ohio St.3d 448, 2008-Ohio-2762, 890 N.E.2d 263 (court may rely on own observations to determine competency). Additionally, the trial court may consider how an expert reached a conclusion when deciding whether the accept

his conclusion.  *See State v. Nickell*, 6th Dist. Wood No. WD-07-015, 2008-Ohio-1571 (reversing a trial court's determination that the defendant was competent to stand trial because the sole expert evaluation relied upon by the court was based on a single interview and stated vague, generalized conclusions and where the defendant's responses to the trial court's questions demonstrated that she lacked competency).

{¶30} In this case, the trial court relied on its own observations and interactions with Cedeno and the circumstances surrounding the competency evaluations when it decided to terminate Cedeno's ability to self-represent.  The court noted that despite the reports concluding Cedeno was competent, no formal and complete evaluation was conducted because Cedeno refused to cooperate or otherwise participate in the evaluations.  This defiant behavior was evidenced when the court asked Cedeno whether he accepted the opinion of Drs. Sokolov and Noffsinger that he was competent to stand trial and to represent himself.  Cedeno repeatedly stated that he did not accept or stipulate to the reports because he "never consented to the evaluations."  This response is clear that Cedeno did not understand the legal procedures before the court.

{¶31} Cedeno's misunderstanding of the legal proceedings was further demonstrated when he repeatedly asserted that he did not consent to any trial before the court and that the trial court lacked jurisdiction because he is "a [m]an of flesh and blood."  The record also demonstrates that Cedeno did not understand the nature and severity of his charges through his motion practice by referring to his charges as "victimless crimes."

{¶32} Our review of the record reveals that Cedeno's pattern of delay and manipulation began on September 27, 2012, the day Case No. CR-12-564978 was originally scheduled for trial, when he first denied "consent to go to trial to a bench trial or jury," and expressed dissatisfaction with his attorney and requested that the attorney be removed from his case.    Although the trial court gave Cedeno the option of self-representation, Cedeno requested that another attorney be appointed, whom he later stated was "unsatisfactory."

{¶33} Cedeno's obstructionist behavior was further evidenced by his refusal to accept discovery from the state.  He initially rejected the state's discovery because he "did not request it"; rather, his counsel made the request without consent.  Later, he complained that the state did not comply with the discovery request because it would not provide him with all discovery and the production was untimely.   After Cedeno indicated he would not accept the state's discovery, he subsequently filed an "Affidavit of Fact/Writ of Discovery" where he "demands for Crim.R. 16, discovery."

{¶34} These obstructionist behaviors, delay tactics, and deliberate manipulations prompted the trial court to terminate Cedeno's self-representation.   It was readily apparent that Cedeno would not cooperate in the proceedings, even when the matter was helpful to Cedeno or was a ruling in his favor.  In *Faretta*, the United States Supreme Court noted that "[T]he right to self-representation is not a license to abuse the dignity of the courtroom.   Neither is it a license not to comply with the relevant rules of procedural and substantive law." *Faretta*, 422 U.S. at 384, 95 S.Ct. 2525, 45 L.Ed.2d 562.  The

trial court attempted to protect all parties and the integrity of the proceedings in its decision, and we find no abuse of discretion.

{¶35} Finally, we note that after trial commenced, Cedeno never renewed his request to self-represent.  In *Halder*, this court discussed this precise situation — "the fact that [the defendant] never renewed his desire to represent himself was 'helpful in evaluating [his] intended use of the request, i.e., was it a sincere desire to proceed pro se or manipulative.'" *State v. Halder*, 8th Dist. Cuyahoga No. 87974, 2007-Ohio-5940, ¶ 59; *State v. Williams*, 8th Dist. Cuyahoga No. 99859, 2014-Ohio-1057, ¶ 26 (Stewart, J., dissenting).

{¶36} Accordingly, after thoroughly reviewing the circumstances of the case and relevant case law, we conclude that the trial court did not abuse its discretion in revoking Cedeno's right to represent himself.   The first assignment of error is overruled.

## II.   Right to Allocution

{¶37} In his second assignment of error, Cedeno contends that the trial court committed error and denied him his rights under the Sixth and Fourteenth Amendments to the United States Constitution, Section 10, Article I of the Ohio Constitution, R.C. 2929.19(A)(1), and Crim.R. 32(A)(1) when it granted the state's objection and summarily revoked his right to allocution.

{¶38} Pursuant to Crim.R. 32(A)(1) and R.C. 2929.19(A), the trial court is required to personally address a defendant and give him an opportunity to speak prior to sentencing.   "'The purpose of allocution is to allow the defendant an additional

opportunity to state any further information which the judge may take into consideration when determining the sentence to imposed [sic].'" *State v. Budreaux*, 8th Dist. Cuyahoga No. 63698, 1993 Ohio App. LEXIS 4415, *4 (Sept. 16, 1993), quoting *Defiance v. Cannon*, 70 Ohio App.3d 821, 828, 592 N.E.2d 884 (3d Dist.1990). *See also State v. Smith*, 2d Dist. Greene No. 94-CA-86, 1995 Ohio App. LEXIS 4960 (Nov. 8, 1995) (finding no error when a court limits a defendant's presentence statement to those issues that bear upon the impending punishment and that may carry mitigative weight); *State v. Evans*, 8th Dist. Cuyahoga No. 85396, 2007-Ohio-3278.

{¶39} In this case, the trial court afforded Cedeno his right of allocution. The initial statements made by Cedeno were unrelated to mitigation of his punishment, and instead focused on extraneous matters that could have been raised during trial. After the trial court sustained the state's objection to these unrelated statements, the trial court directed Cedeno "that the issue before us right now is what you have to say, if anything, with respect to the sentence that is to be imposed." (Tr. 928.) The record does not reflect that Cedeno was interrupted or limited during his second opportunity to address the court in mitigation.

{¶40} Accordingly, the record demonstrates that the trial court did not interfere with Cedeno's rights afforded by the Sixth and Fourteenth Amendments to the United States Constitution and by Section 10, Article I of the Ohio Constitution when it limited Cedeno's allocution to statements related to the mitigation of punishment. The second assignment of error is overruled.

{¶41} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The defendant's convictions having been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
MELODY J. STEWART, J., CONCUR

Supreme Court of Ohio Clerk of Court - Filed March 07, 2016 - Case No. 2016-0170

NO. 2016-0170

_____

IN THE SUPREME COURT OF OHIO

_____

STATE OF OHIO

Plaintiff-Appellant

vs.

NOEL CEDENO

Defendant-Appellee

_____

**MEMORANDUM IN RESPONSE TO APPELLANT'S MEMORANDUM IN SUPPORT OF JURISDICTION**

_____

Counsel for Plaintiff-Appellant

**TIMOTHY J. McGINTY**
**CUYAHOGA COUNTY PROSECUTOR**

**GREGORY OCHOCKI (0063383)**
Assistant Prosecuting Attorney
The Justice Center, 8TH Floor
1200 Ontario Street
Cleveland, Ohio 44113
(216) 348-4463

Counsel for Defendant-Appellee

**JEFFREY M. GAMSO, ESQ.**
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, OH 44113

EXHIBIT
48

**TABLE OF CONTENTS**

EXPLANATION WHY THIS FELONY CASE IS NOT A CASE OF GREAT PUBLIC OR GENERAL INTEREST AND DOES NOT INVOLVE A SUBSTANTIAL CONSTITUTIONAL QUESTION..................................................................................................................1

STATEMENT OF THE CASE AND FACTS ............................................................1

LAW AND ARGUMENT ........................................................................................5

     APPELLANT'S PROPOSITION OF LAW NO. I:  A trial court commits error and denies a criminal defendant him by the rights guaranteed the Sixth and Fourteenth Amendments when it substitutes its own view of a defendant's competence to represent himself at trial for the views of expert witnesses.

     APPELLANT'S PROPOSITION OF LAW NO. II:  A criminal defendant's right of allocution is not merely a right to explain why a court should give a lesser rather than greater sentence.  It is, rather, the right of the defendant to speak on his own behalf, and a court may not refuse allocution or cut it off simply because it does not present grounds to mitigate a sentence.

CONCLUSION.......................................................................................................8

CERTIFICATE OF SERVICE ...............................................................................9

**TABLE OF AUTHORITIES**

Cases

*Indiana v. Edwards*, 554 U.S. 164, 128 S.Ct. 2379, 171 L.Ed.2d 345 (2008) ............................... 5

*State v. Budreaux*, 8th Dist. Cuyahoga No. 63698, 1993 Ohio App. LEXIS 4415, *4-5 (Sept. 16, 1993)............................................................................................................................................... 7

*State v. Copeland*, 12th Dist. Butler No. CA2007-02-039, 2007-Ohio-6168................................. 7

*State v. Hofmann*, 6th Dist. Erie No. E-03-057, 2004-Ohio-6655................................................... 7

*State v. Smith*, 2nd Dist. No. 94-CA-86, 1995 Ohio App. LEXIS 4960, *7 (Nov. 8, 1995) .......... 7

*United States v. Young*, 199 F.Supp2d 697 (S.D. Ohio 2001)....................................................... 6

i

## EXPLANATION WHY THIS FELONY CASE IS NOT A CASE OF GREAT PUBLIC OR GENERAL INTEREST AND DOES NOT INVOLVE A SUBSTANTIAL CONSTITUTIONAL QUESTION

Appellant Noel Cedeno ("Cedeno") does not present this Honorable Court with either a substantial constitutional question or a matter of great public or general interest. The Eighth District applied relevant case law, thoroughly reviewed the record, and determined Cedeno's "obstructionist behaviors, delay tactics, and deliberate manipulations," led to the termination of his right to self-representation. *State v. Cedeno*, 8th Dist. Nos. 102327 and 102328, 2015-Ohio-5412, ¶ 34. The appellate court also correctly held the trial court afforded Cedeno his right to allocution.

The State of Ohio respectfully submits Cedeno's arguments do not warrant the jurisdiction of this Court. Neither of his proposed assignments of error present a substantial constitutional question or a matter of great or general public interest.

## STATEMENT OF THE CASE AND FACTS

The charges in the underlying criminal cases were summarized by the Eighth District as follows:

> In 2011, Cedeno was originally named in a six-count indictment charging him with sex offenses involving a child under the age of thirteen. The original indictment and two subsequent indictments were dismissed without prejudice due to inaccuracies regarding the dates of the alleged offenses. Cedeno was ultimately re-indicted in August 2012 under Case No. CR-12-564978 with eleven charges, including four counts of importuning, two counts each of gross sexual imposition, rape, kidnapping, and one count of attempted gross sexual imposition. Most of the counts contained sexually violent predator and repeat violent offender specifications, and notices of prior convictions.

> In September 2013 and during the pretrial stages of this case, another victim under the age of thirteen came forward alleging that Cedeno raped her. As a result, Cedeno was charged under Case No. CR-13-580862 with one count of rape and kidnapping. Each count contained various specifications, and notices of prior convictions.

1

2015-Ohio-5412, ¶ 2-3.[1]

On September 27, 2012, Cedeno requested that his Spanish-speaking defense counsel be removed because of communication issues. (Tr. 9, 15-19). After inquiring into the matter, the trial court allowed defense counsel to withdraw, but not before agreeing with the State that the request appeared to be a "stalling tactic." (Tr. 22-23). At that time, Cedeno also asserted that he denied his consent to a jury or bench trial. (Tr. 10).

On October 18, 2012, Cedeno rejected the second attorney appointed to represent him and requested to proceed pro se. (Tr. 25). The trial court advised Cedeno of the dangers and disadvantages of self-representation. (Tr. 25-26). Ultimately, the trial court indicated it would allow Cedeno to represent himself at trial. (Tr. 28). Cedeno repeated his assertion that he did not consent to the matter going to trial. (Tr. 28).

Because of erratic behavior, the trial court referred Cedeno to the court's psychiatric clinic to evaluate his competency to stand trial and his competency to waive his right to be represented by counsel. (Tr. 89). Cedeno refused to cooperate in the evaluation process and likewise refused to cooperate with two subsequent twenty-day evaluations, also ordered by the trial court. (Tr. 122-123).

On June 19, 2013, the trial court held a hearing to address Cedeno's competency. At the hearing, the court referenced a report issued by Dr. Sokolov which stated, in relevant part, his opinion that Cedeno was able to proceed pro se. (Tr. 127). Despite the fact that Dr. Sokolov's report supported Cedeno's position that he was competent to proceed pro se, Cedeno refused to stipulate to the report. (Tr. 138).

---

[1] The victim in Case No. 564978 was Cedeno's step-daughter, while Cedeno's biological daughter was the victim in Case No. 580862.

2

On August 29, 2013, Cedeno continued to assert that he would not consent to a jury trial or bench trial. (Tr. 144-145, 152).

On September 30, 2013, the trial court again addressed the issue of Cedeno's competency. Despite the fact that the requested reports found him competent, Cedeno, acting as his own attorney, continued to object to the doctors' reports. (Tr. 172-174). Because Cedeno refused to stipulate to the reports, the State was compelled to request a competency hearing where the mental health professional would testify. (Tr. 174-175).

That competency hearing was held on November 21, 2013. When asked whether he would stipulate to Dr. Noffsinger's report[2], Cedeno stated he never received it. (Tr. 181). In actuality, the trial court attempted to provide Cedeno with a copy of the report, but he refused to accept it. *Id.* Dr. Noffsinger concluded Cedeno did not have a present mental condition. (Tr. 192). Dr. Noffsinger testified he did not perform a thorough evaluation, however, because Cedeno refused to cooperate. *Id.*

Cedeno again refused to stipulate to Dr. Noffsinger's report. (Tr. 193-194). As a result, the trial court indicated it would decide whether Cedeno was competent to act as his own attorney, based on the findings of Drs. Noffsinger, Beamon, and Sokolov, any other reports, plus the trial court's own evaluation of Cedeno's performance in court and the likely procedural issues. (Tr. 194-195).

On November 26, 2013, the Stated filed a written opposition to Cedeno's motion to proceed pro se. Cedeno failed to file respond by the court-ordered deadline. (Tr. 230).

The trial court issued a Memorandum of Opinion and Order, dated January 8, 2014, wherein it determined Cedeno was not competent to proceed pro se. The trial court indicated

---

[2] Dr. Noffsinger was the most recent mental health professional that attempted to evaluate Cedeno's competency.

"[Cedeno's] actions have made it clear that he understands neither the charges against him nor even the most basic elements of what it would take to defend against those charges." January 8, 2014 Memorandum of Opinion and Order, ¶ 12.  As an example, the trial court cited to an Affidavit/Writ of Discovery filed by Cedeno, wherein he characterized rape, gross sexual imposition, kidnapping and importuning as "victimless" crimes.  *Id.*

The trial court cited additional instances of Cedeno's behavior which called into question his competency to proceed pro se.  *Id.* at ¶ 16 (a) – (f).  The trial court concluded:

> * * * either (1) the defendant is not competent to provide himself with even the most rudimentary defense against these very serious charges, or (2) the defendant is competent, but is acting in this manner with the specific and perverse intention of making a mockery of these proceedings.

> *Id.* at ¶ 17.

When Cedeno was informed of the trial court's ruling, he opted to have the attorney previously appointed in Case No. 582860 represent him.  The cases were then consolidated for trial without objection.

The Eighth District summarized the trial as follows:

> Cedeno subsequently waived his right to a jury trial. During the bench trial, the state presented to the court testimony from the victims, their friends and family members, a medical expert, a caseworker, two counselors, and the detective assigned to investigate the cases. Following the close of the state's case, the state dismissed two counts of importuning as charged in Case No. CR-12-564978. After hearing testimony from Cedeno's witnesses, the trial court denied his renewed Crim.R. 29 motion for acquittal.

> In Case No. CR-12-564978, Cedeno was found guilty of two counts of gross sexual imposition of a child under the age of thirteen, one count of rape of a child under the age of thirteen, one count of kidnapping a child under the age of thirteen with a sexual motivation specification, and one count of attempted gross sexual imposition. He was found not guilty of one count of rape and kidnapping and two counts of importuning. In Case No. CR-13-580862, the court found Cedeno guilty of one count of rape of a child under ten years old and one count of kidnapping.

> 2015-Ohio-5412, ¶ 4-5.

4

At sentencing, Cedeno was given an opportunity to allocute. (Tr. 927). Cedeno used the opportunity to state he wanted a virginity test performed on one of his minor victims. *Id.* He next asserted he was incarcerated for a period of time covered under the indictment in Case No. 564978 and therefore innocent. (Tr. 928). The State objected that Cedeno's comments were not related to sentencing. (Tr. 927-928). That objection was sustained and the trial court allowed Cedeno to continue:

> THE COURT: Mr. Cedeno, what you're saying is something that could have been raised during trial. It was not. The issue before us right now is what you have to say, if anything, with respect to the sentence that is to be imposed. This is not a time to argue innocence or questions about the evidence that's been presented.
>
> THE DEFENDANT: I only ask you please look in the computer and see Mr. Cedeno. Mr. Cedeno found guilty in one charge when Mr. Cedeno was in jail. I understand. I apologize for my little outburst. It's three years, eight months.  It's same situation back-to-back.

(Tr. 928-929).

Cedeno was sentenced Cedeno to a mandatory life in prison sentence in Case No. CR-12-564978, to run consecutively to a mandatory life in prison sentence in Case No. CR-13-580862.

Cedeno appealed, asserting he was denied his right to self-representation and to allocution. The Eighth District overruled both assignments and affirmed the trial court's decision. *Cedeno*, 2015-Ohio-5412.

Cedeno now appeals the Eighth District's decision to this Court.

## LAW AND ARGUMENT

**APPELLANT'S PROPOSITION OF LAW NO. I:  A trial court commits error and denies a criminal defendant the rights guaranteed him by the Sixth and Fourteenth Amendments when it substitutes its own view of a defendant's competence to represent himself at trial for the views of expert witnesses.**

As the Eighth District correctly stated, the right of self-representation is not absolute.

*Cedeno* at ¶ 27, citing *Indiana v. Edwards*, 554 U.S. 164, 128 S.Ct. 2379, 171 L.Ed.2d 345 (2008).

5

A trial court may terminate self-representation when the defendant deliberately engages in serious and obstructionist misconduct. *United States v. Young*, 199 F.Supp2d 697 (S.D. Ohio 2001).

The Eighth District reviewed the record and determined Cedeno's "obstructionist behaviors, delay tactics, and deliberate manipulations prompted the trial court to terminate Cedeno's self-representation." *Cedeno* at ¶ 34. The appellate court found "Cedeno's pattern of delay and manipulation" began September 27, 2012, when he first denied his consent to a bench or jury trial. *Id.* at ¶ 32. This obstructionist behavior continued, as evidenced by the fact that Cedeno refused to accept discovery from the State, then complained that State did not comply with discovery demands. *Id.* at ¶ 33.

The Eighth District concluded Cedeno would not cooperate in the proceedings, even concerning rulings were made in his favor. *Id.* at 34.

Furthermore, the Eighth District found Cedeno did not understand the legal procedures before the trial court. *Id.* at ¶ 30. He repeatedly asserted that he did not consent to a jury or bench trial. *Cedeno* at ¶ 31. He claimed the trial court lacked jurisdiction over him because he was "a [m]an of flesh and blood." *Id.* Cedeno referred to his charges as "victimless crimes." *Id.*

Cedeno never allowed the mental health professionals to conduct an evaluation of his competency. Based on the trial court's observations of Cedeno's behavior in court and his pro se filings, the trial court determined Cedeno was not literate, competent and understanding. To avoid a miscarriage of justice and to level the playing field, the trial court revoked Cedeno's right to self-representation. Based on its thorough review of the circumstances of the case and relevant case law, the Eighth District held the trial court's decision was correct. There is ample evidence in the record that Cedeno was not competent to represent himself and/or he engaged in a pattern of obstructionist behaviors, delay tactics, and deliberate manipulations in an attempt to abuse the

6

dignity of the courtroom.  As a result of his counsel's efforts, Cedeno obtained not guilty verdicts

on several charges in both cases.

Cedeno's first proposed assignment of error is without merit.

**APPELLANT'S PROPOSITION OF LAW NO. II:  A criminal defendant's right of allocution is not merely a right to explain why a court should give a lesser rather than greater sentence.  It is, rather, the right of the defendant to speak on his own behalf, and a court may not refuse allocution or cut it off simply because it does not present grounds to mitigate a sentence.**

The trial court provided Cedeno an opportunity to allocute prior to imposing sentence:

THE COURT: Mr. Cedeno, anything you have to say, sir?

(Tr. 927).

When Cedeno chose to use that opportunity to raise matters unrelated to mitigation of his

punishment, the trial court asked him to speak on the topic of the sentence to be imposed.  As the

Eighth District correctly noted, "[t]he record does not reflect that Cedeno was interrupted or

limited during his second opportunity to address the court in mitigation."  *Cedeno* at ¶ 39.

A trial court does not err when it limits a defendant's pre-sentence statement to those issues

that bear upon the impending punishment and that may carry mitigative weight.  *State v. Smith*,

2nd Dist. No. 94-CA-86, 1995 Ohio App. LEXIS 4960, *7 (Nov. 8, 1995).  See also *State v.

Budreaux*, 8th Dist. Cuyahoga No. 63698, 1993 Ohio App. LEXIS 4415, *4-5 (Sept. 16, 1993),

*State v. Copeland*, 12th Dist. Butler No. CA2007-02-039, 2007-Ohio-6168, State v. Hofmann, 6th

Dist. Erie No. E-03-057, 2004-Ohio-6655.

The bottom line is Cedeno was provided an opportunity to allocute.  When he began stating

matters unrelated to sentencing, the trial court sustained the State's objection and provided him a

second opportunity to present information in mitigation of punishment.  Cedeno was not limited

during his second opportunity to address the court and his second proposed assignment of error is without merit.

## CONCLUSION

The State submits this case is unworthy of Supreme Court review.  Appellant Neol Cedeno engaged is a series of obstructionist behaviors, delay tactics, and deliberate manipulations, justifying the trial court's decision to revoke his ability to represent himself.  Furthermore, Cedeno was given a full opportunity to allocute prior to the imposition of his sentence.

For the foregoing reasons, the State of Ohio respectfully requests that this Honorable Court deny jurisdiction in this case.

Respectfully submitted,

Timothy McGinty
Cuyahoga County Prosecutor

/s/ Gregory Ochocki
**GREGORY OCHOCKI (0063383)**
Assistant Prosecuting Attorney
Cuyahoga County Prosecutor's Office
The Justice Center, Courts Tower
1200 Ontario St.
Cleveland, Ohio 44113
(216) 443-7800

8

## CERTIFICATE OF SERVICE

A copy of the foregoing Memorandum in Response was sent by regular U.S. mail or electronic service this 7th day of March, 2016 to:

Jeffrey M. Gamso, Esq.
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, OH 44113

/s/ Gregory Ochocki
**GREGORY OCHOCKI (0063383)**
Assistant Prosecuting Attorney

# The Supreme Court of Ohio



FILED

MAY -4 2016

CLERK OF COURT
SUPREME COURT OF OHIO

State of Ohio                                    Case No. 2016-0170

v.                                       E N T R Y

Noel Cedeno

 Upon consideration of the jurisdictional memoranda filed in this case, the court declines to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4).

 (Cuyahoga County Court of Appeals; Nos. 102327 and 102328)

Maureen O'Connor
Chief Justice

The Official Case Announcement can be found at http://www.supremecourt.ohio.gov/ROD/docs/

EXHIBIT
49

In The Eighth Appellate District Court of

Cuyahoga County, Ohio

**FILED**
COURT OF APPEALS
OCT 19 2016
Clerk of Courts
Cuyahoga County, Ohio

Noel Cedeno

Case No.:

Plaintiff / Petitioner ,

CA-14-102327
CA-14-102328

State of Ohio

Delayed 26 (B) Application for reopening

Defendant / respondent.

[ Appellate Rule 26(B)(2)(b) ]

I, Noel Cedeno , being duly sworn and says:

1. I am a party in the foregoing action and state;

2. Effective Counsel Jeffrey Gamso #0043869 denied the Plaintiff – Petitioner documents of the ;

3. Court records as required and the Plaintiff – Petitioner files late,(timely letter of request for ;

4. records and all filed proceedings of the Effective Counsel. Counsel to date refuses to cooperate;

5. Plaintiff – Petitioner files without ability to quote exact record of the transcript of errors to give;

6. the Court the proper record error location that causes deficiency in Appellate Counsel Represent-;

7. ation. The Plaintiff – Petitioner apologies for the action of the Effective Counsel. Submit as requ-;

8. ired by Appellate Rule 26 (B)(2)(b).

10/6/2016

Noel Cedeno Pro Se

Sworn before me and subscribed in my presence this   day of

Notary Public

JENNIFER KURYN
Notary Public, State of Ohio
My Commission Expires 3-23-19

**ORIGINAL**

CA14102327                    96137807



**EXHIBIT**

50

In The Eighth Appellate District Court of

Cuyahoga County, Ohio

Noel Cedeno

Case No.:

Defendant – Appellant ,

-vs-

Error of Effective Counsel

State of Ohio

[666 N.E.2d 1099; Appellate Rule 26(B)((9)]

Plaintiff – Appellee.

I, Noel Cedeno , being duly sworn and says:

1.  I am a party in the foregoing action;

2.  I am filing the Effective Counsel of Appellate Court Eighth Appellate District Court in Case ;

3.  No.: 102327 and 102328 failed to present the appropriate argument of Double Jeopardy in;

4.  Appellate hearings by the lack of the appropriate Indictment and Affidavit of Investigation ;

5.  to cause a trial for Case No.: CR-12-564978 and CR-13-580862. Effective Counsel did not ;

6.  notify the Office of the Prosecution Ronnie Ducoff of the error of the Office of the  Prosecution;

7.  in filing four errors of allegation with no affidavit of allegation by investigative report of evidence;

8.  as Journal Entry of the Court of Common Pleas of Cuyahoga County, Ohio denies any entry ;

9.  for the current allegations the Defendant – Appellant is incarcerated for and was tried for;

10. allegations vacated by motion of dismissal of the Office of the Prosecution by motion of ;

11. Assistant Prosecutor Ronnie Ducoff, Journal Entry,"On recommendation of Prosecutor Ronnie;

12. Ducoff,case is dismissed without prejudice. Judge Signature Stuart A. Friedman, 07/20/2012;

13. for filings of 07/19/2012 Deputy Clerk certified 3 December 2014, there is no other indictment;

14. for Case No: CR-11-552923-A for Indictments removed by the accepted recommendation of;

(a)

15. Prosecutor Ronnie Ducoff of Indictment: 2905.01 Kidnapping/SMS/SVPS/NPC/RVOS;

16. 2907.02 Rape/SVPS/NPC/RVOS,2905.01 Kidnapping/SMS/SVPS/NPC/RVOS,Additional

17. Counts, dismissing counts of allegations of Kayla Mendez, 3140 W. 61st St,Cleveland, Ohio ;

18. information,"Supplementary Report 09/28/13 voided by the dismissal of 07/19/2012.;

19. Case No.:12-564978 is in violation of Judicial procedure as effective Appellate Counsel failure;

20. to interview and investigate the dismissal filed by the Office of the Prosecution allowing a;

21. procedure of error to continue an incarceration dismissed as Case No.: 11- 552923-A, allowing;

22. the appeal of Case No.: 12-564978, Case No.: 13-580862 to be not represented in the proper ;

23. argument as the reports not reviewed by the Effective Counsel support no allegation was supported;

24. by indictment other than that dismissed for the allegations of Bill of Particulars 552923-11-CR;

25. submitted by Assistant County Prosecutor Ronnie Ducoff #0039884, 9/7/2011complaints by ;

26. Kayla Mendezs and Jessenia L. Cedeno both victims claim incidents occurred at 3140 W. 61st ;

27. on April 3, 2010, interviewee: Brenda DelCerro, Sgt. A. McMahon, OIC of both complaints;

28. Each complaint was dismissed on 07/19/2012 by motion of Ronnie Ducoff Assistant Prosecutor;

29. of Cuyahoga County, Ohio Office of the Prosecution, agreed and signed by Judge Stuart A. ;

30. Friedman on 07/20/2012. Clerk of Court  Certification of correctness of Journal Entry 3 October;

31. 2014. The Clerk of Courts records no other complaint of allegations of: Kidnapping/SMS/SVPS/;

32. NPC/RVOS/2905.01/Rape/SVPS/NPC/RVOS/2907.02/Kidnapping/SMS/SVPS/NPC/RVOS;

33. 2905.01/ Additional Counts...as filed by the Office of the Prosecution for Case No.: CR-13-580;

34. 862-A; CR-12-564978;CR-563913-A, in record of the Court, the Effective Trial Counsel filed;

35. No experience in proceedings of Rape and to deny effective Counsel for allegation that may cause;

36. maximum sentence of life imprisonment without parole. Effective Trial Counsel believes;

(b)

37. Attorney Ruth Fischbein-Cohen of Cleveland, Ohio or Olivia K. Smith of Cincinnati, Ohio could;

38. afford trial experience and gain the defense needed for the allegations against the Defendant-;

39. Appellant. Effective Counsel Jeffrey M. Gamso 0043869 failed to discourse by Appellate ;

40. Court Procedure denial of the Defendant – Appellant being denied the Constitutional allowed;

41. Effective Counsel with Fair Trial; Due Process; and Equal Protection. Effective Counsel by doc –;

42. uments filed by Effective Counsel Charles Ruiz – Bueno Co. LPA 0046806 for Motion for App–;

43. ointment of Co-Counsel on 2014  Jun – 9 A 10: 45, Effective Appellate Counsel failed to inter-;

44. and investigate for the lack of proper counsel by admission of the Effective Trial Counsel the lack;

45. of Effective Counsel for allegations with no indictment or investigative elements of a crime from;

46. a law enforcement department to state a complaint other than the one dismissed by motion of ;

47. Office of the Prosecution Assistant Prosecutor Ronnie Ducoff #0039884 by Journal Entry 07/19;

48. 2012. Failure to investigate with the Office of the Law Director of Cleveland, Ohio for allegation;

49. to support the Office of the Prosecution contention of a Crime; The Chief of Police of Cleveland;

50. to support the allegation with new Police complaints and investigation from the Child Sex Unit;

51. The Clerk of Court to furnish the new complaints with valid indictments for any Case Number;

52 other than that dismissed. Notification to the Office of the Prosecution by Criminal rule 36 or ;

53. Civil Rule 60 (B) (8/7/2015 ) and notice to the court of error of the court to not vacate the ;

54. allegations by the court dismissing the issues as recorded by filings of Aug  31 2015 ; Sep ;

55. 23 2015; filed under Case No.: 12 – 564978; Case No.: 13- 580862 for 2505.02 for vacation;

56. by no records of the court of the Clerk of Court of indictment or complaint with Clerk of Court;

57. Journal Entry for the allegations procedure for Trial or Incarceration by Judicial Procedure.

58. Defendant – Appellant by Appellate Rule 26 (B) (2)(d) swears with records of the court that ;

(c)

59. had Attorney Jeffrey M. Gamso # 0043869 followed the proper procedures for Appellate ;

60. Procedure Interview and Investigation the Appeal would have vacated the allegations by ;

61. No records of complaint, no record of a Grand Jury Hearing for the Case Numbers sentence on;

62. Attorney Jeffrey M. Gamso # 0043869 deficiency in representation disallows Fair Trial;Due Process;

63. Equal Protection.

*Noel Cedeno* 10/6/2014

Noel Cedeno Pro Se

Sworn before me and subscribed in my presence this     day of

*Jennifer Kuryn*

Notary Public

JENNIFER KURYN
Notary Public, State of Ohio
My Commission Expires 3-23-19

(d)

In The Court of Eighth Appellate District Court
With the records of indigency to include

## IN THE COURT OF COMMON PLEAS
### FOR _Cuyahoga County_, OHIO

STATE OF OHIO                    :    Case No.: _____

   Plaintiff                      :

   Vs.                            :

_Noel Perlenso_                  :

   Defendant                      :

---

### AFFIDAVIT OF INDIGENCY

I, _Noel Perlenso_, do hereby solemnly swear that I have presently, on this _6_

day of _October_, 20 _16_, no assets of any value and no funds of any kind and, therefore,

cannot afford to pay for any court costs or legal fees of any kind that may arise from any action I

take in regards to the above captioned case numbers.

_Respectfully Submitted,_

_Noel Perlenso_

x_Noel Perlenso_

#_A662 686_

**BE.C.I., P.O. BOX 540**
**ST. CLAIRSVILLE, OHIO, 43950**

Sworn to and subscribed in my presence on this the _6_ day of _October_, 20_16_.

JENNIFER KURYN
Notary Public, State of Ohio
My Commission Expires 3-23-19

_Jennifer Kuryn_
NOTARY PUBLIC

In The Eighth Appellate District Court of

Cuyahoga County, Ohio

| | |
|---|---|
| State of Ohio | Case No.: |
| Plaintiff – Appellee , | Application for Reopening 26 (B)(9) |
| -vs- | |
| Noel Cedeno | Appellate Case No.: 102327; |
| P.O. Box 540 | 102328. |
| St. Clairsville, Ohio 43950 | Trial Case No.: CR-12-564978-A; |
| Defendant – Appellant. | CR-13-580862-A. |

Assignments of Error

Assignment of Error I: Effective Counsel failure to Investigate and Interview for Double Jeopardy.

Assignment of Error II: Effective Counsel failure to present to the Court the document of the

Dismissal of the Allegations.

Assignment of Error III: Effective Counsel failure to notify Office of the Prosecution of the Four

Plain Errors of no Affidavit for Allegation for Indictments.

Argument: Effective Counsel Deficient Representation.

(i)

Assignment of Error I: Effective Counsel failure to Investigate and Interview for Double Jeopardy.

A convicted defendant has a constitutional right to counsel on a direct appeal to the Court of Appeals

from his judgment of conviction. 226 N.E.2d 109. Therefore, where the defendant files an oath as to

indigence and the trial court had recognized the indigency when it granted a free transcript, defendant

is entitled to appointment of counsel and bill of exceptions at the expense of the state. 288 N.E.2d 297.

The use of the rule of Criminal Procedure providing for the assignment of counsel specifies that such

counsel shall represent to defendant, "through appeal as of right and the duty of a public defender as to

representation of a defendant on appeal is spelled out by statute. Effective Counsel failure to file for

lack of Sufficiency of indictment, information, or affidavit. The appellant were to have avail himself

bvy effective counsel of the constitutional guaranty that, "no person shall be twice put in jeopardy for

the same offense," it is necessary that he should have been put on trial on an indictment or information

good and sufficient as to form and substance, which would have warranted a conviction if the the

criminal act had been proved. 155 NE 393. When an affidavit is insufficient when it is bad for

uncertainty and the witnesses have gave sworn testimony. 177 NE2d 697; 6 ALR3d 905. Attorney

Jeffrey Gamso #0043869 did not form an adequate appeal based upon the statements for the appellant

filed. The records of the Court state," 07/19/2012,"ON RECOMMENDATION OF PROSECUTOR

RONNIE DUCOFF, CASE IS DISMISSED WITHOUT PREJUDICE." Case No.: CR-11-55293-A;

Case No.: CR-12-559917-A,"07/19/2012 ON RECOMMENDATION OF PROSECUTOR RONNIE

DUCOFF,CASE IS DISMISSED WITHOUT PREJUDICE."; On 8/26/2014, CR-12-563913

-A STATE DOES  NOT OBJECT. CR-12-564978-A; CR-13-580862-A would have been argue for

Double as they are based upon the same Investigation and Acquitted Interview with affidavit as

DISMISSED by recommendation of the Office of the Prosecution and granted to the Effective Counsel

for the Defendant. Counsel of Appeal lack expertise for Appeal by lack of Investigation and Interview.

Assignment of Error II: Effective Counsel failure to present to the court the documents of dismissal

of the allegations. In the use of the dismissal the use of the journal entries were not afforded the Court of

Appeals to review as part of the records for the appeal and allowed the appellant to be continued on a

sentence that only the appellate court could determine as the lower court is not allowed to determine the

issue of double jeopardy. The first document of vacation by Office of the prosecution Prosecutor Ronnie

Ducoff is for case no.: CR-11-552923-A dismissed without prejudice on 07/19/2012, the second was

CR-12-559917-A Dismissed without prejudice by recommendation of Prosecutor Ronnie Ducoff;

CR-12-559917-A; the third case was CR-12-56913-A by Oral Motion of Counsel Charles Ruiz-Bueno on

08/26/14 State does not object Case is dismissed without prejudice. In cases CR-12-564978-A and

13-580862-A the same elements of the the vacated by dismissal of the Office of the Prosecution and the

Oral motion of the Effective Counsel Charles Ruiz – Bueno. In the two trials the court failed to

appoint   the Effective Defense Counsel Charles Ruiz – Bueno as the Court knew that the allegations

of the Office of the Prosecution Prosecutor was using multiple Case Numbers but was not acquainted

with the Criminal Procedure to gain the access for the dismissal by motion to vacate as the court was

aware by the motion filed by the Effective Counsel for Motion for Appointment of Co-Counsel in Case

No.: Cr-13-580862;CR-12-564978-A;CR-563913-A with the court affording the dismissal on one and

allowing two to continue as the evidence was the same and the court by reasons unstated allowed

CR-563913-A The Judge error would have been viewed by the court as not allowing the hearing and

vacation by oral motion of Case CR-13-580862;CR-12-564978-A on the CR-112-56913-A and allowing

the date of 08/26/14. The Effective Counsel failed to argue the merit of the Statue 2943.09 Acquittal of a

higher offense that once in jeopardy is a bar to another indictment or information for the offense charged

in the former indictment. Effective Counsel Gamso denied the Appellant procedure argument for liberty.

(iii)

Assignment of Error III: Effective Counsel Error to notify the Office of the Prosecution of the

Four Plain Errors of no Allegations for Indictment Effective Counsel in proceedings of  12-559917

12-563913;12-564978;13-580862 ; elected to by 2941.32 in case of oral motion of Attorney Charles

Ruiz- Bueno to accept  dismissal by oral motion as 2941 allowed not a complete record of 2941.31 record

of quashed indictment not being argue or known to the court for the allegations dismissed prior to the

hearing of the case no.: 12-563813; with case no.:12-564078; and case no.:13-580862;held

for future discourse by illegal procedure 2941.32 Note 1. Proceedings when two indictments pending. If

two or more indictments or informations are pending against the same defendant for the same criminal

act, the prosecuting attorney must elect upon which he or she will proceed, and upon  trial being had

upon one of them, the remaining indictments or information shall be quashed. 112 N.E. 1017. 29451.32

Note 2. Different criminal acts RC 2941.32 does not where the accused is charged with offenses arising

out of different criminal acts. 184 N.E.2d 93. Effective Counsel Gamso failure to bring the information

of the same act by dismissed indictments for case no.: CR-12-564978-A;CR-13-580862-A to the Office

of the Prosecution by filing an Investigation and Interview with Prosecutor Ronnie Ducoff the use of the

same indictment dismissed upon the motion by the Office of the Prosecution twice and the approval by

not contesting the oral motion to dismiss the same Indictment a third time with CR-12-564978-

A;CR-13-580862 as merge and could only elect to submit one to  proceed on of the three and gave

election to allow dismissal by vacation motion of the Effective Counsel Charles Ruiz – Bueno.  Effective

Counsel did not review the records of the court and did not appropriately allow representation of the

Appellant.

(iv)

Argument:Effective Counsel Deficient Representation

There is little or no doubt than an accused has a right of appeal on questions of law under the present Constitution and law of Ohio. Due process of law protects an accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged 343 N.E.2d 109. The incompetency or inadequacy of representation by counsel has generally been held insufficient as a ground on which to base relief from a judgment of conviction, at least in the absence of a showing that the representation was of such low caliber as to be equivalent to no representation at all, and such as to reduce the proceedings to a farce or a sham. 141 N.E.2d 489. It has been held that the constitutional right under the Sixth Amendment of the United States Constitution "to have the assistance of counsel for his defense," which has been made obligatory upon the states by the Fourteenth Amendment of the United States Constitution, implies adequate representation by efficient counsel, and efficiency of counsel implies skill and preparation in endeavoring to produce the desired result; and where the trial record demonstrates that such legal representation was not provided to appellant by his Effective Appellate counsel, then such defendant has been deprived of his constitution rights of due process and of assistance of counsel as guaranteed to him by the Sixth and Fourteenth Amendments of the United States Constitution and by Article I section 10, 16 of the Ohio Constitution. 244 N.E2d 767. The office of the Prosecution had no complaint and the reputation was for truth and veracity, of the indictment, trial, and conviction with incarceration were done based upon dismissed indictment by the Office of the Prosecution motion to disallow procedure as no evidence was available. The trial court officer an Attorney had stated no experience for the trial with record of the court. The Court violated by 250 N.E.2d 907 and did not follow policy, to avoid appointing inexperienced attorneys to represent defendants indicted for serious offenses.

(v)

## Conclusion

Judgment Relief be upon the merits of the Effective Counsel not being able to allow proper review to the use of the Court being as an Appellate Attorney by not using the Statue to allow the Court to determine the error of Records of the Court by 2941.31;2941.32 as the proof of not fully representing by the Appellate responsibility needed for Sixth Amendment and Fourteenth Amendment law to assure the State of Ohio law that Appellate Counsel will represent an indigent in a manner appropriate to the Court of its District Appellate Court procedure.

(vi)

Certificate of Service

Original to the Clerk of Courts for distribution to the Court, Office of the Prosecution, Office of the

Clerk of Court, Appellant in address envelope. DATE: 10/6/2016

Submitted,

Noel Cedeno Pro Se

(vii)

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

| | | |
|---|---|---|
| THE STATE OF OHIO | ) | CASE NO: 12-563913-A |
| Plaintiff, | ) | CASE NO: 12-564978-A |
| | ) | |
| | ) | |
| v. | ) | JUDGE STUART A. FRIEDMAN |
| | ) | |
| NOEL CEDENO | ) | **DEMAND FOR DISCHARGE FOR** |
| Defendant, | ) | **DEFECTS IN THE INSTITUTION OF** |
| | ) | **THE PROSECUTION AND DEFECTS IN THE** |
| | ) | **INDICTMENT, INFORMATION, AND** |
| | ) | **COMPLAINT PURSUANT TO** |
| | ) | **CRIM. R. 12(C)(1) AND 12(C)(2)** |

Now comes Noel Cedeno, the Defendant in a Pro Se filing whom Demands a

Discharge where the court and prosecution yields its claims and prosecution of all

charges in the following case numbers CR-12-563913-A and CR-12-564978-A as a

ministerial function pursuant to Crim. R. 12(C)(1) and Crim. R. 12(C)(2), Cedeno's

Organic unalienable substantial right to due process of the law and substantial rights

pursuant to The Ohio Constitution Article I Bill of Right §10. The Court lacks judicial

power to exercise jurisdiction over a cause where the Plaintiff lacks standing to sue. The

Court is attempting to administer said case by ministerial acts dictated by the Cuyahoga

County Prosecutor's Office in bad faith. The Defendant has not be served a copy of the

initiating complaint pursuant to O.R.C §2937.02(A) in said case constituting a failure to

show jurisdiction by the court in said cases. An order entered by the court on this matter

constitutes a final appealable order pursuant to 2505.02(B)(1) which states - an order that

affects a substantial right in an action that in effect determines the action and prevents a

judgment. *(See attached Memorandum of laws and Declaration of facts in support of this*

*Demand for Discharge)*

1

Date September 19, 2012

Noel Cedeno, Pro Se litigant
P.O. Box 5600
Cleveland, Ohio 44101

### MEMORANDUM OF LAWS IN SUPPORT OF DEMAND FOR DISCHARGE FOR DEFECTS IN THE INSTITUTION OF PROSECUTION AND DEFECTS IN THE INDICTMENT, INFORMATION, AND COMPLAINT PURSUANT TO CRIM. R. 12(C)(1) AND (C)(2)

### THE COMPLAINT IS INSUFFICIENT PURSUANT TO CRIMINAL RULE 3

The purpose and function of a complaint is to inform the accused of the crime of which he is charged. The complaint forms the essential basis of the court's jurisdiction and the subsequent trial and judgment.  State v. Villagomez (1974), 44 Ohio App.2d 209, 211, 73 O.O.2d 215, 337 N.E.2d 167.  The Ohio Constitution guarantees to every defendant the right to know the "nature and cause of the accusation against him." Section 10, Article I, Ohio Constitution.  In addressing the sufficiency of a criminal complaint, the court held in State v. Burgun (1976), 49 Ohio App.2d 112, 118, 359 N.E.2d 1018:

"The formal charge whether by indictment, information, or complaint under Crim.R. 3, must contain the constituent elements of a criminal offense. While all of the specific facts relied upon to sustain a charge need not be recited, the elements of the crime must be stated. As a general rule, a criminal complaint satisfies the requirements of Crim.R. 3 when it sets out (1) the nature of the offense; (2) the time and place; (3) statutory language; and (4) numerical designation of statute. "

2

In the current case number: 12-563913-A, 12-564978-A, 12-559917-A, and 12-552923-A, the complaint, indictment or information fails to state a place within the jurisdiction of the court, *thus failing to invoke the subject matter jurisdiction of the Cuyahoga Court of Common Pleas.*

## THE DEFENDANT HAS NOT BEEN INDICTED BY A GRAND JURY INDICMENT

The defendant has not been indicted by a grand jury indictment. The defendant does not waive his right to be indicted by a grand jury pursuant to The Ohio Constitution Article I Bill of Rights §10.

Pursuant to The Ohio Constitution Article I Bill of Rights §10 — which states - except in cases of impeachment, cases arising in the army and navy, or in the militia when in actual service in time of war or public danger, and cases involving offenses for which the penalty provided is less than imprisonment in the penitentiary, no person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury; and the number of persons necessary to constitute such grand jury and the number thereof necessary to concur in finding such indictment shall be determined by law. In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet witnesses face to face, and to have compulsory process to procure the attendance of witnesses in his behalf, and speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed; but provision may be made by law for the taking of the deposition by the accused or by the state, to be used for or against the accused, of any witness whose attendance can not be had at the trial, always securing to the accused means and the opportunity to be present in person and with counsel at the taking of such deposition, and to examine the witness face to face as fully and in the same manner as if in court. No

3

person shall be compelled, in any criminal case, to be a witness against himself; but his failure to testify may be considered by the court and jury and may be the subject of comment by counsel. No person shall be twice put in jeopardy for the same offense.

Pursuant to O.R.C §2941.08 - an indictment is defective on its face to constitute an indictment concurred by 12 jurors which constitutes a grand jury indictment when it is not indorsed by the foreperson of the grand jury as " A true bill" to which said foreperson has subscribed his name pursuant to O.R.C §2939.20 and pursuant to O.R.C §2941.06, thus making the charging instruments in case numbers: 12-563913-A, 12-564978-A, 12-559917-A, and 12-552923-A information to which the defendant is not obligated to proceed to trial when a term of imprisonment in a penitentiary is a possible sentence in violation of The Ohio Constitution Bill of Rights Article I §10.

## THE INDICTMENT IS DEFECTIVE ON ITS FACE PURSUANT TO O.R.C §2941.06 TO CONSTITUTE A GRAND JURY INDICTMENT

An indictment may be substantially in the following form:

"The State of Ohio,) ss .

. . . . . . . . County)

In the Year . . . . . .

The jurors of the Grand Jury of the State of Ohio, within and for the body of the County aforesaid, on their oaths, in the name and by the authority of the State of Ohio, do find and present that A.B., on the . . : . . . . day of . . . . . . . . . . . , at the county of . . . . . . . . . . aforesaid, did . . . . . . . (here insert the name of the offense if it has one, such as murder, arson, or the like, or if a misdemeanor having no general name, insert a brief description of it as given by law) contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.

. . . . . . . . . . . . . . . . . . . . . C.D. . . . . . . . . . . . . . . . . . . . . . .

Prosecuting Attorney

(Indorsed) A true bill.

E.F., Foreperson of the Grand Jury."

4

## THE INDICTMENT'S DEFECTS RENDER IT INVALID TO GO TO TRIAL
## UPON PURSUANT TO O.R.C §2941.08

Pursuant to O.R.C §2941.08 - an indictment is defective on its face to constitute an indictment concurred by 12 jurors which constitutes a grand jury indictment when it is not indorsed by the foreperson of the grand jury as " A true bill" to which said foreperson has subscribed his name pursuant to O.R.C §2939.20 and pursuant to O.R.C §2941.06, thus making the charging instruments in case numbers: 12-563913-A, 12-564978-A, 12-559917-A, and 12-552923-A information to which the defendant is not obligated to proceed to trial when a term of imprisonment in a penitentiary is a possible sentence in violation of The Ohio Constitution Bill of Rights Article I §10. A digital signature affixed to a document labeled as a true bill indictment does not meet the requirement of an accual signed indictment indorsed by a foreperson of the grand jury. A digital signature may be affixed by any person having access to said signature and affixed to any document without the foreperson of the grand jury's consent or knowledge of the specific charges in the charging document. The Plaintiff has not produced an indictment certifed a true copy with the accual signature of the grand jury foreperson indorsing said indictment as "A true bill".

## MULTIPLE INDICTMENT CONSTITUTE MALICIOUS PROSECUTION

The return of an indictment by a grand jury raises a rebuttable presumption that probable cause existed for the institution of prosecution, and it puts upon the Defendant a requirement to rebut such presumption. *Dailey* at ¶16, citing *Mayes* at 737-738; *Waller*. To do so, the Defendant must "produce "substantial" evidence that the return of the indictment resulted from perjured testimony or that the grand jury proceedings were otherwise "significantly" irregular.' " *Reinoehl v. Trinity Universal Ins. Co.* (1998), 130 Ohio App.3d 186, 196, quoting *Fair*. Recognizing that grand jury evidence is usually

5

secret, this court has stated that a Defendant may also rebut a presumption of probable cause by introducing "evidence of a substantial nature which counterbalances the presumption." *Mayes* at 738. The factual account of the alleged victim in the multiple indictments in case numbers 12-563913-A, 12-564978-A, 12-559917-A, and 12-552923-A constitutes perjured testimony when weight against the fact that two of the four indictment were dismissed and amended with different days and accounts of the alleged violations charged. The perjured testimony does not state the alleged violations occurred within the territorial jurisdiction of the State of Ohio. The Defendant contends the indictments were not presented to a grand jury comprised of non state employees or Cuyahoga county employees qualified to concur and return "A true bill" indictment upon the review of sufficient facts and evidence presented in a lawful grand jury proceeding sworn under oath.

### THE INDICTMENT OR INFORMATION IS INSUFFCIENT PURSUANT TO O.R.C §2941.03(D)

The indictment or information fails to allege the material elements as where the alleged violations occurred within the jurisdiction of the Cuyahoga County Court of Common Pleas or the State of Ohio.

**WHEREFORE**, the Defendant Demand as his absolute right the following case numbers: CR-12-563913-A and CR-12-564978-A be discharges where the court and prosecution yields its claims and prosecution as a ministerial function pursuant to Crim. R. 12(C)(1) and Crim. R. 12(C)(2), the Defendant's Organic unalienable substantial right to due process of the law and substantial rights pursuant to The Ohio Constitution Article I Bill of Right §10. Furthermore, the Court lacks judicial power to exercise jurisdiction over a cause where the Plaintiff lacks standing to sue.

6

Date September 19, 2012

*Noel Cedeno*

Noel Cedeno, Pro Se litigant
P.O. Box 5600
Cleveland, Ohio 44101

## CERTIFICATE OF SERVICE

The Defendant certifies that the forgoing document(s) have been serviced by direct filing to the Cuyahoga County Clerk of Court located at 1200 Ontario Street Cleveland, Ohio 44113-1664. The Defendant lacks the resources to service the Prosecutor or the clerk of Judge Stuart A. Friedman. The Defendant requests the clerk of courts service a copy of the forgoing document(s) upon the Prosecutor and the clerk of Judge Stuart A. Friedman.

Date September 19, 2012

*Noel Cedeno*

Noel Cedeno, Pro Se litigant

## ADDITIONAL CERTIFICATE OF SERVICE

The following party's and or agencies have been serviced by mailed a copy of the foregoing document(s). The Defendant has requested an administrative copy of the foregoing document(s) be maintained with the following agencies in support of possible forth coming litigation against the, Cuyahoga Clerk of Court. A formal compliant has been filed with the following agencies. The Defendant humbly request that all filings serviced upon the Cuyahoga County Clerk of Courts be filed in a timely manner. Thank you for your future cooperation in keeping fundamental fairness in the legal process by timely filing all documents serviced upon the Cuyahoga Clerk of Courts. These documents are time sensitive and require immediate entry upon the docket.

1. The Office of the Clerk of Court For
   The Ohio Supreme Court
   65 South Front Street, 8th Floor
   Columbus, Ohio 43215-3431

2. The Administrative Judge for Cuyahoga County
   The Honorable Nancy Fuerst
   Cuyahoga County Court of Common Pleas
   1200 Ontario Street Court Room 15-B
   Cleveland, Ohio 44113-1678

3. The Ohio Ethics Commission
   30 West Spring Street L3
   Columbus, Ohio 443215-2256

I certify these documents were
Mailed September 19, 2012

Noel Cedeno, Pro Se litigant

8

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

THE STATE OF OHIO )  CASE NO: 12-563913-A
Plaintiff, )  CASE NO: 12-564978-A
)
)
v. )  JUDGE STUART A. FRIEDMAN
)
)  DECLARATION OF FACTS IN SUPPORT OF
NOEL CEDENO )  DEMAND FOR DISCHARGE FOR
Defendant, )  DEFECTS IN THE INSTITUTION OF
)  THE PROSECUTION AND DEFECTS IN THE
)  INDICTMENT, INFORMATION, AND
)  COMPLAINT PURSUANT TO
)  CRIM. R. 12(C)(1) AND 12(C)(2) AND
  REBUTTAL OF PRESUMPTION OF
  CHARGES ALLEGED  *Docket 9/24/12 File*

Now comes Noel Cedeno, the Defendant, in a Pro Se filing, whom declares to the

court the following fact in case numbers CR-12-563913-A and CR-12-564978-A which

are as follows:

I Noel Cedeno declare under the penalty of perjury under the laws of the United

States of America that the following statements are true correct and submitted in good

faith and are not meant for the purpose of delay pursuant to Title 28 U.S.C 1746 and

serves as an equivalent legal instrument as an affidavit of fact sworn under oath.

## FACTS
### REBUTTAL OF PRESUMPTION OF CHARGES ALLEGED

1. I Noel Cedeno state, I did not have sexual contact, to wit: Rubbing of Inner

Thigh/Vaginal, with Kayla (DOB: 04/30/1998), not his spouse, whose alleged age at the

time of said sexual contact was under 13 years, to wit: DOB: 04/30/1998, constituting

Gross Sexual Imposition pursuant to O.R.C §2907.05(A)(4) on or about May 1, 2006 to

May 31, 2007.

9

2. I Noel Cedeno state, I did not engage in sexual conduct, to wit: Anal Penetration-in Basement, with Kayla (DOB: 04/30/1998) who was not my spouse, whose age at the time of the alleged sexual conduct was less than thirteen years of age, to wit: DOB: 04/30/1998, whether or not the accused knew the age of Kayla (DOB: 04/30/1998). FURTHERMORE, I Noel Cedeno did not purposely compel the alleged victim, who was alleged to be under thirteen years of age but ten years of age or older at the time of the commission of the alleged offense, to wit: DOB: 04/30/1998, to submit by force or threat of force constituting Rape pursuant to O.R.C §2907.02(A)(1)(b) on or about April 30, 2008 to April 29, 2009.

3. I Noel Cedeno state, I did not, by any means, purposely remove Kayla (DOB: 04/30/1998), a child under the age of thirteen, to wit: DOB: 04/30/1998, from the place where she was found or restrained her of liberty for the purpose of engaging in sexual activity, as defined in Section 2907.01 of the Revised Code, with Kayla (DOB: 04/30/1998) against her will. FURTHERMORE, I Noel Cedeno did not commit an offense of kidnapping with a sexual motivation of Kayla whom was alleged to be less than thirteen years of age constituting Kidnapping pursuant to O.R.C §2905.01(A)(1) on or about April 30, 2008 to April 29, 2009.

4. I Noel Cedeno state, I did not attempt or have sexual contact, to wit: Touching of the Breast(s), with Kayla (DOB: 04/30/1998), not my spouse, whose alleged age at the time of said alleged sexual contact was under 13, years, to wit: DOB: 04/30/1998, constituting Attempted Gross Sexual Imposition pursuant to O.R.C §2923.02 / 2907.05 (A)(4) on or about January 01, 2011 to March 19, 2011.

10

5. I Noel Cedeno state, I did not recklessly solicit Kayla (DOB: 04/30/1998), DOB: 04/30/1998, who was alleged to be less than thirteen years of age to engage in sexual activity with Noel Cedeno, whether or not Noel Cedeno knew the age of Kayla (DOB: 04/30/1998), constituting Importuning pursuant to O.R.C §2907.07(A) on or about June 1, 2008 to September 10, 2008.

6. I Noel Cedeno state, I did not recklessly solicit Kayla (DOB: 04/30/1998), DOB: 04/30/1998, who was alleged to be less than thirteen years of age to engage in sexual activity with Noel Cedeno, whether or not Noel Cedeno knew the age of Kayla (DOB: 04/30/1998), FURTHERMORE, and Noel Cedeno having been alleged to have previously been convicted of a sexually oriented offense or a child-victim oriented offense, constituting Importuning pursuant to O.R.C §2907.07(A) on or about September 11, 2008 to June 30, 2010.

7. I Noel Cedeno state, I did not, by any means, purposely remove Kayla (DOB: 04/30/1998), a child under the age of thirteen, to wit: DOB: 04/30/1998, from the place where she was found or restrained her of liberty for the purpose of engaging in sexual activity, as defined in Section 2907.01 of the Revised Code, with Kayla (DOB: 04/30/1998) against her will. FURTHERMORE, I Noel Cedeno did not commit an offense of kidnapping with a sexual motivation of Kayla whom was alleged to be less than thirteen years of age constituting Kidnapping pursuant to O.R.C §2905.01(A)(1) on or about August 01, 2008 to June 30, 2009.

11

8. I Noel Cedeno state, I did not engage in sexual conduct, to wit: Anal Penetration-in Basement, with Kayla (DOB: 04/30/1998) who was not my spouse, whose age at the time of the alleged sexual conduct was less than thirteen years of age, to wit: DOB: 04/30/1998, whether or not the accused knew the age of Kayla (DOB: 04/30/1998). FURTHERMORE, I Noel Cedeno did not purposely compel the alleged victim, who was alleged to be under thirteen years of age but ten years of age or older at the time of the commission of the alleged offense, to wit: DOB: 04/30/1998, to submit by force or threat of force constituting Rape pursuant to O.R.C §2907.02(A)(1)(b) on or about August 01, 2008 to June 30, 2009.

9. I Noel Cedeno state, I did not have sexual contact, to wit: Touching of Leg, with Kayla (DOB: 04/30/1998), not my spouse, whose alleged age at the time of said alleged sexual contact was under 13 years, to wit: DOB: 04/30/1998., constituting Gross Sexual Imposition pursuant to O.R.C §2907.05(A)(4) on or about August 01, 2007 to June 30, 2008.

10. I Noel Cedeno state, I did not attempt or have sexual contact, to wit: Touching of the Breast(s), with Kayla (DOB: 04/30/1998), not my spouse, whose alleged age at the time of said alleged sexual contact was under 13, years, to wit: DOB: 04/30/1998, constituting Attempted Gross Sexual Imposition pursuant to O.R.C §2923.02 / 2907.05 (A)(4) on or about August 01, 2009 to June 30, 2010.


Executed September 19, 2012

Noel Cedeno, Pro Se litigant
P.O. Box 5600
Cleveland, Ohio 44101

12

FILED

2014 JUN -9  A 10: 45

CLERK OF COURTS
CUYAHOGA COUNTY

CR13580862-A

84576622

POSTED

IN THE CUYAHOGA COMMON PLEAS COURT
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO.  CR-13-580862-A |
| | ) | CR-12-564978-A |
| Plaintiff, | ) | CR-563913-A |
| | ) | |
| | ) | JUDGE STUART A. FRIEDMAN |
| VS. | ) | |
| | ) | **MOTION FOR APPOINTMENT** |
| NOEL CEDENO, | ) | **OF CO-COUNSEL** |
| | ) | |
| Defendant. | ) | |

Now comes the Defendant, who has instructed the undersigned to respectfully move this Honroable Court for the appointment of a female Co-Counsel; and in particular the appointment of either Ruth Fischbein-Cohen of Cleveland, OH or Olivia K. Smith of Cincinnati, OH.  The grounds for this motion are as follows:  1) Defendant Noel Cedeno is indigent and cannot afford private counsel; 2) Defendant believes he will be prejudiced at trial if he does not have a female attorney to provide guidance regarding the particular charges made against him, and 3) Defendant understands that the undersigned, while having conducted many trials, has not conducted a rape trial where the maximum sentence could be life imprisonment without parole; and believes either of the two above-named attorneys have the trial experience for the charges set forth in Defendant's cases.

Accordingly, Defendant Noel Cedeno respectfully moves this Honorable Court to appoint female Co-Counsel as indicated above.

Respectfully submitted,

J. Char  s Ru          Esq. (0046806)
Attorne  for1

Charles Ruiz-Bueno Co. LPA
36130 Ridge Road
Willoughby, OH  44094
(216) 789-7207
Fax:  (888) 371-7986
jcrblaw@gmail.com

## CERTIFICATE OF SERVICE

The foregoing Request for Bill of Particulars was duly filed with the clerk and Hand Delivered

on this _____ day of _____, 20__ to:

Timothy J. McGinty, Esq.                    Cuyahoga County Prosecutors
Ronni Dukoff, Esq.
Cuyahoga County Prosecutor's Office
The Justice Center, Courts Tower
1200 Ontario Street
Cleveland, OH  44113

J. Charl       Esq. (0046806)
Att

2

Noel Cedeno Inst.#A662-686
C/O Belmont Corr. Inst.
P.O. Box 540
St.Clairsville, OH. 43950

Attention:
**Jeffery M. Gamso**
Asst. Public Defender                                    Date: July 18, 2016
310 Lakeside Ave. Suite 200
Cleveland, OH. 44113

Re: State v. Cedeno Case No. 2016-0170, 145 Ohio St. 3d 1460; 2016-Ohio-2807; 49 N.E.3d 321.

Dear Mr. Gamso,

In your last correspondence with me regarding my appeal to the Ohio Supreme Court, you provided me with a copy of the memorandum in support of jurisdiction to the Supreme Court of Ohio. Thank you. However, you also told me that you would inform me of a decision as soon as one was made in the case. This, you have not done. I need the certified entry of the Ohio Supreme Courts decision to decline jurisdiction of my appeal, so that I may pursue my appeal to the Federal Court of Appeals. The decision was rendered on May 4, 2016 in the above captioned case citation.

Also, I would like for you to return to me, all packages containing any requests for errors to be presented by you or your office including the package sent to you prior to your February 5, 2016 response. Thank you for your time and patience in this matter.

Very truly yours,

Noel Cedeno                                              Cc: files

Sworn to and subscribed in my presence on this __19__ day of __July__ 2016.

Jennifer Kury
Notary Public

JENNIFER KURYN
Notary Public, State of Ohio
My Commission Expires 3-22-19

1 of 1



COUNTY OF CUYAHOGA · OHIO

Chief Public Defender · Robert L. Tobik

9 March 2016

Noel Cedeno, # 662-686
Belmont C.I.
P. O. Box 540
68518 Bannock Road
St. Clairsville, Ohio 43950

      Re: Ohio Supreme Court

Dear Mr. Cedeno:

Enclosed is a copy of the memorandum filed Monday by the prosecutor in the Ohio Supreme Court urging them to refuse to hear your case. I expect that they will make a decision in a month or two. I will let you know as soon as I hear.

         Very truly yours,

         Jeffrey M. Gamso
         Assistant Public Defender

Enc.



# CUYAHOGA COUNTY PUBLIC DEFENDER

*Robert L. Tobik*
*Public Defender*

31 December 2015

Noel Cedeno, # 662-686
Belmont C.I..
P.O. Box 540
St. Clairsville, Ohio 43950

       Re: Appeal

Dear Mr. Cedeno:

Last week, the court of appeals denied your appeal and affirmed your conviction sentence.  I am enclosing a copy of their opinion.

You have until Monday, February 8, to file a notice of appeal and memorandum in support of jurisdiction asking the Ohio Supreme Court to hear the case.  It's up to the court whether or not it will agree, and even if the court agrees to hear the case, that does not mean you will win.

Unless I hear otherwise from you, it is my intention to file the papers asking the court to hear the case.

I will keep you informed of developments.

                    ly yours,

Jeffrey M. Gamso
Assistant Public Defender

Enc.

**310 Lakeside Avenue Suite 200, Cleveland, OH 44113**
**(216) 443-7223 Felony● (216) 443-7583 Appeals●(216) 443-2190 Municipal**
**Fax (216) 443-6911 Felony● Fax (216) 443-3632 Appeals ●**
**Fax (216) 698-3233 Municipal Division**



# CUYAHOGA COUNTY PUBLIC DEFENDER

*Robert L. Tobik*
*Public Defender*

5 February 2016

Noel Cedeno, # 662-686
Belmont C.I..
P.O. Box 540
St. Clairsville, Ohio 43950

      Re: Appeal

Dear Mr. Cedeno:

Enclosed, please find copies of the notice of appeal and memorandum in support of jurisdiction that I filed in your behalf yesterday in the Supreme Court of Ohio.  The court does not have to agree to hear the case.  The memorandum is my explanation of why they should and what they should do then.

The prosecutor has 30 days to file a response, and I'll send you a copy as soon as I get it.

Some time after that, typically 2 or 3 months later but it can be sooner or later than that, the court will decide whether it is willing actually to hear the case.  If they agree, we will go forward.  If not, we'll be done.

I will, of course, let you know as soon as I hear.

I received the materials you sent me.  Frankly, there's nothing I can do with them.  Let me know if you want me to send them back.

      Very truly yours,

      Jeffrey M
      A

Enc.

**310 Lakeside Avenue Suite 200, Cleveland, OH 44113**
**(216) 443-7223 Felony● (216) 443-7583 Appeals●(216) 443-2190 Municipal**
**Fax (216) 443-6911 Felony● Fax (216) 443-3632 Appeals ●**
**Fax (216) 698-3233 Municipal Division**

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

THE STATE OF OHIO
    Plaintiff

NOEL CEDENO
    Defendant

Case No: CR-11-552923-A

Judge: STUART A FRIEDMAN

INDICT: 2905.01  KIDNAPPING /SMS /SVPS /NPC /RVOS
           2907.02  RAPE /SVPS /NPC /RVOS
           2905.01  KIDNAPPING /SMS /SVPS /NPC /RVOS
           ADDITIONAL COUNTS...

## JOURNAL ENTRY

ON RECOMMENDATION OF PROSECUTOR RONNIE DUCOFF,
CASE IS DISMISSED WITHOUT PREJUDICE.

07/19/2012
CPLMG 07/19/2012 17:46:25

_Stuart A Friedman_
Judge Signature        07/20/2012

THE STATE OF OHIO
Cuyahoga County } SS.

I, THE CLERK OF THE COURT
OF COMMON PLEAS WITHIN
AND FOR SAID COUNTY,

HEREBY CERTIFY THAT THE ABOVE AND FOREGOING IS TRULY
TAKEN AND COPIED FROM THE ORIGINAL _Dismissal_
NOW ON FILE IN MY OFFICE.
WITNESS MY HAND AND SEAL OF SAID COURT THIS _3_
DAY OF _December_ A.D. 20 _14_
CUYAHOGA COUNTY CLERK OF COURTS
By _Sandra Miller_ , Deputy

**DEFENDANT'S EXHIBIT**
_B_

HEAR
07/19/2012

RECEIVED FOR FII
07/20/2012 12:34:...
By: CLSJO
GERALD E. FUERST, CLERK

Page 1 of 1

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

THE STATE OF OHIO
  Plaintiff

NOEL CEDENO
  Defendant

Case No: CR-12-559917-A

Judge: STUART A FRIEDMAN

INDICT: 2907.05 GROSS SEXUAL IMPOSITION /SVPS
          2907.05 GROSS SEXUAL IMPOSITION /SVPS
          2905.01 KIDNAPPING /SMS /SVPS /NPC /RVOS
          ADDITIONAL COUNTS...

## JOURNAL ENTRY

ON RECOMMENDATION OF PROSECUTOR RONNIE DUCOFF,
CASE IS DISMISSED WITHOUT PREJUDICE.

07/19/2012
CPLMG 07/19/2012 17:46:26

_Stuart A Friedman_
Judge Signature                    07/20/2012



THE STATE OF OHIO        } SS.    I, THE CLERK OF THE COURT
Cuyahoga County          }        OF COMMON PLEAS WITHIN
                                  AND FOR SAID COUNTY.

HEREBY CERTIFY THAT THE ABOVE AND FOREGOING IS TRULY
TAKEN AND COPIED FROM THE ORIGINAL _Dismissal_
NOW ON FILE IN MY OFFICE _____  __3__
WITNESS MY HAND AND SEAL OF SAID COURT THIS
DAY OF _October_ A.D. _14_
CUYAHOGA COUNTY CLERK OF COURTS
By _Candice McCliff_ , Deputy

**DEFENDANT'S EXHIBIT**
C

HEAR
07/19/2012

RECEIVED FOR FILING
07/20/2012 12:34:28
By: CLSJO
GERALD E. FUERST, CLERK

Page 1 of 1

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

THE STATE OF OHIO
    Plaintiff

NOEL CEDENO
    Defendant

Case No: CR-12-563913-A

Judge: STUART A FRIEDMAN

INDICT: 2905.01 KIDNAPPING /SMS /SVPS /NPC /RVOS
      2907.02 RAPE /SMS /SVPS /NPC /RVOS
      2907.02 RAPE /SMS /SVPS /NPC /RVOS
      ADDITIONAL COUNTS...

## JOURNAL ENTRY

DEFENDANT IN COURT. COUNSEL CHARLES RUIZ-BUENO PRESENT.
PROSECUTOR(S) RONNI DUCOFF PRESENT.
COURT REPORTER DIANCE CIEPLY PRESENT.
STATE-CERTIFIED INTERPRETER, CATHERINE PINA, PRESENT AND SWORN.
CASE IS DISMISSED WITHOUT PREJUDICE.
DEFENDANT MOVES ORALLY TO DISMISS. STATE DOES NOT OBJECT.
FINAL PRETRIAL SET FOR 09/22/2014 AT 09:00 AM .
STATE'S MOTION FOR JOINDER OF CASE NOS. 564978 AND 580862 FOR TRIAL IS GRANTED.
DEFENSE COUNSEL IN OPEN COURT STATES THAT THE DEFENDANT DOES NOT OBJECT TO JOINDER.
COURT NOTES THAT STATE'S "NOTICE OF USE OF PRIOR CONVICTION" IS IN EFFECT A MOTION. DEFENDANT IS
TO RESPOND AND STATE MAY FILE A REPLY BRIEF IN SUPPORT.

08/26/2014
CPSAF 08/26/2014 11:40:01

_Stuart A Friedman_
Judge Signature      08/26/2014

THE STATE OF OHIO } SS.
Cuyahoga County
I, THE CLERK OF THE COURT
OF COMMON PLEAS WITHIN
AND FOR SAID COUNTY.
HEREBY CERTIFY THAT THE ABOVE AND FOREGOING IS TRULY
TAKEN AND COPIES FROM THE ORIGINAL _Journal Entry_
NOW ON FILE IN MY OFFICE.
WITNESS MY HAND AND SEAL OF SAID COURT THIS _3_
DAY OF _December_ A.D. 20 _14_
CUYAHOGA COUNTY CLERK OF COURTS
By _____ , Deputy

HEAR
08/26/2014

RECEIVED FOR FILING
08/26/2014 16:33:41
ANDREA F. ROCCO, CLERK

**DEFENDANT'S EXHIBIT**
D

Page 1 of 1



86761869

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

THE STATE OF OHIO
*Plaintiff*

Case No: CR-12-564978-A

Judge: STUART A FRIEDMAN

NOEL  CEDENO
*Defendant*

INDICT: 2907.05  GROSS SEXUAL IMPOSITION /SVPS
2907.05  GROSS SEXUAL IMPOSITION /SVPS
2907.02  RAPE /SVPS /NPC /RVOS
ADDITIONAL COUNTS...

## JOURNAL ENTRY

COURT SUA SPONTE AMENDS VERDICT AS TO COUNTS 1 AND 2 TO REFLECT FINDING THAT DEFENDANT IS GUILTY OF SEXUALLY VIOLENT PREDATOR SPECIFICATION AS TO COUNTS 1 AND 2. DUE TO CLERICAL ERROR AT THE TIME OF ANNOUNCING ITS VERDCIT, THE COURT INADVERTENTLY STATED THAT IT FOUND DEFENDANT NOT GUILTY AS TO THOSE SPECIFICATIONS ON COUNTS 1 AND 2, BUT GUILTY AS TO COUNT 5.
DEFENDANT IN COURT.  COUNSEL CHARLES RUIZ-BUENO PRESENT.
COURT REPORTER  PRESENT.
ON A FORMER DAY OF COURT THE COURT FOUND THE DEFENDANT GUILTY OF GROSS SEXUAL IMPOSITION 2907.05 A(4) F3 WITH SEXUAL VIOLENT PREDATOR SPECIFICATION(S) AS CHARGED IN COUNT(S) 1, 2 OF THE INDICTMENT.
ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT NOT GUILTY OF RAPE 2907.02 A(1)(B) UN WITH SEXUAL VIOLENT PREDATOR SPECIFICATION(S), NOTICE OF PRIOR CONVICTION SPECIFICATION(S), REPEAT VIOLENT OFFENDER SPECIFICATION(S) 2941.149 AS CHARGED IN COUNT(S) 3 OF THE INDICTMENT.
ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT NOT GUILTY OF KIDNAPPING 2905.01 A(4) F1 WITH SEXUAL VIOLENT PREDATOR SPECIFICATION(S), REPEAT VIOLENT OFFENDER SPECIFICATION(S) 2941.149, NOTICE OF PRIOR CONVICTION SPECIFICATION(S) AS CHARGED IN COUNT(S) 4 OF THE INDICTMENT.
ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT GUILTY OF RAPE 2907.02 A(1)(B) UN WITH SEXUAL VIOLENT PREDATOR SPECIFICATION(S) UNDER COUNT(S) 5 OF THE INDICTMENT.
ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT NOT GUILTY OF NOTICE OF PRIOR CONVICTION SPECIFICATION(S) AS CHARGED IN COUNT(S) 5 OF THE INDICTMENT.
ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT NOT GUILTY OF REPEAT VIOLENT OFFENDER SPECIFICATION(S) 2941.149 AS CHARGED IN COUNT(S) 5 OF THE INDICTMENT.
ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT GUILTY OF KIDNAPPING 2905.01 A(4) F1 WITH SEXUAL VIOLENT PREDATOR SPECIFICATION(S) UNDER COUNT(S) 6 OF THE INDICTMENT.
ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT NOT GUILTY OF NOTICE OF PRIOR CONVICTION SPECIFICATION(S) AS CHARGED IN COUNT(S) 6 OF THE INDICTMENT.
ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT NOT GUILTY OF REPEAT VIOLENT OFFENDER SPECIFICATION(S) 2941.149 AS CHARGED IN COUNT(S) 6 OF THE INDICTMENT.
THE COURT FURTHER FINDS THAT THE VICTIM WAS UNDER THIRTEEN YEARS OF AGE AND THAT THIS WAS COMMITTED WITH A SEXUAL MOTIVATION.
ON A FORMER DAY OF COURT THE COURT FOUND THE DEFENDANT GUILTY OF ATTEMPTED, GROSS SEXUAL IMPOSITION 2923.02/2907.05 A(4) F4 AS CHARGED IN COUNT(S) 7 OF THE INDICTMENT.
ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT NOT GUILTY OF IMPORTUNING 2907.07 A F2 AS CHARGED IN COUNT(S) 9 OF THE INDICTMENT.
ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT NOT GUILTY OF IMPORTUNING 2907.07 A F2 AS CHARGED IN COUNT(S) 11 OF THE INDICTMENT.

SENT
11/13/2014

RECEIVED FOR FILING
11/18/2014 16:25:30
ANDREA F. ROCCO, CLERK

Page 1 of 2



86761869

*Stewart A Friedman*  SSSSSSSSSSSSSSSSSSSSSS

COUNT(S) 8, 10 WAS/WERE NOLLED.
COUNT 6 MERGES WITH COUNT 5; STATE ELECTS TO PROCEED TO SENTENCING ON COUNT 5 ONLY.
THE COURT FURTHER FINDS THAT THE VICTIM WAS UNDER THIRTEEN YEARS OF AGE AND THAT THESE
OFFENSES WERE COMMITTED WITH A SEXUAL MOTIVATION.
OVER OBJECTION OF DEFENDANT, COURT PERMITTED STATE TO REOPEN PROCEEDINGS FOR THE SOLE PURPOSE
OF ENTERING INTO EVIDENCE SENTENCING HEARING EXHIBITS 1, 2, 3, 4, AND 5: TO WIT, CERTIFIED COPIES OF
JOURNAL ENTRIES OF PREVIOUS CONVICTIONS.  JOURNAL ENTRY OF PREVIOUS N.Y. CONVICTION PREVIOUSLY
PROVIDED.  UPON CONSIDERATION OF THOSE EXHIBITS, COURT REAFFIRMS ITS VERDICT OF GUILTY AS TO
SEXUALLY VIOLENT PREDATOR SPECIFICATIONS IN COUNT 5 AND HEREBY AMENDS ITS VERDICT SUA SPONTE
TO FIND THE DEFENDANT GUILTY OF S.V.P. ON COUNTS 1 AND 2. AS STATE NOTES, BY OPERATION OF LAW THE
R.V.O.S. IS RENDERED MOOT.
DEFENDANT ADDRESSES THE COURT, PROSECUTOR RONNI DUCOFF ADDRESSES THE COURT.
THE COURT CONSIDERED ALL REQUIRED FACTORS OF THE LAW.
THE COURT FINDS THAT PRISON IS CONSISTENT WITH THE PURPOSE OF R.C. 2929.11.
THE COURT IMPOSES A PRISON SENTENCE AT THE LORAIN CORRECTIONAL INSTITUTION OF LIFE.
MANDATORY LIFE IN PRISON WITHOUT PAROLE ON COUNT 5; 2 YEARS TO LIFE ON COUNTS 1 AND 2, ALL
CONSECUTIVE TO ONE ANOTHER AND CONSECUTIVE TO COUNT 5; 6 MONTHS ON COUNT 7, CONCURRENT WITH
ALL OTHER COUNTS.
ALL COUNTS CONSECUTIVE TO CR 580862.
DEFENDANT TO RECEIVE JAIL TIME CREDIT FOR 966 DAY(S), TO DATE.
POST RELEASE CONTROL IS PART OF THIS PRISON SENTENCE FOR 5 YEARS MANDATORY FOR THE ABOVE
FELONY(S) UNDER R.C.2967.28.  DEFENDANT ADVISED THAT IF/WHEN POST RELEASE CONTROL SUPERVISION IS
IMPOSED FOLLOWING HIS/HER RELEASE FROM PRISON AND IF HE/SHE VIOLATES THAT SUPERVISION OR
CONDITION OF POST RELEASE CONTROL UNDER RC 2967.131(B), PAROLE BOARD MAY IMPOSE A PRISON TERM AS
PART OF THE SENTENCE OF UP TO ONE-HALF OF THE STATED PRISON TERM ORIGINALLY IMPOSED UPON THE
OFFENDER.
DEFENDANT ADVISED OF APPEAL RIGHTS.
DEFENDANT INDIGENT, COURT APPOINTS PUBLIC DEFENDER AS APPELLATE COUNSEL.
TRANSCRIPT AT STATE'S EXPENSE.
THE COURT HEREBY ENTERS JUDGMENT AGAINST THE DEFENDANT IN AN AMOUNT EQUAL TO THE COSTS OF
THIS PROSECUTION.

11/13/2014
CPEDB 11/17/2014 09:25:54

SSSS
Judge Signature                    11/18/2014

SENT
11/13/2014

RECEIVED FOR FILING
11/18/2014 16:25:30
ANDREA F. ROCCO, CLERK

Page 2 of 2



86752238

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

THE STATE OF OHIO
Plaintiff

Case No: CR-13-580862-A

Judge: STUART A FRIEDMAN

NOEL CEDENO
Defendant

INDICT: 2907.02 RAPE /SVPS /NPC /RVOS
2905.01 KIDNAPPING /SMS /SVPS /NPC /RVOS

## JOURNAL ENTRY

DEFENDANT IN COURT.  COUNSEL J CHARLES RUIZ-BUENO PRESENT.
COURT REPORTER PRESENT.
ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT GUILTY OF RAPE 2907.02 A(1)(B) F1 WITH
SEXUAL VIOLENT PREDATOR SPECIFICATION(S) UNDER COUNT(S) 1 OF THE INDICTMENT.
ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT NOT GUILTY OF NOTICE OF PRIOR
CONVICTION SPECIFICATION(S) AS CHARGED IN COUNT(S) 1 OF THE INDICTMENT.
ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT NOT GUILTY OF REPEAT VIOLENT
OFFENDER SPECIFICATION(S) 2941.149 AS CHARGED IN COUNT(S) 1 OF THE INDICTMENT.
ON A FORMER DAY OF COURT THE COURT FOUND THE DEFENDANT GUILTY OF KIDNAPPING 2905.01 A(4) F1 WITH
SEXUAL MOTIVATION SPECIFICATION(S) 2941.147, SEXUAL VIOLENT PREDATOR SPECIFICATION(S), NOTICE OF
PRIOR CONVICTION SPECIFICATION(S), REPEAT VIOLENT OFFENDER SPECIFICATION(S) 2941.149 AS CHARGED IN
COUNT(S) 2 OF THE INDICTMENT.
COUNT 2 MERGES INTO COUNT 1; STATE ELECTS TO PROCEED ON COUNT 1 ONLY. AS STATE NOTES, BY
OPERATION OF LAW THE R.V.O.S. IS RENDERED MOOT.
DEFENDANT ADDRESSES THE COURT, PROSECUTOR RONNI DUCOFF ADDRESSES THE COURT.
OVER OBJECTION OF DEFENDANT, COURT PERMITS STATE TO REOPEN PROCEEDINGS FOR THE SOLE PURPOSE
OF ENTERING INTO EVIDENCE SENTENCING HEARING EXHIBITS 1, 2, 3, 4, AND 5: CERTIFIED COPIES OF JOURNAL
ENTRIES OF PREVIOUS CONVICTIONS.  JOURNAL ENTRY OF PREVIOUS N.Y. CONVICTION PREVIOUSLY
PROVIDED. UPON CONSIDERATION OF THOSE EXHIBITS, COURT REAFFIRMS ITS VERDICT OF GUILTY AS TO
SEXUALLY VIOLENT PREDATOR SPECIFICATION IN COUNT 1.
THE COURT CONSIDERED ALL REQUIRED FACTORS OF THE LAW.
THE COURT FINDS THAT PRISON IS CONSISTENT WITH THE PURPOSE OF R.C. 2929.11.
THE COURT IMPOSES A PRISON SENTENCE AT THE LORAIN CORRECTIONAL INSTITUTION OF LIFE.
MANDATORY SENTENCE OF LIFE WITHOUT PAROLE ON COUNT 1.
SENTENCE IS CONSECUTIVE TO CASE CR 564978.
DEFENDANT TO RECEIVE JAIL TIME CREDIT FOR 966 DAY(S), TO DATE.
POST RELEASE CONTROL IS PART OF THIS PRISON SENTENCE FOR 5 YEARS MANDATORY FOR THE ABOVE
FELONY(S) UNDER R.C.2967.28.  DEFENDANT ADVISED THAT IF/WHEN POST RELEASE CONTROL SUPERVISION IS
IMPOSED FOLLOWING HIS/HER RELEASE FROM PRISON AND IF HE/SHE VIOLATES THAT SUPERVISION OR
CONDITION OF POST RELEASE CONTROL UNDER RC 2967.131(B), PAROLE BOARD MAY IMPOSE A PRISON TERM AS
PART OF THE SENTENCE OF UP TO ONE-HALF OF THE STATED PRISON TERM ORIGINALLY IMPOSED UPON THE
OFFENDER.
DEFENDANT ADVISED OF APPEAL RIGHTS.
DEFENDANT INDIGENT, COURT APPOINTS PUBLIC DEFENDER AS APPELLATE COUNSEL.
TRANSCRIPT AT STATE'S EXPENSE.
THE COURT HEREBY ENTERS JUDGMENT AGAINST THE DEFENDANT IN AN AMOUNT EQUAL TO THE COSTS OF
THIS PROSECUTION.

SENT
11/13/2014

RECEIVED FOR FILING
11/18/2014 16:25:23
ANDREA F. ROCCO, CLERK

Page 1 of 2

Jeffrey M. Ganso

Assistant Public Defender

310 Lakeside Avenue Suite 200

Cleveland , Ohio 44113

06 /// / 2015

Re: Request for Information

Mr. Ganso


Please acknowledge my request to obtain any and all information directly or indirectly pertaining to my case from Cuyahoga County Court of Common Pleas Case Number: C-12-564978-A and CR-13-580862-A. This is to include , but not limited to all statements , police reports , physician statements , exhibits , i.e. all " records"in your possession that relate to my case. Including paternity reports.

## Ohio Rules of Professional Conduct:

Rule 1.15: Safekeeping funds and property (a) A lawyer shall hold property of clients or third person that is in convection with a representation separate from the lawyer's own personal property.

Rule 1.16: Declining or terminating representation (d) as part of the termination of representation , a lawyer shall take steps , to the extent reasonable time for employment of other counsel , delivering to the client all papers and property to which the client is entitled , and complying with applicable laws and rules. Client papers and property shall e promptly delivered to the client. "Client papers and property " may include correspondence , pleadings , deposition transcripts , exhibits , physical evidence , expert reports , and other items reasonably necessary to the clients representation.

(1)

Thus it is hereby requested of you and your associates to ~~you~~ *Me* at your earliest convenience , all the

aforesaid records , memorandum , memoir , notes ,especially exhibits and any and / or letters , filings ,

etc...pertaining to my case that you hold in your possession.

Thank you in advance for your time and assistance in this matter.

Sincerely

*Noel Cedeno*

Noel Cedeno #A662-686

P.O. Box 5540

St. Clairsville , Ohio 43950

Sworn to and subscribed in my presence on this the _____ 11th _____ day of _June_ 2015.



MICHAEL KOLVEK
Notary Public, State of Ohio
My Commission Expires Feb. 12, 2020

Notary Public

CC: Disciplinary Counsel , 250 Civic Center Drive , Suite 325 , Columbus , Ohio 43215-7411.

(2)

To Attorney Jeffrey M. Ganso Affidavit of Record of Property

Noel Cedeno                                    Case No.: CR-12-564978 / CR-13-580862

Plaintiff ,                                    Judge: Stuart A. Friedman

Petitioner ,                                   Affidavit of Property

Jeffrey M. Ganso                               Ohio Rules conduct 1.15 ; R. 1:16

310 Lakeside Ave . Suite 200

Cleveland , Ohio  44113

I,Noel Cedeno , being duty sworn and says:

1.) I am a party in the foregoing action.

2.) I am not capable of filing Court procedures to Appeal errors in Case No.: 12-564978;

3.) 13-580862 , I need ,"Client Papers and property,pleading with transcripts , exhibits , with;

4.) physical evidence. Pleadings , disposition transcript and Expert reports. Copies of letters;

5.) , correspondence memorandums. All fore said records memoirs ; notes especially exhibits;

6.) and any and all letters filed. I understand Attorney M. Ganso is to be allowed to deny or;

7.) grant request of Noel Cedeno. In such case a 30 day grace period will be granted before

8.) before civil suite.

Respectfully Submitted,

Noel Cedeno #A662-686

P.O. Box 540

St. Clairsville , Ohio 43950

(1)

Sworn to and subscribed in my presence on this the _____ 11th _____ day of

_____ June _____ 2015.

_____

Notary Public

MICHAEL KOLVEK
Notary Public, State of Ohio
My Commission Expires Feb. 12, 2020

### Certificate of Service

I here by certify that a true copy of the foregoing letter was sent by regular U.S. Mail to the Attorney

M. Ganso 310 Lakeside Ave Suite 200 , Cleveland , Ohio 44113. Cuyahoga County , Ohio on this

_11_ day of _June_ 2015.

_____

Noel Cedeno #A662 -686

P935

## Personal A/C Withdrawal
## Check Out-Slip

Institution: B.E.C.I

Dollars: 15 oz  Cents: .21

Name: Jeffrey M. Gamso Assistant Public Defender

Address: 310 Lakeside Avenue Suite 200

City: Cleveland  State: OH  Zip Code: 44113

☒ Postage  ☐ Copies  ☐ ID  ☐ Misc. _____  ☐ Check-out CK #

The inmate's signature on this withdrawal request verifies that the information listed above has been read to or by the inmate and is correct. In the event of an error in the address which results in the return of this package, the inmate shall assume financial responsibility.

JUN 12 RECD

Inmate's Signature: _____  Number: 662 685  Block & Cell Number: 9.A 108

Approved By: _____  Witnessed: M.C.C.C. un

Ship VIA: _____  Date Processed: 6/12/15  Pink: _____

DRC 1004 (Rev. 3/01)    DISTRIBUTION:    WHITE - Cashier    CANARY- Inmate    ACA 4046

Robert L. Tobik, Chief

Cuyahoga County Public Defenders Office

310 Lakeside Ave.

Suite 400

Cleveland, Ohio 44113

12 / 4 / 2015

Noel Cedeno #A662-686

P.O. Box 540

St. Clairsville, Ohio 43950

Dear Sir or Madam:

I am Inmate Noel Cedeno #A662-686 and are seeking your assistance in notifying Attorney Jeffrey M.

Gamso, Cuyahoga County Public Defenders Office, 310 Lake side Ave., Suite 200, Cleveland, Ohio

44113 of the error of the court in a double jeopardy violation. The Court of Common Pleas, The Office

of the Prosecution of Cuyahoga County, Ohio, The Law Director of Cleveland, Ohio, and The Chief of

Police C/O Assistant Chief of Sexual Offenses Investigation were notified of the double jeopardy

violation. The lower court refuses to acknowledge it had dismissed the records of the Police Complaint

numbered: Investigative Record: 11 -127948 of May 14, 2011, 12 12:11 hours as  by motion of the

Office of the Prosecution being vague and unreliable. The dismissed record in the reapplication of the

record in the following indictments: CR-11-552923 ; CR-12-559917 ; CR-12-563913-A  was dismissed

by motion of the Office of the Prosecution for being vague and unreliable. The use and allowance the

dismissed record of evidence: Police Investigative Records: 11 -127948 May 14, 2011, 12:11 hours as

agreed by Attorney Santiago Felicia no and the Office of the Prosecution, to be vague and unreliable.,

were retried in Case No.: CR-12-564978-A and CR- 13- 580862- A and the writer Noel Cede no

#A662-686 were found guilty by dismissed records of the court of Judge: S.A. Friedman. The court

being the only court to hear the Police investigative report is in error to allow the multiple filings of the

dismissed record: 11 -127948. Inmate Cedeno #A662-686 would have appreciated a Double Jeopardy

argument to be included in the oral argument of the Appellate argument Attorney Gamso presented to

the Court of Appeals on Oct 6, 2015, 10:30 am, in Courtroom No. 3 before: Eileen T. Gallagher, Eileen

A. Gallagher, and Melody J. Stewart. Attorney Gamso was contacted: June 11, 2015 that the court had

been notified ; and when the Attorney failed to contact the inmate, the inmate contacted the Clerk of

Courts and gave notice, September 17, 2015 that error was made by multiple filings of the Investigative

Records of Cleveland Police Department in multi indictments for allegations dismissed with no new

additions to the complaint of the Investigative report. The Investigative Report Number: 11 -127948

May 14, 2011, 12:11 hours. I request your assistance as the argument maybe only presented at the

appellate level by instructions of the Article I section 10 note 45. Jeopardy in General.

Thank You,

Noel Cedeno #A662-686

Notary

**SWORN TO AND SUBSCRIBED** in my presence, a Notary Public for the State of Ohio in the

County of Belmont this 7TH day of DEC 2015

SEAL

JAMES M. EBERLIN JR.
Notary Public, State of Ohio
My Commission Expires Apr. 6, 2019

NOTARY PUBLIC

(2)



# CUYAHOGA COUNTY PUBLIC DEFENDER

*Robert L. Tobik*
*Public Defender*

5 January 2016

Noel Cedeno, # 662-686
Belmont C.I..
P.O. Box 540
St. Clairsville, Ohio 43950

Re: Appeal

Dear Mr. Cedeno:

I just received the letter dated December 4, 2015 that you sent to public defender Robert Tobik saying that, as best I can determine, I should have made a double jeopardy argument on your behalf.

Since as I previously wrote, the court of appeals has now dismissed your appeal, it is too late for me to do that. You may, however, file an application in the court of appeals to reopen the appeal on the basis that I provided you with constitutionally ineffective assistance for failing to make that argument. Ohio Appellate Rule 26(B) sets out the rules for doing that.

In particular, an application to reopen must be filed no later than 90 days from the day the court of appeals issued its decision. In this case, I believe that is March 23, 2016, but you need to calculate that yourself to be sure.

Neither I nor anyone in this office can make that argument for you because we are not permitted to assert our own incompetence.

It remains my intention to ask the Supreme Court of Ohio to hear your appeal. If you do not want me to do that, you must let me know in writing.

No matter what you decide, I wish you good luck.

truly yours,

Assistant Public Defender

**310 Lakeside Avenue Suite 200, Cleveland, OH 44113**
(216) 443-7223 Felony• (216) 443-7583 Appeals•(216) 443-2190 Municipal
Fax (216) 443-6911 Felony• Fax (216) 443-3632 Appeals •
Fax (216) 698-3233 Municipal Division

Robert L. Tobik
Public Defender
310 Lakeside Suite 200
Cleveland, OH 44113

Noel Cedeno 662 686
P.O. Box 540
St. Clairsville, OH 43950

1/12/16

Dear Sir :

I again I reinteenrate your Competence
is not the issue. The issue is in reconsideration
you May request The Court to review as well as
give Consideration to Filings not available to you
From The lower Court of Double Jeopardy.
Please File as you May deem necessary. I do
hope the Package sent you afford you My Contentions
of the trier of evidence dismissal by the Office of
the Prosecution stating", The evidence was not been
changed in its use in any Case its been Filed.

Thank you

Respectfully

Noel Cedeno

Pg 31

## Personal A/C Withdrawal
### Check Out-Slip

Pre 11b402

Institution:

Dollars: 5 Cents: 95

Name: Jeffrey M Bourla

Date: 1/8/2016

Address: 310 Lakeside Ave. Suite 200

City: Cleveland   State: OH   Zip Code: 44113

☒ Postage  ☐ Copies  ☐ ID  ☐ Misc. ___  ☐ Check-out CK # ___

The inmate's signature on this withdrawal request verifies that the information listed above has been read to or by the inmate and is correct. In the event of an error in the address which results in the return of this package, the inmate shall assume financial responsibility.

Cuyahoga County Public Defender

RECEIVED
JAN 12 2015
Belmont Correctional Institution
Cashier's Office

Inmate's Signature: [signature]   Number: A662682   Block & Cell Number: 3 A 14

Approved By:   Witnessed: [signature]

Ship VIA:

Date Processed:

DRC 1004 (Rev. 3/01) ☑ DISTRIBUTION: WHITE - Cashier   CANARY- Inmate   Pink:

ACA 4D45

In the Court of Common Pleas

Cuyahoga County , Ohio

The State of Ohio                                    Case No.: 12  - 564978

Plaintiff                                           Case No.: 13 – 580862

C/O Ronnie Ducoff

Office of the Prosecuting Attorney

1200 Ontario Street

Cleveland , Ohio 44113                               2505.02

-v-                            RECEIVED FOR FILING

Noel Cedeno                          SEP 2 3 2015

P.O. Box 540                      CUYAHOGA COUNTY
                                   CLERK OF COURTS
St. Clairsville , Ohio 43950      By _____ Deputy

Defendant.

     Defendant files for the vacation by the dismissal order of the court as to the dismissal by the

first case of the same allegations of first dismissal: Case No.: CR-11-552923-A on 07 19 12; Case No.:

CR – 12 – 559917 – A on 07 19 12 ;  Case No.: CR – 12 – 563913 08 26 14 ; for the allegations of the

same nature in Case No.: CR- 12 – 564978 vacation by the court for dismissal as the court has heard

the allegations repeatably with the same evidence and has stated the allegation is unsupported ; for the

allegations of the same nature in Case No.: CR-13 – 580862 vacation by the court for dismissal as the

court has heard the allegations repeatably with the same evidence and has stated the allegation is

(1)

unsupported. The continued allegations of the same nature by the Office of the prosecuting attorney begs review by the Court and allowing the Defendant to request the review by the court unless the Defendant request a trial and the defendant request a review of the records for the same allegation and allow the first instance of dismissal of the allegations to speak as the defendant is not of record requesting a trial but of record to vacate the joinder trial of CR – 12 – 564978 and CR – 13 – 580862. The date received for filing is September 10 , 2014 Cuyahoga County Clerk of Courts by _____ deputy. Defendant request the court to review page title Facts,"Line17, 18, 19, 20 ;21 ; 22,;23 ,for the review of the fact of the dismissal of the first trial being of the same allegations as the First Trial Cr-11-552923-A; Second Trial CR-12 - 559917-A , Third Trial CR-12-563913-A , Fourth Trial CR-12-564978, and Fifth Trial CR-13-580862 all were of the same nature without change to allegation or evidence.

Conclusion

All the formats of the cases evidence are the same and by the dictates of the court 2505.02 ,"381 N.E2d 1357,; 590 N.E 2d 784 , ;590 N.E. 2d 1337 , ; 477 N.E. 2d 1141 , ;100 N.E. 2D 211 , ; 96 N.E. 2d 781, ; 282 N.E. 2d 587, ; 182 N.E.2d 632 , ; 56 N.E. 2d 251, the court may vacate by dismissal of the court orders of the first filing CR-11-552923-A Judge:Stuart A. Friedman 07 19 12 signed 07 20 12 Witness as NOW ON FILE by Candie Miefler Deputy for the allegations of Case No.: CR-12-56978 and CR-13-580862. Judgment Relief requested is by 2505.02 note 7. Vacating Judgment.

Submitted,

(2)

Certificate of Service

Original to the Clerk of Court for the Court , copy to the Court,

copy to  the Office of the Prosecuting Attorney Cuyahoga County,Ohio,

copy to the Defendant. DATE: 9/21/2015

Submitted,

RECEIVED FOR FILING

SEP 23 2015

CUYAHOGA COUNTY
CLERK OF COURTS
By _____ Deputy

Page 1 of 4                    CRIMINAL INVESTIGATION

The following is the statement of : Kayla M. Mendez          Date  May 14, 2011 .

                                                            Time  1211Hrs.  .

Name  Kayla M. Mendez .
Age 13  Sex Female    Race Hispanic   DOB 04-30-1998 SSN Unk .
Address 3140 W. 61 St.       City Cleveland  State Ohio  Zip Code 44102 Phone (347)323-5138.
Employed at   Stockyard Middle School 7th grade   Address _____
City _____  State _____  Phone _____

Regarding the investigation of:     Rape 11-127948
Q. What is your name?
A. Kayla
Q. Where do you live?
A. 3140 W. 61st Cleveland, Ohio
Q. Who do you live there with?
A. My mom and two sisters
Q. What's your sisters' name and ages?
A. Jessenia 8yrs old and Angeli 6yrs old.
Q. Who is Noel Cedeno?
A. He's my stepfather
Q. How old were you when he became your stepfather?
A. I think 5yrs old
Q. Did Noel do something to you that cause you to be here today?
A. Yes
Q. What did he do?
A. Every time my mom would tell me to go and get ready. When I go into the shower he would try to come in there and look at me.
Q. How would he get into the bathroom does it have a lock?
A. It does but you can open the door lock with a penny.
Q. Did he ever touch you?
A. Tried to I would try to push him away or ask him to leave.
Q. He would leave when you ask?
A. No, only sometimes.
Q. When you say he tried to what did he do?
A. He would say do you know how your boobs grow. By force he tried to touch me but I wouldn't let him.
Q. When was the last time he touch you?
A. The week of spring break in 2010. That would be from March 28-April 4, 2010
Q. When was the last time he put his penis inside you?
A. When I was 9 years old. The summer of 2007, and it was on the weekend.
Q. What happened then?
A. I was in the basement getting clothes. I remember him telling me to go by the stairs. I went to the stairs, he told me to turn around and not look back. He started taking off my pants, then he put his thing in my butt. My butt started to hurt. I remember my mom telling us to come upstairs to eat. He pushed me then he ran upstairs. I went upstairs and we started eating and that was the end of the day.
Q. When he told you to go by the stairs, where were you before he told you that?
A. By the washer and dryer
Q. Was anybody else in the basement besides you and him?
A. No
Q. Where was he when you went downstairs?
A. He was watching T.V. in the living room
Q. Did he following you down the basement?
A. Like a couple minutes after I got into the basement.
Q. Was that the first time he ever touched you?
A. Yes
Q. When was the last time he touched you?
A. Spring break he tried to but I wouldn't let him.


Q. Having read your statement, do you find it to be true ?          A. _____ .

Signature _____

Witness _____          Relation/I.D.# _____

Taken by  Detective Elaine C. Evans #1960 _____          I.D.# _____  1960 _____

Page 2 of 4                           CRIMINAL INVESTIGATION

The following is the statement of : Kayla M. Mendez                Date  May 14, 2011

                                                                  Time  1211Hrs.

Name  Kayla M. Mendez
Age  13  Sex  Female  Race  Hispanic  DOB  04-30-1998  SSN  Unk
Address  3140 W. 61 St.  City  Cleveland  State  Ohio  Zip Code  44102  Phone  (347)323-5138.
Employed at  Stockyard Middle School  7th grade  Address
City  State  Phone

Regarding the investigation of:  Rape 11-127948
Q. Do you remember the first time he touched you?
A. No
Q. Has he ever put his thing in your private part?
A. No
Q. Has he ever put his thing in your butt before this time when you were nine years old?
A. When I was in my mom's room, it was in the winter I was 9 years old. I went to go watch a show.
The next thing I remember he put his thing in my butt again.
Q. Why didn't you tell your mother?
A. I was scared to tell her
Q. Did he tell you not to tell her?
A. In some ways he did. He said if I told my mom he was going to tell her what I said to my friends on
the phone. Because he let me use his phone to call my friend and text them.
Q. Who was the person you told about what Noel was doing to you?
A. My grandmother
Q. When did you tell her?
A. In April, 2011
Q. What did you tell your grandmother?
A. That when I was sleeping I woke up and saw him in my room. That happened two times. About the
shower, and that once when my head was hurting he gave me a little pill that he said would make my
headache go away. It made me feel weak. I just feel asleep.
Q. What did she say?
A. She said she was going to talk to my mom about it.
Q. Did you tell your grandmother about him putting his penis in your butt?
A. No
Q. Who was the first person you told that to?
A. My aunt Jazmin
Q. What did Jazmin say?
A. That she was going to help me out.
Q. Did you go to the hospital?
A. Yes but they didn't check me out or anything.
Q. Where were you when Noel got arrested?
A. In my room
Q. How was you feeling when he got arrested?
A. I was confused because I didn't know what he did. I thought no one knew what he did to me.
Q. Did you believe someone told what he did to you?
A. No
Q. Was you happy he was arrested?
A. In a way yeah
Q. Is that why you decided to tell some one about what he did to you?
A. Yes, I felt safer.
Q. Is there anything else you like to add to your statement?
A. No
*****************************End of Statement*****************************
On May 24, 2011, I reinter viewed victim Kayla Mendez started statement at 1710hrs.

Q. How old were you when Noel first touched you?
A. I'm thinking it was either 8 years old or 9 years old.
Q. Where did he touch you on your body?
A. The boobs, the butt, and the vagina

Q. Having read your statement, do you find it to be true ?          A. _____

Signature _____

Witness _____          Relation/I.D.# _____

Taken by  Detective Elaine C. Evans #1960          I.D.#          1960

Page 3 of 4                    CRIMINAL INVESTIGATION

The following is the statement of : Kayla M. Mendez          Date  May 14, 2011

                                                            Time  1211Hrs.

Name  Kayla M. Mendez
Age 13    Sex  Female    Race  Hispanic    DOB  04-30-1998  SSN  Unk
Address  3140 W. 61 St.      City  Cleveland    State  Ohio   Zip Code  44102  Phone  (347)323-5138.
Employed at    Stockyard Middle School 7ᵗʰ grade      Address _____
City _____  State _____  Phone _____

Regarding the investigation of:    Rape 11-127948
Q. Did it happen all the same day?
A. Yes
Q. Where did he first touch you?
A. I think it was the butt
Q. How did he touch your butt?
A. With his front part, sometimes I call it the thing or the front part
Q. Were you clothes on or off?
A. My pants and panties were off but up to my knees
Q. How old were you then?
A. I think it was nine years old
Q. Was his clothing on or off?
A. I think they were off
Q. Do you know were that happened?
A. That was in the basement
Q. When did he touch your boobs?
A. In the shower
Q. Was that after he touched your butt?
A. Yes
Q. Can you tell me about the shower incident?
A. I think I was twelve years old. I was taking a shower he came in the shower I was putting shampoo on my hair my eyes were closed, I was rinsing the shampoo, then oo you want to know how your boobs grow. I said I already know how they grow. He said let me show you and I said no. He moved my hand and grabbed one of my boobs. I tried to push him off.
Q. Did he come into the shower with you?
A. No
Q. Were you still in the shower?
A. Yes
Q. When he did that was the water running in the shower, where was he in the bathroom?
A. Yes, he was standing outside of the tub
Q. Did this happen at the house you live in now?
. A. Yes
Q. What made him stop trying to touch you?
A. I pushed him off, and I said if you don't stop I'm going to tell my mom
Q. Do you know what time of the year it was?
A. Yeah it was spring break in March 2010
Q. Did he ever touch you with any part of his body?
A. Yeah, that was the incident when I was in the basement getting clothes and he followed me in the basement.
***********************End of Statement at 1730hrs May 24, 2011********************
On March 3, 2012, at 1049hrs I re-interviewed Kayla Mendez
Q. How old were you when the first incident happened with Noel?
A. I was nine years old
Q. What did he do?
A. He would rub his hand up my thigh and was trying to touch my vagina, he did he probably about two times.
Q. When he did that what did you do?
A. The second time I pushed his hand away the first time I didn't do anything
Q. When you pushed his hand away the second time what did he say?
A. Nothing

Q. Having read your statement, do you find it to be true ?                    A. _____

Signature _____

Witness _____    Relation/I.D.# _____

Taken by  Detective Elaine C. Evans #1960 _____    I.D.# _____ 1960 _____

Page 4 of 4                    CRIMINAL INVESTIGATION

The following is the statement of : Kayla M. Mendez           Date   May 14, 2011  .

Time   1211Hrs.  .

Name   Kayla M. Mendez   .
Age  13   Sex  Female   Race  Hispanic    DOB  04-30-1998  SSN   Unk   .
Address  3140 W. 61 St.       City   Cleveland    State   Ohio   Zip Code  44102   Phone  (347)323-5138.
Employed at   Stockyard Middle School 7th grade   Address _____
City _____  State _____  Phone _____ .

Regarding the investigation of:     Rape 11-127948
Q. The first time did he put his hand on your vagina?
A. No
Q. Did he touch you anywhere else on your body those two times?
A. No
Q. When did that happen?
A. About mid-January, 2008.
Q. We had the date wrong on the incident in the basement, instead of March 28-April 4, 2010, the
incident happened around spring break of 2009 correct?
A. Yes
Q. In connection with that incident when you was in the basement how did you get to the stairs?
A. He followed me into the basement, my sisters was in the basement with us, he told them to go next
to the washer and dryer, he told me to go next to the stairs. Then he turned me over and that when it
happened.
Q. Did he hold you on the stairs?
A. He held me down, so I couldn't turn around.
Q. About the incident in your mom's bedroom were you inside the bedroom before he came in?
A. yeah
Q. When you was in your mom's bedroom was the door closed before he came inside?
A. No
Q. When he came in what did he do?
A. He came in then he lay on the bed behind me. I was sitting on the edge of the bed watching
television. Then he said something to me I turned around. He told me to lean over the bed and he
pulled my pants down and held me down so I couldn't move, then he put his penis inside my butt.
I hurt when he did that. When he finished he just fixed his pants and went downstairs. I went into the
bathroom and washed up.
Q. That incident was in 2009 correct?
A.  Yes
Q. The last incident was in 2010, when you were in the shower correct?
A. Yes
Q. When he first touched you in 2008, were your clothes on or off?
A. No
Q. Did he try to put his hand under your clothing?
A. Yes
Q. Can was that both times?
A. The second time
Q. Can you explain it?
A. I had on shorts and he tried to put his hand in my shorts
Q. What did you do?
A. I pushed his had away
Q. Where were you in the house?
A. I think I was in my room
Q. Is there anything else you would like to add to your statement?
A. No
Interview ended on March 3, 2012 at 1123hrs
*******************************************End of Statement********************************************

Q. Having read your statement, do you find it to be true ?                    A. _____

Signature _____

Witness _____  Relation/I.D.# _____

Taken by  Detective Elaine C. Evans #1960 _____   I.D.# _____ 1960 _____

Page 5 of 4                              CRIMINAL INVESTIGATION

The following is the statement of : Kayla M. Mendez          Date _May 14, 2011_

                                                           Time _1211Hrs._

Name _Kayla M. Mendez_
Age _13_    Sex _Female_    Race _Hispanic_   DOB _04-30-1998_  SSN _Unk_
Address _3140 W. 61 St._       City _Cleveland_   State _Ohio_  Zip Code _44102_  Phone _(347)323-5138._
Employed at _Stockyard Middle School 7th grade_   Address _____
City _____   State _____ Phone _____

Regarding the investigation of: _____ Rape 11-127948

Q. Having read your statement, do you find it to be true ?

Signature _____          A. _____

Witness _____

                                      Relation/I.D.# _____

Taken by _Detective Elaine C. Evans #1960_                 I.D.# _____1960_____

In the Court of Common Pleas

Cuyahoga County , Ohio

State of Ohio

Plaintiff

C/O Office of the Prosecuting Attorney

1200 Ontario St.

Cleveland , Ohio 44113

-v-

Noel Cedeno #A662-686

P.O. Box 540

St. Clairsville , Ohio 43950

Case No.: CR-11-522923-A

Judge: Stuart Friedman

Motion To Judgment Relief

RECEIVED FOR FILING

AUG 3 1 2015

CUYAHOGA COUNTY
CLERK OF COURTS
By _____ Deputy

2502.02

Defendant files that the Assertion of defense of former jeopardy allows due process procedure for

the Judgment Relief by violation of :

(A) When a dismissal has been declared , re prosecution is generally permissible if the request

is by the defendant. In the absence of such request , re prosecution is barred.

(B) The trial Judge being advised that the trial of Case No.: CR-11-552923-A ; Case No.:

CR-12-559917-A Case No.: CR-12-563913-A; were dismissed on the same merit as the

evidence in Case No.:12-564978-A and Case No.: 13-580862-A found guilty in joinder

for Life in ·Case No.:12-564978-A and  Case No.:13-580862-A.

© The Judge did not consider alternatives to the dismissed allegations or choose the

the alternative least harmful to the defendant's rights.

(D) The Judge acted deliberately and allowed dismissed evidence to proceed when the records

proved the evidence was dismissed in Case No.:CR-12-564978-A Case No.:
CR-13-580862.

The Court of Common Pleas of Cuyahoga County Judge: Stuart Friedman

dismissed the cases of Case No.: CR-11-522923-A on 07 19 12 Case No.: CR-12-559917-A

on 07 19 12 as the evidence from documents of Supplementary Investigative Report and

the findings of each Grand Jury were the same without any new evidence and violated the Double

jeopardy clause of verdict of dismissal can not be reviewed , on error or otherwise , without putting a

defendant twice in jeopardy,and thereby violating the constitution. On a ruling by the court that the

evidence is insufficient to convict, may not be appealed and terminates the prosecution when a second

trial would be necessitated by new case number and procedure not warranted for trial. When a

defendant offers a motion of Double Jeopardy and the court denies the motion the court allows judicial

error as the court has dismissed the same allegations by Case No.: CR-11-552923-A; Case No.: CR-12-

559917-A ;Case No.: CR-12-563913-A and allowed by error of the court Life Sentence issued by the

Court in joinder of Case No.: CR-12-564978 Life sentence and in Case No.: CR-13-580862

life sentence. The court is the first trier of fact  and violates the O.Const Art I section 10 note

57.Asserting Defense of Former Jeopardy ; procedure. The federal constitution makes no mention of

new trials and they were not granted when the trial court dismissed by merit no evidence to sustain the

allegation(s).694NE2d1386;650NE2d535;639NE2d518;935F2d240;647NE2d238;623NE2d69;128F3d

322;114S.CT1300;481nE2d629.

(2)

Conclusion

Judgment Relief be by the government with all its resources and power not be allowed to repeatably

trial the defendant in repetitiously filings of the same evidence under different case numbers with three

dismissal and two life sentences as the trier of fact of the first dismissal refused to dismiss the

allegations as the pro se defendant requested vacation of allegations by Art I section 10 note 57.

Asserting Defense of former jeopardy;procedure;double jeopardy. Vacation of Life Sentence in Case

No.: CR-12-564978 and Case No.: CR-13-580862 as they were by sentence in joinder for two separate

sentences.650NE2d535.490 US 435;114 S.Ct. 1937;982 NE 2d 727; 2014-Ohio-5583;6 N.E.3d 23;

780 N.E. 250; 623 N.E. 2D 69;677 N.E. 2D 1207.

Submitted,

Certificate of Service

Original to the Clerk of Court for the Court , one to the Clerk of Court , one to the Office of the

Prosecuting Attorney , 1200 Ontario St. , Cleveland , Ohio 44113 , one to the Defendant by mail of the

envelope addressed. DATE:  8/24/2015

Submitted,

(3)

In the Court of Common Pleas

Cuyahoga County , Ohio

The State of Ohio                                    Case No.: 12  - 564978

Plaintiff                                                Case No.: 13 – 580862

C/O Ronnie Ducoff

Office of the Prosecuting Attorney

1200 Ontario Street

Cleveland , Ohio 44113                                   2505.02

                                    RECEIVED FOR FILING
-v-
                                        SEP 2 3 2015
Noel Cedeno
                                      CUYAHOGA COUNTY
P.O. Box 540                           CLERK OF COURTS
                                   By _____ Deputy
St. Clairsville , Ohio 43950

Defendant.

Defendant files for the vacation by the dismissal order of the court as to the dismissal by the

first case of the same allegations of first dismissal: Case No.: CR-11-552923-A on 07 19 12; Case No.:

CR – 12 – 559917 – A on 07 19 12 ;  Case No.: CR – 12 – 563913 08 26 14 ; for the allegations of the

same nature in Case No.: CR- 12 – 564978 vacation by the court for dismissal as the court has heard

the allegations repeatably with the same evidence and has stated the allegation is unsupported ; for the

allegations of the same nature in Case No.: CR-13 -- 580862 vacation by the court for dismissal as the

court has heard the allegations repeatably with the same evidence and has stated the allegation is

(1)

unsupported. The continued allegations of the same nature by the Office of the prosecuting attorney

begs review by the Court and allowing the Defendant to request the review by the court unless the

Defendant request a trial and the defendant request a review of the records for the same allegation and

allow the first instance of dismissal of the allegations to speak as the defendant is not of record

requesting a trial but of record to vacate the joinder trial of CR – 12 – 564978 and CR – 13 – 580862.

The date received for filing is September 10 , 2014 Cuyahoga County Clerk of Courts by

_____ deputy. Defendant request the court to review page title Facts,"Line17, 18, 19, 20 ;21 ;

22,;23 ,for the review of the fact of the dismissal of the first trial being of the same allegations as the

First Trial Cr-11-552923-A; Second Trial CR-12 - 559917-A , Third Trial CR-12-563913-A , Fourth

Trial CR-12-564978, and Fifth Trial CR-13-580862 all were of the same nature without change to

allegation or evidence.

Conclusion

All the formats of the cases evidence are the same and by the dictates of the court 2505.02 ,"381

N.E2d 1357,; 590 N.E 2d 784 , ;590 N.E. 2d 1337 , ; 477 N.E. 2d 1141 ,;100 N.E. 2D 211 , ; 96 N.E.

2d 781, ; 282 N.E. 2d 587, ; 182 N.E.2d 632 , ; 56 N.E. 2d 251, the court may vacate by dismissal of

the court orders of the first filing CR-11-552923-A Judge:Stuart A. Friedman 07 19 12 signed 07 20 12

Witness as NOW ON FILE by Candie Miefler Deputy for the allegations of Case No.: CR-12-56978

and CR-13-580862. Judgment Relief requested is by 2505.02 note 7. Vacating Judgment.


Submitted,

(2)

Certificate of Service

Original to the Clerk of Court for the Court , copy to the Court,

copy to  the Office of the Prosecuting Attorney Cuyahoga County,Ohio,

copy to the Defendant. DATE: 9/21/2015

Submitted,

RECEIVED FOR FILING

SEP 23 2015

CUYAHOGA COUNTY
CLERK OF COURTS
By_____Deputy

Page 1 of 1



# Clerk of Courts
## ...urt of Common Pleas - Cuyahoga County, Ohio



### Case History of NOEL CEDENO

| Case Number | Case Status | Filing Date | Jail / Bail Status |
|---|---|---|---|
| CR-12-564978-A | CASE CLOSED | 07/20/2012 | JAIL |
| CR-12-563913-A | CASE CLOSED | 06/21/2012 | JAIL |
| CR-12-559917-A | CASE CLOSED | 02/23/2012 | JAIL |
| CR-11-552923-A | CASE CLOSED | 07/29/2011 | JAIL |
| CR-11-548513-A | CASE CLOSED | 03/23/2011 | JAIL |
| CR-10-537337-A | CASE CLOSED | 05/10/2010 | JAIL |
| CR-05-462616-A | CASE CLOSED | 02/11/2005 | JAIL |
| CR-04-456910-A | CASE CLOSED | 09/22/2004 | JAIL |
| CR-04-457345-A | CASE CLOSED | 08/20/2004 | JAIL |

Print Page | Close Window | Disclaimers | Printer Friendly Version

Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.

For questions/comments please click here

© PROWARE 1997-2013

http://cpdocket.cp.cuyahogacounty.us/p_CaseByName.aspx

1/25/2013

IN THE COURT OF APPEALS
EIGHTH JUDICIAL DISTRICT OF OHIO
CUYAHOGA COUNTY

CA NOS. 102327 and 102328

STATE OF OHIO,                     )

    Plaintiff-Appellee          )

    -vs-                        )    CASE NOS. CR-13-580862-A &
                            CR-12-564978-A
                     )

NOEL CEDENO,                       )

    Defendant-Appellant.        )

                     )

---

**APPELLEE'S MEMORANDUM IN OPPOSITION TO
APPELLANT'S DELAYED 26(B) APPLICATION FOR REOPENING**

---

Counsel for Plaintiff-Appellee

**TIMOTHY J. McGINTY
CUYAHOGA COUNTY PROSECUTOR**

**MARY M. DYCZEK (#0088053)**
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113
(216) 443-7800

Defendant-Appellant

**NOEL CEDENO**
Belmont Correctional Institution
P.O. Box 540
68518 Bannock Road
St. Clairsville, Ohio 43950

1



EXHIBIT

51

IN THE COURT OF APPEALS
EIGHTH JUDICIAL DISTRICT OF OHIO
CUYAHOGA COUNTY

CA NOS. 102327 and 102328

STATE OF OHIO,                                        )

    Plaintiff-Appellee                          )      **APPELLEE'S MEMORANDUM IN**
                                                             **OPPOSITION TO APPELLANT'S**
    -vs-                                               )      **DELAYED 26(B) APPLICATION FOR**
                                                             **REOPENING**
NOEL CEDENO,                                       )

    Defendant-Appellant.                        )

Now comes Cuyahoga County Prosecutor Timothy J. McGinty, by and through his

undersigned assistant, and respectfully opposes Appellant's Delayed 26(B) Application for

Reopening, filed October 18, 2016, and moves this Honorable Court to deny Appellant's

Application for the reasons more fully stated in the accompanying memorandum, attached hereto

and incorporated herein by reference.

Respectfully submitted,

**TIMOTHY J. McGINTY**
**CUYAHOGA COUNTY PROSECUTOR**

*/s/ Mary M. Dyczek*
**MARY M. DYCZEK (#0088053)**
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113
(216) 443-7800

2

<u>**MEMORANDUM**</u>

Appellant Noel Cedeno has failed to demonstrate good cause for filing an application to reopen his appeal more than six months past the 90-day deadline established by App.R. 26(B). The Supreme Court of Ohio has firmly established that "consistent enforcement of the [App.R. 26(B)] deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved." *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 7. Appellant's delayed application is just the type of filing that the Supreme Court of Ohio envisioned prohibiting when it established the filing deadline in App.R. 26(B).

Furthermore, Appellant's Application does not demonstrate that his appellate counsel was deficient. Instead, after this Court's decision and nine months prior to him filing this Application, in response to his appellate counsel informing him that he could file an application for reopening of this appeal if he felt that his counsel's representation was deficient, Appellant admitted to his appellate counsel that his representation was not deficient. Additionally, the arguments that Appellant claims his counsel should have raised on appeal are meritless. The State, therefore, respectfully requests that this Honorable Court deny Appellant's Delayed 26(B) Application for Reopening.

### STATEMENT OF THE CASE AND RELEVANT FACTS

In its opinion affirming Appellant's convictions, this Court set forth the relevant facts of this matter, which the State adopts as follows:

> In 2011, Cedeno was originally named in a six-count indictment charging him with sex offenses involving a child under the age of thirteen. The original indictment and two subsequent indictments were dismissed without prejudice due to inaccuracies regarding the dates of the alleged offenses. Cedeno was ultimately re-indicted in August 2012 under Case No. CR-12-564978 with eleven charges,

3

including four counts of importuning, two counts each of gross sexual imposition, rape, kidnapping, and one count of attempted gross sexual imposition. Most of the counts contained sexually violent predator and repeat violent offender specifications, and notices of prior convictions.

In September 2013 and during the pretrial stages of this case, another victim under the age of thirteen came forward alleging that Cedeno raped her. As a result, Cedeno was charged under Case No. CR-13-580862 with one count of rape and kidnapping. Each count contained various specifications, and notices of prior convictions. Case Nos. CR-12-564978 and CR-13-580862 were consolidated without objection.

Cedeno subsequently waived his right to a jury trial. During the bench trial, the state presented to the court testimony from the victims, their friends and family members, a medical expert, a caseworker, two counselors, and the detective assigned to investigate the cases. Following the close of the state's case, the state dismissed two counts of importuning as charged in Case No. CR-12-564978. After hearing testimony from Cedeno's witnesses, the trial court denied his renewed Crim.R. 29 motion for acquittal.

In Case No. CR-12-564978, Cedeno was found guilty of two counts of gross sexual imposition of a child under the age of thirteen, one count of rape of a child under the age of thirteen, one count of kidnapping a child under the age of thirteen with a sexual motivation specification, and one count of attempted gross sexual imposition. He was found not guilty of one count of rape and kidnapping and two counts of importuning. In Case No. CR-13-580862, the court found Cedeno guilty of one count of rape of a child under ten years old and one count of kidnapping.

Cedeno was sentenced to a mandatory life in prison sentence in Case No. CR-12-564978, to run consecutively to a mandatory life in prison sentence in Case No. CR-13-580862.

*State v. Cedeno*, 8th Dist. Cuyahoga Nos. 102327, 102328, 2015-Ohio-5412, ¶¶ 2-6.

Appellant appealed his convictions to this Court, arguing that the trial court erred and denied him his rights under the Sixth and Fourteenth Amendments of the U.S. Constitution when it revoked his right to represent himself, ordered that he would have to be represented by counsel, and revoked his right to allocution during sentencing.  On December 24, 2015, this Court overruled Appellant's assignments of error and affirmed his convictions.  Appellant's appellate counsel then filed a notice of appeal with the Supreme Court of Ohio, who later

4

declined to accept jurisdiction.

Almost 10 months after this Court's decision, Appellant filed the instant Delayed 26(B) Application for Reopening on October 18, 2016 ("Application" or "Delayed Application for Reopening").

## LAW AND ARGUMENT

### I.  APPELLANT HAS FAILED TO SHOW GOOD CAUSE FOR FILING HIS APPLICATION FOR REOPENING MORE THAN SIX MONTHS LATE.

Appellant has failed to demonstrate good cause to file an application to reopen his appeal more than six (6) months past the deadline established by App.R. 26(B). Rule 26(B) provides, in relevant part, that "[a]n application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." His appeal before this Court was decided on December 24, 2015, and he filed his application to reopen on October 18, 2016. He claims that because his appellate counsel has not provided him with certain documents to support his application, he filed the application late. As demonstrated by the documents filed in support of his application, however, Appellant was informed by his appellate counsel that he had only 90 days after this Court's opinion was journalized to file an application to reopen the appeal. (*See* letter, dated Jan. 5, 2016, from J. Gamso to N. Cedeno (filed as part of Appellant's Delayed 26(B) Appl. for Reopening).) Appellant did not file his Application until more than nine months after his appellate counsel informed him that he could file an application to reopen his appeal and what the filing deadline was. Appellant has not demonstrated good cause for his extreme delay in filing. For this reason alone, this Court should deny Appellant's Delayed Application for Reopening.

5

## II. APPELLANT'S COUNSEL ON APPEAL WAS EFFECTIVE.

### A. Standard for Granting an Application to Reopen Appeal.

Rule 26(B) allows for a defendant in a criminal case to apply for a reopening of his or her appeal based on ineffective assistance of appellate counsel.  "An application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal."  App.R. 26(B)(5).

"In seeking reopening, the appellant bears the burden of demonstrating that there is a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of appellate counsel."  *State v. Williams*, 7th Dist. No. 11 JE 7, 2013-Ohio-2314, ¶ 4.  There is a presumption that appellate counsel was competent.  *See id.*, citing *State v. Lott*, 51 Ohio St.3d 160, 555 N.E.2d 293 (1990).  "[A]n appellate attorney has wide latitude and thus discretion to decide which issue and arguments will prove most useful on appeal."  *State v. Lowe*, 8th Dist. Cuyahoga No. 82997, 2005-Ohio-5986, ¶ 17.

"The two-pronged analysis found in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) . . . is the appropriate standard to determine whether a defendant has received ineffective assistance of appellate counsel."  *State v. Were*, 120 Ohio St. 3d 85, 2008-Ohio-5277, 896 N.E.2d 699, ¶ 10.  "In order to show ineffective assistance, appellant 'must prove that his counsel [was] deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had he presented those claims on appeal.'"  *Id.* at ¶ 11.

### B. Appellant's Appellate Counsel Was Effective.

In this matter, Appellant has failed to demonstrate that there is a genuine issue regarding whether his appellate counsel was ineffective.  First, prior to filing this Application, Appellant

6

admitted that he believed his appellate counsel's representation of him was not deficient. In a letter, dated January 12, 2016, to the Cuyahoga County Public Defender, Appellant states that "I again reintienerate [*sic*] your competence is not the issue." (Letter, dated Jan. 12, 2016, from N. Cedeno to R. Tobik (filed as part of Appellant's Delayed 26(B) Appl. for Reopening).) Second, Appellant's Application provides meritless arguments that he claims his counsel should have raised on appeal. The assignments of error that Appellant argues his appellate counsel should have raised revolve around a double jeopardy argument based on the trial court dismissing *without prejudice* prior indictments and then Appellant being re-indicted and convicted based on the same or similar conduct described in the dismissed indictments. What Appellant fails to grasp is that the prior indictments were dismissed without prejudice, which means the State could re-indict Appellant on those charges without violating double jeopardy protections. And the State did just that, as discussed in this Court's Opinion: "The original indictment and two subsequent indictments were dismissed without prejudice due to inaccuracies regarding the dates of the alleged offenses. Cedeno was ultimately re-indicted in August 2012 under Case No. CR-12-564978 . . . ." *Cedeno*, 2015-Ohio-5412, ¶ 2. Consequently, Appellant's counsel used his sound discretion and judgment in not raising a double jeopardy argument and was effective on appeal.

## CONCLUSION

Based on the foregoing, the State respectfully requests that this Court deny Appellant's Delayed 26(B) Application for Reopening.

7

Respectfully Submitted,

**TIMOTHY J. MCGINTY**
**CUYAHOGA COUNTY PROSECUTOR**

 _/s/ Mary M. Dyczek_
Mary M. Dyczek (#0088053)
Assistant Prosecuting Attorney
1200 Ontario Street, 8th Floor
Cleveland, Ohio 44113
(216) 443-7800
mdyczek@prosecutor.cuyahogacounty.us

8

**CERTIFICATE OF SERVICE**

A copy of the foregoing Appellee's Memorandum in Opposition to Appellant's Delayed

26(B) Application for Reopening has been sent by regular U.S. Mail or electronically through

this Court's filing system, this 17th day of November, 2016, to:

Noel Cedeno, Inmate No. A662-686
Belmont Correctional Institution
P.O. Box 540
68518 Bannock Road
St. Clairsville, Ohio 43950


/s/ Mary M. Dyczek_____
Assistant Prosecuting Attorney

Electronically Filed 11/17/2016 12:07 / MOTION / CA 14 102327 / Confirmation Nbr. 912954 / CLMLW

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### Nos. 102327 and 102328

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## NOEL CEDENO

DEFENDANT-APPELLANT

## JUDGMENT:
## APPLICATION DENIED

Cuyahoga County Court of Common Pleas
Case No. CR-13-580862-A
Application for Reopening
Motion No. 501090

**RELEASE DATE:** February 3, 2017

EXHIBIT

52

-i-

**FOR APPELLANT**

Noel Cedeno, pro se
Inmate No. A662-686
Belmont Correctional Institution
P.O. Box 540
St. Clairsville, Ohio  43950

**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:  Mary M. Dyczek
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio  44113

KATHLEEN ANN KEOUGH, A.J.:

{¶1} Noel Cedeno has filed an application for reopening pursuant to App.R. 26(B). Cedeno seeks to reopen the appellate judgment rendered in *State v. Cedeno*, 8th Dist. Cuyahoga Nos. 102327 and 102328, 2015-Ohio-5412, that affirmed his convictions in two separate cases involving several sexual offenses, including rape of a child under the age of 13, with a sexual violent predator specification, and rape of a child under ten years old, with a sexual violent predator specification. The trial court sentenced Cedeno to two terms of mandatory life in prison without parole for the rapes, to be served consecutively. We decline to reopen Cedeno's appeal.

{¶2} App.R. 26(B)(2)(b) requires that Cedeno establish "a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment" that is subject to reopening. The Supreme Court of Ohio, with regard to the 90-day deadline provided by App.R. 26(B)(2)(b), has established that

> [w]e now reject [the applicant's] claims that those excuses gave good cause to miss the 90-day deadline in App.R. 26(B). * * * Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.
>
> Ohio and other states "may erect reasonable procedural requirements for triggering the right to an adjudication," *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 437, 102 S.Ct. 1148, 71

L.Ed.2d 265, and that is what Ohio has done by creating a 90-day deadline for the filing of applications to reopen. * * * *The 90-day requirement in the rule is "applicable to all appellants,"* State v. *Winstead* (1996), 74 Ohio St.3d 277, 278, 1996 Ohio 52, 658 N.E.2d 722, and [the applicant] offers no sound reason why he — unlike so many other Ohio criminal defendants — could not comply with that fundamental aspect of the rule.

(Emphasis added.)  *State v. Gumm,* 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 7.  *See also State v. Lamar,* 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970; *State v. Cooey,* 73 Ohio St.3d 411, 653 N.E.2d 252 (1995); *State v. Reddick,* 72 Ohio St.3d 88, 647 N.E.2d 784 (1995).

{¶3} Here, Cedeno is attempting to reopen the appellate judgment that was journalized on December 24, 2015.  The application for reopening, however, was not filed until October 18, 2016, more than 90 days after journalization of the appellate judgment.  Cedeno acknowledges that his application is untimely, but argues that his appellate counsel failed to comply with his request for records.  Cedeno also suggests that his "late" filing is due in part to his inability to obtain a copy of the transcript.  These reasons, however, are insufficient to establish "good cause" under Ohio law.

{¶4} It is well settled that "reliance upon appellate counsel does not establish good cause for untimely filing an application for reopening."  *State v. Huber,* 8th Dist. Cuyahoga No. 93923, 2011-Ohio-62, *reopening disallowed,* 2011-Ohio-3240, ¶ 6 (citing string of cases recognizing same principle).  Indeed, this court has consistently recognized that "the failure of appellate counsel to

communicate with applicant and provide him with necessary records do not provide a basis for finding that an applicant has good cause for the untimely filing of an application for reopening." *State v. Morgan*, 8th Dist. Cuyahoga No. 55341, 1989 Ohio App. LEXIS 928 (Mar. 16, 1989), *reopening disallowed*, 2007-Ohio-5532, ¶ 7; *see also State v. Alt*, 8th Dist. Cuyahoga No. 92689, 2011-Ohio-5393, *reopening disallowed*, 2012-Ohio-2054 (appellate counsel's failure to give applicant copies of the notice of appeal and briefs in the direct appeal is not good cause).  Further, "difficulty in obtaining a transcript or limited access to legal materials does not establish good cause for the untimely filing of an application for reopening." *Huber* at ¶ 6, citing *State v. Houston*, 73 Ohio St.3d 346, 652 N.E.2d 1018 (1995); *State v. Lawson*, 8th Dist. Cuyahoga No. 84402, 2005-Ohio-880, *reopening disallowed* 2006-Ohio-3839.

{¶5} Accordingly, because Cedeno has failed to establish a showing of good cause for the untimely filing of his application for reopening, the application is denied.

*Kathleen Ann Keough*
_____
KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

EILEEN T. GALLAGHER, J., and
MELODY J. STEWART, J., CONCUR

CR12564978-A                    91040221

In the Court of Common Pleas

Cuyahoga County , Ohio

The State of Ohio                        Case No.: 12  - 564978

Plaintiff                                Case No.: 13 – 580862

C/O Ronnie Ducoff

Office of the Prosecuting Attorney

1200 Ontario Street

Cleveland , Ohio 44113          **RECEIVED FOR FILING**      2505.02

-v-                                **SEP 2 3 2015**

Noel Cedeno                        CUYAHOGA COUNTY
                                   CLERK OF COURTS
P.O. Box 540                       By_____ Deputy

St. Clairsville , Ohio 43950

Defendant.

   Defendant files for the vacation by the dismissal order of the court as to the dismissal by the

first case of the same allegations of first dismissal: Case No.: CR-11-552923-A on 07 19 12; Case No.:

-

CR – 12 – 559917 – A on 07 19 12 ;  Case No.: CR – 12 – 563913 08 26 14 ; for the allegations of the

same nature in Case No.: CR- 12 – 564978 vacation by the court for dismissal as the court has heard

the allegations repeatably with the same evidence and has stated the allegation is unsupported ; for the

allegations of the same nature in Case No.: CR-13 – 580862 vacation by the court for dismissal as the

court has heard the allegations repeatably with the same evidence and has stated the allegation is

(1)

**EXHIBIT**

53

unsupported. The continued allegations of the same nature by the Office of the prosecuting attorney

begs review by the Court and allowing the Defendant to request the review by the court unless the

Defendant request a trial and the defendant request a review of the records for the same allegation and

allow the first instance of dismissal of the allegations to speak as the defendant is not of record

requesting a trial but of record to vacate the joinder trial of CR – 12 – 564978 and CR – 13 – 580862.

The date received for filing is September 10 , 2014 Cuyahoga County Clerk of Courts by

_____deputy. Defendant request the court to review page title Facts,"Line17, 18, 19, 20 ;21 ;

22,;23 ,for the review of the fact of the dismissal of the first trial being of the same allegations as the

First Trial Cr-11-552923-A; Second Trial CR-12 - 559917-A , Third Trial CR-12-563913-A , Fourth

Trial CR-12-564978, and Fifth Trial CR-13-580862 all were of the same nature without change to

allegation or evidence.

Conclusion

All the formats of the cases evidence are the same and by the dictates of the court 2505.02 ,"381

N.E2d 1357,; 590 N.E 2d 784 , ;590 N.E. 2d 1337 , ; 477 N.E. 2d 1141 , ;100 N.E. 2D 211 , ; 96 N.E.

2d 781, ; 282 N.E. 2d 587, ; 182 N.E.2d 632 , ; 56 N.E. 2d 251, the court may vacate by dismissal of

the court orders of the first filing CR-11-552923-A Judge:Stuart A. Friedman 07 19 12 signed 07 20 12

Witness as NOW ON FILE by Candie Miefler Deputy for the allegations of Case No.: CR-12-56978

and CR-13-580862. Judgment Relief requested is by 2505.02 note 7. Vacating Judgment.


Submitted,

(2)

Certificate of Service

Original to the Clerk of Court for the Court , copy to the Court,

copy to  the Office of the Prosecuting Attorney Cuyahoga County,Ohio,

copy to the Defendant. DATE: 9/21/2015

Submitted,



91237473

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

THE STATE OF OHIO
    Plaintiff

NOEL  CEDENO
    Defendant

Case No: CR-12-564978-A

Judge: STUART A FRIEDMAN

INDICT: 2907.05  GROSS SEXUAL IMPOSITION /SVPS
          2907.05  GROSS SEXUAL IMPOSITION /SVPS
          2907.02  RAPE /SVPS /NPC /RVOS
          ADDITIONAL COUNTS...

## JOURNAL ENTRY

DEFENDANT'S MOTION FOR VACATION BY THE DISMISSAL ORDER, ETC. (SIC) IS OVERRULED.

10/08/2015
CPSAF 10/08/2015 11:28:32

_Stuart A Friedman_
_____
Judge Signature           10/08/2015

HEAR
10/08/2015

RECEIVED FOR FILING
10/08/2015 16:16:40
NAILAH K. BYRD, CLERK

Page 1 of 1

**EXHIBIT**
54



91237478

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

THE STATE OF OHIO
    Plaintiff

Case No: CR-13-580862-A

Judge: STUART A FRIEDMAN

NOEL CEDENO
    Defendant

INDICT: 2907.02 RAPE /SVPS /NPC /RVOS
    2905.01 KIDNAPPING /SMS /SVPS /NPC /RVOS

## JOURNAL ENTRY

DEFENDANT'S MOTION FOR VACATION BY THE DISMISSAL ORDER, ETC. (SIC) IS OVERRULED.

10/08/2015
CPSAF 10/08/2015 11:28:32

_Stuart A Friedman_
_____
Judge Signature         10/08/2015

HEAR
10/08/2015

RECEIVED FOR FILING
10/08/2015 16:16:50
NAILAH K. BYRD, CLERK

Page 1 of 1

Print

# CASE INFORMATION

## CR-12-564978-A  THE STATE OF OHIO vs. NOEL CEDENO

### Docket Information

| Proceeding Date | Filing Date | Side | Type | Description | Image |
|---|---|---|---|---|---|
| 03/15/2016 | 03/15/2016 | P1 | BR | BRIEF IN OPPOSITION, FILED TO DEFENDANT'S MOTION FOR PAYMENT PLAN TOWARDS COURT COSTS | |
| 02/22/2016 | 02/22/2016 | D1 | MO | JUDGMENT FOR COSTS AND JURY FEES, FILED. PRO SE 662686 BECI | |
| 02/10/2016 | 02/10/2016 | D1 | AF | AFFIDAVIT OF INDIGENCY, FILED PRO SE 662686 BECI | |
| 12/24/2015 | 12/24/2015 | N/A | JE | Affirmed.> Kathleen Ann Keough, P.J., Eileen T. Gallagher, J., and Melody J. Stewart, J., concur. Notice issued. | |
| 10/08/2015 | 10/08/2015 | N/A | JE | DEFENDANT'S MOTION FOR VACATION BY THE DISMISSAL ORDER, ETC. (SIC) IS OVERRULED. 10/08/2015 CPSAF 10/08/2015 11:28:32 | |
| 09/23/2015 | 09/23/2015 | D1 | MO | DEFENDANT FILES FOR THE VACATION BY THE DISMISSAL ORDER OF THE COURTS TO TO THE DISMISSAL BY THE FIRST CASE OF THE SAME ALLEGATIONS OF FIRST DISMISSAL, FILED. PRO SE. BELMONT CORR INST # 662686. | |
| 09/17/2015 | 09/17/2015 | D1 | MO | CORRESPONDENCE FILED BY PRO SE DEFENDANT, NOEL CEDENO, BELMONT CORR INST # 662686. | |
| 04/17/2015 | 04/17/2015 | D1 | MO | AFFIDAVIT OF INDIGENCY, FILED PRO SE. BE.C.I. 662-686. | |
| 04/17/2015 | 04/17/2015 | D1 | MO | MOTION FOR PREPARATION OF COMPLETE TRANSCRIPT OF PROCEEDINGS AT STATE EXPENSE, FILED PRO SE. BCI 662-686. | |
| 04/14/2015 | 04/14/2015 | P1 | MO | MOTION FILED BY P1 THE STATE OF OHIO ATTORNEY ERIC L. FOSTER 0092722 STATE'S RESPONSE TO DEFENDANT'S MOTION TO VACATE COURT COSTS | |
| 04/06/2015 | 04/06/2015 | D1 | MO | COURT COST, FILED. PRO SE BECI #662686 | |
| 03/12/2015 | 03/12/2015 | D1 | MO | ERROR OF CLERK OF COURTS, FILED. PRO SE BECI #662686 | |
| 03/02/2015 | 03/02/2015 | D | JE | COURT REPORTER ALLOWED $3,045.25. RECEIVED FOR FILING. | |
| 02/23/2015 | 02/23/2015 | D1 | CL | DEFENDANT'S TRANSCRIPT OF PROCEEDINGS (5) FILED AND SENT TO THE COURT OF APPEALS. (102327) | |
| 02/04/2015 | 02/05/2015 | N/A | JE | IT IS HEREBY ORDERED THAT J CHARLES RUIZ-BUENO, ESQ., HERETOFORE ASSIGNED AS COUNSEL FOR THE DEFENDANT IN THIS CAUSE, BE ALLOWED CONSIDERATION WHICH IS INCLUDED IN THE $9,084.65 PAID IN CASE CR12563913A FOR SERVICES SO RENDERED. IT IS ORDERED THAT THE COURT CERTIFY SAID AMOUNT TO THE FISCAL OFFICER AND THE COUNTY EXECUTIVE FOR ALLOWANCE AND PAYMENT. 1500799 02/04/2015 CPMKE 02/04/2015 09:29:43 | |
| 01/16/2015 | 01/16/2015 | D1 | CL | RECORD ON APPEAL, PAGINATION SHEET AND CRIMINAL FILE SENT TO THE COURT OF APPEALS. | |
| 01/09/2015 | 01/09/2015 | N/A | JE | CHARLES RUIZ-BUENO'S MOTION FOR EXTRAORDINARY ATTORNEY FEES IS GRANTED. UPON FULL CONSIDERATION OF ALL ASPECTS OF COUNSEL'S REPRESENTATION OF THE DEFENDANT, AND IN PARTICULAR OF THE NEED FOR HIM TO | |

EXHIBIT

55

Cuyahoga County Clerk of Courts - Case Docket                                    Page 2 of 19

|            |            |     |    |                                                                                                                                                                                                                                                                                                                                                                                       |
|------------|------------|-----|----|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |            |     |    | DEAL WITH LANGUAGE AND PERSONALITY ISSUES, AS WELL AS THE SERIOUS NATURE OF THESE CHARGES (INCLUDING FORCIBLE RAPE OF THE DEFENDANT'S DAUGHTER AND STEPDAUGHTER), THE COURT FINDS THAT EXTRAORDINARY FEES ARE JUSTIFIED IN THIS CASE. 01/09/2015 CPSAF 01/09/2015 10:08:16 |
| 12/31/2014 | 12/31/2014 | N/A | OT | STATEMENT OF COURT COST SENT TO CORRECTIONAL INSTITUTION FOR COLLECTION |
| 12/31/2014 | 12/31/2014 | N/A | CS | COURT COST ASSESSED NOEL CEDENO BILL AMOUNT 1237.36 PAID AMOUNT 0 AMOUNT DUE 1237.36 |
| 12/31/2014 | 12/31/2014 | D1  | DR | COURT REPORTER FEE |
| 12/31/2014 | 12/31/2014 | D1  | DR | SHERIFF FEES |
| 12/16/2014 | 12/16/2014 | D1  | MO | MOTION FILED BY D1 NOEL CEDENO ATTORNEY J CHARLES RUIZ-BUENO 0046806 MOTION FOR EXTRAORDINARY ATTORNEY FEES |
| 12/10/2014 | 12/10/2014 | D1  | NT | NOTICE OF APPEAL, JOURNAL ENTRY, PRAECIPE, DOCKETING STATEMENT (REGULAR), E-FILED AND SENT TO THE COURT OF APPEALS WITH A COPY OF THE DOCKET SHEET. THE COURT OF APPEALS NUMBER ASSIGNED IS 102328. |
| 11/21/2014 | 11/21/2014 | D   | RE | ATTORNEY FEE BILL SUBMITTED J CHARLES RUIZ-BUENO |
| 11/18/2014 | 11/18/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 11/18/2014 | 11/18/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 998763, IN THE AMOUNT OF $6.00. |
| 11/18/2014 | 11/18/2014 | N/A | CS | REPARATION FEE RC 2743.70 ; 2937.22 ; 2949.091 |
| 11/18/2014 | 11/18/2014 | N/A | CS | CALLING WITNESS |
| 11/18/2014 | 11/18/2014 | N/A | SB | WITNESS VOUCHER PRINTED FOR SUBPOENA 998763 |
| 11/14/2014 | 11/14/2014 | N/A | CS | COURT REPORTER FEE |
| 11/13/2014 | 11/18/2014 | N/A | JE | COURT SUA SPONTE AMENDS VERDICT AS TO COUNTS 1 AND 2 TO REFLECT FINDING THAT DEFENDANT IS GUILTY OF SEXUALLY VIOLENT PREDATOR SPECIFICATION AS TO COUNTS 1 AND 2. DUE TO CLERICAL ERROR AT THE TIME OF ANNOUNCING ITS VERDCIT, THE COURT INADVERTENTLY STATED THAT IT FOUND DEFENDANT NOT GUILTY AS TO THOSE SPECIFICATIONS ON COUNTS 1 AND 2, BUT GUILTY AS TO COUNT 5. DEFENDANT IN COURT. COUNSEL CHARLES RUIZ-BUENO PRESENT. COURT REPORTER PRESENT. ON A FORMER DAY OF COURT THE COURT FOUND THE DEFENDANT GUILTY OF GROSS SEXUAL IMPOSITION 2907.05 A(4) F3 WITH SEXUAL VIOLENT PREDATOR SPECIFICATION (S) AS CHARGED IN COUNT(S) 1, 2 OF THE INDICTMENT. ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT NOT GUILTY OF RAPE 2907.02 A(1)(B) UN WITH SEXUAL VIOLENT PREDATOR SPECIFICATION(S), NOTICE OF PRIOR CONVICTION SPECIFICATION(S), REPEAT VIOLENT OFFENDER SPECIFICATION(S) 2941.149 AS CHARGED IN COUNT(S) 3 OF THE INDICTMENT. ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT NOT GUILTY OF KIDNAPPING 2905.01 A(4) F1 WITH SEXUAL VIOLENT PREDATOR SPECIFICATION(S), REPEAT VIOLENT OFFENDER SPECIFICATION(S) 2941.149, NOTICE OF PRIOR CONVICTION SPECIFICATION(S) AS CHARGED IN COUNT(S) 4 OF THE INDICTMENT. ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT GUILTY OF RAPE 2907.02 A(1)(B) UN WITH SEXUAL VIOLENT PREDATOR SPECIFICATION(S) UNDER COUNT(S) 5 OF THE INDICTMENT. ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT NOT |

GUILTY OF NOTICE OF PRIOR CONVICTION SPECIFICATION (S) AS CHARGED IN COUNT(S) 5 OF THE INDICTMENT. ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT NOT GUILTY OF REPEAT VIOLENT OFFENDER SPECIFICATION(S) 2941.149 AS CHARGED IN COUNT(S) 5 OF THE INDICTMENT. ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT GUILTY OF KIDNAPPING 2905.01 A(4) F1 WITH SEXUAL VIOLENT PREDATOR SPECIFICATION(S) UNDER COUNT(S) 6 OF THE INDICTMENT. ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT NOT GUILTY OF NOTICE OF PRIOR CONVICTION SPECIFICATION(S) AS CHARGED IN COUNT(S) 6 OF THE INDICTMENT. ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT NOT GUILTY OF REPEAT VIOLENT OFFENDER SPECIFICATION(S) 2941.149 AS CHARGED IN COUNT(S) 6 OF THE INDICTMENT. THE COURT FURTHER FINDS THAT THE VICTIM WAS UNDER THIRTEEN YEARS OF AGE AND THAT THIS WAS COMMITTED WITH A SEXUAL MOTIVATION. ON A FORMER DAY OF COURT THE COURT FOUND THE DEFENDANT GUILTY OF ATTEMPTED, GROSS SEXUAL IMPOSITION 2923.02/2907.05 A(4) F4 AS CHARGED IN COUNT(S) 7 OF THE INDICTMENT. ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT NOT GUILTY OF IMPORTUNING 2907.07 A F2 AS CHARGED IN COUNT(S) 9 OF THE INDICTMENT. ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT NOT GUILTY OF IMPORTUNING 2907.07 A F2 AS CHARGED IN COUNT(S) 11 OF THE INDICTMENT. SSSSSSSSSSSSSSSSSSSSSSSSSSSS COUNT(S) 8, 10 WAS/WERE NOLLED. COUNT 6 MERGES WITH COUNT 5; STATE ELECTS TO PROCEED TO SENTENCING ON COUNT 5 ONLY. THE COURT FURTHER FINDS THAT THE VICTIM WAS UNDER THIRTEEN YEARS OF AGE AND THAT THESE OFFENSES WERE COMMITTED WITH A SEXUAL MOTIVATION. OVER OBJECTION OF DEFENDANT, COURT PERMITTED STATE TO REOPEN PROCEEDINGS FOR THE SOLE PURPOSE OF ENTERING INTO EVIDENCE SENTENCING HEARING EXHIBITS 1, 2, 3, 4, AND 5: TO WIT, CERTIFIED COPIES OF JOURNAL ENTRIES OF PREVIOUS CONVICTIONS. JOURNAL ENTRY OF PREVIOUS N.Y. CONVICTION PREVIOUSLY PROVIDED. UPON CONSIDERATION OF THOSE EXHIBITS, COURT REAFFIRMS ITS VERDICT OF GUILTY AS TO SEXUALLY VIOLENT PREDATOR SPECIFICATIONS IN COUNT 5 AND HEREBY AMENDS ITS VERDICT SUA SPONTE TO FIND THE DEFENDANT GUILTY OF S.V.P. ON COUNTS 1 AND 2. AS STATE NOTES, BY OPERATION OF LAW THE R.V.O.S. IS RENDERED MOOT. DEFENDANT ADDRESSES THE COURT, PROSECUTOR RONNI DUCOFF ADDRESSES THE COURT. THE COURT CONSIDERED ALL REQUIRED FACTORS OF THE LAW. THE COURT FINDS THAT PRISON IS CONSISTENT WITH THE PURPOSE OF R. C. 2929.11. THE COURT IMPOSES A PRISON SENTENCE AT THE LORAIN CORRECTIONAL INSTITUTION OF LIFE. MANDATORY LIFE IN PRISON WITHOUT PAROLE ON COUNT 5; 2 YEARS TO LIFE ON COUNTS 1 AND 2, ALL CONSECUTIVE TO ONE ANOTHER AND CONSECUTIVE TO COUNT 5; 6 MONTHS ON COUNT 7, CONCURRENT WITH ALL OTHER COUNTS. ALL COUNTS CONSECUTIVE TO CR 580862. DEFENDANT TO RECEIVE JAIL TIME CREDIT FOR 966 DAY(S), TO DATE. POST RELEASE CONTROL IS PART OF THIS PRISON SENTENCE FOR 5

YEARS MANDATORY FOR THE ABOVE FELONY(S) UNDER R.C.2967.28. DEFENDANT ADVISED THAT IF/WHEN POST RELEASE CONTROL SUPERVISION IS IMPOSED FOLLOWING HIS/HER RELEASE FROM PRISON AND IF HE/SHE VIOLATES THAT SUPERVISION OR CONDITION OF POST RELEASE CONTROL UNDER RC 2967.131(B), PAROLE BOARD MAY IMPOSE A PRISON TERM AS PART OF THE SENTENCE OF UP TO ONE-HALF OF THE STATED PRISON TERM ORIGINALLY IMPOSED UPON THE OFFENDER. DEFENDANT ADVISED OF APPEAL RIGHTS. DEFENDANT INDIGENT, COURT APPOINTS PUBLIC DEFENDER AS APPELLATE COUNSEL. TRANSCRIPT AT STATE'S EXPENSE. THE COURT HEREBY ENTERS JUDGMENT AGAINST THE DEFENDANT IN AN AMOUNT EQUAL TO THE COSTS OF THIS PROSECUTION. 11/13/2014 CPEDB 11/17/2014 09:25:54

| | | | | |
|---|---|---|---|---|
| 10/15/2014 | 10/15/2014 | N/A | CS | COURT REPORTER FEE |
| 10/14/2014 | 10/14/2014 | N/A | JE | DEFENDANT IN COURT WITH COUNSEL J CHARLES RUIZ-BUENO. PROSECUTING ATTORNEY(S) RONNI DUCOFF PRESENT. COURT REPORTER ELLEN RASSIE PRESENT. THE COURT FINDS THE DEFENDANT GUILTY OF GROSS SEXUAL IMPOSITION 2907.05 A(4) F3 UNDER COUNT(S) 1, 2 OF THE INDICTMENT. THE COURT FINDS THE DEFENDANT NOT GUILTY OF SEXUAL VIOLENT PREDATOR SPECIFICATION(S) AS CHARGED IN COUNT(S) 1, 2 OF THE INDICTMENT. THE COURT FINDS THE DEFENDANT NOT GUILTY OF RAPE 2907.02 A(1)(B) WITH SEXUAL VIOLENT PREDATOR SPECIFICATION(S), NOTICE OF PRIOR CONVICTION SPECIFICATION(S), REPEAT VIOLENT OFFENDER SPECIFICATION(S) 2941.149 AS CHARGED IN COUNT(S) 3 OF THE INDICTMENT. THE COURT FINDS THE DEFENDANT NOT GUILTY OF KIDNAPPING 2905.01 A(4) WITH SEXUAL VIOLENT PREDATOR SPECIFICATION(S), REPEAT VIOLENT OFFENDER SPECIFICATION(S) 2941.149, NOTICE OF PRIOR CONVICTION SPECIFICATION(S) AS CHARGED IN COUNT(S) 4 OF THE INDICTMENT. THE COURT FINDS THE DEFENDANT GUILTY OF RAPE 2907.02 A(1)(B) UN WITH SEXUAL VIOLENT PREDATOR SPECIFICATION(S) UNDER COUNT(S) 5 OF THE INDICTMENT. THE COURT FINDS THE DEFENDANT NOT GUILTY OF NOTICE OF PRIOR CONVICTION SPECIFICATION (S) AS CHARGED IN COUNT(S) 5 OF THE INDICTMENT. THE COURT FINDS THE DEFENDANT NOT GUILTY OF REPEAT VIOLENT OFFENDER SPECIFICATION(S) 2941.149 AS CHARGED IN COUNT(S) 5 OF THE INDICTMENT. THE COURT FINDS THE DEFENDANT GUILTY OF KIDNAPPING 2905.01 A(4) F1 WITH SEXUAL VIOLENT PREDATOR SPECIFICATION(S) UNDER COUNT(S) 6 OF THE INDICTMENT. THE COURT FINDS THE DEFENDANT NOT GUILTY OF NOTICE OF PRIOR CONVICTION SPECIFICATION(S) AS CHARGED IN COUNT(S) 6 OF THE INDICTMENT. THE COURT FINDS THE DEFENDANT NOT GUILTY OF REPEAT VIOLENT OFFENDER SPECIFICATION(S) 2941.149 AS CHARGED IN COUNT(S) 6 OF THE INDICTMENT. THE COURT FURTHER FINDS THAT THE VICTIM WAS UNDER THIRTEEN YEARS OF AGE AND THAT THIS WAS COMMITTED WITH A SEXUAL MOTIVATION. THE COURT FINDS THE DEFENDANT GUILTY OF ATTEMPTED, GROSS SEXUAL IMPOSITION 2923.02/2907.05 A(4) F4 AS CHARGED IN COUNT(S) 7 OF THE INDICTMENT. THE COURT FINDS THE DEFENDANT NOT GUILTY OF IMPORTUNING 2907.07 A AS CHARGED IN COUNT(S) 9, 11 OF THE |

Cuyahoga County Clerk of Courts - Case Docket                                        Page 5 of 19

INDICTMENT. COUNT(S) 8, 10 IS/ARE NOLLED. DEFENDANT WAIVES PSI. DEFENDANT IS REFERRED TO COURT PSYCHIATRIC CLINIC. DIRECTOR, PSYCHIATRIC CLINIC: IN ACCORDANCE WITH PROVISIONS OF THE OHIO REVISED CODE, 2947.06(B) REPORTS FOR THE PURPOSE OF DETERMINING THE DISPOSITION OF A CASE: PSYCHIATRIC RECOMMENDATIONS REGARDING DISPOSITION YOU ARE DIRECTED TO EXAMINE NOEL CEDENO. STATE OF OHIO ORDERED TO NOTIFY VICTIM OF DATE & TIME OF SENTENCING. DEFENDANT REMANDED. SENTENCING SET FOR 11/13/2014 AT 09:00 AM. 10/14/2014 CPSAF 10/14/2014 10:15:45

| | | | | |
|---|---|---|---|---|
| 10/10/2014 | 10/10/2014 | N/A | CS | COURT REPORTER FEE |
| 10/09/2014 | 10/09/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/08/2014 | 10/10/2014 | N/A | JE | COURT TRIAL CONTINUES. AT THE CLOSE OF STATE'S CASE, PROSECUTOR NOLLES COUNTS 8 AND 10. STATE RESTS. COURT OVERRULES MOTION FOR ACQUITTAL UNDER RULE 29. 10/08/2014 CPLMG 10/08/2014 15:28:27 |
| 10/08/2014 | 10/08/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 990527, IN THE AMOUNT OF $6.00. |
| 10/08/2014 | 10/08/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 990525, IN THE AMOUNT OF $6.00. |
| 10/08/2014 | 10/08/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 990301, IN THE AMOUNT OF $6.00. |
| 10/07/2014 | 10/08/2014 | N/A | JE | COURT TRIAL CONTINUES. 10/07/2014 CPLMG 10/07/2014 16:32:48 |
| 10/07/2014 | 10/07/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/07/2014 | 10/07/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/07/2014 | 10/07/2014 | N/A | CS | CALLING WITNESS |
| 10/07/2014 | 10/07/2014 | N/A | SB | WITNESS VOUCHER PRINTED FOR SUBPOENA 990301 |
| 10/06/2014 | 10/06/2014 | N/A | JE | DEFENDANT IN COURT. COUNSEL J CHARLES RUIZ-BUENO PRESENT. PROSECUTOR(S) RONNI DUCOFF AND OWEN PATTON PRESENT. COURT REPORTER ELLEN RASSIE PRESENT. TRIAL CALLED AND FIRST DAY OF TRIAL COMMENCED. (ON 10/01/2014: DEFENDANT EXECUTED A WRITTEN JURY TRIAL WAIVER AND ON THE RECORD ORALLY WAIVED DEFENDANT'S RIGHT TO A TRIAL BY JURY. COURT FINDS THAT THE DEFENDANT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVED RIGHTS TO A TRIAL BY JURY.) COURT TRIAL CONTINUES. 10/06/2014 CPLMG 10/06/2014 16:00:21 |
| 10/06/2014 | 10/06/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/05/2014 | 10/05/2014 | P | MO | STATE'S SENTENCING MEMORANDUM, FILED. |
| 10/02/2014 | 10/02/2014 | P | MO | STATE'S SUPPLEMENTAL RESPONSE TO REQUEST FOR DISCOVERY UNDER RULE 16, FILED. |
| 10/02/2014 | 10/02/2014 | P1 | MO | STATE'S SUPPLEMENTAL RESPONSE TO REQUEST FOR DISCOVERY UNDER RULE 16, FILED. |
| 10/02/2014 | 10/02/2014 | N/A | CS | COURT REPORTER FEE |
| 10/01/2014 | 10/01/2014 | N/A | JE | DEFENDANT IN COURT. COUNSEL CHARLES RUIZ-BUENO PRESENT. PROSECUTOR(S) RONNI DUCOFF PRESENT. COURT REPORTER DIANE CIEPLY PRESENT. DEFENDANT EXECUTED A WRITTEN JURY TRIAL WAIVER AND ON THE RECORD ORALLY WAIVED DEFENDANT'S RIGHT TO A TRIAL BY JURY. COURT FINDS THAT THE DEFENDANT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVED RIGHTS TO A TRIAL BY JURY. STATE'S MOTION IN LIMINE IS DENIED AS MOOT. 10/01/2014 CPLMG 10/01/2014 13:36:26 |

Cuyahoga County Clerk of Courts - Case Docket                                    Page 6 of 19

| | | | | |
|---|---|---|---|---|
| 10/01/2014 | 10/01/2014 | D | JE | DEFENDANT'S VOLUNTARY WAIVER OF JURY TRIAL AND ORDER, RECEIVED FOR FILING 10/01/2014. |
| 10/01/2014 | 10/01/2014 | N/A | JE | DEFENDANT IN COURT. COUNSEL CHARLES RUIZ-BUENO PRESENT. PROSECUTOR(S) RONNI DUCOFF PRESENT. COURT REPORTER PRESENT. ALSO PRESENT AND SWORN, HERNAN GALVEZ, STATE CERTIFIED INTERPRETER. DEFENDANT'S MOTION IN LIMINE IS OVERRULED. 10/01/2014 CPSAF 10/01/2014 10:55:30 |
| 09/29/2014 | 09/30/2014 | N/A | JE | PRETRIAL HELD 09/29/2014. MOTION HEARING AND PRETRIAL SET FOR 10/01/2014 AT 09:00 AM. AT THE REQUEST OF DEFENDANT. REASON FOR CONTINUANCE: DISCOVERY ONGOING/NEGOTIATIONS WITH STATE OF OHIO (INTERPRETER NOTIFIED) 09/29/2014 CPLMG 09/29/2014 16:10:21 |
| 09/29/2014 | 09/29/2014 | P1 | MO | MOTION IN LIMINE, FILED. |
| 09/24/2014 | 09/24/2014 | P | MO | STATE'S SUPPLEMENTAL RESPONSE TO REQUEST FOR DISCOVERY UNDER RULE 16, FILED. |
| 09/23/2014 | 09/23/2014 | D1 | GP | WITNESS LIST, FILED DEFENDANT'S WITNESS LIST |
| 09/23/2014 | 09/23/2014 | D1 | MO | MOTION IN LIMINE, FILED. DEFENDANT'S MOTION IN LIMINE |
| 09/22/2014 | 09/22/2014 | N/A | JE | COURT OVERRULES STATE'S NOTICE OF USE OF PRIOR CONVICTION. ALTHOUGH THE COURT AGREES WITH THE STATE THAT THE DELAY IN THESE PROCEEDINGS, WHICH TOOK THIS CASE PAST THE TEN-YEAR PERIOR UNDER OHIO EV. R. 609(B), WHICH AT LEAST IN PART DUE TO ACTIONS OF THE DEFENDANT HIMSELF, THE COURT BELIEVES THAT THE RULE NONETHELESS DOES NOT PERMIT EXTENSION UNDER THESE CIRCUMSTANCES. 09/22/2014 CPSAF 09/22/2014 12:19:24 |
| 09/22/2014 | 09/22/2014 | N/A | JE | FINAL PRETRIAL HELD 09/22/2014. FINAL PRETRIAL SET FOR 09/29/2014 AT 02:00 PM . AT THE REQUEST OF DEFENDANT. REASON FOR CONTINUANCE: DISCOVERY ONGOING/NEGOTIATIONS WITH STATE OF OHIO TRIAL REMAINS SET FOR 10/06/2014 AT 09:00 AM. 09/22/2014 CPLMG 09/22/2014 12:14:04 |
| 09/22/2014 | 09/22/2014 | P | MO | STATE RESPONSE TO DEFENSE OBJECTION OF USE OF PRIOR CONVICTION, FILED. |
| 09/22/2014 | 09/22/2014 | P | MO | STATE'S SUPPLEMENTAL RESPONSE TO REQUEST FOR DISCOVERY UNDER RULE 16, FILED. |
| 09/19/2014 | 09/19/2014 | P1 | BR | REPLY BRIEF FILED STATE RESPONSE TO DEFENSE OBJECTION OF USE OF PRIOR CONVICTION |
| 09/15/2014 | 09/15/2014 | D1 | MO | MOTION TO COMPEL DISCOVERY, FILED. MOTION TO COMPEL |
| 09/10/2014 | 09/10/2014 | D1 | MO | AMENDED MALICIOUS PROSECUTION AND MISFEASANCE SEE DEFENDANT'S EXHIBIT "A", FILED. PRO SE CUYAHOGA COUNTY JAIL |
| 09/05/2014 | 09/05/2014 | D1 | MO | OBJECTION TO STATE'S NOTICE OF USE OF PRIOR CONVICTION, FILED. |
| 09/03/2014 | 09/03/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 09/03/2014 | 09/03/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 984302, IN THE AMOUNT OF $6.00. |
| 08/27/2014 | 08/27/2014 | N/A | CS | COURT REPORTER FEE |
| 08/26/2014 | 08/28/2014 | N/A | JE | DEFENDANT IN COURT. COUNSEL J CHARLES RUIZ-BUENO PRESENT. PROSECUTOR(S) RONNI DUCOFF PRESENT. COURT REPORTER DIANE CIEPLY PRESENT. STATE-CERTIFIED INTERPRETER, CATHERINE PINA, PRESENT AND SWORN. FINAL PRETRIAL SET FOR 09/22/2014 AT 09:00 AM . AT THE REQUEST OF DEFENDANT. REASON FOR |

Cuyahoga County Clerk of Courts - Case Docket                                    Page 7 of 19

|  |  |  |  |  |
|---|---|---|---|---|
|  |  |  |  | CONTINUANCE: DISCOVERY ONGOING/NEGOTIATIONS WITH STATE OF OHIO TRIAL REMAINS SET FOR 10/06/2014 AT 09:00 AM. STATE'S MOTION FOR JOINDER OF CASE NOS. 564978 AND 580862 FOR TRIAL IS GRANTED. DEFENSE COUNSEL IN OPEN COURT STATES THAT THE DEFENDANT DOES NOT OBJECT TO JOINDER. COURT NOTES THAT STATE'S "NOTICE OF USE OF PRIOR CONVICTION" IS IN EFFECT A MOTION. DEFENDANT IS TO RESPOND AND STATE MAY FILE A REPLY BRIEF IN SUPPORT. 08/26/2014 CPLMG 08/26/2014 17:25:20 |
| 08/26/2014 | 08/26/2014 | P1 | MO | STATE'S SUPPLEMENTAL RESPONSE TO REQUEST FOR DISCOVERY UNDER RULE 16, FILED. |
| 08/15/2014 | 08/15/2014 | P | MO | STATE'S NOTICE OF USE OF PRIOR CONVICTION, FILED. |
| 08/08/2014 | 08/08/2014 | P1 | MO | STATE'S SUPPLEMENTAL RESPONSE TO REQUEST FOR DISCOVERY UNDER RULE 16, FILED. |
| 07/09/2014 | 07/09/2014 | N/A | JE | DEFENDANT'S MOTION TO DISMISS FOR LACK OF SPEEDY TRIAL IS OVERRULED. THE COURT HAS CAREFULLY REVIEWED DEFENDANT'S MOTION AND THE STATE'S BRIEF IN OPPOSITION, AND FINDS THAT THE ISSUES RAISED WERE LARGELY DISPOSED OF PREVIOUSLY. OTHER CLAIMS BY DEFENDANT DO NOT SUPPORT DEFENDANT'S ASSERTION OF A VIOLATION OF HIS RIGHT TO A SPEEDY TRIAL. 07/09/2014 CPSAF 07/09/2014 16:41:17 |
| 07/03/2014 | 07/07/2014 | N/A | JE | FINAL PRETRIAL HELD 07/03/2014. FINAL PRETRIAL SET FOR 08/26/2014 AT 10:00 AM . AT THE REQUEST OF DEFENDANT. REASON FOR CONTINUANCE: DISCOVERY ONGOING/NEGOTIATIONS WITH STATE OF OHIO TRIAL REMAINS SET FOR 10/06/2014 AT 09:00 AM. 07/03/2014 CPLMG 07/03/2014 15:03:37 |
| 07/03/2014 | 07/03/2014 | P | MO | STATE BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, FILED. |
| 07/03/2014 | 07/03/2014 | N/A | JE | NUNC PRO TUNC ENTRY AS OF AND FOR 07/09/2013. PRETRIAL NOT HELD. PRETRIAL CONTINUED TO 07/24/2013 AT 09:00 AM AT THE REQUEST OF COURT. REASON FOR CONTINUANCE: COURT ENGAGED IN TRIAL ON CASE CR 572858 (STATE V. JUBRELL MANGO) 07/03/2014 CPLMG 07/03/2014 09:51:49 |
| 06/27/2014 | 06/27/2014 | N/A | JE | NUNC PRO TUNC ENTRY AS OF AND FOR 06/11/2014. OHIO STATE CERTIFIED COURT INTERPRETER ANA GALLARDO ASSIGNED. 06/27/2014 CPLMG 06/27/2014 12:09:54 |
| 06/20/2014 | 06/24/2014 | N/A | JE | NUNC PRO TUNC ENTRY AS OF AND FOR 12/03/2013. INTERPRETER APPOINTED. DEFENDANT DECLINED DISCOVERY. DEFENDANT PROVIDED COPY OF PRO SE MOTION FOR DISCHARGE TO STATE. INTERPRETER ORDERED TO TRANSLATE TWO STATE MOTIONS FILED 11/26/13. COURT RESET PRETRIAL TO 12/18/2013. 06/20/2014 CPLMG 06/20/2014 17:20:11 |
| 06/20/2014 | 06/24/2014 | N/A | JE | NUNC PRO TUNC ENTRY AS OF AND FOR 11/21/2013. EVIDENTIARY HEARING HELD ON ISSUE OF COMPETENCY TO STAND TRIAL PRO SE. RULING TO FOLLOW. 06/20/2014 CPLMG 06/20/2014 17:14:48 |
| 06/20/2014 | 06/24/2014 | N/A | JE | NUNC PRO TUNC ENTRY AS OF AND FOR 10/31/2013. AGAIN DUE TO UNAVAILABILITY OF WITNESS (AUTHOR OF PSYCHIATRIC CLINIC REPORT) COMPETENCY HEARING PREVIOUSLY RESCHEDULED IS RESCHEDULED FOR 11/21/2013 AT 09:00AM. 06/20/2014 CPLMG 06/20/2014 17:13:00 |
| 06/20/2014 | 06/24/2014 | N/A | JE | NUNC PRO TUNC ENTRY AS OF AND FOR 10/10/2013. DUE TO UNAVAILABILITY OF WITNESS (AUTHOR OF PSYCHIATRIC |

Cuyahoga County Clerk of Courts - Case Docket                              Page 8 of 19

|  |  |  |  |  |
|---|---|---|---|---|
|  |  |  |  | CLINIC REPORT) COMPETENCY HEARING PREVIOUSLY SCHEDULED IS RESCHEDULED FOR 10/31/2013 AT 09:00AM. 06/20/2014 CPLMG 06/20/2014 17:11:09 |
| 06/20/2014 | 06/24/2014 | N/A | JE | NUNC PRO TUNC ENTRY AS OF AND FOR 06/07/2013. PRETRIAL HELD 06/07/2013 ON RECORD. DEFENDANT IN COURT WITH INTERPRETER. DEFENDANT DID NOT FEEL COMFORTABLE WITH INTERPRETER AND REQUESTED BERNARDITA ROJAS. COURT AGREED TO GET BERNARDITA ROJAS AND WILL NOTIFY PROSECUTOR OF NEXT PRETRIAL DATE. 06/20/2014 CPLMG 06/20/2014 17:02:54 |
| 06/20/2014 | 06/25/2014 | N/A | JE | NUNC PRO TUNC ENTRY AS OF AND FOR 01/13/2014. HEARING HELD 01/13/2015. COURT PROVIDED DEFENDANT WITH SPANISH TRANSLATION OF COURT'S MEMORANDUM RULILNG THAT DEFENDANT CANNOT PROCEED PRO SE. CASE CONTINUED UNTIL PUBLIC DEFENDER NOTIFIES OF AVAILABILITY FOR PRETRIAL. 06/20/2014 CPSAF 06/24/2014 16:12:05 |
| 06/20/2014 | 06/25/2014 | N/A | JE | NUNC PRO TUNC ENTRY AS OF AND FOR 12/02/2013. NO OHIO STATE CERTIFIED COURT INTERPRETER AVAILABLE. HEARING PREVIOUSLY SCHEDULED IS RESCHEDULED FOR 12/03/2013 AT 09:00AM. 06/20/2014 CPSAF 06/24/2014 16:10:37 |
| 06/12/2014 | 06/12/2014 | N/A | CS | COURT REPORTER FEE |
| 06/11/2014 | 06/12/2014 | N/A | JE | TRIAL SCHEDULED FOR 06/25/2014 IS CANCELLED. FINAL PRETRIAL SET FOR 07/03/2014 AT 09:00 AM . AT THE REQUEST OF DEFENDANT. REASON FOR CONTINUANCE: DISCOVERY ONGOING/NEGOTIATIONS WITH STATE OF OHIO TRIAL SET FOR 10/06/2014 AT 09:00 AM. AT THE REQUEST OF DEFENDANT. 06/11/2014 CPLMG 06/11/2014 17:51:55 |
| 06/11/2014 | 06/11/2014 | N/A | JE | DEFENDANT'S MOTION TO CONTINUE TRIAL IS GRANTED. DEFENDANT IN COURT, WITH CERTIFIED INTERPRETER, AND STATES THAT HE CONCURS IN REQUEST TO CONTINUE TRIAL. (DEFENDANT RESPONDS IN ENGLISH.) COURT OVERRULES DEFENDANT'S MOTION TO APPOINT SECOND (FEMALE) ATTORNEY. COURT FINDS THAT DEFENDANT HAS FAILED TO DEMONSTRATE LEGITIMATE NEED FOR SECOND COUNSEL, OR THAT THERE IS ANY JUSTIFICATION TO APPOINT FEMALE ATTORNEY SPECIFICALLY, AND ALSO FINDS THAT THERE IS NO STATUTORY OR OTHER AUTHORITY FOR THE COURT TO APPOINT TWO ATTORNEYS ON A NON-HOMICIDE CASE. 06/11/2014 CPSAF 06/11/2014 15:29:11 |
| 06/09/2014 | 06/09/2014 | D1 | MO | MOTION FOR DISMISSAL, FILED. |
| 06/09/2014 | 06/09/2014 | D1 | MO | MOTION FOR ADDITIONAL DISCOVERY, FILED. |
| 06/09/2014 | 06/09/2014 | D1 | MO | MOTION FOR A CONTINUANCE OF TRIAL SET FOR JUNE 25, 2014, FILED. |
| 06/09/2014 | 06/09/2014 | D1 | MO | MOTION FOR APPOINTMENT OF CO-COUNSEL, FILED. |
| 06/03/2014 | 06/03/2014 | P | MO | NOTICE OF INTENT TO TAKE WITNESS TESTIMONY VIA LIVE VIDEO LINK, FILED. |
| 05/27/2014 | 05/29/2014 | N/A | JE | OHIO STATE CERTIFIED COURT INTERPRETER NOTIFIED OF SCHEDULE CHANGE. TRIAL PREVIOUSLY SCHEDULED FOR 06/23/2014 AT 09:00AM IS RESCHEDULED FOR 06/25/2014 AT 09:00AM AT THE REQUEST OF STATE. 05/27/2014 CPLMG 05/28/2014 17:37:15 |
| 05/21/2014 | 05/21/2014 | P | MO | STATE'S AMENDED NOTICE OF USE OF PRIOR CONVICTION, FILED. |
| 04/18/2014 | 04/18/2014 | P | MO | STATE'S MOTION FOR JOINDER, FILED. |
| 04/18/2014 | 04/18/2014 | N/A | CS | COURT REPORTER FEE |

Cuyahoga County Clerk of Courts - Case Docket                    Page 9 of 19

| 04/17/2014 | 04/22/2014 | N/A | JE | DEFENDANT IN COURT. COUNSEL J CHARLES RUIZ-BUENO PRESENT. PROSECUTOR(S) RONNIE DUCOFF PRESENT. COURT REPORTER JULIE ADAMS PRESENT. STATE CERTIFIED INTERPRETER JOHN SHAKLEE PRESENT. TRIAL REMAINS SET FOR 06/23/2014 AT 09:00 AM. AT THE REQUEST OF DEFENDANT. 04/17/2014 CPLMG 04/17/2014 16:34:36 |
| 03/31/2014 | 03/31/2014 | N/A | JE | FINAL PRETRIAL HELD 03/31/2014. FINAL PRETRIAL SET FOR 04/17/2014 AT 09:00 AM . AT THE REQUEST OF DEFENDANT. REASON FOR CONTINUANCE: DISCOVERY ONGOING/NEGOTIATIONS WITH STATE OF OHIO TRIAL PREVIOUSLY SCHEDULED FOR 06/09/2014 AT 09:00AM IS RESCHEDULED FOR 06/23/2014 AT 09:00AM AT THE REQUEST OF COURT. STATE OF OHIO CERTIFIED COURT INTERPRETER JOHN SHAKLEE NOTIFIED OF FINAL PRETRIAL AND TRIAL DATES. 03/31/2014 CPLMG 03/31/2014 15:12:20 |
| 03/28/2014 | 03/28/2014 | P | MO | MOTION FOR SUPPLEMENTAL DISCOVERY, FILED. |
| 03/18/2014 | 03/19/2014 | N/A | JE | JOHN P. SHAKLEE IS APPOINTED INTERPRETER. 03/18/2014 CPLMG 03/18/2014 14:16:03 |
| 03/12/2014 | 03/12/2014 | N/A | JE | NUNC PRO TUNC ENTRY AS OF AND FOR 03/05/2014. PRETRIAL HELD 03/05/2014. FINAL PRETRIAL SET FOR 03/31/2014 AT 09:00 AM . AT THE REQUEST OF DEFENDANT. REASON FOR CONTINUANCE: DISCOVERY ONGOING/NEGOTIATIONS WITH STATE OF OHIO 03/12/2014 CPLMG 03/12/2014 14:05:21 |
| 02/24/2014 | 02/24/2014 | N/A | CS | COURT REPORTER FEE |
| 02/20/2014 | 02/21/2014 | N/A | JE | DEFENDANT IN COURT. DEFENDANT INDIGENT; ATTORNEY J CHARLES RUIZ-BUENO ASSIGNED AND PRESENT. PROSECUTOR(S) RONNI DUCOFF PRESENT. COURT REPORTER MARY JEAN COOLEY PRESENT. OHIO STATE CERTIFIED SPANISH INTERPRETER JOHN P. SHAKLEE PRESENT. PRETRIAL HELD 02/20/2014. PRETRIAL SET FOR 03/05/2014 AT 09:00 AM. AT THE REQUEST OF DEFENDANT. REASON FOR CONTINUANCE: DISCOVERY ONGOING/NEGOTIATIONS WITH STATE OF OHIO TRIAL SET FOR 06/09/2014 AT 09:00 AM. AT THE REQUEST OF DEFENDANT. MOTION TO DISMISS HEARING HELD 02/20/2014. DEFENDANT'S MOTION "DEMAND TO DISCHARGE" (MOTION TO DISMISS FOR WANT OF SPEEDY TRIAL) IS OVERRULED. COURT HAS CONSIDERED DEFENDANT'S PRO-SE MOTION, THE STATE'S BRIEF IN OPPOSITION, AND DEFENDANT'S PRO-SE REPLY BRIEF, IN ADDITION TO ARGUMENT PRESENTED IN OPEN COURT THROUGH COUNSEL. COURT NOTESE SPECIFICALLY THAT "3 FOR 1" PROVISION DOES NOT APPLY, AS DEFENDANT IS PRESENTLY SERVING A SENTENCE UPON A PRIOR CONVICTION AND HAS A SECOND PENDING CASE; THUS, HE IS NOT INCARCERATED SOLELY UPON THESE PENDING CHARGES. 02/20/2014 CPLMG 02/20/2014 16:29:32 |
| 02/11/2014 | 02/11/2014 | P | MO | STATE'S BILL OF PARTICULARS, FILED. |
| 02/11/2014 | 02/11/2014 | P | MO | SUPPLEMENTAL DISCOVERY RESPONSE TO REQUEST FOR DISCOVERY UNDER RULE 16, FILED. |
| 02/11/2014 | 02/11/2014 | P | MO | SUPPLEMENTAL DISCOVERY RESPONSE TO REQUEST FOR DISCOVERY UNDER RULE 16, FILED. |
| 02/06/2014 | 02/07/2014 | N/A | JE | PRETRIAL HELD 02/06/2014. PRETRIAL SET FOR 02/20/2014 AT 09:00 AM. AT THE REQUEST OF DEFENDANT. REASON FOR CONTINUANCE: DISCOVERY ONGOING/NEGOTIATIONS WITH STATE OF OHIO INTERPRETER ANA GALLARDO |

Cuyahoga County Clerk of Courts - Case Docket                                    Page 10 of 19

|            |            |     |    |                                                                                 |
|------------|------------|-----|----|---------------------------------------------------------------------------------|
|            |            |     |    | NOTIFIED OF 02/20/2014 PRETRIAL. 02/06/2014 CPLMG 02/06/2014 16:45:30            |
| 02/03/2014 | 02/03/2014 | D1  | MO | MOTION FOR BILL OF PARTICULARS, FILED.                                           |
| 02/03/2014 | 02/03/2014 | D1  | MO | MOTION FOR DISCOVERY BY THE DEFENSE, FILED.                                      |
| 01/30/2014 | 02/03/2014 | N/A | JE | PRETRIAL SET FOR 02/06/2014 AT 01:30 PM. AT THE REQUEST OF DEFENDANT. REASON FOR CONTINUANCE: DISCOVERY ONGOING/NEGOTIATIONS WITH STATE OF OHIO/NEW CASE AND NEW APPOINTED COUNSEL 01/30/2014 CPLMG 01/30/2014 16:46:57 |
| 01/21/2014 | 01/24/2014 | N/A | JE | DEFENDANT INDIGENT; ATTORNEY J CHARLES RUIZ-BUENO ASSIGNED ON 01/21/2014. PRETRIAL SET FOR 02/03/2014 AT 09:00 AM. AT THE REQUEST OF DEFENDANT. REASON FOR CONTINUANCE: DISCOVERY ONGOING/NEGOTIATIONS WITH STATE OF OHIO/NEW APPOINTED DEFENSE COUNSEL 01/21/2014 CPLMG 01/24/2014 11:09:41 |
| 01/14/2014 | 01/16/2014 | N/A | JE | DEFENDANT'S MOTION (1) AMENDED OBJECTION TO RATIFICATION OF COMMENCEMENT OF ACTION.... (2) DEMAND FOR DISCHARGE FOR DEFECTS IN THE INSTITUTION OF THE PROSECUTION, ETC., (3) OBJECTION TO INDICTMENTS ... WHICH ARE DEFECTIVE UPON THERE (SIC) FACE, ETC. IS STRICKEN. COURT HAS REVIEWED ALL MOTIONS FILED BY DEFENDANT ACTING PRO-SE. THE COURT HAVING FOUND THE DEFENDANT TO BE NOT COMPETENT TO REPRESENT HIMSELF, ALL MOTIONS FILED PRO-SE ARE HEREBY ORDERED STRICKEN. THE COURT WILL ENTERTAIN ANY MOTIONS FILED BY COUNSEL ON DEFENDANT'S BEHALF. 01/14/2014 CPSAF 01/14/2014 15:09:33 |
| 01/14/2014 | 01/14/2014 | N/A | CS | COURT REPORTER FEE                                                               |
| 01/14/2014 | 01/14/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 944370, IN THE AMOUNT OF $8.50.         |
| 01/13/2014 | 01/13/2014 | D1  | MO | DEFENDANT'S RESPONSE TO STATE'S OPPOSITION TO DEFENDANT PURSUANT TO R.C. 2945.73 (B), FILED. PRO-SE 0-250-373 |
| 01/10/2014 | 01/10/2014 | N/A | SB | SUBPOENA CLERK'S FEE                                                             |
| 01/08/2014 | 01/08/2014 | N/A | JE | MEMORANDUM OF OPINION AND ORDER. OSJ 01/08/2014 CPLMG 01/08/2014 15:06:13        |
| 01/08/2014 | 01/08/2014 | P   | MO | MOTION FILED FOR STATE'S OPPOSITION TO DEFENDANT'S MOTION TO DISCHARGE PURSUANT TO R.C.2945.73(B). |
| 01/06/2014 | 01/06/2014 | N/A | JE | NUNC PRO TUNC ENTRY AS OF AND FOR 04/15/2013. BY ORDER ENTERED 01/24/2013 THE COURT DIRECTED THAT DEFENDANT BE SUBJECT TO A 20 DAY IN-PATIENT EVALUATION AT TWIN VALLEY BEHAVIORAL HEALTHCARE AS TO COMPETENCY TO STAND TRIAL AND COMPETENCY TO REPRESENT HIMSELF. THE COURT HAS BEEN MADE AWARE THAT DEFENDANT REMAINS IN CUYAHOGA COUNTY JAIL STILL AWAITING TRANSPORT TO TWIN VALLEY. ACCORDINGLY, THE COURT ORDERS THAT THE SHERIFF IS TO TRANSPORT DEFENDANT TO TWIN VALLEY WITHOUT DELAY AND THAT THE EVALUATION TAKE PLACE AS SOON AS POSSIBLE AND REPORT PREPARED AND FORWARDED TO THE COURT IN ORDER THAT FURTHER PROCEEDINGS CAN TAKE PLACE AT EARLIEST POSSIBLE DATE. 01/06/2014 CPLMG 01/06/2014 15:32:56 |
| 12/23/2013 | 12/27/2013 | N/A | JE | COURT TO PAY SPANISH INTERPRETER CATHERINE PINA ARRIETA IN THE AMOUNT OF $797.50. 12/23/2013 CPLMG 12/23/2013 14:53:33 |
| 12/23/2013 | 12/27/2013 | N/A | JE |                                                                                 |

Cuyahoga County Clerk of Courts - Case Docket                                    Page 11 of 19

|  |  |  |  |  |
|---|---|---|---|---|
|  |  |  |  | COURT TO PAY SPANISH INTERPRETER BERNARDITA ROJAS IN THE AMOUNT OF $2,725.00. 12/23/2013 CPLMG 12/23/2013 14:17:19 |
| 12/23/2013 | 12/27/2013 | N/A | JE | NUNC PRO TUNC ENTRY AS OF AND FOR 07/24/2013. PRETRIAL CONTINUED TO 08/29/2014 AT 09:00 AM AT THE REQUEST OF DEFENDANT. REASON FOR CONTINUANCE: DEFENDANT REFERRED TO COURT PSYCHIATRIC CLINIC 12/23/2013 CPLMG 12/23/2013 14:00:04 |
| 12/23/2013 | 12/27/2013 | N/A | JE | NUNC PRO TUNC ENTRY AS OF AND FOR 07/09/2013. HEARING ON COMPETENCY/ PRETRIAL CONTINUED TO 07/24/2014 AT 09:00 AM AT THE REQUEST OF COURT. REASON FOR CONTINUANCE: COURT ENGAGED IN TRIAL ON CASE CR 572858 12/23/2013 CPLMG 12/23/2013 13:56:49 |
| 12/23/2013 | 12/23/2013 | N/A | JE | NUNC PRO TUNC ENTRY AS OF AND FOR 06/19/2013. PROSECUTOR(S) RONNIE DUCOFF PRESENT. COURT REPORTER PRESENT. PRO SE DEFENDANT IN COURT. SPANISH INTERPRETER BERNARDITA ROJAS PRESENT. DEFENDANT REFUSED TO STIPULATE TO TWIN VALLEY COMPETENCY REPORT. HEARING SET FOR 07/09/2013 AT 9:00 A.M. AT DEFENDANT'S REQUEST. 12/23/2013 CPLMG 12/23/2013 11:11:41 |
| 12/19/2013 | 12/19/2013 | N/A | CS | COURT REPORTER FEE |
| 12/18/2013 | 12/23/2013 | N/A | JE | PROSECUTOR(S) RONNIE DUCOFF PRESENT. COURT REPORTER PRESENT. DEFENDANT PRESENT. INTERPRETER ANA GALLARDO PRESENT AND SWORN. HEARING HELD. PROSECUTOR EXPLAINED NEED FOR ADDITIONAL TIME TO RESPOND TO DEFENDANT'S MOTION TO DISCHARGE. DEFENDANT OBJECTED. COURT GRANTED STATE LEAVE TO 01/08/2014 TO RESPOND. STATE'S BRIEF IN OPPOSITION IS TO BE DELIVERED IN ENGLISH TO DEFENDANT BY PROSECUTOR. DEFENDANT AGREES BRIEF MAY BE PRESENTED TO HIM IN ENGLISH. DEFENDANT ARGUED IN OPPOSITION TO STATE'S MOTION TO REQUIRE REPRESENTATION BY COUNSEL. HEARING SET FOR 01/13/2014 AT 10:00 AM. ON DEFENDANT'S MOTION TO DISCHARGE. 12/18/2013 CPLMG 12/20/2013 17:37:11 |
| 12/18/2013 | 12/18/2013 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 940108, IN THE AMOUNT OF $8.50. |
| 12/18/2013 | 12/18/2013 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 940107, IN THE AMOUNT OF $8.50. |
| 12/11/2013 | 12/11/2013 | P | MO | STATE'S MOTION FOR ADDITIONAL TIME TO FILE RESPONSE TO DEFENDANT'S MOTION TO DISMISS, FILED. |
| 12/10/2013 | 12/10/2013 | D1 | MO | NOTIFICATION DE LA FISCALIA PARA EL USO DE ANTECEDENTES PENALES, FILED. PRO-SE |
| 12/10/2013 | 12/10/2013 | D1 | MO | MOTION DE LA FISCALIA EN OPPPOSTION A LA PETITON DEL ACUSADO DE PROCEDER , FILED. PRO-SE |
| 12/09/2013 | 12/09/2013 | N/A | SB | SUBPOENA CLERK'S FEE |
| 12/09/2013 | 12/09/2013 | N/A | CS | COURT REPORTER FEE |
| 12/09/2013 | 12/09/2013 | N/A | SB | SUBPOENA CLERK'S FEE |
| 12/05/2013 | 12/05/2013 | D1 | MO | DEMAND TO DISCHARGE DEFENDANT PURSUANT TO OHIO REVISED CODE 2945.73 (B), FILED. PRO-SE 0250373 CUYAHOGA COUNTY JAIL |
| 12/05/2013 | 12/05/2013 | D1 | SH | SUMMIT COUNTY SHERIFF DEPT SERVICE FEE $61.64 SS 932603 |
| 12/05/2013 | 12/05/2013 | D1 | SH | SUMMIT COUNTY SHERIFF DEPT SERVICE FEE $61.64 932603 |
| 12/04/2013 | 12/04/2013 | N/A | CS | COURT REPORTER FEE |
| 12/03/2013 | 12/03/2013 | N/A | JE |  |

DEFENDANT PRESENT IN COURT. PROSECUTOR(S) RONNI DUCOFF PRESENT. ANA GALLARDO, STATE CERTIFIED INTERPRETER, PRESENT. COURT REPORTER PRESENT. INTERPRETER SWORN. HEARING SET FOR 12/18/2013 AT 10:00 AM. ANA GALLARDO IS HEREBY APPOINTED AS INTERPRETER FOR HEARING AND NOTIFIED OF DATE AND TIME. DEFENDANT'S "AFFIDAVIT OF FACT/WRIT OF DISCOVERY" CONSTRUED AS A DEMAND BY DEFENDANT FOR DISCOVERY PER CR. RULE 16. HEARING HELD ON THE RECORD. DEFENDANT DECLINES TO ACCEPT DISCOVERY PROFFERED BY THE STATE, ON THE GROUND THAT IT IS "INCOMPLETE". COURT ADVISES DEFENDANT THAT HE SHOULD SPECIFY WHAT ADDITIONAL DISCOVERY HE REQUIRES. FOR ABOVE REASON, COURT STAYS RULING ON DEFENDANT'S DEMAND FOR DISCOVERY. INTERPRETER IS TO FILE TRANSLATION OF STATE'S MOTION AND NOTICE OF INTENTION BY 12/10/2013, WITH COPY TO BE SERVED UPON COURT. (COURT WILL THEN HAVE TRANSLATION IMMEDIATELY PROVIDED TO DEFENDANT.) STATE IS TO RESPOND BY 12/10/2013 TO DEFENDANT'S MOTION FOR DISCHARGE. HEARING IS SET FOR 12/18/2013 AT 10:00 A.M. ON OUTSTANDING MOTIONS. 12/03/2013 CPSAF 12/03/2013 14:42:05

| | | | | |
|---|---|---|---|---|
| 11/26/2013 | 11/26/2013 | P | MO | STATE'S MOTION IN OPPOSITION TO DEFENDANT'S REQUEST TO PROCEED PRO SE, FILED. |
| 11/26/2013 | 11/26/2013 | P | MO | STATE'S NOTICE OF USE OF PRIOR CONVICTION, FILED. |
| 11/22/2013 | 11/22/2013 | N/A | CS | COURT REPORTER FEE |
| 11/15/2013 | 11/15/2013 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 932606, IN THE AMOUNT OF $8.50. |
| 11/15/2013 | 11/15/2013 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 932605, IN THE AMOUNT OF $7.00. |
| 11/14/2013 | 11/14/2013 | D1 | SH | FRANKLIN COUNTY SHERIFF DEPT SERVICE FEE $27.46 SS 932602 |
| 11/12/2013 | 11/12/2013 | D1 | MO | AFFIDAVIT OF FACT, FILED. PRO-SE WRIT OF DISCOVERY, FILED. |
| 11/08/2013 | 11/08/2013 | D1 | SH | SUMMIT COUNTY SHERIFF DEPT SERVICE FEE $10.64 SS 932604 |
| 11/07/2013 | 11/07/2013 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 930618, IN THE AMOUNT OF $7.00. |
| 11/01/2013 | 11/01/2013 | D1 | SH | FRANKLIN COUNTY SHERIFF DEPT SERVICE FEE $27.46 SS 930615 |
| 10/31/2013 | 10/31/2013 | N/A | CS | COURT COST ASSESSED NOEL CEDENO BILL AMOUNT 548.52 PAID AMOUNT 0 AMOUNT DUE 548.52 |
| 10/31/2013 | 10/31/2013 | D1 | SH | SUMMIT COUNTY SHERIFF DEPT SERVICE FEE $61.64 SS 930616 |
| 10/31/2013 | 10/31/2013 | D1 | SH | SUMMIT COUNTY SHERIFF DEPT SERVICE FEE $61.64 SS 930617 |
| 10/31/2013 | 10/31/2013 | N/A | CS | COURT COST ASSESSED NOEL CEDENO BILL AMOUNT 425.24 PAID AMOUNT 0 AMOUNT DUE 425.24 |
| 10/31/2013 | 10/31/2013 | D1 | SH | FRANKLIN COUNTY SHERIFF DEPT SERVICE FEE $27.46 SS 927880 |
| 10/29/2013 | 10/29/2013 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 932604, IN THE AMOUNT OF $6.00. |
| 10/29/2013 | 10/29/2013 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 932603, IN THE AMOUNT OF $6.00. |
| 10/29/2013 | 10/29/2013 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 932602, IN THE AMOUNT OF $6.00. |

Cuyahoga County Clerk of Courts - Case Docket                    Page 13 of 19

| | | | | |
|---|---|---|---|---|
| 10/28/2013 | 10/28/2013 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/28/2013 | 10/28/2013 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/28/2013 | 10/28/2013 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/28/2013 | 10/28/2013 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/28/2013 | 10/28/2013 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/24/2013 | 10/24/2013 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 927884, IN THE AMOUNT OF $7.00. |
| 10/24/2013 | 10/24/2013 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 928260, IN THE AMOUNT OF $8.50. |
| 10/17/2013 | 10/17/2013 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/17/2013 | 10/17/2013 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/17/2013 | 10/17/2013 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/17/2013 | 10/17/2013 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/17/2013 | 10/17/2013 | D1 | SH | SUMMIT COUNTY SHERIFF DEPT SERVICE FEE $61.64 SS 927883 |
| 10/17/2013 | 10/17/2013 | D1 | SH | SUMMIT COUNTY SHERIFF DEPT SERVICE FEE $61.64 SS 927882 |
| 10/17/2013 | 10/17/2013 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 930617, IN THE AMOUNT OF $6.00. |
| 10/17/2013 | 10/17/2013 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 930616, IN THE AMOUNT OF $6.00. |
| 10/17/2013 | 10/17/2013 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 930615, IN THE AMOUNT OF $6.00. |
| 10/09/2013 | 10/09/2013 | N/A | JE | NUNC PRO TUNC ENTRY AS OF AND FOR 09/30/2013. STATE CERTIFIED SPANISH INTERPRETER MARCIA LOEBICK APPOINTED. 10/09/2013 CPLMG 10/09/2013 14:16:46 |
| 10/04/2013 | 10/04/2013 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/03/2013 | 10/03/2013 | N/A | JE | COURT ORDERS SPANISH INTERPRETER MARCIA LOEBICK, VISITATION RIGHTS ON WEDNESDAY 10/09/2013 DURING NORMAL BUSINESS HOURS TO MEET WITH DEFENDANT NOEL CEDENO AS NEEDED. 10/03/2013 CPLMG 10/03/2013 16:35:16 |
| 10/03/2013 | 10/03/2013 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 927883, IN THE AMOUNT OF $6.00. |
| 10/03/2013 | 10/03/2013 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 927882, IN THE AMOUNT OF $6.00. |
| 10/03/2013 | 10/03/2013 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 927880, IN THE AMOUNT OF $6.00. |
| 10/02/2013 | 10/02/2013 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/02/2013 | 10/02/2013 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/02/2013 | 10/02/2013 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/02/2013 | 10/02/2013 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/01/2013 | 10/01/2013 | N/A | CS | COURT REPORTER FEE |
| 09/30/2013 | 10/01/2013 | N/A | JE | PROSECUTOR(S) RONNIE DUCOFF PRESENT. COURT REPORTER KATHLEEN KILBANE PRESENT. PRO SE DEFENDANT IN COURT. SPANISH INTERPRETER BERNARDITA ROJAS PRESENT. HEARING ON STATE'S MOTION FOR CERTIFIED INTERPRETER AND COMPETENCY HEARING SET FOR 10/10/2013 AT 10:00 AM. 09/30/2013 CPLMG 09/30/2013 16:14:53 |
| 09/19/2013 | 09/19/2013 | P | MO | MOTION FILED FOR STATE'S OBJECTION TO PERMITTING DEFENDANT TO WAIVE A CERTIFIED INTERPRETER. |
| 08/30/2013 | 08/30/2013 | N/A | CS | COURT REPORTER FEE |
| 08/29/2013 | 09/03/2013 | N/A | JE | DEFENDANT PRESENT IN COURT. PROSECUTOR(S) RONNI DUCOFF PRESENT. COURT REPORTER DEBORAH KRACHT |

|  |  |  |  |  |
|---|---|---|---|---|
|  |  |  |  | PRESENT. SPANISH INTERPRETER BERNARDITA ROJAS PRESENT. PRETRIAL SET FOR 09/30/2013 AT 09:00 AM. AT THE REQUEST OF COURT. TRIAL SET FOR 12/02/2013 AT 09:00 AM. STATE'S MOTION FOR CERTIFIED INTERPRETER HEARD AND SUBMITTED. COURT TO RULE FOLLOWING REVIEW AND EVALUATION OF APPLICABLE LAW. DEFENDANT STATES HE WANTS BERNARDITA ROJAS TO CONTINUE AS INTERPRETER, ALTHOUGH ADVISED BY COURT THAT SHE IS NOT CERTIFIED AS REQUIRED BY SUPERINTENDENCE RULE. COURT TO PROVIDE DEFENDANT WITH A COPY OF REPORT OF DR. NOFFSINGER, COURT PSYCHIATRIC CLINIC, AS TO DEFENDANT'S COMPETENCY TO REPRESENT HIMSELF AT TRIAL. 08/29/2013 CPLMG 08/29/2013 16:10:37 |
| 08/29/2013 | 08/29/2013 | P | MO | STATE MOTION TO APPOINT CERTIFIED INTERPRETER, FILED. |
| 07/19/2013 | 07/19/2013 | N/A | JE | DEFENDANT IS REFERRED TO COURT PSYCHIATRIC CLINIC. DIRECTOR, PSYCHIATRIC CLINIC: IN ACCORDANCE WITH PROVISIONS OF THE OHIO REVISED CODE, 2945.371 COMPETENCE TO STAND TRIAL; ETC. YOU ARE DIRECTED TO EXAMINE NOEL CEDENO, WHO IS AWAITING TRIAL ON CHARGE(S) OF 2907.05 GROSS SEXUAL IMPOSITION, 2907.05 GROSS SEXUAL IMPOSITION, 2907.02 RAPE, 2905.01 KIDNAPPING. OSJ 07/19/2013 CPSAF 07/19/2013 15:12:48 |
| 06/20/2013 | 06/20/2013 | N/A | CS | COURT REPORTER FEE |
| 06/10/2013 | 06/10/2013 | N/A | CS | COURT REPORTER FEE |
| 05/15/2013 | 05/15/2013 | N/A | SF | COURT SPECIAL PROJECTS FUND |
| 01/24/2013 | 01/24/2013 | N/A | JE | MEMORANDUM OF OPINION AND ORDER. OSJ CLERK ORDERED TO SEND A COPY OF THIS ORDER TO: DEFENDANT, NOEL CEDENO; CUYAHOGA COUNTY JAIL 01/24/2013 CPLMG 01/24/2013 14:19:22 |
| 01/24/2013 | 01/24/2013 | N/A | CS | COURT REPORTER FEE |
| 01/24/2013 | 01/24/2013 | N/A | JE | ON A FORMER DAY, THE DEFENDANT WAS REFERRED FOR A COMPETENCY EVALUATION. BASED ON THE REPORT OF DR. GEORGE SCHMEDLEN THE DEFENDANT REFUSED TO COOPERATE WITH THE EVALUATION AND DR. GEORGE SCHMEDLEN WAS UNABLE TO RENDER AN OPINION AS TO THE DEFENDANT'S COMPETENCY TO STAND TRIAL. THEREFORE, THE COURT ORDERS THE DEFENDANT TO TWIN VALLEY FOR A 20-DAY INPATIENT COMPETENCY EVALUATION. A FURTHER REFERRAL TO NCBH WAS ALSO UNSUCCESSFUL (SEE MEMORANDUM OF OPINION AND ORDER DATED 01/24/2013) . THE DEFENDANT IS ORDERED REMANDED TO CUYAHOGA COUNTY JAIL UNTIL A BED BECOMES AVAILABLE. SHERIFF ORDERED TO TRANSPORT THE DEFENDANT TO TWIN VALLEY, UPON NOTIFICATION BY TWIN VALLEY FORENSIC LIAISON. UPON COMPLETION OF THE EVALUATION, TWIN VALLEY IS TO PROVIDE A REPORT TO THE COURT OPINING EITHER (1) THAT THE DEFENDANT IS INCOMPETENT TO ASSIST IN HIS OWN DEFENSE, OR (2) THAT THE DEFENDANT IS INCOMPETENT TO WAIVE HIS RIGHT TO COUNSEL AND TO REPRESENT HIMSELF AND CAN BE TRANSPORTED BACK TO THE CUYAHOGA COUNTY JAIL TO AWAIT TRIAL. IN THE EVENT THAT THE FORENSIC EXAMINER OPINES THAT THE DEFENDANT IS COMPETENT TO STAND TRIAL, SHERIFF ORDERED TO TRANSPORT THE DEFENDANT BACK TO CUYAHOGA COUNTY JAIL UPON NOTIFICATION FROM TWIN VALLEY FORENSIC LIAISON THAT |

Cuyahoga County Clerk of Courts - Case Docket                                    Page 15 of 19

| | | | | |
|---|---|---|---|---|
| | | | | THE DEFENDANT IS READY FOR RETURN. SHERIFF ORDERED TO TRANSPORT DEFENDANT NOEL CEDENO, DOB: 03/14/1971, GENDER: MALE, RACE: HISPANIC. 01/24/2013 CPSAF 01/24/2013 14:22:40 |
| 01/16/2013 | 01/16/2013 | N/A | CS | COURT REPORTER FEE |
| 01/14/2013 | 01/14/2013 | N/A | JE | COURT REPORTER TIM MEINKE PRESENT. DEFENDANT IN COURT. INTERPRETER UNAVAILABLE. COURT ADVISES DEFENDANT WHY NO HEARING HELD. DEFENDANT STATES HE UNDERSTANDS. INTERPRETER BERNARDITA ROJAS NOTIFIED OF NEXT PRETRIAL DATE. PRETRIAL SET FOR 01/23/2013 AT 10:00 AM. AT THE REQUEST OF DEFENDANT. 01/14/2013 CPLMG 01/14/2013 14:58:00 |
| 01/10/2013 | 01/11/2013 | N/A | JE | PRETRIAL SET FOR 01/15/2013 AT 09:00 AM. AT THE REQUEST OF DEFENDANT. 01/10/2013 CPLMG 01/10/2013 16:09:32 |
| 12/10/2012 | 12/10/2012 | D1 | MO | CONSTITUTIONAL OBJECTION TO COURT ORDER REFERRING THE DEFENDANT TO NORTHCOAST FOR A PSYCHIATRIC EVALUATION, FILED. |
| 11/29/2012 | 11/29/2012 | N/A | JE | ON A FORMER DAY, THE DEFENDANT WAS REFERRED FOR A COMPETENCY EVALUATION. BASED ON THE REPORT OF DR. GEORGE W. SCHMEDLEN THE DEFENDANT REFUSED TO COOPERATE WITH THE EVALUATION AND DR. GEORGE W. SCHMEDLEN WAS UNABLE TO RENDER AN OPINION AS TO THE DEFENDANT'S COMPETENCY TO STAND TRIAL. THEREFORE, THE COURT ORDERS THE DEFENDANT TO NORTHCOAST BEHAVIORAL HEALTHCARE SYSTEMS-CLEVELAND CAMPUS (NBHS-CC) FOR A 20-DAY INPATIENT COMPETENCY EVALUATION. THE DEFENDANT IS ORDERED REMANDED TO CUYAHOGA COUNTY JAIL UNTIL A BED BECOMES AVAILABLE. SHERIFF ORDERED TO TRANSPORT THE DEFENDANT TO NBHS-CC UPON NOTIFICATION BY CCCMHB FORENSIC LIAISON. UPON COMPLETION OF THE EVALUATION, NBHS-CC IS TO PROVIDE A REPORT TO THE COURT OPINING EITHER (1) THAT THE DEFENDANT IS INCOMPETENT TO STAND TRIAL AND IS THEREFORE REQUESTING THAT THE DEFENDANT'S LEGAL STATUS BE UPDATED TO INCOMPETENT TO STAND TRIAL OR (2) THAT THE DEFENDANT IS COMPETENT TO STAND TRIAL AND CAN BE TRANSPORTED BACK TO THE CUYAHOGA COUNTY JAIL TO AWAIT TRIAL. IN THE EVENT THAT THE FORENSIC EXAMINER OPINES THAT THE DEFENDANT IS COMPETENT TO STAND TRIAL, SHERIFF ORDERED TO TRANSPORT THE DEFENDANT BACK TO CUYAHOGA COUNTY JAIL UPON NOTIFICATION FROM CCCMHB FORENSIC LIAISON THAT THE DEFENDANT IS READY FOR RETURN. DEFENDANT STATES HE DESIRES TO REPRESENT HIMSELF. SHOULD BE EVALUATED BOTH FOR COMPETENCY TO STAND TRIAL AND COMPETENCY TO PROCEED PRO-SE. COURT NOTES THAT DEFENDANT HAS DECLINED PARTICIPATION IN EVALUATION AT COURT PSYCHIATRIC CLINIC, AND THAT HE REFUSED OFFER OF PROSECUTOR (IN OPEN COURT AND ON THE RECORD) TO PROVIDE HIM WITH DISCOVERY AS TO PENDING CHARGES. DEFENDANT IS A NATIVE OF PUERTO RICO AND MAY NEED INTERPRETER, ALTHOUGH WAS ABLE TO SPEAK IN ENGLISH DURING HEARINGS. 11/29/2012 CPLMG 11/29/2012 16:24:14 |
| 11/27/2012 | 11/27/2012 | P | MO | STATE'S MOTION FOR REFERRAL TO NORTHCOAST FOR COMPETENCY EVALUATION, FILED. |

Cuyahoga County Clerk of Courts - Case Docket                    Page 16 of 19

| | | | | |
|---|---|---|---|---|
| 11/19/2012 | 11/19/2012 | N/A | CS | COURT REPORTER FEE |
| 11/16/2012 | 11/16/2012 | N/A | JE | DUE TO ASSIGNED INTERPRETER BERNARDITA ROJAS' ABSENCE, INTERPRETER FROM INTERNATIONAL LANGUAGE BACK IS ASSIGNED FOR HEARING ON 11/16/2012. 11/16/2012 CPLMG 11/16/2012 10:53:01 |
| 11/16/2012 | 11/16/2012 | N/A | JE | NUNC PRO TUNC ENTRY AS OF AND FOR 09/25/2012. PROSECUTOR(S) RONNIE DUCOFF PRESENT. PUBLIC DEFENDER JUAN HERNANDEZ PRESENT. INTERPRETER FROM INTERNATIONAL LANGUAGE BACK ASSIGNED AND PRESENT. FINAL PRETRIAL HELD 09/25/2012. TRIAL REMAINS SET FOR 09/27/2012 AT 09:00 AM. AT THE REQUEST OF DEFENDANT. 11/16/2012 CPLMG 11/16/2012 10:37:33 |
| 11/09/2012 | 11/16/2012 | N/A | JE | PROSECUTOR(S) RONNIE DUCOFF PRESENT. COURT REPORTER PRESENT. PRO SE DEFENDANT NOEL CEDENO PRESENT IN COURT. INTERPRETER BERNARDITA ROJAS PRESENT. DISCOVERY HEARING HELD. PROSECUTOR PROFFERED FULL DISCOVERY TO DEFENDANT. DEFENDANT REFUSED TO ACCEPT DISCOVERY. DISCOVERY RETURNED TO PROSECUTOR. COURT REFERRED DEFENDANT TO COURT PSYCHIATRIC CLINIC FOR COMPETENCY EVALUATION. 11/09/2012 CPLMG 11/13/2012 16:27:21 |
| 11/09/2012 | 11/16/2012 | N/A | JE | COMPETENCY HEARING SET FOR 12/19/2012 AT 09:00 AM. AT THE REQUEST OF DEFENDANT. 11/09/2012 CPLMG 11/13/2012 15:58:08 |
| 11/09/2012 | 11/09/2012 | N/A | JE | DEFENDANT IS REFERRED TO COURT PSYCHIATRIC CLINIC. DIRECTOR, PSYCHIATRIC CLINIC: IN ACCORDANCE WITH PROVISIONS OF THE OHIO REVISED CODE, 2945.371 COMPETENCE TO STAND TRIAL; ETC. YOU ARE DIRECTED TO EXAMINE NOEL CEDENO, WHO IS AWAITING TRIAL ON CHARGE(S) OF 2907.05 GROSS SEXUAL IMPOSITION, 2907.05 GROSS SEXUAL IMPOSITION, 2907.02 RAPE, 2905.01 KIDNAPPING, 2907.02 RAPE, 2905.01 KIDNAPPING, 2907.05 ATTEMPTED, GROSS SEXUAL IMPOSITION, 2907.07 IMPORTUNING, 2907.07 IMPORTUNING, 2907.07 IMPORTUNING, 2907.07 IMPORTUNING. CLERK ORDERED TO SEND A COPY OF THIS ORDER TO: DEFENDANT, NOEL CEDENO; CUYAHOGA COUNTY JAIL RONNIE DUCOFF, ASSISTANT COUNTY PROSECUTOR; JUSTICE CENTER, 1200 ONTARIO STREET, CLEVELAND, OHIO 44113 11/09/2012 CPSAF 11/09/2012 14:47:31 |
| 11/09/2012 | 11/09/2012 | P | MO | DEMAND FOR DISCOVERY BY THE STATE OF OHIO, FILED. |
| 11/09/2012 | 11/09/2012 | P | MO | DEMAND FOR DISCOVERY BY THE STATE OF OHIO, FILED. |
| 11/09/2012 | 11/09/2012 | P | MO | DEMAND FOR DISCOVERY BY THE STATE OF OHIO, FILED. |
| 11/09/2012 | 11/09/2012 | P | MO | DEMAND FOR DISCOVERY BY THE STATE OF OHIO, FILED. |
| 11/09/2012 | 11/09/2012 | P | MO | DEMAND FOR DISCOVERY BY THE STATE OF OHIO, FILED. |
| 11/09/2012 | 11/09/2012 | P | MO | STATE'S BILL OF PARTICULARS, FILED. |
| 11/09/2012 | 11/09/2012 | P | MO | SUPPLEMENTAL RESPONSE TO REQUEST FOR DISCOVERY UNDER RULE 16, FILED. |
| 11/09/2012 | 11/09/2012 | N/A | CS | COURT REPORTER FEE |
| 11/09/2012 | 11/09/2012 | P | MO | MOTION FILED FOR STATE'S SUMMARY OF DISCOVERY. |
| 11/08/2012 | 11/08/2012 | P | MO | STATE'S CERTIFICATION OF RULE 16 NON-DISCLOSURE, FILED. |
| 11/08/2012 | 11/08/2012 | P | MO | SUBMISSION OF DISCOVERY TO PRO-SE DEFENDANT, FILED. |
| 10/31/2012 | 11/01/2012 | N/A | JE | INTERPRETER BERNARDITA ROJAS PRESENT FOR PRE-TRIAL. INTERPRETER FROM LANGUAGE BANK ALSO PRESENT. PRETRIAL NOT HELD. PRETRIAL CONTINUED TO |

Cuyahoga County Clerk of Courts - Case Docket                    Page 17 of 19

|            |            |     |    |                                                                                                                                                                                                                                                   |
|------------|------------|-----|----|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |            |     |    | 11/08/2012 AT 01:30 PM AT THE REQUEST OF STATE. REASON FOR CONTINUANCE: STATE REQUESTED MORE TIME TO COMPILE A HARD COPY OF ALL DISCOVERY THAT IS TO BE PROVIDED TO PRO SE DEFENDANT. 10/31/2012 CPLMG 10/31/2012 16:31:09                            |
| 10/24/2012 | 10/24/2012 | P   | MO | SUPPLEMENTAL DISCOVERY RESPONSE TO REQUEST FOR DISCOVERY UNDER RULE 16, FILED.                                                                                                                                                                      |
| 10/19/2012 | 10/19/2012 | N/A | CS | COURT REPORTER FEE                                                                                                                                                                                                                                 |
| 10/18/2012 | 10/19/2012 | N/A | JE | DEFENDANT IN COURT WITH PUBLIC DEFENDER . PROSECUTOR(S) RONNIE DUCOFF PRESENT. PRETRIAL SET FOR 10/31/2012 AT 10:00 AM. AT THE REQUEST OF DEFENDANT. REASON FOR CONTINUANCE: STATE IS TO PREPARE DISCOVERY MATERIALS TO PRESENT TO DEFENDANT IN OPEN COURT, OCCASIONED BY DEFENDANT'S STATED DESIRE TO PROCEED PRO-SE. HEARING HELD 10/18/2012. DEFENDANT IN OPEN COURT CONFIRMS HIS INTENTION TO PROCEED PRO-SE. COURT ADVISES DEFENDANT OF RISKS IN PROCEEDING TO TRIAL WITHOUT COUNSEL. DEFENDANT STATES HE UNDERSTANDS RISKS AND NEVERTHELESS DESIRES TO WAIVE HIS RIGHT TO COUNSEL. COURT PERMITS JUAN HERNANDEZ (P.D.) TO WITHDRAW. DEFENDANT REITERATES HIS "NON CONSENT" TO EITHER COURT TRIAL OR JURY TRIAL. COURT STATES THAT DEFENDANT HAS OPTION OF EITHER JUDGE OR JURY TRIAL, BUT DOES NOT HAVE OPTION TO DECLINE TRIAL OF THESE CHARGES. STATE AGREES TO PROVIDE COPIES OF ALL DISCOVERY FORTHWITH. NEXT PRETRIAL SET FOR 10/31/2012 AT DEFENDANT'S REQUEST. 10/18/2012 CPSAF 10/18/2012 16:43:58 |
| 10/15/2012 | 10/15/2012 | D1  | MO | AMENDED OBJECTION TO INDICTMENTS IN CASE NUMBERS 12-563913-A 12-564978-A, 12-559917-A AND 12-552923-A WHICH ARE DEFECTIVE UPON THERE FACE IN VIOLATION OF O.R.C.2939.20, 2941.08 AND 2941.03, FILED. PRO-SE CUYAHOGA COUNTY JAIL                       |
| 10/15/2012 | 10/15/2012 | D1  | MO | NOTICE OF WAIVER OF COUNSE PURSUANT TO RULE 44C, FILED. PRO-SE CUYAHOGA COUNTY JAIL                                                                                                                                                                  |
| 10/15/2012 | 10/15/2012 | D1  | MO | NOTICE OF APPEARANCE NOTICE, FILED. PRO-SE NOTICE OF NO CONSENT TO CONTINUANCES, FILED. NOTICE OF NO CONSENT TO GO TO TRIAL, FILED.                                                                                                                  |
| 10/15/2012 | 10/15/2012 | D1  | MO | DEMAND FOR DISCHARGE FOR DEFECTS IN THE INSTITUTION OF THE PROSECUTION AND DEFECTS IN THE INDICTMENT, INFORMATION, AND COMPLAINT PURSUANT TO CRIM.R. 12 (C)(10 AND 12(C)(2), FILED.                                                                   |
| 10/04/2012 | 10/04/2012 | N/A | JE | PROSECUTOR(S) RONNIE DUCOFF PRESENT. COURT REPORTER JULIANN ADAMS PRESENT. DEFENDANT IN COURT WITH PUBLIC DEFENDER JUAN HERNANDEZ. PRETRIAL HELD 10/04/2012. PRETRIAL CONTINUED TO 10/18/2012 AT 10:30 AM AT THE REQUEST OF DEFENDANT. 10/04/2012 CPLMG 10/04/2012 14:18:45 |
| 10/04/2012 | 10/04/2012 | N/A | JE | IT IS HEREBY ORDERED THAT OSCAR RODRIGUEZ, ESQ., HERETOFORE ASSIGNED AS COUNSEL FOR THE DEFENDANT IN THIS CAUSE, BE ALLOWED CONSIDERATION WHICH IS INCLUDED IN THE ($3,065.00) PAID IN CASE #563913 FOR SERVICES SO RENDERED. IT IS ORDERED THAT THE COURT CERTIFY SAID AMOUNT TO THE FISCAL OFFICER AND THE COUNTY EXECUTIVE FOR ALLOWANCE |

Cuyahoga County Clerk of Courts - Case Docket                                    Page 18 of 19

|            |            |     |    | AND PAYMENT. AC 1208512 10/04/2012 CPMKE 10/04/2012 14:15:13 |
|------------|------------|-----|----|-------------------------------------------------------------|
| 10/02/2012 | 10/02/2012 | D1  | MO | DEMAND FOR DISCOVERY BY THE DEFENSE, FILED. |
| 10/02/2012 | 10/02/2012 | D1  | MO | REQUEST FOR EVIDENCE NOTICE, FILED. |
| 10/02/2012 | 10/02/2012 | D1  | MO | MOTION FOR BILL OF PARTICULARS, FILED. |
| 10/01/2012 | 10/01/2012 | D   | RE | ATTORNEY FEE BILL SUBMITTED OSCAR RODRIGUEZ |
| 09/28/2012 | 09/28/2012 | N/A | CS | COURT REPORTER FEE |
| 09/27/2012 | 09/28/2012 | N/A | JE | DEFENDANT INDIGENT; PUBLIC DEFENDER ASSIGNED ON 09/27/2012. PROSECUTOR(S) RONNIE DUCOFF PRESENT. COURT REPORTER CARLA KUHN PRESENT. CASE CALLED FOR TRIAL. DEFENDANT'S ORAL MOTION TO HAVE DEFENSE ATTORNEY OSCAR RODRIGUEZ WITHDRAWN FROM CASE IS GRANTED. PRETRIAL SET FOR 10/04/2012 AT 11:00 AM. AT THE REQUEST OF DEFENDANT. REASON FOR CONTINUANCE: NEW APPOINTED COUNSEL (PUBLIC DEFENDER JUAN HERNANDEZ) 09/27/2012 CPLMG 09/28/2012 12:03:09 |
| 09/25/2012 | 09/25/2012 | N/A | JE | FINAL PRETRIAL HELD 09/25/2012. TRIAL REMAINS SET FOR 09/27/2012 AT 09:00 AM. AT THE REQUEST OF DEFENDANT. 09/25/2012 CPLMG 09/25/2012 14:25:56 |
| 09/24/2012 | 09/24/2012 | D1  | MO | DECLARATION OF FACTS IN SUPPORT OF DEMAND FOR DISCHARGE FOR DEFECTS IN THE INSTITUTION OF THE PROSECUTION AND DEFECTS IN THE INDICTMENT , INFORMATION ,AND COMPLAINT PURSUANT TO CRIM.R. 12 (C)AND 12(C))(2) AND REBUTTAL OF PRESUMPTION OF CHARGES ALLEGED, FILED. |
| 09/13/2012 | 09/13/2012 | D1  | MO | AMENDED OBJECTION OT RATIFICATION OF COMMENCEMENT OF ACTION PURSUANT TO CIV.R. 17(A) AND PURSUANT TO CRIM.R. 12 (C) (2), FILED. |
| 09/13/2012 | 09/13/2012 | D1  | MO | DENIAL OF CONSENT TO BENCH TRIAL DENIAL OF CONSENT TO JURY TRIAL, FILED. PRO-SE CUYAHOGA COUNTY JAIL |
| 09/06/2012 | 09/06/2012 | D1  | MO | AMENDED NOTICE OF APPEARANCE NOTICE OF RECISSION OF PLEAS, FILED. |
| 08/29/2012 | 08/29/2012 | D1  | MO | NOTICE OF APPEARANCE, FILED. PRO-SE CUYAHOGA COUNTY JAIL NOTICE OF RECISSION OF PLEAS, FILED. |
| 08/23/2012 | 08/28/2012 | N/A | JE | TRIAL PREVIOUSLY SCHEDULED FOR 09/11/2012 AT 09:00AM IS RESCHEDULED FOR 09/27/2012 AT 09:00AM AT THE REQUEST OF COURT. REASON FOR CONTINUANCE: COURT WILL BE ATTENDING JUDICIAL CONFERENCE 08/23/2012 CPLMG 08/24/2012 15:21:23 |
| 08/22/2012 | 08/22/2012 | P   | MO | STATE'S RESPONSE TO DEFENDANT'S REQUEST FOR DISCOVERY UNDER RULE 16, FILED. |
| 08/22/2012 | 08/22/2012 | P   | MO | STATE'S BILL OF PARTICULARS, FILED. |
| 08/22/2012 | 08/22/2012 | P   | MO | DEMAND FOR DISCOVERY BY THE STATE OF OHIO, FILED. |
| 08/22/2012 | 08/22/2012 | P   | MO | DEMAND FOR DISCOVERY BY THE STATE OF OHIO, FILED. |
| 08/22/2012 | 08/22/2012 | P   | MO | DEMAND FOR DISCOVERY BY THE STATE OF OHIO, FILED. |
| 08/20/2012 | 08/22/2012 | N/A | JE | FINAL PRETRIAL HELD 08/20/2012. TRIAL REMAINS SET FOR 09/11/2012 AT 09:00 AM. AT THE REQUEST OF DEFENDANT. 08/20/2012 CPLMG 08/20/2012 15:36:29 |
| 08/20/2012 | 08/20/2012 | N/A | JE | FINAL PRETRIAL HELD 08/20/2012. TRIAL REMAINS SET FOR 09/11/2012 AT 09:00 AM. AT THE REQUEST OF DEFENDANT. 08/20/2012 CPLMG 08/20/2012 12:04:33 |
| 08/17/2012 | 08/17/2012 | D1  | MO | MOTION FOR EVIDENCE NOTICE, FILED. |
| 08/17/2012 | 08/17/2012 | D1  | MO | MOTION FOR BILL OF PARTICULARS, FILED. |
| 08/17/2012 | 08/17/2012 | D1  | MO | DEMAND FOR DISCOVERY, FILED. |
| 08/16/2012 | 08/20/2012 | N/A | JE |  |

Cuyahoga County Clerk of Courts - Case Docket                                    Page 19 of 19

|            |            |     |    |                                                                                                                                                                                                                                                                  |
|------------|------------|-----|----|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |            |     |    | FINAL PRETRIAL SET FOR 08/20/2012 AT 09:00 AM . AT THE REQUEST OF DEFENDANT. REASON FOR CONTINUANCE: NEGOTIATIONS WITH STATE OF OHIO TRIAL SET FOR 09/11/2012 AT 09:00 AM. AT THE REQUEST OF DEFENDANT. 08/16/2012 CPLMG 08/16/2012 17:09:14 |
| 08/15/2012 | 08/15/2012 | N/A | CS | PRISONER IN COURT                                                                                                                                                                                                                                                 |
| 08/15/2012 | 08/15/2012 | N/A | JE | DEFENDANT DECLARED INDIGENT. COURT ASSIGNED RODRIGUEZ, OSCAR E AS COUNSEL. READING OF INDICTMENT WAIVED. TWENTY-FOUR HOUR SERVICE WAIVED. DEFENDANT PLEAD NOT GUILTY TO INDICTMENT. BOND SET AT 250,000.00 DOLLARS. BOND TYPE: CASH/SURETY/PROP.. BOND CONDITIONS: NO CONTACT WITH VICTIM. JUDGE FRIEDMAN, STUART A (091) ASSIGNED (MANUALLY). FIRST PRETRIAL SET FOR 08/20/2012 AT 09:00 AM IN COURT ROOM JC19B JUDGE FRIEDMAN, STUART A. |
| 08/10/2012 | 08/10/2012 | N/A | SH | SHERIFF SERVICE OF INDICTMENT                                                                                                                                                                                                                                     |
| 08/10/2012 | 08/10/2012 | N/A | GP | ARRAIGNMENT SCHEDULED FOR 08/15/2012.                                                                                                                                                                                                                             |
| 08/10/2012 | 08/10/2012 | N/A | CR | INDICTED ORIGINAL ON 08/10/2012                                                                                                                                                                                                                                   |
| 08/10/2012 | 08/10/2012 | N/A | SF | LEGAL RESEARCH                                                                                                                                                                                                                                                    |
| 08/10/2012 | 08/10/2012 | N/A | SF | CRIME STOPPERS                                                                                                                                                                                                                                                    |
| 08/10/2012 | 08/10/2012 | N/A | SF | COMPUTER FEE                                                                                                                                                                                                                                                      |
| 08/10/2012 | 08/10/2012 | N/A | SF | CLERK FEE                                                                                                                                                                                                                                                         |
| 07/20/2012 | 07/20/2012 | N/A | CR | CIF ENTERED                                                                                                                                                                                                                                                       |
| 01/01/2009 | 07/20/2012 | N/A | CR | DATE OF OFFENSE 01/01/2009                                                                                                                                                                                                                                        |

Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.

For questions/comments please click here.

Copyright © 2017 PROWARE. All Rights Reserved. 1.1.170

Print

# CASE INFORMATION

## CR-13-580862-A   THE STATE OF OHIO vs. NOEL CEDENO

### Docket Information

| Proceeding Date | Filing Date | Side | Type | Description | Image |
|---|---|---|---|---|---|
| 07/19/2016 | 07/19/2016 | D1 | MO | AFFIDAVIT OF INDIGENCY, FILED 662686 BECI | |
| 03/28/2016 | 03/29/2016 | N/A | JE | DEFENDANT'S MOTION FOR PAYMENT PLAN IS OVERRULED. 03/28/2016 CPSAF 03/28/2016 11:33:35 | |
| 03/15/2016 | 03/15/2016 | P1 | BR | BRIEF IN OPPOSITION, FILED TO DEFENDANT'S MOTION FOR PAYMENT PLAN TOWARDS COURT COSTS | |
| 02/22/2016 | 02/22/2016 | D1 | MO | JUDGMENT FOR COSTS AND JURY FEES, FILED. PRO SE 662686 BECI | |
| 02/10/2016 | 02/10/2016 | D1 | AF | AFFIDAVIT OF INDIGENCY, FILED PRO SE 662686 BECI | |
| 12/24/2015 | 12/24/2015 | N/A | JE | Affirmed.> Kathleen Ann Keough, P.J., Eileen T. Gallagher, J., and Melody J. Stewart, J., concur. Notice issued. | |
| 10/08/2015 | 10/08/2015 | N/A | JE | DEFENDANT'S MOTION FOR VACATION BY THE DISMISSAL ORDER, ETC. (SIC) IS OVERRULED. 10/08/2015 CPSAF 10/08/2015 11:28:32 | |
| 09/23/2015 | 09/23/2015 | D1 | MO | DEFENDANT FILES FOR THE VACATION BY THE DISMISSAL ORDER OF THE COURTS TO TO THE DISMISSAL BY THE FIRST CASE OF THE SAME ALLEGATIONS OF FIRST DISMISSALL, FILED. PRO SE. BELMONT CORR INST # 662686. | |
| 09/17/2015 | 09/17/2015 | D1 | MO | CORRESPONDENCE FILED BY PRO SE DEFENDANT, NOEL CEDENO, BELMONT CORR INST # 662686. | |
| 04/17/2015 | 04/17/2015 | D1 | MO | AFFIDAVIT OF INDIGENCY, FILED PRO SE. BE.C.I. 662-686. | |
| 04/17/2015 | 04/17/2015 | D1 | MO | MOTION FOR PREPARATION OF COMPLETE TRANSCRIPT OF PROCEEDINGS AT STATE EXPENSE, FILED PRO SE. BCI 662-686. | |
| 04/15/2015 | 04/15/2015 | N/A | JE | DEFENDANT'S MOTION TO VACATE COURT COSTS IS OVERRULED. 04/15/2015 CPSAF 04/15/2015 15:11:49 | |
| 04/14/2015 | 04/14/2015 | P1 | MO | MOTION FILED BY P1 THE STATE OF OHIO ATTORNEY ERIC L. FOSTER 0092722 STATE'S RESPONSE TO DEFENDANT'S MOTION TO VACATE COURT COSTS | |
| 04/02/2015 | 04/02/2015 | D1 | MO | COURT COST, FILED. PRO SE BECI #662686 | |
| 03/02/2015 | 03/02/2015 | D | JE | COURT REPORTER ALLOWED $3,045.25. RECEIVED FOR FILING. | |
| 02/23/2015 | 02/23/2015 | D1 | CL | DEFENDANT'S TRANSCRIPT OF PROCEEDINGS (5) FILED AND SENT TO THE COURT OF APPEALS. (102327) | |
| 02/04/2015 | 02/05/2015 | N/A | JE | IT IS HEREBY ORDERED THAT J CHARLES RUIZ-BUENO, ESQ., HERETOFORE ASSIGNED AS COUNSEL FOR THE DEFENDANT IN THIS CAUSE, BE ALLOWED CONSIDERATION WHICH IS INCLUDED IN THE $9,084.65 PAID IN CASE CR12563913A FOR SERVICES SO RENDERED. IT IS ORDERED THAT THE COURT CERTIFY SAID AMOUNT TO THE FISCAL OFFICER AND THE COUNTY EXECUTIVE FOR ALLOWANCE AND PAYMENT. 1500799 02/04/2015 CPMKE 02/04/2015 09:29:43 | |
| 01/20/2015 | 01/20/2015 | D1 | CL | RECORD ON APPEAL, PAGINATION SHEET AND CRIMINAL FILE SENT TO THE COURT OF APPEALS. | |

EXHIBIT

56

| 01/09/2015 | 01/09/2015 | N/A | JE | CHARLES RUIZ-BUENO'S MOTION FOR EXTRAORDINARY ATTORNEY FEES IS GRANTED. UPON FULL CONSIDERATION OF ALL ASPECTS OF COUNSEL'S REPRESENTATION OF THE DEFENDANT, AND IN PARTICULAR OF THE NEED FOR HIM TO DEAL WITH LANGUAGE AND PERSONALITY ISSUES, AS WELL AS THE SERIOUS NATURE OF THESE CHARGES (INCLUDING FORCIBLE RAPE OF THE DEFENDANT'S DAUGHTER AND STEPDAUGHTER), THE COURT FINDS THAT EXTRAORDINARY FEES ARE JUSTIFIED IN THIS CASE. 01/09/2015 CPSAF 01/09/2015 10:08:15 |
|---|---|---|---|---|
| 12/16/2014 | 12/16/2014 | D1 | MO | MOTION FILED BY D1 NOEL CEDENO ATTORNEY J CHARLES RUIZ-BUENO 0046806 MOTION FOR EXTRAORDINARY ATTORNEY FEES |
| 12/10/2014 | 12/10/2014 | D1 | NT | NOTICE OF APPEAL, JOURNAL ENTRY, PRAECIPE, DOCKETING STATEMENT (REGULAR), E-FILED AND SENT TO THE COURT OF APPEALS WITH A COPY OF THE DOCKET SHEET. THE COURT OF APPEALS NUMBER ASSIGNED IS 102327. |
| 12/03/2014 | 12/03/2014 | N/A | OT | STATEMENT OF COURT COST SENT TO CORRECTIONAL INSTITUTION FOR COLLECTION |
| 11/21/2014 | 11/21/2014 | D | RE | ATTORNEY FEE BILL SUBMITTED J CHARLES RUIZ-BUENO |
| 11/19/2014 | 11/19/2014 | N/A | CS | COURT COST ASSESSED NOEL CEDENO BILL AMOUNT 28949.02 PAID AMOUNT 0 AMOUNT DUE 28949.02 |
| 11/19/2014 | 11/19/2014 | D1 | DR | COURT REPORTER FEE |
| 11/19/2014 | 11/19/2014 | D1 | DR | SHERIFF FEES |
| 11/18/2014 | 11/18/2014 | N/A | CS | REPARATION FEE RC 2743.70 ; 2937.22 ; 2949.091 |
| 11/14/2014 | 11/14/2014 | N/A | CS | COURT REPORTER FEE |
| 11/13/2014 | 11/18/2014 | N/A | JE | DEFENDANT IN COURT. COUNSEL J CHARLES RUIZ-BUENO PRESENT. COURT REPORTER PRESENT. ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT GUILTY OF RAPE 2907.02 A(1)(B) F1 WITH SEXUAL VIOLENT PREDATOR SPECIFICATION(S) UNDER COUNT(S) 1 OF THE INDICTMENT. ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT NOT GUILTY OF NOTICE OF PRIOR CONVICTION SPECIFICATION(S) AS CHARGED IN COUNT(S) 1 OF THE INDICTMENT. ON A FORMER DAY OF COURT, THE COURT FOUND THE DEFENDANT NOT GUILTY OF REPEAT VIOLENT OFFENDER SPECIFICATION(S) 2941.149 AS CHARGED IN COUNT(S) 1 OF THE INDICTMENT. ON A FORMER DAY OF COURT THE COURT FOUND THE DEFENDANT GUILTY OF KIDNAPPING 2905.01 A(4) F1 WITH SEXUAL MOTIVATION SPECIFICATION(S) 2941.147, SEXUAL VIOLENT PREDATOR SPECIFICATION(S), NOTICE OF PRIOR CONVICTION SPECIFICATION(S), REPEAT VIOLENT OFFENDER SPECIFICATION(S) 2941.149 AS CHARGED IN COUNT(S) 2 OF THE INDICTMENT. COUNT 2 MERGES INTO COUNT 1; STATE ELECTS TO PROCEED ON COUNT 1 ONLY. AS STATE NOTES, BY OPERATION OF LAW THE R.V.O.S. IS RENDERED MOOT. DEFENDANT ADDRESSES THE COURT, PROSECUTOR RONNI DUCOFF ADDRESSES THE COURT. OVER OBJECTION OF DEFENDANT, COURT PERMITS STATE TO REOPEN PROCEEDINGS FOR THE SOLE PURPOSE OF ENTERING INTO EVIDENCE SENTENCING HEARING EXHIBITS 1, 2, 3, 4, AND 5: CERTIFIED COPIES OF JOURNAL ENTRIES OF PREVIOUS CONVICTIONS. JOURNAL ENTRY OF PREVIOUS N.Y. CONVICTION PREVIOUSLY PROVIDED. UPON CONSIDERATION OF THOSE EXHIBITS, COURT REAFFIRMS ITS VERDICT OF GUILTY AS TO SEXUALLY VIOLENT |

PREDATOR SPECIFICATION IN COUNT 1. THE COURT CONSIDERED ALL REQUIRED FACTORS OF THE LAW. THE COURT FINDS THAT PRISON IS CONSISTENT WITH THE PURPOSE OF R. C. 2929.11. THE COURT IMPOSES A PRISON SENTENCE AT THE LORAIN CORRECTIONAL INSTITUTION OF LIFE. MANDATORY SENTENCE OF LIFE WITHOUT PAROLE ON COUNT 1. SENTENCE IS CONSECUTIVE TO CASE CR 564978. DEFENDANT TO RECEIVE JAIL TIME CREDIT FOR 966 DAY(S), TO DATE. POST RELEASE CONTROL IS PART OF THIS PRISON SENTENCE FOR 5 YEARS MANDATORY FOR THE ABOVE FELONY(S) UNDER R.C.2967.28. DEFENDANT ADVISED THAT IF/WHEN POST RELEASE CONTROL SUPERVISION IS IMPOSED FOLLOWING HIS/HER RELEASE FROM PRISON AND IF HE/SHE VIOLATES THAT SUPERVISION OR CONDITION OF POST RELEASE CONTROL UNDER RC 2967.131(B), PAROLE BOARD MAY IMPOSE A PRISON TERM AS PART OF THE SENTENCE OF UP TO ONE-HALF OF THE STATED PRISON TERM ORIGINALLY IMPOSED UPON THE OFFENDER. DEFENDANT ADVISED OF APPEAL RIGHTS. DEFENDANT INDIGENT, COURT APPOINTS PUBLIC DEFENDER AS APPELLATE COUNSEL. TRANSCRIPT AT STATE'S EXPENSE. THE COURT HEREBY ENTERS JUDGMENT AGAINST THE DEFENDANT IN AN AMOUNT EQUAL TO THE COSTS OF THIS PROSECUTION. 11/13/2014 CPEDB 11/14/2014 13:30:26

| | | | | |
|---|---|---|---|---|
| 11/05/2014 | 11/05/2014 | P | MO | STATE'S SENTENCING MEMORANDUM, FILED. |
| 10/30/2014 | 10/30/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 992767, IN THE AMOUNT OF $10.50. |
| 10/18/2014 | 10/18/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 992770, IN THE AMOUNT OF $8.50. |
| 10/17/2014 | 10/17/2014 | N/A | CS | CALLING WITNESS |
| 10/17/2014 | 10/17/2014 | N/A | SB | WITNESS VOUCHER PRINTED FOR SUBPOENA 991508 |
| 10/16/2014 | 10/16/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/16/2014 | 10/16/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/16/2014 | 10/16/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/14/2014 | 10/14/2014 | N/A | JE | DEFENDANT IN COURT WITH COUNSEL J CHARLES RUIZ-BUENO. PROSECUTING ATTORNEY(S) RONNI DUCOFF PRESENT. COURT REPORTER ELLEN RASSIE PRESENT. THE COURT FINDS THE DEFENDANT GUILTY OF RAPE 2907.02 A (1)(B) F1 WITH SEXUAL VIOLENT PREDATOR SPECIFICATION (S) UNDER COUNT(S) 1 OF THE INDICTMENT. THE COURT FINDS THE DEFENDANT NOT GUILTY OF NOTICE OF PRIOR CONVICTION SPECIFICATION(S) AS CHARGED IN COUNT(S) 1 OF THE INDICTMENT. THE COURT FINDS THE DEFENDANT NOT GUILTY OF REPEAT VIOLENT OFFENDER SPECIFICATION(S) 2941.149 AS CHARGED IN COUNT(S) 1 OF THE INDICTMENT. THE COURT FINDS THE DEFENDANT GUILTY OF KIDNAPPING 2905.01 A(4) F1 WITH SEXUAL MOTIVATION SPECIFICATION(S) 2941.147, SEXUAL VIOLENT PREDATOR SPECIFICATION(S), NOTICE OF PRIOR CONVICTION SPECIFICATION(S), REPEAT VIOLENT OFFENDER SPECIFICATION(S) 2941.149 AS CHARGED IN COUNT(S) 2 OF THE INDICTMENT. DEFENDANT IS REFERRED TO COURT PSYCHIATRIC CLINIC. DIRECTOR, PSYCHIATRIC CLINIC: IN ACCORDANCE WITH PROVISIONS OF THE OHIO REVISED CODE, 2947.06(B) REPORTS FOR THE PURPOSE OF DETERMINING THE DISPOSITION OF A CASE: PSYCHIATRIC RECOMMENDATIONS REGARDING DISPOSITION YOU ARE |

Cuyahoga County Clerk of Courts - Case Docket                                    Page 4 of 13

|  |  |  |  |  |
|---|---|---|---|---|
|  |  |  |  | DIRECTED TO EXAMINE NOEL CEDENO. STATE OF OHIO ORDERED TO NOTIFY VICTIM OF DATE & TIME OF SENTENCING. DEFENDANT REMANDED. SENTENCING SET FOR 11/13/2014 AT 09:00 AM. 10/14/2014 CPSAF 10/14/2014 10:14:46 |
| 10/10/2014 | 10/10/2014 | N/A | CS | COURT REPORTER FEE |
| 10/10/2014 | 10/10/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/10/2014 | 10/10/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/10/2014 | 10/10/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/10/2014 | 10/10/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/09/2014 | 10/09/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/09/2014 | 10/09/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/09/2014 | 10/09/2014 | D1 | SH | LORAIN COUNTY SHERIFF DEPT SERVICE FEE $29.74 SS 989191 |
| 10/09/2014 | 10/09/2014 | D1 | SH | LORAIN COUNTY SHERIFF DEPT SERVICE FEE $29.25 SS 989188 |
| 10/09/2014 | 10/09/2014 | D1 | SH | LORAIN COUNTY SHERIFF DEPT SERVICE FEE $29.25 SS 989187 |
| 10/09/2014 | 10/09/2014 | D1 | SH | LORAIN COUNTY SHERIFF DEPT SERVICE FEE $29.25 SS 989190 |
| 10/09/2014 | 10/09/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/09/2014 | 10/09/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 991383, IN THE AMOUNT OF $6.00. |
| 10/09/2014 | 10/09/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 991343, IN THE AMOUNT OF $6.00. |
| 10/09/2014 | 10/09/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 974917, IN THE AMOUNT OF $8.50. |
| 10/09/2014 | 10/09/2014 | N/A | CS | CALLING WITNESS |
| 10/09/2014 | 10/09/2014 | N/A | SB | WITNESS VOUCHER PRINTED FOR SUBPOENA 979308 |
| 10/09/2014 | 10/09/2014 | N/A | CS | CALLING WITNESS |
| 10/09/2014 | 10/09/2014 | N/A | SB | WITNESS VOUCHER PRINTED FOR SUBPOENA 990506 |
| 10/09/2014 | 10/09/2014 | N/A | CS | CALLING WITNESS |
| 10/09/2014 | 10/09/2014 | N/A | SB | WITNESS VOUCHER PRINTED FOR SUBPOENA 991289 |
| 10/09/2014 | 10/09/2014 | N/A | CS | CALLING WITNESS |
| 10/09/2014 | 10/09/2014 | N/A | SB | WITNESS VOUCHER PRINTED FOR SUBPOENA 990813 |
| 10/09/2014 | 10/09/2014 | N/A | CS | CALLING WITNESS |
| 10/09/2014 | 10/09/2014 | N/A | SB | WITNESS VOUCHER PRINTED FOR SUBPOENA 979319 |
| 10/09/2014 | 10/09/2014 | N/A | CS | CALLING WITNESS |
| 10/09/2014 | 10/09/2014 | N/A | SB | WITNESS VOUCHER PRINTED FOR SUBPOENA 991343 |
| 10/08/2014 | 10/10/2014 | N/A | JE | COURT TRIAL CONTINUES. STATES RESTS. COURT OVERRULES MOTION FOR ACQUITTAL UNDER RULE 29. 10/08/2014 CPLMG 10/08/2014 15:27:25 |
| 10/08/2014 | 10/08/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/08/2014 | 10/08/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/08/2014 | 10/08/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/08/2014 | 10/08/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/08/2014 | 10/08/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/08/2014 | 10/08/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/08/2014 | 10/08/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 990144, IN THE AMOUNT OF $6.00. |
| 10/08/2014 | 10/08/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 990298, IN THE AMOUNT OF $6.00. |
| 10/08/2014 | 10/08/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 990589, IN THE AMOUNT OF $6.00. |

Cuyahoga County Clerk of Courts - Case Docket                                    Page 5 of 13

| | | | | |
|---|---|---|---|---|
| 10/08/2014 | 10/08/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 990588, IN THE AMOUNT OF $6.00. |
| 10/08/2014 | 10/08/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 990587, IN THE AMOUNT OF $6.00. |
| 10/08/2014 | 10/08/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 990508, IN THE AMOUNT OF $6.00. |
| 10/08/2014 | 10/08/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 990507, IN THE AMOUNT OF $6.00. |
| 10/08/2014 | 10/08/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 990506, IN THE AMOUNT OF $6.00. |
| 10/08/2014 | 10/08/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 990869, IN THE AMOUNT OF $6.00. |
| 10/08/2014 | 10/08/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 990815, IN THE AMOUNT OF $6.00. |
| 10/08/2014 | 10/08/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 990814, IN THE AMOUNT OF $6.00. |
| 10/08/2014 | 10/08/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 990813, IN THE AMOUNT OF $6.00. |
| 10/08/2014 | 10/08/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 990812, IN THE AMOUNT OF $6.00. |
| 10/08/2014 | 10/08/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 990811, IN THE AMOUNT OF $6.00. |
| 10/08/2014 | 10/08/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 990147, IN THE AMOUNT OF $9.50. |
| 10/08/2014 | 10/08/2014 | N/A | CS | CALLING WITNESS |
| 10/08/2014 | 10/08/2014 | N/A | SB | WITNESS VOUCHER PRINTED FOR SUBPOENA 976666 |
| 10/07/2014 | 10/08/2014 | N/A | JE | COURT TRIAL CONTINUES. 10/07/2014 CPLMG 10/07/2014 16:32:49 |
| 10/07/2014 | 10/07/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/07/2014 | 10/07/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/07/2014 | 10/07/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/07/2014 | 10/07/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/07/2014 | 10/07/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/07/2014 | 10/07/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/07/2014 | 10/07/2014 | N/A | CS | CALLING WITNESS |
| 10/07/2014 | 10/07/2014 | N/A | SB | WITNESS VOUCHER PRINTED FOR SUBPOENA 979311 |
| 10/07/2014 | 10/07/2014 | N/A | CS | CALLING WITNESS |
| 10/07/2014 | 10/07/2014 | N/A | SB | WITNESS VOUCHER PRINTED FOR SUBPOENA 990589 |
| 10/07/2014 | 10/07/2014 | N/A | CS | CALLING WITNESS |
| 10/07/2014 | 10/07/2014 | N/A | SB | WITNESS VOUCHER PRINTED FOR SUBPOENA 990588 |
| 10/07/2014 | 10/07/2014 | N/A | CS | CALLING WITNESS |
| 10/06/2014 | 10/06/2014 | N/A | JE | DEFENDANT IN COURT. COUNSEL J CHARLES RUIZ-BUENO PRESENT. PROSECUTOR(S) RONNI DUCOFF AND OWEN PATTON PRESENT. COURT REPORTER ELLEN RASSIE PRESENT. TRIAL CALLED AND FIRST DAY OF TRIAL COMMENCED. (ON 10/01/2014: DEFENDANT EXECUTED A WRITTEN JURY TRIAL WAIVER AND ON THE RECORD ORALLY WAIVED DEFENDANT'S RIGHT TO A TRIAL BY JURY. COURT FINDS THAT THE DEFENDANT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVED RIGHTS TO A TRIAL BY JURY.) COURT TRIAL CONTINUES. 10/06/2014 CPLMG 10/06/2014 16:00:22 |
| 10/06/2014 | 10/06/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/06/2014 | 10/06/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 988305, IN THE AMOUNT OF $9.50. |

Cuyahoga County Clerk of Courts - Case Docket                                     Page 6 of 13

| 10/06/2014 | 10/06/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 988304, IN THE AMOUNT OF $9.50. |
| 10/06/2014 | 10/06/2014 | N/A | CS | CALLING WITNESS |
| 10/06/2014 | 10/06/2014 | N/A | SB | WITNESS VOUCHER PRINTED FOR SUBPOENA 990298 |
| 10/06/2014 | 10/06/2014 | N/A | CS | CALLING WITNESS |
| 10/06/2014 | 10/06/2014 | N/A | SB | WITNESS VOUCHER PRINTED FOR SUBPOENA 979307 |
| 10/03/2014 | 10/03/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/03/2014 | 10/03/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 10/02/2014 | 10/02/2014 | P1 | MO | STATE'S SUPPLEMENTAL RESPONSE TO REQUEST FOR DISCOVERY UNDER RULE 16, FILED. |
| 10/02/2014 | 10/02/2014 | N/A | CS | COURT REPORTER FEE |
| 10/01/2014 | 10/01/2014 | N/A | JE | DEFENDANT IN COURT. COUNSEL CHARLES RUIZ-BUENO PRESENT. PROSECUTOR(S) RONNI DUCOFF PRESENT. COURT REPORTER DIANE CIEPLY PRESENT. DEFENDANT EXECUTED A WRITTEN JURY TRIAL WAIVER AND ON THE RECORD ORALLY WAIVED DEFENDANT'S RIGHT TO A TRIAL BY JURY. COURT FINDS THAT THE DEFENDANT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVED RIGHTS TO A TRIAL BY JURY. STATE'S MOTION IN LIMINE IS OVERRULED. 10/01/2014 CPLMG 10/01/2014 13:35:35 |
| 10/01/2014 | 10/01/2014 | D | JE | DEFENDANT'S VOLUNTARY WAIVER OF JURY TRIAL AND ORDER, RECEIVED FOR FILING 10/01/2014. |
| 10/01/2014 | 10/01/2014 | N/A | JE | DEFENDANT IN COURT. COUNSEL CHARLES RUIZ-BUENO PRESENT. PROSECUTOR(S) RONNI DUCOFF PRESENT. COURT REPORTER PRESENT. ALSO PRESENT AND SWORN, HERNAN GALVEZ, STATE CERTIFIED INTERPRETER. DEFENDANT'S MOTION IN LIMINE IS OVERRULED. 10/01/2014 CPSAF 10/01/2014 10:55:31 |
| 10/01/2014 | 10/01/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 967729, IN THE AMOUNT OF $8.50. |
| 09/30/2014 | 09/30/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 989191, IN THE AMOUNT OF $6.00. |
| 09/30/2014 | 09/30/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 989190, IN THE AMOUNT OF $6.00. |
| 09/30/2014 | 09/30/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 989188, IN THE AMOUNT OF $6.00. |
| 09/30/2014 | 09/30/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 989187, IN THE AMOUNT OF $6.00. |
| 09/30/2014 | 09/30/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 988303, IN THE AMOUNT OF $8.50. |
| 09/29/2014 | 09/30/2014 | N/A | JE | PRETRIAL HELD 09/29/2014. MOTION HEARING AND PRETRIAL SET FOR 10/01/2014 AT 09:00 AM. AT THE REQUEST OF DEFENDANT. REASON FOR CONTINUANCE: DISCOVERY ONGOING/NEGOTIATIONS WITH STATE OF OHIO (INTERPRETER NOTIFIED) 09/29/2014 CPLMG 09/29/2014 16:10:21 |
| 09/29/2014 | 09/29/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 09/29/2014 | 09/29/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 09/29/2014 | 09/29/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 09/29/2014 | 09/29/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 09/29/2014 | 09/29/2014 | P | MO | STATE'S SUPPLEMENTAL RESPONSE TO REQUEST FOR DISCOVERY UNDER RULE 16, FILED. |
| 09/24/2014 | 09/24/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 09/24/2014 | 09/24/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 09/24/2014 | 09/24/2014 | N/A | SB | SUBPOENA CLERK'S FEE |

Cuyahoga County Clerk of Courts - Case Docket

| | | | | |
|---|---|---|---|---|
| 09/24/2014 | 09/24/2014 | P | MO | STATE'S SUPPLEMENTAL RESPONSE TO REQUEST FOR DISCOVERY UNDER RULE 16, FILED. |
| 09/23/2014 | 09/23/2014 | D1 | GP | WITNESS LIST, FILED DEFENDANT'S WITNESS LIST |
| 09/23/2014 | 09/23/2014 | D1 | MO | MOTION IN LIMINE, FILED. DEFENDANT'S MOTION IN LIMINE |
| 09/22/2014 | 09/22/2014 | N/A | JE | COURT OVERRULES STATE'S NOTICE OF USE OF PRIOR CONVICTION. ALTHOUGH THE COURT AGREES WITH THE STATE THAT THE DELAY IN THESE PROCEEDINGS, WHICH TOOK THIS CASE PAST THE TEN-YEAR PERIOR UNDER OHIO EV. R. 609(B), WHICH AT LEAST IN PART DUE TO ACTIONS OF THE DEFENDANT HIMSELF, THE COURT BELIEVES THAT THE RULE NONETHELESS DOES NOT PERMIT EXTENSION UNDER THESE CIRCUMSTANCES. 09/22/2014 CPSAF 09/22/2014 12:19:24 |
| 09/22/2014 | 09/22/2014 | N/A | JE | FINAL PRETRIAL HELD 09/22/2014. FINAL PRETRIAL SET FOR 09/29/2014 AT 02:00 PM . AT THE REQUEST OF DEFENDANT. REASON FOR CONTINUANCE: DISCOVERY ONGOING/NEGOTIATIONS WITH STATE OF OHIO TRIAL REMAINS SET FOR 10/06/2014 AT 09:00 AM. 09/22/2014 CPLMG 09/22/2014 12:14:04 |
| 09/22/2014 | 09/22/2014 | P | MO | STATE'S SUPPLEMENTAL RESPONSE TO REQUEST FOR DISCOVERY UNDER RULE 16, FILED. |
| 09/15/2014 | 09/15/2014 | D1 | MO | MOTION TO COMPEL DISCOVERY, FILED. MOTION TO COMPEL |
| 09/15/2014 | 09/15/2014 | D1 | SH | FRANKLIN COUNTY SHERIFF DEPT SERVICE FEE $27.49 DS 981584 |
| 09/10/2014 | 09/10/2014 | D1 | MO | AMENDED MALICIOUS PROSECUTION AND MISFEASANCE SEE DEFENDANT'S EXHIBIT "A", FILED. PRO SE CUYAHOGA COUNTY JAIL |
| 09/09/2014 | 09/09/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 983753, IN THE AMOUNT OF $10.50. |
| 09/05/2014 | 09/05/2014 | D1 | MO | OBJECTION TO STATE'S NOTICE OF USE OF PRIOR CONVICTION, FILED. |
| 09/05/2014 | 09/05/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 09/05/2014 | 09/05/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 984804, IN THE AMOUNT OF $6.00. |
| 09/03/2014 | 09/03/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 09/03/2014 | 09/03/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 09/03/2014 | 09/03/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 984307, IN THE AMOUNT OF $6.00. |
| 09/03/2014 | 09/03/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 984305, IN THE AMOUNT OF $6.00. |
| 09/03/2014 | 09/03/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 981157, IN THE AMOUNT OF $17.50. |
| 08/29/2014 | 08/29/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 08/28/2014 | 08/28/2014 | P | MO | STATE'S SUPPLEMENTAL RESPONSE TO REQUEST FOR DISCOVERY UNDER RULE 16, FILED. |
| 08/28/2014 | 08/28/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 979322, IN THE AMOUNT OF $7.00. |
| 08/28/2014 | 08/28/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 979318, IN THE AMOUNT OF $10.50. |
| 08/28/2014 | 08/28/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 979316, IN THE AMOUNT OF $8.50. |
| 08/28/2014 | 08/28/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 979311, IN THE AMOUNT OF $10.50. |
| 08/28/2014 | 08/28/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 979309, IN THE AMOUNT OF $10.50. |

Cuyahoga County Clerk of Courts - Case Docket                                      Page 8 of 13

| | | | | |
|---|---|---|---|---|
| 08/27/2014 | 08/27/2014 | N/A | CS | COURT REPORTER FEE |
| 08/26/2014 | 08/28/2014 | N/A | JE | DEFENDANT IN COURT. COUNSEL J CHARLES RUIZ-BUENO PRESENT. PROSECUTOR(S) RONNI DUCOFF PRESENT. COURT REPORTER DIANE CIEPLY PRESENT. STATE-CERTIFIED INTERPRETER, CATHERINE PINA, PRESENT AND SWORN. FINAL PRETRIAL SET FOR 09/22/2014 AT 09:00 AM . AT THE REQUEST OF DEFENDANT. REASON FOR CONTINUANCE: DISCOVERY ONGOING/NEGOTIATIONS WITH STATE OF OHIO TRIAL REMAINS SET FOR 10/06/2014 AT 09:00 AM. STATE'S MOTION FOR JOINDER OF CASE NOS. 564978 AND 580862 FOR TRIAL IS GRANTED. DEFENSE COUNSEL IN OPEN COURT STATES THAT THE DEFENDANT DOES NOT OBJECT TO JOINDER. COURT NOTES THAT STATE'S "NOTICE OF USE OF PRIOR CONVICTION" IS IN EFFECT A MOTION. DEFENDANT IS TO RESPOND AND STATE MAY FILE A REPLY BRIEF IN SUPPORT. 08/26/2014 CPLMG 08/26/2014 17:25:20 |
| 08/26/2014 | 08/26/2014 | N/A | CS | CALLING WITNESS |
| 08/26/2014 | 08/26/2014 | N/A | SB | WITNESS VOUCHER PRINTED FOR SUBPOENA 974927 |
| 08/25/2014 | 08/25/2014 | P1 | MO | STATE'S SUPPLEMENTAL RESPONSE TO REQUEST FOR DISCOVERY UNDER RULE 16, FILED. |
| 08/21/2014 | 08/21/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 981160, IN THE AMOUNT OF $10.50. |
| 08/20/2014 | 08/20/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 979320, IN THE AMOUNT OF $9.50. |
| 08/20/2014 | 08/20/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 979315, IN THE AMOUNT OF $9.50. |
| 08/20/2014 | 08/20/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 979314, IN THE AMOUNT OF $9.50. |
| 08/20/2014 | 08/20/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 979313, IN THE AMOUNT OF $9.50. |
| 08/18/2014 | 08/18/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 981584, IN THE AMOUNT OF $6.00. |
| 08/15/2014 | 08/15/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 08/15/2014 | 08/15/2014 | P | MO | STATE'S NOTICE OF USE OF PRIOR CONVICTION, FILED. |
| 08/14/2014 | 08/14/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 08/14/2014 | 08/14/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 08/14/2014 | 08/14/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 08/14/2014 | 08/14/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 08/11/2014 | 08/11/2014 | D1 | SH | LORAIN COUNTY SHERIFF DEPT SERVICE FEE $10.25 SS 979312 |
| 08/11/2014 | 08/11/2014 | D1 | SH | LORAIN COUNTY SHERIFF DEPT SERVICE FEE $29.75 SS 979317 |
| 08/11/2014 | 08/11/2014 | D1 | SH | LORAIN COUNTY SHERIFF DEPT SERVICE FEE $10.25 SS 97310 |
| 08/08/2014 | 08/08/2014 | D1 | SH | LAKE COUNTY SHERIFF DEPT SERVICE FEE $41.00 SS 976668 |
| 08/05/2014 | 08/05/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 08/05/2014 | 08/05/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 08/05/2014 | 08/05/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 08/05/2014 | 08/05/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 08/05/2014 | 08/05/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 08/05/2014 | 08/05/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 08/05/2014 | 08/05/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 08/05/2014 | 08/05/2014 | N/A | SB | SUBPOENA CLERK'S FEE |

Cuyahoga County Clerk of Courts - Case Docket

| | | | | |
|---|---|---|---|---|
| 08/05/2014 | 08/05/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 08/05/2014 | 08/05/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 08/05/2014 | 08/05/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 08/05/2014 | 08/05/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 08/05/2014 | 08/05/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 08/05/2014 | 08/05/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 08/05/2014 | 08/05/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 08/05/2014 | 08/05/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 08/05/2014 | 08/05/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 979321, IN THE AMOUNT OF $6.00. |
| 08/05/2014 | 08/05/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 979317, IN THE AMOUNT OF $6.00. |
| 08/05/2014 | 08/05/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 979312, IN THE AMOUNT OF $6.00. |
| 08/05/2014 | 08/05/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 979310, IN THE AMOUNT OF $6.00. |
| 08/05/2014 | 08/05/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 979308, IN THE AMOUNT OF $6.00. |
| 08/05/2014 | 08/05/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 979307, IN THE AMOUNT OF $6.00. |
| 08/01/2014 | 08/01/2014 | P1 | MO | STATE'S SUPPLEMENTAL RESPONSE TO REQUEST FOR DISCOVERY UNDER RULE 16, FILED. |
| 07/31/2014 | 07/31/2014 | P | MO | STATE'S RESPONSE TO DEFENDANT'S MOTION FOR ADDITIONAL DISCOVERY FILED JUNE 9, 2014 AND CERTIFICATION OF NON-DISCLOSURE PURSUANT TO RULE 16 (D) OF THE OHIO RULES OF CRIMINAL PROCEDURE, FILED. |
| 07/18/2014 | 07/18/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 974927, IN THE AMOUNT OF $10.50. |
| 07/18/2014 | 07/18/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 974918, IN THE AMOUNT OF $10.50. |
| 07/17/2014 | 07/17/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 07/17/2014 | 07/17/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 07/17/2014 | 07/17/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 07/17/2014 | 07/17/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 976667, IN THE AMOUNT OF $6.00. |
| 07/17/2014 | 07/17/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 976666, IN THE AMOUNT OF $6.00. |
| 07/17/2014 | 07/17/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 976668, IN THE AMOUNT OF $6.00. |
| 07/10/2014 | 07/10/2014 | D1 | NT | TRANSCRIPT FILED D1 NOEL CEDENO, J CHARLES RUIZ-BUENO 0046806 NOTICE OF FILING TRIAL TRANSCRIPT OF CR-11-548513-A |
| 07/07/2014 | 07/07/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 07/07/2014 | 07/07/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 07/07/2014 | 07/07/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 07/03/2014 | 07/07/2014 | N/A | JE | FINAL PRETRIAL HELD 07/03/2014. FINAL PRETRIAL SET FOR 08/26/2014 AT 10:00 AM . AT THE REQUEST OF DEFENDANT. REASON FOR CONTINUANCE: DISCOVERY ONGOING/NEGOTIATIONS WITH STATE OF OHIO TRIAL REMAINS SET FOR 10/06/2014 AT 09:00 AM. 07/03/2014 CPLMG 07/03/2014 15:03:38 |
| 06/27/2014 | 06/27/2014 | N/A | JE | NUNC PRO TUNC ENTRY AS OF AND FOR 06/11/2014. OHIO STATE CERTIFIED COURT INTERPRETER ANA GALLARDO ASSIGNED. 06/27/2014 CPLMG 06/27/2014 12:09:53 |

| | | | | |
|---|---|---|---|---|
| 06/20/2014 | 06/24/2014 | N/A | JE | NUNC PRO TUNC ENTRY AS OF AND FOR 01/13/2014. HEARING HELD . COURT PROVIDED DEFENDANT WITH SPANISH TRANSLATION OF COURT'S MEMORANDUM RULILNG THAT DEFENDANT CANNOT PROCEED PRO SE. CASE CONTINUED UNTIL PUBLIC DEFENDER NOTIFIES OF AVAILABILITY FOR PRETRIAL. 06/20/2014 CPSAF 06/24/2014 16:15:58 |
| 06/16/2014 | 06/16/2014 | P1 | MO | STATE'S SUPPLEMENTAL RESPONSE TO REQUEST FOR DISCOVERY UNDER RULE 16, FILED. |
| 06/12/2014 | 06/12/2014 | N/A | CS | COURT REPORTER FEE |
| 06/11/2014 | 06/12/2014 | N/A | JE | TRIAL SCHEDULED FOR 06/25/2014 IS CANCELLED. FINAL PRETRIAL SET FOR 07/03/2014 AT 09:00 AM . AT THE REQUEST OF DEFENDANT. REASON FOR CONTINUANCE: DISCOVERY ONGOING/NEGOTIATIONS WITH STATE OF OHIO TRIAL SET FOR 10/06/2014 AT 09:00 AM. AT THE REQUEST OF DEFENDANT. 06/11/2014 CPLMG 06/11/2014 17:51:56 |
| 06/11/2014 | 06/11/2014 | N/A | JE | DEFENDANT'S MOTION TO CONTINUE TRIAL IS GRANTED. DEFENDANT IN COURT, WITH CERTIFIED INTERPRETER, AND STATES THAT HE CONCURS IN REQUEST TO CONTINUE TRIAL. (DEFENDANT RESPONDS IN ENGLISH.) COURT OVERRULES DEFENDANT'S MOTION TO APPOINT SECOND (FEMALE) ATTORNEY. COURT FINDS THAT DEFENDANT HAS FAILED TO DEMONSTRATE LEGITIMATE NEED FOR SECOND COUNSEL, OR THAT THERE IS ANY JUSTIFICATION TO APPOINT FEMALE ATTORNEY SPECIFICALLY, AND ALSO FINDS THAT THERE IS NO STATUTORY OR OTHER AUTHORITY FOR THE COURT TO APPOINT TWO ATTORNEYS ON A NON-HOMICIDE CASE. 06/11/2014 CPSAF 06/11/2014 15:29:11 |
| 06/09/2014 | 06/09/2014 | D1 | MO | MOTION FOR ADDITIONAL DISCOVERY, FILED. |
| 06/09/2014 | 06/09/2014 | D1 | MO | MOTION FOR A CONTINUANCE OF TRIAL SET FOR JUNE 25, 2014, FILED. |
| 06/09/2014 | 06/09/2014 | D1 | MO | MOTION FOR APPOINTMENT OF CO-COUNSEL, FILED. |
| 06/03/2014 | 06/03/2014 | D | JE | HIV RETEST ORDER. OSJ. |
| 06/03/2014 | 06/03/2014 | D1 | MO | CORRESPONDENCE, FILED. PRO-SE 0250-373 CUYAHOGA COUNTY JAIL |
| 06/02/2014 | 06/02/2014 | D1 | SH | LORAIN COUNTY SHERIFF DEPT SERVICE FEE $10.25 SS 967727 |
| 06/02/2014 | 06/02/2014 | D1 | SH | LORAIN COUNTY SHERIFF DEPT SERVICE FEE $29.74 SS 967100 |
| 06/02/2014 | 06/02/2014 | D1 | SH | LORAIN COUNTY SHERIFF DEPT SERVICE FEE $29.74 SS 967721 |
| 06/02/2014 | 06/02/2014 | D1 | SH | LORAIN COUNTY SHERIFF DEPT SERVICE FEE $10.25 SS 967103 |
| 05/27/2014 | 05/29/2014 | N/A | JE | OHIO STATE CERTIFIED COURT INTERPRETER NOTIFIED OF SCHEDULE CHANGE. TRIAL PREVIOUSLY SCHEDULED FOR 06/23/2014 AT 09:00AM IS RESCHEDULED FOR 06/25/2014 AT 09:00AM AT THE REQUEST OF STATE. 05/27/2014 CPLMG 05/28/2014 17:37:15 |
| 05/24/2014 | 05/24/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 967727, IN THE AMOUNT OF $6.00. |
| 05/24/2014 | 05/24/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 967721, IN THE AMOUNT OF $6.00. |
| 05/24/2014 | 05/24/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 967719, IN THE AMOUNT OF $6.00. |
| 05/24/2014 | 05/24/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 967718, IN THE AMOUNT OF $6.00. |

Case: 1:17-cv-00949-SL  Doc #: 9-1  Filed:  09/22/17  403 of 411.  PageID #: 496

| | | | | |
|---|---|---|---|---|
| 05/22/2014 | 05/22/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 05/22/2014 | 05/22/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 05/22/2014 | 05/22/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 05/22/2014 | 05/22/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 05/22/2014 | 05/22/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 05/22/2014 | 05/22/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 05/22/2014 | 05/22/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 05/22/2014 | 05/22/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 05/22/2014 | 05/22/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 05/22/2014 | 05/22/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 05/22/2014 | 05/22/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 05/22/2014 | 05/22/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 05/19/2014 | 05/19/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 05/19/2014 | 05/19/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 05/19/2014 | 05/19/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 05/19/2014 | 05/19/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 05/19/2014 | 05/19/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 05/19/2014 | 05/19/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 05/19/2014 | 05/19/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 05/19/2014 | 05/19/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 05/19/2014 | 05/19/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 05/19/2014 | 05/19/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 05/19/2014 | 05/19/2014 | N/A | SB | SUBPOENA CLERK'S FEE |
| 05/19/2014 | 05/19/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 967101, IN THE AMOUNT OF $6.00. |
| 05/19/2014 | 05/19/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 967099, IN THE AMOUNT OF $6.00. |
| 05/19/2014 | 05/19/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 967098, IN THE AMOUNT OF $6.00. |
| 05/19/2014 | 05/19/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 967097, IN THE AMOUNT OF $6.00. |
| 05/19/2014 | 05/19/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 967096, IN THE AMOUNT OF $6.00. |
| 05/19/2014 | 05/19/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 967095, IN THE AMOUNT OF $6.00. |
| 05/19/2014 | 05/19/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 967093, IN THE AMOUNT OF $6.00. |
| 05/19/2014 | 05/19/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 967092, IN THE AMOUNT OF $6.00. |
| 05/19/2014 | 05/19/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 967103, IN THE AMOUNT OF $6.00. |
| 05/19/2014 | 05/19/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 967102, IN THE AMOUNT OF $6.00. |
| 05/19/2014 | 05/19/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 967100, IN THE AMOUNT OF $6.00. |
| 05/19/2014 | 05/19/2014 | N/A | SB | SHERIFF SERVICE FEES FOR SUBPOENA NUMBER 967091, IN THE AMOUNT OF $6.00. |
| 05/07/2014 | 05/07/2014 | P | MO | STATE'S SUPPLEMENTAL RESPONSE TO REQUEST FOR DISCOVERY UNDER RULE 16, FILED. |
| 04/18/2014 | 04/18/2014 | P | MO | STATE'S MOTION FOR JOINDER, FILED. |
| 04/18/2014 | 04/18/2014 | N/A | CS | COURT REPORTER FEE |
| 04/17/2014 | 04/22/2014 | N/A | JE | DEFENDANT IN COURT. COUNSEL J CHARLES RUIZ-BUENO PRESENT. PROSECUTOR(S) RONNIE DUCOFF PRESENT. |

Cuyahoga County Clerk of Courts - Case Docket                    Page 12 of 13

| | | | | |
|---|---|---|---|---|
| | | | | COURT REPORTER JULIE ADAMS PRESENT. STATE CERTIFIED INTERPRETER JOHN SHAKLEE PRESENT. TRIAL REMAINS SET FOR 06/23/2014 AT 09:00 AM. AT THE REQUEST OF DEFENDANT. 04/17/2014 CPLMG 04/17/2014 16:34:36 |
| 03/31/2014 | 03/31/2014 | N/A | JE | FINAL PRETRIAL HELD 03/31/2014. FINAL PRETRIAL SET FOR 04/17/2014 AT 09:00 AM . AT THE REQUEST OF DEFENDANT. REASON FOR CONTINUANCE: DISCOVERY ONGOING/NEGOTIATIONS WITH STATE OF OHIO TRIAL PREVIOUSLY SCHEDULED FOR 06/09/2014 AT 09:00AM IS RESCHEDULED FOR 06/23/2014 AT 09:00AM AT THE REQUEST OF COURT. STATE OF OHIO CERTIFIED COURT INTERPRETER JOHN SHAKLEE NOTIFIED OF FINAL PRETRIAL AND TRIAL DATES. 03/31/2014 CPLMG 03/31/2014 15:12:21 |
| 03/28/2014 | 03/28/2014 | P | MO | MOTION FOR SUPPLEMENTAL DISCOVERY, FILED. |
| 03/18/2014 | 03/19/2014 | N/A | JE | JOHN P. SHAKLEE IS APPOINTED INTERPRETER. 03/18/2014 CPLMG 03/18/2014 14:16:03 |
| 03/12/2014 | 03/12/2014 | N/A | JE | NUNC PRO TUNC ENTRY AS OF AND FOR 03/05/2014. PRETRIAL HELD 03/05/2014. FINAL PRETRIAL SET FOR 03/31/2014 AT 09:00 AM . AT THE REQUEST OF DEFENDANT. REASON FOR CONTINUANCE: DISCOVERY ONGOING/NEGOTIATIONS WITH STATE OF OHIO 03/12/2014 CPLMG 03/12/2014 14:05:21 |
| 02/24/2014 | 02/24/2014 | N/A | CS | COURT REPORTER FEE |
| 02/20/2014 | 02/21/2014 | N/A | JE | DEFENDANT IN COURT. DEFENDANT INDIGENT; ATTORNEY J CHARLES RUIZ-BUENO ASSIGNED AND PRESENT. PROSECUTOR(S) RONNIE DUCOFF PRESENT. COURT REPORTER MARY JEAN COOLEY PRESENT. OHIO STATE CERTIFIED SPANISH INTERPRETER JOHN P. SHAKLEE PRESENT. PRETRIAL HELD 02/20/2014. PRETRIAL SET FOR 03/05/2014 AT 09:00 AM. AT THE REQUEST OF DEFENDANT. REASON FOR CONTINUANCE: DISCOVERY ONGOING/NEGOTIATIONS WITH STATE OF OHIO TRIAL SET FOR 06/09/2014 AT 09:00 AM. AT THE REQUEST OF DEFENDANT. 02/20/2014 CPLMG 02/20/2014 16:32:22 |
| 02/11/2014 | 02/11/2014 | P | MO | DEMAND FOR DISCOVERY BY THE STATE OF OHIO, FILED. |
| 02/11/2014 | 02/11/2014 | P | MO | DEMAND FOR DISCOVERY BY THE STATE OF OHIO, FILED. |
| 02/11/2014 | 02/11/2014 | P | MO | DEMAND FOR DISCOVERY BY THE STATE OF OHIO, FILED. |
| 02/11/2014 | 02/11/2014 | P | MO | DEMAND FOR DISCOVERY BY THE STATE OF OHIO, FILED. |
| 02/11/2014 | 02/11/2014 | P | MO | DEMAND FOR DISCOVERY BY THE STATE OF OHIO, FILED. |
| 02/11/2014 | 02/11/2014 | P | MO | DEMAND FOR DISCOVERY BY THE STATE OF OHIO, FILED. |
| 02/11/2014 | 02/11/2014 | P | MO | DEMAND FOR DISCOVERY BY THE STATE OF OHIO, FILED. |
| 02/11/2014 | 02/11/2014 | P | MO | STATE'S RESPONSE TO DEFENDANT'S REQUEST FOR DISCOVERY UNDER RULE 16, FILED. |
| 02/11/2014 | 02/11/2014 | P | MO | STATE'S BILL OF PARTICULARS, FILED. |
| 02/06/2014 | 02/07/2014 | N/A | JE | PRETRIAL HELD 02/06/2014. PRETRIAL SET FOR 02/20/2014 AT 09:00 AM. AT THE REQUEST OF DEFENDANT. REASON FOR CONTINUANCE: DISCOVERY ONGOING/NEGOTIATIONS WITH STATE OF OHIO INTERPRETER ANA GALLARDO NOTIFIED OF 02/20/2014 PRETRIAL. 02/06/2014 CPLMG 02/06/2014 16:45:30 |
| 01/30/2014 | 02/03/2014 | N/A | JE | PRETRIAL SET FOR 02/06/2014 AT 01:30 PM. AT THE REQUEST OF DEFENDANT. REASON FOR CONTINUANCE: DISCOVERY ONGOING/NEGOTIATIONS WITH STATE OF OHIO/NEW CASE AND NEW APPOINTED COUNSEL 01/30/2014 CPLMG 01/30/2014 16:46:57 |
| 01/17/2014 | 01/21/2014 | N/A | JE | FIRST PRETRIAL SET FOR 01/21/2014 AT 09:00 AM. 01/17/2014 CPLMG 01/17/2014 16:25:50 |

Cuyahoga County Clerk of Courts - Case Docket                    Page 13 of 13

| | | | | |
|---|---|---|---|---|
| 01/14/2014 | 01/14/2014 | D1 | MO | MOTION/PETITION REQUEST REINSTATEMENT OF PRELIMINARY HEARING, FILED. PRO-SE 0-250-373 CUYAHOGA COUNTY JAIL |
| 01/14/2014 | 01/14/2014 | D1 | MO | MOTION FOR DISCOVERY BY THE DEFENSE, FILED. |
| 01/14/2014 | 01/14/2014 | D1 | MO | MOTION FOR BILL OF PARTICULARS, FILED. |
| 01/14/2014 | 01/14/2014 | N/A | CS | COURT REPORTER FEE |
| 01/09/2014 | 01/09/2014 | D | JE | HIV TEST ORDER. OSJ. |
| 01/09/2014 | 01/09/2014 | N/A | CS | PRISONER IN COURT |
| 01/09/2014 | 01/09/2014 | N/A | JE | DEFENDANT DECLARED INDIGENT. COURT ASSIGNED RUIZ-BUENO, J CHARLES AS COUNSEL. READING OF INDICTMENT WAIVED. TWENTY-FOUR HOUR SERVICE WAIVED. DEFENDANT PLEAD NOT GUILTY TO INDICTMENT. BOND SET AT 250,000.00 DOLLARS. BOND TYPE: CASH/SURETY/PROP.. BOND CONDITIONS: NO CONTACT WITH VICTIM. JUDGE FRIEDMAN, STUART A (091) ASSIGNED (MANUALLY). HIV ORDER THE DEFENDANT NOEL CEDENO , HAVING BEEN CHARGED WITH AND ARRAIGNED UPON VIOLATION(S) OF 2907.02 OR 2907.03 OR 2907.04 OF THE OHIO REVISED CODE, IS ORDERED TO SUBMIT TO MEDICAL TESTS AS REQUIRED BY 2907.27 (B). THE SHERIFF OF CUYAHOGA COUNT SHALL TAKE THE NECESSARY STEPS TO CAUSE THE DEFENDANT TO BE EXAMINED BY A PHYSICIAN WHO SHALL PERFORM OR ORDER THE PERFORMANCE OF ONE OR MORE TESTS TO DETERMINE IF THE DEFENDANT IS A CARRIER OF THE VIRUS THAT CAUSES ACQUIRED IMMUNODEFICIENCY SYNDROME (AIDS). SUCH STEPS SHALL INCLUDE THE DETENTION OF THE DEFENDANT IN CUSTODY FOR A REASONABLE PERIOD TO HAVE THE AIDS TESTS PERFORMED. THE RESULTS OF ANY TESTS ARE TO BE COMMUNICATED IN THE STRICTEST CONFIDENCE TO THE COURT ADMINISTRATOR'S OFFICE WHO SHALL IMMEDIATELY NOTIFY THE ASSIGNED JUDGE BY FORWARDING A COPY OF THE SAID RESULTS ASSIGNED JUDGE: FRIEDMAN, STUART A COURT APPOINTS JULIA TORRES FROM NIKKI BROWN'S OFFICE AS INTERPRETER FOR ARRAIGNMENT PURPOSES. |
| 01/06/2014 | 01/06/2014 | N/A | SH | SHERIFF SERVICE OF INDICTMENT |
| 01/06/2014 | 01/06/2014 | N/A | GP | ARRAIGNMENT SCHEDULED FOR 01/09/2014. |
| 01/06/2014 | 01/06/2014 | N/A | CR | INDICTED ORIGINAL ON 01/06/2014 |
| 01/06/2014 | 01/06/2014 | N/A | SF | LEGAL RESEARCH |
| 01/06/2014 | 01/06/2014 | N/A | SF | COURT SPECIAL PROJECTS FUND |
| 01/06/2014 | 01/06/2014 | N/A | SF | CRIME STOPPERS |
| 01/06/2014 | 01/06/2014 | N/A | SF | COMPUTER FEE |
| 01/06/2014 | 01/06/2014 | N/A | SF | CLERK FEE |
| 12/11/2013 | 12/11/2013 | N/A | CR | CIF ENTERED |
| 01/01/2009 | 12/11/2013 | N/A | CR | DATE OF OFFENSE 01/01/2009 |

Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.

For questions/comments please click here.

Copyright © 2017 PROWARE. All Rights Reserved. 1.1.170

Cuyahoga County Clerk of Courts - Case Docket

Page 1 of 3

Print

# CASE INFORMATION

## CA-14-102327 STATE OF OHIO vs. NOEL CEDENO

### Docket Information

| Filing Date | Side | Type | Description | Image |
|---|---|---|---|---|
| 02/03/2017 | E1 | SR | JUDGMENT ENTRY(31367313) SENT BY EMAIL. TO: MARY M. DYCZEK MDYCZEK@PROSECUTOR.CUYAHOGACOUNTY.US | |
| 02/03/2017 | A1 | SR | JUDGMENT ENTRY(31367312) SENT BY EMAIL. TO: JEFFREY GAMSO PD_E-NOTICE@CUYAHOGACOUNTY.US | |
| 02/03/2017 | A1 | SR | JUDGMENT ENTRY(31367311) SENT BY EMAIL. TO: JEFFREY GAMSO JGAMSO@CUYAHOGACOUNTY.US | |
| 02/03/2017 | N/A | JE | Application by appellant, pro se, for delayed 26(B) reopening is denied. See journal entry and opinion of same date. Notice issued. | 📄 |
| 11/17/2016 | E1 | MO | MOTION BY E1 STATE OF OHIOMOTION BY MARY M. DYCZEK 0088053... APPELLEE'S MEMORANDUM IN OPPOSITION TO APPELLANT'S DELAYED 26(B) APPLICATION FOR REOPENING | 📄 |
| 10/19/2016 | N/A | SF | COPY OF APPELLANT'S, PRO SE, DELAYED 26(B) APPLICATION FOR REOPENING, SEND TO THE PROSECUTOR'S OFFICE. | |
| 10/18/2016 | A1 | MO | APPELLANT'S, PRO SE, DELAYED 26(B) APPLICATION FOR REOPENING. | |
| 06/02/2016 | N/A | JE | UPON JURISDICTION OF THE JURISDICTIONAL MEMORANDA FILED IN THIS CASE, THE COURT DECLINES TO ACCEPT JURISDICTION OF THE APPEAL PURSUANT TO S.CT.PRAC.R. 7.08(B)(4). | 📄 |
| 02/18/2016 | N/A | JE | Motion by appellant, pro se, to waive costs and jury fees is denied as moot. See entry 493682. Notice issued. | 📄 |
| 02/18/2016 | N/A | JE | Motion by appellant, pro se, to waive costs and jury fees is denied. Only the filing fees are waived. Notice issued. | 📄 |
| 02/16/2016 | A1 | MO | MOTION BY APPELLANT, PRO SE, FOR 2947.23 JUDGMENT FOR COSTS AND JURY FEES. | 📄 |
| 02/09/2016 | A1 | EV | NOTICE OF APPEAL TO THE OHIO SUPREME COURT FILED BY APPELLANT ON FEBRUARY 04, 2016. OHIO SUPREME COURT CASE NUMBER 2016-0170. | 📄 |
| 01/22/2016 | N/A | CS | COURT COST ASSESSED NOEL CEDENO BILL AMOUNT 157 PAID AMOUNT 0 AMOUNT DUE 157 | |
| 12/24/2015 | E1 | SR | JUDGMENT ENTRY (27890136) SENT BY EMAIL. TO: OWEN M PATTON CCPOINTAKE@PROSECUTOR.CUYAHOGACOUNTY.US | |
| 12/24/2015 | A1 | SR | JUDGMENT ENTRY (27890135) SENT BY EMAIL. TO: JEFFREY GAMSO PD_E-NOTICE@CUYAHOGACOUNTY.US | |
| 12/24/2015 | A1 | SR | JUDGMENT ENTRY (27890134) SENT BY EMAIL. TO: JEFFREY GAMSO JGAMSO@CUYAHOGACOUNTY.US | |
| 12/24/2015 | N/A | BL | Affirmed.> Kathleen Ann Keough, P.J., Eileen T. Gallagher, J., and Melody J. Stewart, J., concur. Notice issued. | |
| 12/24/2015 | N/A | JE | Affirmed.> Kathleen Ann Keough, P.J., Eileen T. Gallagher, J., and Melody J. Stewart, J., concur. Notice issued. | 📄 |
| 08/25/2015 | N/A | EV | This case is set for oral argument on Tuesday, October 6, 2015, 10:30 am, in Courtroom No. 3 before: EILEEN T. GALLAGHER, EILEEN A. GALLAGHER, and MELODY J. STEWART. Parties wishing to waive oral argument must comply with Loc.App.R.21. | |
| 06/22/2015 | E1 | EV | APPELLEE'S BRIEF FILED. | 📄 |
| 05/19/2015 | N/A | JE | Motion by Appellee to extend time to file answer brief is granted to June 22, 2015. No further extension absent exigent circumstances. Notice issued. | 📄 |

EXHIBIT
57

9/1/2017

Cuyahoga County Clerk of Courts - Case Docket                                    Page 2 of 3

| 05/18/2015 | E1 | MO | MOTION FOR... EXTENSION OF TIME TO FILE BRIEF OF APPELLEE 01/05/2016 - UNKNOWN |
| 05/04/2015 | A1 | SR | JUDGMENT ENTRY(26033437) SENT BY REGULAR MAIL SERVICE. TO: JEFFREY GAMSO ASSISTANT PUBLIC DEFENDER 310 LAKESIDE AVE.,STE 200 CLEVELAND, OH 44113-0000 |
| 05/01/2015 | E1 | SR | JUDGMENT ENTRY(26033436) SENT BY CLERK ISSUED VIA HAND DELIVERY. TO: TIMOTHY J MCGINTY JUSTICE CENTER, 9TH FLOOR 1200 ONTARIO STREET CLEVELAND, OH 44113-0000 |
| 04/29/2015 | A1 | EV | APPELLANT'S BRIEF FILED. |
| 04/27/2015 | A1 | SR | JUDGMENT ENTRY(25977483) SENT BY REGULAR MAIL SERVICE. TO: JEFFREY GAMSO ASSISTANT PUBLIC DEFENDER 310 LAKESIDE AVE.,STE 200 CLEVELAND, OH 44113-0000 |
| 04/24/2015 | E1 | SR | JUDGMENT ENTRY(25977482) SENT BY CLERK ISSUED VIA HAND DELIVERY. TO: TIMOTHY J MCGINTY JUSTICE CENTER, 9TH FLOOR 1200 ONTARIO STREET CLEVELAND, OH 44113-0000 |
| 04/22/2015 | N/A | JE | Second motion by Appellant to extend time to file assignments of error and brief is granted to April 28, 2015. No further extension will be considered. Notice issued. |
| 04/21/2015 | A1 | MO | MOTION FOR... SECOND MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S BRIEF AND ASSIGNMENTS OF ERROR 01/05/2016 - UNKNOWN |
| 03/30/2015 | A1 | SR | JUDGMENT ENTRY(25715541) SENT BY REGULAR MAIL SERVICE. TO: JEFFREY GAMSO ASSISTANT PUBLIC DEFENDER 310 LAKESIDE AVE.,STE 200 CLEVELAND, OH 44113-0000 |
| 03/30/2015 | E1 | SR | JUDGMENT ENTRY(25715540) SENT BY REGULAR MAIL SERVICE. TO: TIMOTHY J MCGINTY JUSTICE CENTER, 9TH FLOOR 1200 ONTARIO STREET CLEVELAND, OH 44113-0000 |
| 03/23/2015 | N/A | JE | Motion by Appellant to extend time to file assignments of error and brief is granted to April 20, 2015. No further extension absent exigent circumstances. Notice issued. |
| 03/19/2015 | A1 | MO | MOTION FOR... AN EXTENSION OF TIME TO FILE APPELLANT'S BRIEF AND ASSIGNMENT OF ERRORS 01/05/2016 - UNKNOWN |
| 02/23/2015 | A1 | EV | TRANSCRIPT OF PROCEEDINGS FILED BY APPELLANT. 5 VOLS ON SH 12. |
| 02/23/2015 | N/A | NT | Record on appeal filed and notice issued to all parties. |
| 01/28/2015 | N/A | JE | Motion by appellant to consolidate appeal numbers 102327 and 102328 is granted for record, briefing, hearing, and disposition. The record is due February 20, 2015. Notice issued. |
| 01/27/2015 | A1 | NT | NOTICE OF... NOTICE OF APPEARANCE |
| 01/21/2015 | N/A | JE | Motion by Appellant to extend time to file the record is granted to February 20, 2015. No further extension absent exigent circumstances. Notice issued. |
| 01/20/2015 | A1 | EV | ORIGINAL PAPERS FILED BY TRIAL COURT. |
| 01/20/2015 | A1 | MO | MOTION FOR... AN EXTENSION OF TIME TO FILE RECORD ON APPEAL 01/05/2016 - UNKNOWN |
| 12/10/2014 | A1 | EV | NOTICE OF APPEAL FILED FROM COMMON PLEAS CRIMINAL BRANCH COURT , CASE # CR-580862 WITH JOURNAL ENTRY, PRAECIPE,DOCKETING STATEMENT AND DOCKET SHEET. |
| 12/10/2014 | A1 | SF | LEGAL RESEARCH |
| 12/10/2014 | A1 | SF | COMPUTER FEE |
| 12/10/2014 | A1 | SF | CLERK'S FEE |
| 12/10/2014 | A1 | SF | COURT OF APPEALS SPECIAL PROJECTS |
| 12/10/2014 | A1 | SF | LEGAL NEWS |
| 12/10/2014 | A1 | AF | POVERTY AFFIDAVIT, FILED |
| 12/10/2014 | N/A | SF | CASE INITIATED: NOTICE OF APPEAL |

Case: 1:17-cv-00949-SL  Doc #: 9-1  Filed:  09/22/17  408 of 411.  PageID #: 501

Cuyahoga County Clerk of Courts - Case Docket                    Page 3 of 3

Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should
be relied upon as accurate and current.
For questions/comments please click here.
Copyright © 2017 PROWARE. All Rights Reserved. 1.1.170

Cuyahoga County Clerk of Courts - Case Docket                    Page 1 of 2

Print

# CASE INFORMATION

## CA-14-102328 STATE OF OHIO vs. NOEL CEDENO

### Docket Information

| Filing Date | Side | Type | Description | Image |
|---|---|---|---|---|
| 02/03/2017 | E1 | SR | JUDGMENT ENTRY(31367318) SENT BY EMAIL. TO: MARY M. DYCZEK MDYCZEK@PROSECUTOR.CUYAHOGACOUNTY.US | |
| 02/03/2017 | A1 | SR | JUDGMENT ENTRY(31367317) SENT BY EMAIL. TO: JEFFREY GAMSO PD_E-NOTICE@CUYAHOGACOUNTY.US | |
| 02/03/2017 | A1 | SR | JUDGMENT ENTRY(31367316) SENT BY EMAIL. TO: JEFFREY GAMSO JGAMSO@CUYAHOGACOUNTY.US | |
| 02/03/2017 | N/A | JE | Application by appellant, pro se, for delayed 26(B) reopening is denied. See journal entry and opinion of same date. Notice issued. | 🗎 |
| 11/17/2016 | E1 | MO | MOTION BY E1 STATE OF OHIOMOTION BY MARY M. DYCZEK 0088053... APPELLEE'S MEMORANDUM IN OPPOSITION TO APPELLANT'S DELAYED 26(B) APPLICATION FOR REOPENING | 🗎 |
| 10/19/2016 | N/A | SF | COPY OF APPELLANT'S, PRO SE, DELAYED 26(B) APPLICATION FOR REOPENING, SEND TO THE PROSECUTOR'S OFFICE. | |
| 10/18/2016 | A1 | MO | APPELLANT'S, PRO SE, DELAYED 26(B) APPLICATION FOR REOPENING. | |
| 06/02/2016 | N/A | JE | UPON JURISDICTION OF THE JURISDICTIONAL MEMORANDA FILED IN THIS CASE, THE COURT DECLINES TO ACCEPT JURISDICTION OF THE APPEAL PURSUANT TO S.CT.PRAC.R. 7.08(B)(4). | 🗎 |
| 02/18/2016 | N/A | JE | Motion by appellant, pro se, to waive costs and jury fees is denied as moot. See entry 493682. Notice issued. | |
| 02/18/2016 | N/A | JE | Motion by appellant, pro se, to waive costs and jury fees is denied. Only the filing fees are waived. Notice issued. | |
| 02/17/2016 | A1 | MO | MOTION BY APPELLANT, PRO SE, FOR 2947.23 JUDGMENT FOR COSTS AND JURY FEES. | 🗎 |
| 02/09/2016 | A1 | EV | NOTICE OF APPEAL TO THE OHIO SUPREME COURT FILED BY APPELLANT ON FEBRUARY 04, 2016. OHIO SUPREME COURT CASE NUMBER 2016-0170. | 🗎 |
| 01/22/2016 | N/A | CS | COURT COST ASSESSED NOEL CEDENO BILL AMOUNT 157 PAID AMOUNT 0 AMOUNT DUE 157 | |
| 12/24/2015 | E1 | SR | JUDGMENT ENTRY (27890144) SENT BY EMAIL. TO: OWEN M PATTON CCPOINTAKE@PROSECUTOR.CUYAHOGACOUNTY.US | |
| 12/24/2015 | A1 | SR | JUDGMENT ENTRY (27890143) SENT BY EMAIL. TO: JEFFREY GAMSO PD_E-NOTICE@CUYAHOGACOUNTY.US | |
| 12/24/2015 | A1 | SR | JUDGMENT ENTRY (27890142) SENT BY EMAIL. TO: JEFFREY GAMSO JGAMSO@CUYAHOGACOUNTY.US | |
| 12/24/2015 | N/A | BL | Affirmed.> Kathleen Ann Keough, P.J., Eileen T. Gallagher, J., and Melody J. Stewart, J., concur. Notice issued. | |
| 12/24/2015 | N/A | JE | Affirmed.> Kathleen Ann Keough, P.J., Eileen T. Gallagher, J., and Melody J. Stewart, J., concur. Notice issued. | 🗎 |
| 08/25/2015 | N/A | EV | This case is set for oral argument on Tuesday, October 6, 2015, 10:30 am, in Courtroom No. 3 before: EILEEN T. GALLAGHER, EILEEN A. GALLAGHER, and MELODY J. STEWART. Parties wishing to waive oral argument must comply with Loc.App.R.21. | |
| 06/22/2015 | E1 | EV | APPELLEE'S BRIEF FILED. | 🗎 |
| 05/19/2015 | N/A | JE | Motion by Appellee to extend time to file answer brief is granted to June 22, 2015. No further extension absent exigent circumstances. Notice issued. | 🗎 |

EXHIBIT

SP

Cuyahoga County Clerk of Courts - Case Docket                                          Page 2 of 2

| 05/18/2015 | E1 | MO | MOTION FOR... EXTENSION OF TIME TO FILE BRIEF OF APPELLEE 01/05/2016 - UNKNOWN |
| 05/04/2015 | A1 | SR | JUDGMENT ENTRY(26033423) SENT BY REGULAR MAIL SERVICE. TO: JEFFREY GAMSO ASSISTANT PUBLIC DEFENDER 310 LAKESIDE AVE.,STE 200 CLEVELAND, OH 44113-0000 |
| 05/01/2015 | E1 | SR | JUDGMENT ENTRY(26033422) SENT BY CLERK ISSUED VIA HAND DELIVERY. TO: TIMOTHY J MCGINTY JUSTICE CENTER, 9TH FLOOR 1200 ONTARIO STREET CLEVELAND, OH 44113-0000 |
| 04/29/2015 | A1 | EV | APPELLANT'S BRIEF FILED. |
| 04/27/2015 | A1 | SR | JUDGMENT ENTRY(25977479) SENT BY REGULAR MAIL SERVICE. TO: JEFFREY GAMSO ASSISTANT PUBLIC DEFENDER 310 LAKESIDE AVE.,STE 200 CLEVELAND, OH 44113-0000 |
| 04/24/2015 | E1 | SR | JUDGMENT ENTRY(25977478) SENT BY CLERK ISSUED VIA HAND DELIVERY. TO: TIMOTHY J MCGINTY JUSTICE CENTER, 9TH FLOOR 1200 ONTARIO STREET CLEVELAND, OH 44113-0000 |
| 04/22/2015 | N/A | JE | Second motion by Appellant to extend time to file assignments of error and brief is granted to April 28, 2015. No further extension will be considered. Notice issued. |
| 04/21/2015 | A1 | MO | MOTION FOR... SECONED MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S BRIEF AND ASSIGNMENTS OF ERROR 01/05/2016 - UNKNOWN |
| 03/30/2015 | A1 | SR | JUDGMENT ENTRY(25715543) SENT BY REGULAR MAIL SERVICE. TO: JEFFREY GAMSO ASSISTANT PUBLIC DEFENDER 310 LAKESIDE AVE.,STE 200 CLEVELAND, OH 44113-0000 |
| 03/30/2015 | E1 | SR | JUDGMENT ENTRY(25715542) SENT BY REGULAR MAIL SERVICE. TO: TIMOTHY J MCGINTY JUSTICE CENTER, 9TH FLOOR 1200 ONTARIO STREET CLEVELAND, OH 44113-0000 |
| 03/23/2015 | N/A | JE | Motion by Appellant to extend time to file assignments of error and brief is granted to April 20, 2015. No further extension absent exigent circumstances. Notice issued. |
| 02/23/2015 | N/A | NT | Record on appeal filed and notice issued to all parties. |
| 01/28/2015 | N/A | JE | Motion by appellant to consolidate appeal numbers 102328 and 102327 is granted for record, briefing, hearing, and disposition. The record is due February 20, 2015. Notice issued. |
| 01/27/2015 | A1 | NT | NOTICE OF... NOTICE OF APPEARANCE |
| 01/21/2015 | N/A | JE | Motion by Appellant to extend time to file the record is granted to February 20, 2015. No further extension absent exigent circumstances. Notice issued. |
| 01/20/2015 | A1 | EV | ORIGINAL PAPERS FILED BY TRIAL COURT. |
| 01/20/2015 | A1 | MO | MOTION FOR... EXTENSION OF TIME TO FILE RECORD ON APPEAL 01/05/2016 - UNKNOWN |
| 12/10/2014 | A1 | EV | NOTICE OF APPEAL FILED FROM COMMON PLEAS CRIMINAL BRANCH COURT , CASE # CR 564978 WITH JOURNAL ENTRY, PRAECIPE,DOCKETING STATEMENT AND DOCKET SHEET. |
| 12/10/2014 | A1 | SF | LEGAL RESEARCH |
| 12/10/2014 | A1 | SF | COMPUTER FEE |
| 12/10/2014 | A1 | SF | CLERK'S FEE |
| 12/10/2014 | A1 | SF | COURT OF APPEALS SPECIAL PROJECTS |
| 12/10/2014 | A1 | SF | LEGAL NEWS |
| 12/10/2014 | A1 | AF | POVERTY AFFIDAVIT, FILED |
| 12/10/2014 | N/A | SF | CASE INITIATED: NOTICE OF APPEAL |

Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.
For questions/comments please click here.
Copyright © 2017 PROWARE. All Rights Reserved. 1.1.170

# THE SUPREME COURT OF OHIO
## CASE DOCKET

State of Ohio v. Noel Cedeno

**Case Information**

| | | |
|---|---|---|
| **Number** | 2016-0170 | |
| **Type** | Jurisdictional Appeal | |
| **Date Filed** | 02/04/2016 | |
| **Status** | Disposed | |
| | | |
| **Prior Jurisdiction** | Cuyahoga County, 8th District Court of Appeals | |
| **Prior Decision Date** | 12/24/2015 | |
| **Prior Case Numbers** | 102327, 102328 | |

**Parties**

Noel Cedeno; Appellant
*Represented by:*
   Gamso, Jeffrey Michael (43869), Counsel of Record
   Tobik, Robert Lynn (29286)

State of Ohio; Appellee
*Represented by:*
   Ochocki, Gregory Joseph (63383), Counsel of Record
   McGinty, Timothy John (24626)

**Docket**

| Date Filed | Description | Filed By |
|---|---|---|
| 02/04/2016 | Notice of appeal of Noel Cedeno | Appellar |
| 02/04/2016 | Memorandum in support of jurisdiction | Appellar |
| 02/04/2016 | Lower court decision | Appellar |
| 02/04/2016 | Copy of entry of appointment of counsel | Appellar |
| 02/05/2016 | Copy of notice of appeal sent to clerk of court of appeals | |
| 03/07/2016 | Memorandum in response to jurisdiction | Appellee |
| 05/04/2016 | **DECISION: Jurisdiction declined. See announcement at 2016-Ohio-2807 (https://supremecourt.ohio.gov/rod/docs/pdf/0/2016/2016-ohio-2807.pdf).** | DISPOSI |
| 05/23/2016 | Copy of entry sent to clerk | |

End of Docket

‹

EXHIBIT

59