# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| NOEL CEDENO, | ) | CASE NO. 1:17CV949 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| DAVID W. GRAY, Warden, | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the Report and Recommendation of Magistrate Judge Kathleen B. Burke (Doc. No. 14 ["R&R"]) recommending dismissal in part and denial in part of this petition for writ of habeas corpus filed under 28 U.S.C. § 2254. *Pro se* petitioner Noel Cedeno ("Cedeno") filed objections to the R&R. (Doc. No. 15 ["Obj."].)

In accordance with 28 U.S.C. § 636(b)(1) and *United States v. Curtis*, 237 F.3d 598, 602–03 (6th Cir. 2001), this Court has made a de novo determination of the magistrate judge's R&R. For the reasons stated below, the Court overrules Cedeno's objections, adopts the R&R in its entirety, and dismisses in part and denies in part Cedeno's petition for a writ of habeas corpus.

## I.  BACKGROUND

On May 4, 2017, Cedeno filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1 ["Pet."].) Cedeno seeks relief from the sentence issued by the state trial court following a bench trial of two consolidated criminal cases in which the court found Cedeno guilty of multiple state law sexually motivated crimes against children, including rape

and kidnapping, with sexually violent predator specifications. In each case, Cedeno received a term of imprisonment of life without the possibility of parole, the second issued sentence to be served consecutive to the first. *See State v. Cedeno*, Nos. 102327, 102328, 2015 WL 9460555, at *1 (Ohio Ct. App. Dec. 24, 2015); (*see* R&R at 1475–76[1].) The magistrate judge summarized Cedeno's efforts to appeal his convictions in the state courts, and while Cedeno challenges the legal significance of certain procedural maneuvers and the reasons he did or did not pursue certain avenues for relief, he does not suggest that the magistrate judge erred factually in her recitation of the procedural history. Accordingly, the Court accepts the magistrate's summary, as if rewritten herein. (*See id.* at 1476–81.)

Cedeno raised four grounds for review in his habeas petition. In the R&R, the magistrate judge recommended that two of the claims be dismissed on the basis that they were procedurally defaulted and that there was no excuse for the default. (*Id.* at 1497–1501.) She also found that one claim—relating to Cedeno's right to allocution—was not cognizable on federal habeas review. (*Id.* at 1497.) The magistrate judge reached the merits of the first claim—relating to the right to self-representation under the Sixth Amendment—but found that the state appellate court's disposition of that claim was neither contrary to or involved an unreasonable application of Supreme Court precedent, nor was based on an unreasonable determination of the facts. (*Id.* at 1486–97.) Cedeno filed timely objections to the R&R.

**II. STANDARD OF REVIEW**

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

objection is made." *See Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party.") (citations omitted). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); L.R. 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections"). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When undertaking its de novo review of any objections to the R&R, this Court must be additionally mindful of the standard of review applicable in the context of habeas corpus. "Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, a federal court may grant habeas relief only when a state court's decision on the merits was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by' decisions from [the Supreme] Court, or was 'based on an unreasonable determination of the facts.' 28 U.S.C. § 2254(d)." *Woods v. Donald*, -- U.S.--, 135 S. Ct. 1372, 1376, 191 L. Ed. 2d 464 (2015) (per curiam). This standard is "intentionally difficult to meet." *Id*. (internal quotation

marks and citations omitted). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2001)).

### III. CEDENO'S OBJECTIONS

Cedeno raises a number of general objections to the recommendations contained within the R&R, challenging the magistrate judge's recommended disposition "on all grounds presented in the petition." (Obj. at 1506; *see, e.g., id.* [objecting generally to the magistrate judge's review on the merits of Cedeno's first ground for relief noting, "No overt objection, but an objection is raised"]). Such general objections are improper. Failure to present specific arguments is fatal at this junction, where objections must be specific in order to obtain de novo review and avoid waiver on appeal. *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (the purpose of objections "is to provide the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately[,]" as well as "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute") (quotation marks and citations omitted). To the extent that Cedeno's objections simply represent his general disagreement with the magistrate judge's suggested resolution of the petition, or involve the rehashing of arguments raised in his traverse, the objections are OVERRULED.

#### A. First Ground—Right to Self-Representation

The magistrate judge reached the merits of Cedeno's first ground alleging a deprivation of the Sixth Amendment right to self-representation, finding that the state appellate court's ruling

4

denying this claim on direct appeal was neither contrary to or involved an unreasonable application of clearly established federal law, nor was based on an unreasonable determination of the facts. (R&R at 1486–97.) Cedeno raises three objections to this recommended finding. First, relying on *United States v. Williams*, 641 F.3d 758, 766–67 (6th Cir. 2011), Cedeno once again argues that the trial court erred by not asking a particular set of questions when inquiring into his asserted interest in self-representation. (Obj. at 1507.) The magistrate judge found that the Sixth Circuit's decision in *Williams* is not binding on state courts, and Cedeno cites to no authority suggesting that the contrary is true. Further, while Cedeno disagrees with the state appellate court's determination that he was engaging in obstructionist behavior, he does not deny that he engaged in the conduct the state appellate court relied upon to support the trial court's decision to require Cedeno to proceed with counsel.[2]

Second, Cedeno questions the magistrate judge's rejection of his argument that the trial court could have "insisted" that he be assigned standby counsel. (Obj. at 1507.) Specifically, he complains that the magistrate judge relied on a *pro se* motion Cedeno made at trial. (*Id.*) In his objection, Cedeno explains that by this *pro se* motion he was merely trying to make clear that he "wanted to unequivocally represent himself and to speak exclusively on his own behalf and without intervention of standby attorney, who could undermine his ability to proceed as he sees fit to defend himself against [the] indictment." (*Id.*) Based upon this representation, and the

---

[2] In *Williams*, the Sixth Circuit held that, "[w]hen an accused wishes to represent himself, the district court must ask the defendant a series of question drawn from, or substantially similar to, the model inquiry set found in the *Bench Book for United States District Judges*." *Williams*, 641 F.3d at 766-67 (quotation marks and citation omitted). Even if this ruling reaches beyond federal district courts, it would be irrelevant to the matters at issue herein. In the present case, the trial court initially *granted* Cedeno's request to represent himself, and only required Cedeno to proceed with counsel after Cedeno engaged in disruptive and irrational behavior. *See Cedeno*, 2015 WL 9460555, at *7 (noting that Cedeno's "obstructionist behaviors, delay tactics, and deliberate manipulations prompted the trial court to terminate Cedeno's self-representation").

5

record as a whole, the magistrate judge did not err in finding that Cedeno refused standby counsel.

Third, Cedeno once again argues that he has "given this Court legitimate reasons for his actions." (Obj. at 1508.) He suggests that this Court must determine whether the state appellate court's decision was factually "incorrect." (*Id.*) But that is not the standard on habeas review. Instead, this Court must determine whether the decision represented an unreasonable determination of the facts in light of the record before the state court. 28 U.S.C. § 2254(d)(2). A state court's factual determination is not "unreasonable" for purposes of § 2254(d)(2) merely because the federal habeas court would have reached a different conclusion. *Wood v. Allen*, 558 U.S. 290, 301, 130 S. Ct. 841, 175 L. Ed. 2d 738 (2010). A state court's factual findings are "only unreasonable where they are 'rebutted by clear and convincing evidence and do not have support in the record.'" *Mortiz v. Woods*, 692 F. App'x 249, 254 (6th Cir. 2017) (quoting *Pouncy v. Palmer*, 846 F.3d 144, 158 (6th Cir. 2017) (quotation marks and citation omitted)). While Cedeno offers reasons for his objectively bizarre and irrational behavior before the trial court (as found by the state appellate court and detailed in the R&R), he has not come forward with clear and convincing evidence that would rebut the presumption that the state appellate court's determination as to these actions was reasonable. His objections as to the first ground for relief are OVERRULED, and the first ground is DENIED.

## B. Second Ground—Right of Allocution

At sentencing, the trial court curtailed Cedeno's attempt to make certain statements regarding his efforts to compel one of the victims to undergo a virginity test—an act, Cedeno alleged, violated his right under Ohio R. Crim. P. 32 to allocution. Cedeno does not challenge the

magistrate judge's determination that this ground is not cognizable on habeas review. (*See* R&R at 1497, citing *Kronenberg v. Eppinger*, No. 1:12 CV 3105, 2014 WL 1681432, at *4 (N.D. Ohio Apr. 17, 2014 ("Federal courts have consistently held that there is no federal constitutional right to allocution at sentencing.") (collecting cases)). Instead, he merely invites the Court to look past this bar and address the issue on the merits. Because the magistrate judge properly determined that the claim did not present constitutional errors cognizable on habeas review, Cedeno's objection is OVERRULED. *See* 28 U.S.C. § 2254(a) (a state prisoner may challenge his custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"); *see also Jameson v. Wainwright*, 719 F.2d 1125, 1126-27 (11th Cir. 1983) (To be cognizable in federal habeas corpus, a claim must present constitutional errors that were material to the outcome of the case and resulted in a denial of fundamental fairness to the petitioner); *see also Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983) (errors in state law which result in a denial of fundamental fairness will support relief in habeas corpus).[3]

### C. Third Ground—Ineffective Assistance of Counsel

In his third ground, Cedeno challenges the effectiveness of his trial and appellate counsel. The magistrate judge determined that this ground was procedurally defaulted. (R&R at 1497–1501.) Generally, a federal court will not review a procedurally defaulted claim on habeas corpus review "[o]ut of respect for finality, comity, and the orderly administration of justice[.]" *Dretke*

---

[3] But even on the merits, the claim would fail. Notwithstanding Cedeno's unsupported assertion to the contrary, the state law right to allocution "is not uncircumscribed." *State v. Smith*, No. 94-CA-86, 1995 WL 655943, at *2 (Ohio Ct. App. Nov. 8, 1995). Ohio R. Crim. P. 32(A)(1) permits a statement or presentation of information "in mitigation of punishment." "Extraneous matters, unrelated to the sentence about to be imposed, are not in mitigation of punishment, and a court is not required to indulge them." *Smith*, 1995 WL 655943, at *2; *see also United States v. Carter*, 355 F.3d 920, 926 (6th Cir. 2004) ("Allocution is the right to present a defendant's plea in *mitigation*, and is not unlimited.") (emphasis in original) (internal citations omitted). Cedeno's efforts to relitigate his guilt did not speak to mitigation and his remarks were properly limited. *See, e.g., Carter*, 355 F.3d at 926–27 (arguments first raised prior to closing arguments relative to defendant's innocence were properly excluded at sentencing).

*v. Haley*, 541 U.S. 386, 388, 124 S. Ct. 1847, 158 L. Ed. 2d 659 (2004). "This is a corollary to the rule that 'federal courts will not disturb state court judgments based on adequate and independent state law procedural grounds.'" *Nelloms v. Jackson*, 129 F. App'x 933, 936 (6th Cir. 2005) (quoting *Dretke*, 541 U.S. at 392)). "The only exceptions to this rule are when a state prisoner can demonstrate cause for the procedural default and prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to review the constitutional claim will result in a fundamental miscarriage of justice." *Id*. (citing *Coleman v. Thompson*, 501 U.S. 722, 749–50, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991)); *see Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) (citations omitted).

Initially, Cedeno argues that his application to reopen his direct appeal, based on ineffective assistance of counsel, "waive[d] any procedural default." (Obj. at 1509.) But his application to reopen was untimely, as well. As the magistrate judge properly observed, Cedeno's claims of ineffectiveness of appellate counsel in failing to raise these issues on direct appeal were, themselves, procedurally defaulted and cannot be used to establish excuse for a procedural default. (R&R at 1499, citing *Edwards v. Carpenter*, 529 U.S. 446, 453, 120 S. Ct. 1587, 146 L. Ed. 2d 518 (2000)).

Cedeno also asserts that his procedural default is "substantially waived in that [he] has asserted and presented this Court with an actual innocence claim that holds weight." (Obj. at 1510.) He takes issue with the magistrate judge's determination that he has failed to come forward with evidence of "actual innocence," and maintains that his "incarceration records were part of discovery and part of the record." (*Id*.) Cedeno appears to be referring to the fact that several prior indictments were dismissed before Cedeno was finally indicted on the charges that

form the basis for his sentences. *See Cedeno*, 2015 WL 9460555, at *1 (noting that "[t]he original indictment and two subsequent indictments were dismissed without prejudice *due to inaccuracies regarding the dates of the alleged offenses*") (emphasis added).

One of the exceptions to the general rule that procedurally defaulted claims cannot be reached on habeas review involves a showing by the petitioner that the failure to review the constitutional claim will result in a fundamental miscarriage of justice. *See Bousley*, 523 U.S. at 622; *Coleman*, 501 U.S. at 749–50. A prisoner can establish a fundamental miscarriage of justice by showing that "'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)); *see Souter v. Jones*, 395 F.3d 577, 589–90 (6th Cir. 2005) (a prisoner must "'present[] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error'") (quoting *Schlup*, 513 U.S. at 316). In other words, he must demonstrate that "'a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime.'" *See Schlup*, 513 U.S. at 324 (quoting *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324.

Cedeno relies on the fact that several prior indictments were dismissed without prejudice because he was incarcerated at the time of the offenses charged therein. (*See* Obj. at 1510.) Yet, Cedeno was not convicted of the crimes charged in these dismissed indictments. An actual

innocence claim will only lie where a defendant comes forward with new reliable evidence that he is actually innocent "of the *underlying offense*." *Gibbs v. United States*, 655 F.3d 473, 477 n.3 (6th Cir. 2011) (quoting *Dretke v. Haley*, 541 U.S. 386, 388, 124 S. Ct. 1847, 158 L. Ed. 2d 828 (2004)) (emphasis added). Cedeno has not alleged that he was incarcerated on the dates identified in the indictments that support his sentences, so he has not demonstrated that he is actually innocent of the underlying offenses. The fact that Cedeno may have been actually innocent of crimes identified in charging instruments that were ultimately dismissed prior to trial, therefore, is of no consequence.

Further, the fact that earlier indictments with different dates were dismissed prior to trial was known to Cedeno before trial. Accordingly, Cedeno has failed to come forward with new, reliable evidence to excuse his default. *See Schulp*, 513 U.S. at 316 (without any new evidence of innocence, a petitioner fails to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim); *see also House v. Bell*, 547 U.S. 518, 538, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006) ("A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence . . . any reasonable juror would have reasonable doubt.").

Because Cedeno failed to meet his burden of advancing a credible actual innocence claim, the Court agrees with the magistrate judge that the third ground is procedurally barred and Cedeno's objection to this ground is OVERRULED.

### D. Fourth Ground—Trial Court Error

In his final ground for relief, Cedeno relies on the previously dismissed indictments as evidence that the trial court erred in denying his motions to dismiss. The magistrate judge found

this claim to be procedurally defaulted, as well, and Cedeno relied on the same dismissed indictments as evidence of his actual innocence to overcome the bar. For all of the same reasons previously discussed, Cedeno has failed to demonstrate that a fundamental miscarriage of justice would result from a failure to reach this defaulted ground. His objection to this ground is OVERRULED.

### IV. Conclusion

For the foregoing reasons, the R&R is ACCEPTED and the petition for a writ of habeas corpus is DISMISSED in part and DENIED in part. Further, for the same reasons, the Court CERTIFIES that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b). This case is closed.

**IT IS SO ORDERED**.

Dated: December 16, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**